UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ACCENT DELIGHT INTERNATIONAL
LTD, et al.,

                Plaintiffs,

          v.                         18 Civ. 9011 (JMF)

SOTHEBY'S, et al.,

                                     Conference
                Defendants.

------------------------------x
                                     New York, N.Y.
                                     October 23, 2018
                                     3:45 p.m.

Before:

                    HON. JESSE M. FURMAN,

                                     District Judge

                    APPEARANCES

EMERI CELLI BRINCKERHOFF & ABADY, LLP
      Attorneys for Plaintiffs
BY:  DANIEL J. KORNSTEIN
      ANDREW WILSON
      DOUGLAS E. LIEB

ARNOLD & PORTER KAYE SCHOLER LLP
      Attorneys for Defendants
BY:  MARCUS A. ASNER
      ARIELLE FELDSHON

                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

(Case called)

MR. KORNSTEIN:  For plaintiffs, Daniel Kornstein and my colleagues.

MR. WILSON:  Andrew Wilson, your Honor.

MR. LIEB:  Douglas Lieb.

MR. ASNER:  And for defendant Sotheby's, Marcus Asner, and my colleague Arielle Feldshon.  Good afternoon, your Honor.

THE COURT:  Good afternoon.  Good to see you all. Welcome back to most of you.

So I figured it made sense to have a conference and figure out if there's a sensible way forward here.  I obviously have the two cases.  There's a motion in the miscellaneous case for plaintiffs leave to use documents that they have in connection with this case.  Now, this is an odd situation because that petition is filed under 1782, which ostensibly is to be used to obtain discovery for use in a foreign proceeding, but the relevant proceeding here is no longer foreign, it's quite domestic, namely, here.

Which is to say, it seems like an odd application to me and it struck me that it made more sense perhaps to just let the civil case proceed in the normal course than for plaintiffs to get whatever discovery they would be entitled to under the civil rules and what have you, rather than entertaining a motion in the miscellaneous case that is really sort of superfluous with respect to the civil case.

So am I missing something?  What's going on?

MR. KORNSTEIN:  May I respond, your Honor?

THE COURT:  If you do so, into the microphone, yes.

MR. KORNSTEIN:  In response to your Honor's comments and your order of October 17, we tried to come up with a practical, efficient, simple way of proceeding.  We think we have one.  We'd like to offer it to the Court.

First, if the Court would deem the documents that have been previously produced under 1782 to be produced in this case, then the Court would not have to rule on the new 1782 application and we can proceed.  And the Court has wide discretion and latitude in how it manages discovery.  It seems like that would be an efficient way, and a cutting through the fiction that we have in our possession documents, but we're not allowed to use them until they are reproduced in the course of discovery.

If the Court thought that was a good idea, we would want to use those documents to amend the complaint to add more details and more specifics.  We would want 30 days to amend the complaint and then we think that the defendant has indicated they they're definitely going to move to dismiss.  We think if we had 30 days to amend, and if they had 30 days after we amended to file their motion to dismiss, that would be a sensible way of proceeding.  They've also indicated that they would want a discovery stay until after the Court rules on the

motion to dismiss.  And if the Court was agreeable to deeming the documents previously produced, now produced, then we would not object to that kind of a discovery stay and we think that would make sense.

If, however, the Court did not want to deem the documents previously produced now produced, then we would object to the stay of discovery.  We would want to proceed quickly, and the Court would have to rule on the outstanding 1782, unless it declared it moot, and we would want until next Monday the 29th to put in a reply to the brief that the other side filed late on Friday, but we think that is a somewhat comprehensive way of dealing with the outstanding issues in getting the case off to a good start.

THE COURT:  All right.

I'll hear from Mr. Asner and see if he agrees.  I guess my initial reaction is as follows.  It certainly seems to me if discovery proceeds in the civil case, the 2018 case, then it would be kind of foolish to require the reproduction of materials documents that have already been produced in connection with the 2016 case.  And in that regard, it would make abundant sense to me to just deem them produced in this case and sensible all around.  I suspect that that's where the rub is, or at least as far as not to preempt you, Mr. Asner, but I'm guessing that the issue may be whether that should happen now or -- well, why don't I let you speak rather than

trying to guess what you're going to say.

MR. ASNER: Your Honor, look, we didn't get a chance to speak to Mr. Kornstein because of the press of time and a lot of what he says makes a lot of sense to me. It's not my preference, plainly. I feel they're abusing 1782, but they do have the documents and they have been allowed to use those documents in foreign proceedings.

I guess what I would do, much of what he said made sense -- the idea of staying discovery pending the resolution of our motion to dismiss, we would also be moving on comity grounds or *non conveniens* grounds. That makes a lot of sense to us. The one thing I would ask is rather than the 30 days following the filing of his amended complaint that we do get the 60 days. The 60 days is not that extraordinary. I actually have a fair amount of work that needs to go into the extraterritory -- I mean, the calumny argument. I'm going to need affidavits from Switzerland. A lot of that, that's going to be depending on what they file. Keep in mind, the timing of when they would file would be running up right up to the holidays and the end of the year.

So 60 days is actually fairly normal and we had agreed to the 60 days. Mr. Kornstein asked me whether I would accept service. Had I waived service I would have gotten 60 days automatically. So essentially I would accept everything he's saying with the one caveat that rather than 30 days I would

seek the 60 days and that discovery get stayed.

THE COURT:  Meaning you would agree I should deem the documents they have from the 2016 case to be produced and usable in this case and usable in connection with amending the complaint?

MR. ASNER:  Yes, with the understanding that --

THE COURT:  Discovery would otherwise be --

MR. ASNER:  -- discovery would be stayed.  They would have 30 days to amend the complaint.  I would need 60 days to respond.

THE COURT:  Let me give a counteroffer, which is 30 days to amend the complaint and then 45 days to respond.

Your response.  You are Sotheby's after all, so a little auctioning.

MR. ASNER:  So should I counterbid now?

THE COURT:  Or you hold your paddle up.

MR. ASNER:  Unfortunately, I don't think they would let me bid because I don't think I have the assets to be able to bid.

So I guess my issue is, part of it is what difference does it make?  And two is I don't have my calendar to figure out when that falls, and to be safe, to provide the Court with the best possible briefing and the best possible understanding of what's going on in Switzerland, 60 days isn't going to hurt anybody here, and Mr. Kornstein I don't think is going to fight

much between 45 and 60, since he already conceded that 60 days made sense with respect to the original complaint.

Keep in mind that we have an ongoing proceeding.  I actually do think the Court, when you see it all, will dismiss this case.

THE COURT:  Can you tell me what's going on in the other proceedings, the appeals from the most recent rulings in the 2016 case?

MR. ASNER:  Yes, so there's several proceedings, some of which I don't have transparency because they involve abusive yeah and Mr. Rybolovlev and his entities, and we're not parties to those.  There is a Swiss criminal proceeding that is ongoing.  In addition, there is a the Swiss civil action, or civil suit that we and a bunch of others filed in Switzerland that has all the parties and all of the issues that are present before your Honor and we going to move to either dismiss or stay in favor of that.

In addition, with respect to your Honor's 1782 ruling, that was appealed up.  That's been briefed.  Their brief is due -- I forget, Mr. Kornstein, exactly when your brief is due and their response is due and of course we'll give a reply. The production of 1782 material with respect to the second petition was stayed in September by the Court of Appeals.  So that's all on hold at this point.  That's where we are.

With respect to the Swiss proceeding, we've laid this

out in the Saverio Lembo declaration.

THE COURT:  I read your papers there.  So I know the status there and it seems to be some disagreement about the nature of those proceedings.

MR. ASNER:  Your Honor, just so we understand, they may not have had full transparency to that, because the dispute about the costs is something that's done ex parte and our claim, which is 190 pages long, or something like that, in Switzerland remains under seal pending an application to keep it under seal.  So while it's been filed with the Court, the Court needs to rule on the costs at issue and on the sealing issue and then they get served.  And there has been a full hearing where they all got together and shouted at each other as far as I could tell.

THE COURT:  Well, I'm not surprised to hear that.

Well I think broadly speaking this sounds like a sensible way forward.  I'm certainly welcome from my perspective insofar as it would moot the not yet fully submitted motion in the 2016 case.  I will deem the discovery previously produced in connection with the 1782 petition, the 2016 case to be produced and useable in connection with the 2018 case and, therefore, will deny the motion in that case as moot.

Now, I will give plaintiffs -- I'm going to give you almost 30 days to file an amended complaint because 30 days

would run into Thanksgiving and put us over. I think I'll give you until the 21st, the day before Thanksgiving for file your amended complaints and then, Mr. Asner, I'll give you until January 18, which is almost 60 days to file your answer or, it sounds like your motion. At which point I guess we can set a briefing schedule on that now, perhaps.

Mr. Kornstein, do you have a sense of how long you would need to respond given what you understand to be coming down the pike or do you want to confer and submit a proposed schedule or we can just leave it as the default two weeks, one week schedule.

MR. KORNSTEIN: I'm assuming there it's going to be a substantial motion. I'd like 30 days.

THE COURT: I'll set a reply for February 15, which is four weeks, and then a reply deadline two weeks thereafter, which is March 1st. If for some reason you think that's not suitable, you guys can submit a request to adjust it, but unless and until I order otherwise, that will be the schedule.

Anything else?

MR. ASNER: Yes, your Honor. And a stay that other discovery is stayed during the pendency of the motion to dismiss.

THE COURT: Correct.

MR. KORNSTEIN: Your Honor, Mr. Asner mentioned that he would be submitting affidavits in connection with the motion

to dismiss.  If that is so, I don't know everything he's going to say -- there may be some issues he raises that may require some discovery if he raises issues like that, and there may be something that has to be dealt with at that time.  I can't tell, but I wanted to --

THE COURT:  I certainly can't tell, but if you think there is, you should let me know immediately so we can deal with it.  I'm guessing that it pertains to the status and nature of the Swiss proceedings and the Swiss legal system and that sort of thing, and the relevant factors under -- I'll conduct a *forum non conveniens* analysis, and in that regard you can probably anticipate much of it and do what you need to do in advance.  To the extent you can't or you're taken by surprise in some respects, if you think there's something you need, you know how to find me.  I know that.

MR. KORNSTEIN:  One other point.  There is a protective order that's in effect from the previous case and I assume counsel and me will have to put a new protective order in place for this case, unless he's waiving confidentiality of those documents.

MR. ASNER:  No, we are not waiving confidentiality.

THE COURT:  I'm shocked.  I think it would make sense to probably have an order in effect in this case, although until that time, let's make the order that applies in the other case applies here unless and until there is a new order.  I

guess we could also just say that it applies here.  If both sides think that suffices, I'll so ordered it.

MR. ASNER:  Your Honor, I guess we didn't really know what would be happening today, so I, frankly, didn't go back to study the protective order.  So I would like to have an opportunity to take a look at it.  It may be as simple as, it's fine, but I'd like a chance to look at it.

THE COURT:  Why don't you for now that order will apply here with respect to your possession of the documents and your use of them, but why don't you guys submit a joint report it me, if not, a proposed order for this case, let's say within a week of today and that way you can either submit a letter saying everybody's in agreement that it should continue to apply here or it can be a short stipulation that incorporates it by reference or it can be a whole new stipulation as far as I'm concerned, whatever you guys think is appropriate.

I would remind you, as I'm sure I did back then, that I did look out for any provision that would purport to give you authority to file something under seal.  I'm the only one here who can file something under seal.  I'm not going to make that determination, as you know, until I know what it is you're asking to file under seal and what the reasons and justification would be so that you can bind yourselves to make an application to with me in accordance with my rules, to file something under seal or in a redacted form.  If you give

yourself authority to do that, I will strike or modify that provision accordingly.  With that proviso, let me know within a week and we'll go from there.

Anything else?

MR. ASNER:  Not from Sotheby's your Honor.

MR. KORNSTEIN:  Not from plaintiffs.

THE COURT:  In that case, good to see you all and we're adjourned.

Thank you.

(Adjourned)