# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
EMERITUS

DIANE L. HOUK
JESSICA CLARKE

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
ASHOK CHANDRAN

DANIEL TREIMAN

November 21, 2018

**By ECF and Email to**
**Furman_NYSDChambers@nysd.uscourts.gov**

Hon. Jesse M. Furman
United States District Judge
U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   *Accent Delight, et al. v. Sotheby's and Sotheby's, Inc.*, No. 18 Civ. 9011

Dear Judge Furman:

We write pursuant under your Individual Rule 7 for permission to file the Amended Complaint we are simultaneously filing (according to the Court's Order, Dkt. # 22) with redactions.

We are compelled—at this stage—to seek permission to file the Amended Complaint on the docket with redactions, because it relies on, discusses, and quotes from documents that Sotheby's has designated "confidential" under the Protective Order (Dkt. #26). (Both a redacted and unredacted versions of the Amended Complaint are enclosed via email.)

Nonetheless, we believe the underlying confidentiality designations are improper. Accordingly, we have simultaneously written to Sotheby's to challenge its blanket confidentiality designation as improper. We maintain that Sotheby's has over-designated *all* the documents produced so far in this case as "confidential." None of the documents, it appears, merits confidential treatment. The documents fall into two categories: (1) contracts of sale for the artworks at issue in this case and (2) emails exchanged between Sotheby's employees, and Yves Bouvier and his associate Jean-Marc Peretti. None of these documents meet the definition of "Confidential Material" set forth in Section 1 of the Protection Order: they are not documents that are required to be kept confidential pursuant to contract or court order; they do not contain trade secrets or similar information; and they do not contain private personal information that either the Federal Rules of Civil Procedure or the privacy laws of the European Union require be kept confidential. Pursuant to the Protective Order, Sotheby's must respond within 14 days.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

  But even if the designations were proper, the Protective Order cannot trump the First Amendment and the presumption of open access to our courts. These documents, and others like them that will later be produced in discovery, go to the core of the allegations in this case. They are the evidence that will show that Sotheby's aided and abetted the largest art fraud in history. The pleadings, motion practice, and ultimate trial will all require use of these documents. Designating all the documents in this case as confidential will mean that the entire case has to be conducted under seal and hidden from the public view. That is not practical and it is not lawful.

  While it may be Sotheby's preference to keep embarrassing or damaging information confidential, that is not the law, the public policy, or the premises of our judicial system. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings. Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions."). Unlike in the prior § 1782 litigation between the parties, these documents are now going to be "used to determine litigants' substantive legal rights" in this case and therefore "a strong presumption of access attaches," which can only "be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing" and are sufficient to trump the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 & 126 (2d Cir. 2006). Neither the Protective Order nor Sotheby's desire to keep the facts of this case secret is more important than the First Amendment. *See id.*; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

  For all these reasons, we request permission to file the Amended Complaint on the public docket without any redactions.

             Respectfully submitted,

               /s

             Daniel J. Kornstein
             O. Andrew F. Wilson
             Zoe Salzman
             Douglas E. Lieb

Encl.

c.  All counsel of record *(via ECF and email)*