# Arnold & Porter

Marcus A. Asner
Marcus.Asner@arnoldporter.com

+1 212.836.7222
+1 212.836.8689 Fax

250 West 55th Street
New York, NY 10019-9710

December 7, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Accent Delight International Ltd. et al v. Sotheby's et al*, 18-cv-9011

Dear Judge Furman:

      We write respectfully on behalf of Defendants Sotheby's and Sotheby's, Inc. (collectively, "Sotheby's") in response to the Court's Order dated November 23, 2018 directing Sotheby's to file a letter-motion if it believes the Amended Complaint filed by Plaintiffs Accent Delight International Ltd. and Xitrans Finance Ltd. should remain under seal (and publicly filed in redacted form). ECF No. 31. As we detail below, whatever minimal significance the information redacted from Plaintiffs' Amended Complaint may have is outweighed by the harm that disclosure of that information would cause Sotheby's. Because maintaining the Amended Complaint as it is presently filed in redacted form, ECF No. 29, is consistent with both the Court's presumption in favor of public access to judicial documents and the Court's October 23, 2018 ruling that Sotheby's November 16, 2016 document production be deemed produced and usable in this action, *see* ECF No. 22, the unredacted Amended Complaint should remain under seal.

      The "right to inspect and copy judicial records is not absolute." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Once a court has found that the documents at issue are judicial documents and that a presumption of access to those documents applies, "it must determine the weight of that presumption" before making the documents publicly available. *Id.* In doing so, the court should assess (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." *Id.*; *see United States v. Amodeo*, 71 F.3d 1044, 1048-49 (2d Cir. 1995) ("Unlimited access to

# Arnold & Porter

The Honorable Jesse M. Furman
December 7, 2018
Page 2

every item turned up in the course of litigation would be unthinkable.  Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information.").

The information narrowly redacted from the Amended Complaint would not play a significant role in this Court's exercise of its Article III judicial power, or be valuable to the public in monitoring the activities of the federal courts.  *See Bernstein*, 814 F.3d at 142.  With respect to complaints in particular, the Court of Appeals for the Second Circuit has held that the "significant positive role" played by allowing public access to the allegations in a complaint is that doing so "allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern," while sealing a complaint "leaves the public unaware that a claim has been leveled and that state power has been invoked— and public resources spent—in an effort to resolve the dispute." *Id.* at 141.  Here, the Amended Complaint as publicly filed serves the objectives articulated by the Second Circuit.  Plaintiffs' proposed redactions restrict access only to confidential material that is quoted or cited in the Amended Complaint; the public will be well aware of Plaintiffs' claims against Sotheby's and the Court's activity in connection with those claims.  The weight of any presumption of public access to the narrowly redacted facts is therefore slight.

Moreover, whatever minimal significance the information redacted from Plaintiffs' Amended Complaint may have is outweighed by the harm that disclosure of that information would cause Sotheby's.  *See Nixon*, 435 U.S. at 598 ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not []used . . . as reservoirs of libelous statements for press consumption . . . or as sources of business information that might harm a litigant's competitive standing.")( citation omitted).  Here, the materials redacted from the Amended Complaint refer to contracts governing the sales of artworks, and communications between Sotheby's and its client Yves Bouvier (and persons acting on his behalf) relating to the sales or potential sales of artworks.  *In re Accent Delight Int'l Ltd.*, 16-MC-125 (JMF), ECF No. 153 (March 13, 2018 Declaration of Aimee Scillieri) ¶¶ 11, 13.  Each redaction discloses private information about art transactions that Sotheby's or an affiliated entity facilitated or offered to facilitate, the details of which it is obligated to keep confidential.  *Id.* ¶ 13.  Confidentiality and discretion are industry standards in the highly competitive art market, and it is critical to Sotheby's reputation as an auction house that any agreement or communication between it and a client (or even a potential client) be afforded confidential treatment.  *Id.*  Further, the material at issue discloses Sotheby's confidential business practices and the privately shared opinions and valuations of its art specialists, which it considers to be one of its most important assets, and the value of which derives

**Arnold & Porter**

The Honorable Jesse M. Furman
December 7, 2018
Page 3

in large part from the fact that Sotheby's and its affiliates share those opinions and valuations only with the company's clients on a confidential basis. *Id.* ¶ 14. Indeed, Plaintiffs themselves have acknowledged these basic principles of the art market, as reflected in the Amended Complaint, which alleges that they acquired their own art through "confidential" transactions with unknown sellers, "[c]onsistent with usual practice in the market for fine art." ECF No. 29, ¶ 17. The materials redacted from Plaintiffs' Amended Complaint are therefore precisely the kind of confidential business information that courts regularly allow to be redacted from publicly-filed judicial documents.[1]

     Plaintiffs are incorrect that the First Amendment requires the minimal redactions in their Amended Complaint to be removed and the redacted material to be made public. Even where First Amendment considerations require a judicial document to be made public, courts regularly allow portions of those documents to be redacted where doing so is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein*, 814 F.3d at 144; *see Standard Inv. Chartered, Inc. v. National Ass'n of Securities Dealers, Inc.*, No. 07 Cv.2014(SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("[T]he Court concludes that NASD's interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access to the judicial [] documents."), *9 ("One way to achieve narrow tailoring is to order redaction instead of wholesale sealing of documents."). As described above, the material redacted from Plaintiffs' Amended Complaint refers to or quotes from documents that Sotheby's is bound to keep confidential and which reveals the proprietary opinions of its art experts, the disclosure of which would also potentially cause competitive harm to Sotheby's. 1:16-mc-00125-JMF, ECF No. 153 ¶¶ 13-14. Moreover, Plaintiffs' redactions to their Amended Complaint are narrowly tailored to protect only that information taken from Sotheby's confidential business documents and no more,

---

[1] *E.g., Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing exhibits where they consisted "largely of 'highly confidential sales information, including pricing information,' which is not available to the public, and emails revealing confidential negotiations between Skyline and one of its customers"), *reversed in part on reconsideration on other grounds*, No. 13-CV-8171 (JMF), 2015 WL 3739276 (S.D.N.Y. June 15, 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing defendants' "[c]onfidential business information dating back even a decade or more" because it "provide[d] valuable insights into [the] company's current business practices that a competitor would seek to exploit," including "the cost and profit structures of the defendants" and marketing strategies); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing exhibits containing non-public breakdowns of revenues and non-trade secret information regarding marketing tactics which the Court found could be used by AT&T's competitors to injure its reputation).

**Arnold & Porter**

The Honorable Jesse M. Furman
December 7, 2018
Page 4

such that any impact on the public's First Amendment right of access to the details of Plaintiffs' allegations is exceedingly minimal.

 Finally, as Plaintiffs note in their letter, their position that the "underlying confidentiality designations" of Sotheby's documents are "improper" is a position Plaintiffs have raised with Sotheby's, and about which the parties are presently meeting and conferring. As Sotheby's has pointed out to Plaintiffs, their blanket challenges to Sotheby's November 16, 2016 confidentiality designations are untimely and therefore waived. *See In re Accent Delight Int'l Ltd.*, 16-MC-125 (JMF), ECF No. 84 ¶ 8.1 ("Any challenge to a Designating Party's confidentiality designation shall be made as promptly as the circumstances permit. A Party that unnecessarily delays making a challenge may be found to have waived its right to challenge a confidentiality designation."). Sotheby's also has pointed out to Plaintiffs that their blanket challenge to the designation of *every* Sotheby's document is not a proper exercise of Plaintiffs' right to challenge designations under section 3 of the November 6, 2018 Protective Order, which requires Plaintiffs to explain why each challenged designation is improper, *see* ECF No. 26 ¶ 3.2, and that Sotheby's is not the only party that designated its November 16, 2016 document production as Confidential, given that Intervenors Yves Bouvier and MEI Invest Ltd. also did so by letter dated November 28, 2016. Finally, for the reasons discussed above, there is no merit to Plaintiffs' argument that the documents that have been designated as confidential (references to which have been redacted in the Amended Complaint) were not properly designated. Plaintiffs' contention that Sotheby's production did not include "documents that are required to be kept confidential pursuant to contract" is particularly misguided, given that the very same contracts produced to Plaintiffs (and cited in the Amended Complaint) include provisions expressly requiring Sotheby's to keep confidential the details of the relevant transactions.

 We thank the Court for its consideration of this request.

Respectfully,

/s/ Marcus A. Asner

Marcus A. Asner

*Attorneys for Defendants Sotheby's and Sotheby's, Inc.*

Cc: All counsel of record (via ECF)