# Exhibit U

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

In re Application of ACCENT DELIGHT
INTERNATIONAL LTD. and XITRANS FINANCE LTD.
for an Order Under 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings

-----------------------------------------------------------------------x

16-MC-125 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      This case, familiarity with which is a presumed, is a small piece of a larger dispute between Petitioners Accent Delight International Ltd. and Xitrans Finance Ltd. and their principal, Dmitry Rybolovlev, on the one hand, and Intervenors Yves Bouvier and MEI Invest Ltd., on the other. In the larger dispute, Petitioners allege that Bouvier defrauded them in connection with the purchase of a world-class art collection, to the tune of approximately one billion dollars. Perhaps not surprisingly, given the amount of money at stake and the international flavor of the personalities and transactions involved, the parties' dispute has been, or is, the subject of litigation, civil and criminal, in various fora around the world — including Singapore, Switzerland, France, and Monaco. In earlier proceedings, the Court granted Petitioners' application, pursuant to Title 28, United States Code, Section 1782, for discovery in aid of the proceedings pending in Monaco. *See In re Application of Accent Delight Int'l Ltd.*, No. 16-MC-125 (JMF), 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016). Over Intervenors' objection, the Court authorized Petitioners to use the discovery materials in connection with the proceedings in France and Singapore as well, but provided in a Protective Order that Petitioners could not use the materials "in other legal proceedings" absent leave of Court. (Docket No. 84 ("Protective Order"), at ¶¶ 5.1-5.2). On appeal, the Second Circuit affirmed, rejecting Intervenors' argument that the Court had erred in allowing Petitioners to use the materials beyond Monaco. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 133-36 (2d Cir. 2017).

Petitioners now move for an order authorizing them to use the discovery materials in connection with (1) a proceeding recently initiated by Intervenors and Respondent Sotheby's, Inc. ("Sotheby's") in Switzerland and (2) a proceeding that Petitioners are preparing to initiate against Intervenors and Sotheby's in the United Kingdom. (*See* Docket No. 108 ("Pet'rs' Mem."), at 4-5; Docket No. 121 ("Pet'rs' Reply"), at 1). Relying on the Second Circuit's opinion, they contend that they should be able to use the discovery material they obtained in connection to the proceedings in Monaco because they are not proceeding in bad faith. (Pet'rs' Mem. 3). By contrast, Intervenors and Sotheby's acknowledge that this Court has discretion to allow Petitioners to use the discovery material in other proceedings, but contend that the Court should apply the requirements of Section 1782 anew in exercising that discretion. (*See* Docket No. 117 ("Resp't's Opp'n"), at 4-6; *see also* Docket No. 116 ("Intervenors' Opp'n"), at 11-13). In the alternative, they assert that Petitioners' prospective United Kingdom action, coming on the heels of a spate of other actions in various international fora, does evince bad faith. (Intervenors' Opp'n 13-16; *see also* Resp't's Opp'n 10).

Petitioners have the better of the arguments. First, Intervenors' and Sotheby's principal contention — that the Court should engage in another full-blown Section 1782 analysis — cannot be squared with the Circuit's decision on appeal. In fact, the Court of Appeals explicitly rejected a nearly identical argument to the one that Intervenors and Sotheby's make here, that "a Section 1782 applicant must satisfy the statutory requirements for each foreign proceeding for which he or she wishes to use the requested discovery." 869 F.3d at 133. The Court reasoned that the statute "entrusts to the district courts many decisions about the manner in which discovery under the statute is produced, handled, and used" and that there was "no reason why the number or identity of the foreign proceedings in which a successful applicant may use discovery produced pursuant to the statute would fall outside that discretionary grant." *Id.* at 134. In addition, the Court looked for guidance to the Federal Rules of Civil Procedure, which "do not regulate what litigants may do with

2

discovery after it lawfully has been obtained." *Id.* at 135. Accordingly, the Court concluded, "Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." *Id.*

Of course, the Court did enter a protective order in this case and that protective order provides that Petitioners may not, without leave of Court, use the materials they obtained beyond the proceedings in Monaco, France, and Singapore. (Protective Order ¶¶ 5.1-5.2). Normally, the burden would be on a party seeking to modify the terms of a protective order — here, Petitioners — to justify such modification. *See, e.g.*, *In re Sept. 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (requiring the party seeking to modify a protective order "to show improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need." (internal quotation marks omitted)). In this case, however, the Court concludes that Petitioners should be allowed to use the materials unless Intervenors and Sotheby's can establish bad faith or some other abuse of process. That is the case for two reasons. First, Intervenors and Sotheby's do not argue that the burden should be placed on Petitioners. As noted, they argue that Petitioners' motion should be denied for failure to satisfy Section 1782; in the alternative, they contend that Petitioners are proceeding in bad faith. Thus, they have waived any argument that the burden should be placed upon Petitioners. Second, and in any event, the Court imposed the limitation in the protective order — despite having previously rejected Intervenors' argument "that the use and disclosure of any subpoenaed documents should be limited to the foreign proceeding for which [they have] been authorized," *Accent Delight Int'l Ltd.*, 2016 WL 5818597, at *3 — based in large part on the lack of clarity with respect to what limits, if any, Section 1782 places on an applicant's right to use discovery obtained pursuant to the statute in other proceedings. (*See* Docket No. 115 ("Levy Decl."), Ex. D, at 3-4). Now that the Circuit has clarified the law, the original justification for that

3

limitation is no longer extant. Thus, exercising its discretion under the statute, the Court concludes that Petitioners should be permitted to use the discovery they obtained in connection with the proceedings in Switzerland and the United Kingdom unless Intervenors and Sotheby's can show bad faith or other "chicanery." *In re Accent Delight Int'l Ltd.*, 869 F.3d at 135 (observing that "parties concerned in a particular case that a Section 1782 applicant is attempting to use foreign litigation as a ruse for obtaining discovery for use in other foreign proceedings can and should bring evidence of such chicanery to the Section 1782 court's attention" and that, "[s]hould such evidence exist, it could provide good cause for entry of a protective order prohibiting use of the discovery in other proceedings (internal quotation marks and brackets omitted)).[1]

Although Intervenors do attempt to make such a showing — arguing that Plaintiffs have demonstrated bad faith in seeking to initiate "frivolous [or] vexatious" legal action in the United Kingdom (Intervenors' Opp'n 13-16) — they fall short. The main evidence Intervenors provide for the frivolous or vexatious nature of the litigation is the history of Petitioners' legal adventures abroad. (*Id.* at 14-15; *see also* Resp't's Opp'n 10). It is true that this litigation has taken the parties to various international fora, including France, Monaco, Singapore, and Switzerland, but, as noted, that is unsurprising given the international nature of the parties and transactions involved. (*See* Pet'rs' Reply 6). Moreover, the Court previously authorized use of the discovery materials in three of those four fora and, when it did so, Intervenors made no claim of bad faith. *See See In re Accent Delight Int'l Ltd.*, 869 F.3d at 135-36 ("Bouvier does not argue that Petitioners initiated or sought discovery for use in the Monégasque, Singaporean, or French proceedings in bad faith. We are confident that Bouvier would have presented any such evidence to the district court."). Finally,

---

[1] That said, in view of the history of this case, the Court leaves the protective order in place. That is, should Petitioners wish to use the discovery they obtained in some new proceeding in yet another forum, they will need to apply to the Court for leave to do so, and Intervenors and Respondents will be given an opportunity to demonstrate bad faith.

4

Intervenors do not argue that Petitioners are acting in bad faith by seeking to bring suit against Sotheby's UK in the United Kingdom (Intervenors' Opp'n 15), and Petitioners provide good reasons for doing so (*see* Pet'rs' Reply 2-3).[2] Among other things, Petitioners allege (and Intervenors and Sotheby's do not dispute) that Petitioners learned new facts about Sotheby's conduct in the underlying events from documents produced in discovery under the prior Section 1782 authorization, that those facts give rise to colorable claims against Sotheby's UK, and that the United Kingdom is the forum best suited to adjudicating those claims. (Pet'rs' Mem. 1-2, 4).[3] The Court therefore grants Petitioners' request to use the discovery materials they previously obtained under Section 1782 in their contemplated legal proceedings in the United Kingdom. The Court likewise grants Petitioners' request to use the materials in the conciliation proceedings recently filed in Switzerland. (*See* Pet'rs' Reply 7-8). As Intervenors and Sotheby's are the ones who initiated those proceedings (*see* Intervenors' Opp'n 10), they cannot plausibly allege bad faith on that front.

That leaves one final issue: Intervenors' and Sotheby's requests to keep under seal Paragraphs 13 through 18 of the Declaration of Michael Edwards (including the headings before and within those paragraphs) as well as Exhibits E through Q to that Declaration. (*See* Intervenors' Opp'n 20-21; Resp't's Opp'n 11; Docket No. 110). Although there is a presumption in favor of public access to judicial documents, the Court did not need to reference or otherwise rely on the

---

[2] As evidence of Petitioners' bad faith post-dating the Second Circuit's decision, Intervenors point to the fact that Petitioners recently filed suit in Switzerland in the Canton of Bern rather than Geneva, alleging they did so in the hopes that Switzerland would decline to exercise jurisdiction over the case (a fact that might favor Petitioners in the Singaporean litigation). (*See* Intervenors' Opp'n 8-9). But Intervenors provide no actual evidence of such a motivation. Nor do they show that the Swiss judicial system regularly declines jurisdiction altogether over cases filed in the wrong canton rather than transferring such cases to the correct canton, as appears to have already occurred in this case. (*See id.*; Levy Decl., Ex. H).

[3] Whether Bouvier himself would properly be joined in the United Kingdom action is arguably less clear. (*See* Intervenors' Opp'n 16). Having found no bad faith in Petitioners' decision to bring suit against Sotheby's UK in the United Kingdom, however, this Court leaves it to the English courts to determine whether Bouvier is properly joined in that action.

Edwards Declaration or Exhibits E through Q in reaching its decision. At best, the weight of any presumption is, therefore, limited. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995))). The Court therefore grants Intervenors' and Sotheby's request to keep Paragraphs 13 through 18 and Exhibits E through Q under seal. Intervenors and Sotheby's do not object to the unsealing of the remainder of the Edwards Declaration or to Petitioners' filing their Memorandum of Law and Reply Memorandum in unredacted form. (*See* Intervenors' Opp'n 20, 23 n.8; Resp't's Opp'n 11-19; *see also* Docket No. 126, at 3; Docket No. 127, at 2-3). Accordingly, Petitioners shall promptly file on ECF (1) unredacted versions of their Memorandum of Law and Reply Memorandum, and (2) a version of the Edwards Declaration in which all but Paragraphs 13 through 18 and Exhibits E through Q are unredacted. Petitioners shall promptly file an unredacted copy of the Edwards Declaration and all Exhibits thereto with the Sealed Records Department.

The Clerk of Court is directed to terminate Docket No. 106.

SO ORDERED.

Dated: December 22, 2017
New York, New York

JESSE M. FURMAN
United States District Judge