UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCENT DELIGHT INTERNATIONAL LTD. and XITRANS FINANCE LTD.,

Plaintiffs,

-against-

SOTHEBY'S and SOTHEBY'S, INC.,

Defendants.

18 Civ. 9011 (JMF)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

Attorneys for Plaintiffs

## TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES .......... ii

PROCEDURAL HISTORY .......... 1

UNDISPUTED MATERIAL FACTS .......... 2

ARGUMENT .......... 4

I. THE OCTOBER 27, 2017 LETTER WAS NOT "NOTICE OF SUIT" UNDER THE TOLLING AGREEMENT .......... 4

II. THE RELEVANT PROVISIONS OF THE TOLLING AGREMENT ARE PLAIN AND UNAMBIGUOUS .......... 5

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Cases**

*Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*,
830 F.3d 152 (2d Cir. 2016) ....................................................................................5, 6

*Sayers v. Rochester Tel. Corp. Supp. Mgmt. Pension Plan*,
7 F.3d 1091 (2d Cir. 1993) ..........................................................................................6

**Statutes**

28 U.S.C. § 1782..........................................................................................................1, 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCENT DELIGHT INTERNATIONAL LTD. and XITRANS FINANCE LTD.,

Plaintiffs,

-against-

SOTHEBY'S and SOTHEBY'S, INC.,

Defendants.

18 Civ. 9011 (JMF)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**

Two of Plaintiffs' claims are ripe for partial summary judgment against Defendants on the issue of liability. Those are the third and fourth claims for Defendants' breach of a tolling agreement requiring advance notice of filing suit. They involve undisputed facts and turn on unambiguous language in the tolling agreement regarding "notice." Granting partial summary judgment on liability will pare down the issues in this case.

**PROCEDURAL HISTORY**

The tolling agreement claims were included in Plaintiffs' original Complaint filed in October 2018. That Complaint pleaded three claims (the third, fourth and fifth) relating to the tolling agreement. The third claim sought a declaratory judgment that Sotheby's had breached the tolling agreement, the fourth was for breach of contract damages, and the fifth sought to enjoin a proceeding in Switzerland brought by Sotheby's in breach of the tolling agreement.

The Court then allowed Plaintiffs to use in this action redacted documents previously obtained under 28 U.S.C. § 1782 for use in foreign proceedings. Plaintiffs amended their Complaint to include new allegations based on the § 1782 documents.

Sotheby's moved to dismiss the Amended Complaint in its entirety. It argued that the tolling agreement claims should be dismissed for a number of reasons. Sotheby's primary argument was that Plaintiffs had already terminated the agreement by the time Sotheby's filed the Swiss lawsuit. Sotheby's based that argument on Plaintiffs having filed a letter with the Court on October 27, 2017, which Sotheby's said constituted notice, thereby terminating the tolling agreement. Defendants also argued that Plaintiffs failed to allege recoverable damages and that laches barred Plaintiffs' contract claim.

The Court denied most of the motion to dismiss. ECF No. 47. Among other things, it declined to dismiss the third and fourth tolling agreement claims, although it dismissed the fifth claim for an injunction.

Defendants answered the Amended Complaint.

Plaintiffs now move for partial summary judgment as to liability on the third and fourth claims of the Amended Complaint.

## UNDISPUTED MATERIAL FACTS

This motion is based on material facts, mostly in documents, that are undisputed. *See* Pl.'s Rule 56.1 Statement. They are:

In December 2016, Plaintiffs and Sotheby's (including its New York, English, Swiss and Austrian subsidiaries) entered into a one-year written tolling agreement. Declaration of Daniel J. Kornstein dated September 20, 2019 ("Kornstein Decl."). ECF No. 55-1.

Paragraphs 3, 4 and 8 of the tolling agreement provide:

> 3. Each Party shall provide at least 14 days' written notice ("Notice of Suit"), as provided in paragraph 8, prior to filing or commencing any litigation or other legal proceeding against any other Party based on the Claims or Defenses or otherwise asserting any of the Claims or Defenses against any other Party.
>
> 4. This Agreement shall terminate (a) 14 days after any Party serves a "Notice of

> Suit" on any other Party; (b) 14 days after any Party serves written notice of termination on the other Parties, as provided in paragraph 8 below; or (c) one year after the Effective Date, whichever is earliest (the "Termination Date").
>
> . . . .
>
> 8. All notices required hereunder shall be in writing and shall be deemed duly given one (1) business day after being sent to the recipient at the address given below by reputable overnight courier service (charges prepaid), as follows . . . .

By letter dated October 27, 2017, filed on the Court's electronic filing system, Plaintiffs asked this Court for permission to use the prior § 1782 discovery "in new foreign proceedings soon to be commenced in the UK against Sotheby's UK, one of its employees, and YB." ECF No. 55-2.

Sotheby's filed a civil proceeding in Geneva, Switzerland on November 17, 2017 against Plaintiffs (among others) without complying with the notice provision of the tolling agreement quoted above. ECF No. 55-3.

The purpose of Defendants' filing in Switzerland was to invoke the international Lugano Convention to block a contemplated suit by Plaintiffs in the United Kingdom. Under the Lugano Convention, if a suit is filed in a signatory country—such as Switzerland—if another suit is filed in a court in a second country, the second jurisdiction must stay its proceedings until jurisdiction in the first court has been established. Once the jurisdiction of the first court has been established, the proceedings in the second court must be dismissed.

As Sotheby's has stated in its Form 10-Q filed with the Securities and Exchange Commission, it filed the Swiss conciliation proceeding "in response to the stated intent of [Plaintiffs] to initiate litigation in the U.K." ECF No. 55-20 at 37.

Sotheby's did not give any advance notice of any kind that it was filing a civil action in Switzerland, much less 14 days written notice sent by overnight courier service to Plaintiffs' counsel. Kornstein Decl. ¶¶ 3 – 5.

At no time did Plaintiffs serve upon Sotheby's a "notice of suit" in the manner contemplated by paragraph 8 of the tolling agreement. Kornstein Decl. ¶¶ 3-4.

Plaintiffs did not breach the tolling agreement while it was in effect. Kornstein Decl. ¶ 6.

These are the facts that warrant summary judgment on liability for Plaintiffs on the third and fourth claims.

## ARGUMENT

### I. THE OCTOBER 27, 2017 LETTER WAS NOT "NOTICE OF SUIT" UNDER THE TOLLING AGREEMENT

The Court has already ruled that Plaintiffs' October 27, 2017 letter to the Court does not qualify as a "Notice of Suit." Sotheby's had argued in its motion that Plaintiffs' October 27, 2017 letter to the Court was a "Notice of Suit" because the tolling agreement requires only that a "Notice of Suit" be written, not that it also be sent by overnight courier service. The Court rejected that argument.

As the Court wrote in its June 25, 2019 decision denying Sotheby's motion to dismiss the third and fourth Claim:

> By its terms, Paragraph 3 of the Tolling Agreement is most reasonably read to require written notice "as provided in paragraph 8." Paragraph 8, in turn, provides that Notice "shall be in writing *and* shall be deemed duly given one (1) business date after being sent . . . by reputable overnight courier service." *Id.* (emphasis added). This is most reasonably read to require service by overnight courier. Indeed, to read "as provided in paragraph 8" to require only that the notice be "in writing" would render the phrase "as provided in paragraph 8" superfluous because Paragraph 3 already requires "14 days' *written* notice." *See id.* ¶¶ 4, 8; *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 157 (2d Cir. 2016) ("[A] contract should be construed so as to give full meaning and effect to all of its provisions." (internal quotation marks omitted)).

ECF No. 47 at 14.

The Court also rejected Sotheby's argument that Paragraph 8 merely describes an optional "way of calculating *when* . . . notice would be deemed to have been effected." According to the Court, Sotheby's argument

> is unpersuasive when viewed in the context of the whole Agreement because timing and the measurement of time are the central points of the Agreement. *See Orchard Hill*, 830 F.3d at 156 (observing that a contract's meaning must be discerned as "viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement" (internal quotation marks omitted)); *see, e.g.*, Tolling Agreement ¶¶ 1, 3 ("Each Party shall provide at least 14 days' written notice . . ."); *id.* ¶ 4 ("This Agreement shall terminate . . . 14 days after any Party serves a 'Notice of Suit' . . ."), *id.* ¶ 8.

*Id.*

As an additional reason for not dismissing the two tolling agreement claims, the Court stated: "At most, the relevant provisions of the Tolling Agreement are ambiguous, which is enough to deny Sotheby's motion." *Id.* at 14. But, on closer examination, those provisions are not even ambiguous.

## II. THE RELEVANT PROVISIONS OF THE TOLLING AGREMENT ARE PLAIN AND UNAMBIGUOUS

The Court's above analysis of the meaning of the contract language is dispositive. The wording of the tolling agreement is clear and unequivocal, leaving no room for uncertainty or ambiguity. Notice must be both in writing and sent by overnight courier. Even if Plaintiffs' October 27 letter to the Court somehow was notice (which it was not), it was not sent by overnight courier. The issue is that simple.

The Court's statement that, "At most, the relevant provisions of the Tolling Agreement are ambiguous," is not a ruling or finding that the provisions are ambiguous. On the contrary, it was, as is clear from the portion of the Court's opinion quoted above, unnecessary to the decision

on the motion to dismiss. The phrase "[a]t most" means that even crediting Sotheby's argument is fruitless. "At most" properly translates as "even if we indulge Sotheby's reading, it is insufficient."

The parties chose the language at issue precisely to avoid uncertainty and misunderstanding. The purpose of requiring "at least 14 days' written notice ("Notice of Suit"), *as provided in paragraph 8*," is to eliminate ambiguity about what kind of notice terminates the agreement. In Sotheby's alternative reality in which Notice of Suit simply means "written notice" of any kind, the parties have no way to know what kind of writing ends their obligations. Would an email to Sotheby's counsel that says "We would like to discuss a potential new lawsuit against Sotheby's" suffice? A newspaper article read by Sotheby's counsel in which a representative of Plaintiffs is quoted as saying "we are going to sue Sotheby's in England"? The court should give effect to the parties' intent that Notice of Suit be given predictably, "as provided in Paragraph 8." *Id.* ¶ 3; *see Sayers v. Rochester Tel. Corp. Supp. Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993) ("The primary objective in contract interpretation is to give effect to the intent of the contracting parties as revealed by the language they chose to use." (quotation marks omitted)).

Any attempt to read the language in Paragraph 8 about service by overnight courier as *optional* makes no sense. The parties would have no reason to specify a method of service in the tolling agreement is any other method were equally valid. That Notice of Suit "shall be deemed duly given one (1) business day after being sent… by a reputable overnight courier" means that Notice of Suit shall *not* be deemed duly given unless so served. Otherwise the words would have no purpose. *See Orchard Hill*, 830 F.3d at 157 (all words must be given effect).

What Sotheby's did was exactly what Plaintiffs contracted to avoid. The tolling agreement was designed to protect either side from a surprise suit. Sotheby's has benefited from exactly the kind of surreptitious filing of a lawsuit that the notice provision was negotiated to protect against.

## CONCLUSION

Because there are no disputed issues of fact concerning Sotheby's failure to provide notice of suit and because the language of the tolling agreement is clear, unequivocal and unambiguous, Plaintiffs are entitled to summary judgment in their favor oo the issue of liability on the third and fourth claims. The motion should be granted.

Dated: New York, New York
September 20, 2019

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: ______________________
Daniel J. Kornstein
O. Andrew F. Wilson
Zoe Salzman
Douglas E. Lieb
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiffs*