UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCENT DELIGHT INTERNATIONAL LTD.
and XITRANS FINANCE LTD.,

                Plaintiffs,

-against-

SOTHEBY'S and SOTHEBY'S, INC.,

                Defendants./

18 Civ. 9011 (JMF)

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF PARTIAL SUMMARY JUDGMENT**

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

Attorneys for Plaintiffs

TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES ................................................................................................ii-iii

    I.     THE RELEVANT PROVISIONS OF THE TOLLING AGREEMENT ARE UNAMBIGUOUS .............................................................................................1

    II.    BECAUSE THE TOLLING AGREEMENT IS UNAMBIGUOUS, THE REST OF SOTHEBY'S OPPOSITION FALLS AWAY ...................................................7

CONCLUSION......................................................................................................................8

## TABLE OF AUTHORITIES

PAGE NO.

**Cases**

*Ashwood Capital, Inc. v. OTG Mgmt., Inc.*,
    99 A.D.3d 1 (1st Dep't 2012) ................................................................................................. 8

*Bausch & Lomb Inc. v. Bressler*,
    977 F.2d 720 (2d Cir. 1992) ..................................................................................................... 5

*Chimart Assocs. v. Paul*,
    66 N.Y.2d 570 (1986) ............................................................................................................... 4

*Dallio v. Spitzer*,
    343 F.3d 553 (2d Cir. 2003) ..................................................................................................... 4

*Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*,
    865 F.2d 513 (2d Cir. 1989) ..................................................................................................... 5

*Hamburg v. New York Univ. Sch. of Med.*,
    155 A.D.3d 66 (1st Dep't 2017) .............................................................................................. 4

*Huntington Nat'l Bank v. Bristow U.S. LLC*,
    No. 17 Civ. 8595, 2019 WL 1004218 (S.D.N.Y. Mar. 1, 2019) ......................................... 8

*Lehigh Portland Cement Co. v. New York State Dep't of Envtl. Conservation*,
    87 N.Y.2d 136 (1995) ............................................................................................................... 8

*Middlebury Office Park Ltd. P'ship v. Gen. Datacomm Indus.*,
    248 A.D.2d 313 (1st Dep't 1998) ........................................................................................... 7

*Modell's N.Y. Inc. v. Noodle Kidoodle, Inc.*,
    242 A.D.2d 248 (1st Dep't 1997) ........................................................................................... 4

*Omni Quartz, Ltd. v. CVS Corp.*,
    287 F.3d 61 (2d Cir. 2002) ....................................................................................................... 8

*Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*,
    830 F.3d 152 (2d Cir. 2016) ..................................................................................................... 2

*Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*,
    13 N.Y.3d 398 (2009) ............................................................................................................... 4

*Shepley v. New Coleman Holdings Inc.*,
    174 F.3d 65 (2d Cir. 1999) ....................................................................................................... 7

*Singer Grp., Inc. v. Nine W. Holdings, Inc.*,
    No. 14 Civ. 3619, 2015 WL 9582431 (S.D.N.Y. Dec. 30, 2015) ....................................... 8

*Spinelli v. Nat'l Football League*,
    903 F.3d 185 (2d Cir. 2018) ............................................................................................. 7

*Uribe v. Merchs. Bank of N.Y.*,
    91 N.Y.2d 336  (1998) ..................................................................................................... 4

*USI Ins. Servs. LLC v. Miner*,
    801 F. Supp. 2d 175 (S.D.N.Y. 2011) .............................................................................. 6

*W.W.W. Associates, Inc. v. Giancontieri*,
    77 N.Y.2d 157 (1990) ...................................................................................................... 3

*Waldman ex rel. Elliott Waldman Pension Tr. v. Riedinger*,
    423 F.3d 145 (2d Cir. 2005) ............................................................................................. 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCENT DELIGHT INTERNATIONAL LTD.
and XITRANS FINANCE LTD.,

                    Plaintiffs,

          -against-

SOTHEBY'S and SOTHEBY'S, INC.,

                    Defendants.

18 Civ. 9011 (JMF)

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
## FURTHER SUPPORT OF PARTIAL SUMMARY JUDGMENT

Sotheby's opposition to partial summary judgment for liability on the Tolling Agreement claims fails because it has no foundation. It is built on a false major premise.

Contrary to Sotheby's basic point, the Tolling Agreement is not ambiguous. When that premise is exploded, the rest of Sotheby's subsidiary arguments evaporate. The Tolling Agreement's lack of ambiguity means: extrinsic evidence cannot be considered, no genuinely disputed questions of material fact exist to bar summary judgment, Sotheby's needs no discovery on the point, and partial summary judgment is not premature.

None of Sotheby's opposing arguments bears scrutiny.

I.     THE RELEVANT PROVISIONS OF THE TOLLING AGREEMENT ARE UNAMBIGUOUS

Sotheby's ambiguity argument founders on the clear and unequivocal language of the Tolling Agreement. The pellucid and simple wording of the Tolling Agreement refutes any claim of uncertainty as to its relevant meaning. As the Court held:

> By its terms, Paragraph 3 of the Tolling Agreement is most reasonably read to require written notice "as provided in paragraph 8." Paragraph 8, in turn,

>provides that Notice "shall be in writing *and* shall be deemed duly given one (1) business date after being sent . . . by reputable overnight courier service." *Id.* (emphasis added).  This is most reasonably read to require service by overnight courier.  Indeed, to read "as provided in paragraph 8" to require only that the notice be "in writing" would render the phrase "as provided in paragraph 8" superfluous because Paragraph 3 already requires "14 days' *written* notice."  *See id.* ¶¶ 4, 8; *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 157 (2d Cir. 2016) ("[A] contract should be construed so as to give full meaning and effect to all of its provisions." (internal quotation marks omitted)).

ECF No. 64 at 14.

**"Notice of Suit" Must Be Delivered by Overnight Courier**

Plaintiffs' October 27, 2017 letter to the Court merely sought permission to use certain documents in a contemplated UK proceeding.  *See* ECF No. 101 in *In Re Accent Delight Int'l Ltd.*, No. 16-MC-125 (the § 1782 proceedings).  It did not constitute a "Notice of Suit" under the Tolling Agreement, to which it did not even refer.  *Id.*

Whatever the contents of the October 27, 2017 letter, to qualify as a "Notice of Suit" under the Tolling Agreement, it *had* to be delivered "by reputable overnight courier."  ECF No. 42-5 ¶ 8.  Paragraph 8 of the Tolling Agreement sets forth, in plain and simple language, the only proper method for delivering "all notices": "in writing and shall de deemed duly given one (1) business day after being sent to the recipient at the address given below by reputable overnight courier service."  *Id.*

Words could not be more clear, especially since Paragraph 3 of the Tolling Agreement states that each party "shall provide . . . written notice ("Notice of Suit") as provided in paragraph 8."  *Id.* ¶ 3.  Because it is undisputed that the letter was not delivered by overnight courier, it also cannot be disputed that the letter was not a Notice of Suit as defined in this Agreement.

2

Sotheby's attempt to diminish the importance of this provision is, in the Court's words, "unpersuasive when viewed in the context of the whole Agreement because timing and the measurement of time are the central points of the Agreement." ECF No. 64 at 14.

The dicta in the cases Sotheby's relies on (Sotheby's Br. 9) are inapposite; none of the agreements in those cases involved the definition of "Notice of Suit" contained in this Tolling Agreement. This Tolling Agreement specifically defines a Notice of Suit to mean a writing served by reputable overnight courier. Nothing in that language is uncertain, unclear, or ambiguous.

**Sotheby's Cannot Manufacture Ambiguity**

Ignoring both the plain English of the Agreement and the Court's prior ruling (which it does not even quote), Sotheby's improperly attempts to manufacture ambiguity when there is none. *W.W.W. Associates, Inc. v. Giancontieri*, 77 N.Y.2d 157, 163 (1990) ("It is well settled that extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous on its face.") (citation and quotation marks omitted).

Sotheby's baldly asserts, with gaslighting logic: "Nothing in Paragraph 8 [1] expressly requires that a Notice of Suit be served by overnight courier in order to be effective or [2] states that service by overnight courier is the exclusive method of service permitted under the Tolling Agreement." Sotheby's Br. 3. This interpretation is nonsense. It flies in the face of the plain language of the Tolling Agreement. It ignores the Court's prior ruling that the Agreement "is most reasonably read to require service by overnight courier." ECF No. 64 at 14. It "runs afoul of the Court of Appeals' admonition to avoid manufacturing artificial ambiguities by isolating a particular clause in a vacuum while ignoring the context and structure of the contract as a

whole." *Hamburg v. New York Univ. Sch. of Med.*, 155 A.D.3d 66, 85 (1st Dep't 2017) (*citing Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*, 13 N.Y.3d 398, 404 (2009)).

An unreasonable interpretation does not by itself create ambiguity. "It is well established that when the meaning of a contract is plain and clear it is entitled to be enforced according to its terms and not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist." *Uribe v. Merchs. Bank of N.Y.*, 91 N.Y.2d 336, 341 (1998) (internal quotations and modifications omitted). "[O]n its face," this Tolling Agreement is not "susceptible of more than one interpretation." *Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 572-73 (1986) (affirming summary judgment where the contract "provision was unambiguous"); *Modell's N.Y. Inc. v. Noodle Kidoodle, Inc.*, 242 A.D.2d 248, 250 (1st Dep't 1997) (reversing denial of summary judgment where "there is simply no ambiguity" in the contract).

**The Exclusive Power of "Shall"**

The combination of Paragraphs 3 and 8 makes Sotheby's reading untenable and unreasonable. Paragraph 3 says Notice of Suit "shall" be given "as provided in paragraph 8." Paragraph 8, in turn, says "all notice . . . shall be deemed duly given one (1) business day after being sent . . . by reputable overnight courier service." ECF No. 42-5. The parties used the peremptory "shall," not the permissive "may."

The multiple uses of "shall" in both paragraphs makes the meaning as clear as can be. Sotheby's bald assertion that "paragraph 8 does not state that service *must* be by overnight courier" is untenable. Sotheby's Br. 12. "'Shall' is universally understood to indicate an imperative or mandate." *Dallio v. Spitzer*, 343 F.3d 553, 562 (2d Cir. 2003). The contract language simply does not support Sotheby's proposed reading.

4

The only reasonable reading is that a Notice of Suit must be served by overnight courier to be effective and that service by overnight courier is the exclusive method of service permitted. This is what the parties agreed to, as shown by the Tolling Agreement itself. Sotheby's is conjuring ambiguity as an excuse and cover for its breach of the Tolling Agreement based on its questionable and suspicious request for an adjournment of its time to respond to Plaintiffs' October 27 letter.

**Sotheby's Reliance Is Misplaced**

Sotheby's misplaces its reliance on a line of cases "holding that strict formality with a notice provision is not required where the notified party received actual notice." Sotheby's Br. 13-16. Sotheby's already raised—and lost—this exact argument in its motion to dismiss. *See* ECF No. 45 at 37-38. Those cases do not apply here. They relieve the *sender* of the notice who fails in certain circumstances to comply with some technicality. They do not allow the *recipient* to claim notice when a notice provision was not complied with. Sotheby's cites no such case. Someone who does not follow the requirements for notice cannot have that action transmuted into its opposite by the recipient, as Sotheby's contends. The principle of these cases does not work in both directions.

"Under New York law, where the contract specifies conditions precedent to the right of cancellation, the conditions must be complied with." *Bausch & Lomb Inc. v. Bressler*, 977 F.2d 720, 727 (2d Cir. 1992) (internal quotation and modification omitted) (affirming determination of breach for failure to abide by notice provision); *see also Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 518-19 (2d Cir. 1989) (holding failure to comply with

notice requirement was "fatal" under the "the clear New York rule requiring termination of a contract in accordance with its terms").

Sotheby's cases only discuss a narrow exception that applies in "certain limited circumstances." *USI Ins. Servs. LLC v. Miner*, 801 F. Supp. 2d 175, 182 (S.D.N.Y. 2011) (internal quotation omitted). The general rule is to the contrary and provides that "written notice requirements are fully enforceable" because they "serve the valuable function" of avoiding any misunderstanding. *Id* at 181-82. Here, the entire purpose of the Tolling Agreement was to provide the parties with clarity about when litigation could be commenced. As the Court held, Sotheby's argument is particularly "unpersuasive when viewed in the context of the whole Agreement because timing and the measurement of time are the central points of the Agreement." ECF No. 64 at 14.

None of the cases cited by Sotheby's supports rewarding the gamesmanship Sotheby's engaged in here. After seeking an extension of time to oppose Plaintiffs' October 27, 2017 letter, misleadingly claiming "a number of competing commitments of both Sotheby's and its counsel," ECF No. 55-2, Sotheby's used that time to file the Swiss declaratory judgment action in order to trigger the Lugano Convention and block Plaintiffs from filing a case in the U.K. *See* ECF No. 64 at 4 n. 2 ("In a Securities and Exchange Commission filing, Sotheby's stated that it filed the Swiss suit 'in response to the stated intent of [Plaintiffs] to initiate litigation in the U.K.' and noted that 'the Lugano Convention effectively precludes [Plaintiffs] from sustaining an action in the U.K.'").

Sotheby's misleading the Court and Plaintiffs should not be rewarded by the Court's adoption of a twisted interpretation of an unambiguous Agreement. Once the unsupportable ambiguity issue is laid to rest, the balance of Sotheby's opposition is easily brushed aside.

## II. BECAUSE THE TOLLING AGREEMENT IS UNAMBIGUOUS, THE REST OF SOTHEBY'S OPPOSITION FALLS AWAY

The Tolling Agreement's lack of ambiguity disposes of what is left of Sotheby's arguments. Those remaining arguments all depend on the Tolling Agreement being ambiguous, which it is not. Put another way, all of Sotheby's other points flow from the Tolling Agreement's non-existent ambiguity. If the Tolling Agreement is unambiguous, then Sotheby's subsidiary arguments disappear.

Inasmuch as the Tolling Agreement is unambiguous:

- **Extrinsic evidence cannot be considered to create ambiguity**. The determination of whether the Tolling Agreement "is unambiguous is made by the court with reference to the contract alone." *Waldman ex rel. Elliott Waldman Pension Tr. v. Riedinger*, 423 F.3d 145, 150 (2d Cir. 2005) (citation and quotation marks omitted). Because the Tolling Agreement's plain language is unambiguous, the inquiry ends there. *Spinelli v. Nat'l Football League*, 903 F.3d 185, 200 (2d Cir. 2018) ("Under New York law, if a contract is straightforward and unambiguous, its interpretation presents a question of law for the court to be made without resort to extrinsic evidence." (citation and quotation marks omitted)).

- **No genuinely disputed question of material fact exists to bar partial summary judgment**. "The relevant inquiry in deciding a motion for summary judgment is whether there is no genuine issue as to any material fact, a situation that obtains . . . when the language is unambiguous." *Shepley v. New Coleman Holdings Inc.*, 174 F.3d 65, 72 n.5 (2d Cir. 1999) (citation and quotation marks omitted); *see also Middlebury Office Park Ltd. P'ship v. Gen. Datacomm Indus.*, 248 A.D.2d 313, 314 (1st Dep't 1998) (reversing denial of summary judgment and holding defendant's "argument that this issue requires an interpretation of the relevant

7

contractual agreements is insufficient to create a triable issue of fact where they are unambiguous").

- **Sotheby's needs no discovery on the meaning of the Tolling Agreement**. "When a dispute involves the interpretation of an unambiguous contract, summary judgment is appropriate without prior discovery." *Singer Grp., Inc. v. Nine W. Holdings, Inc.*, No. 14 Civ. 3619, 2015 WL 9582431, at *3 (S.D.N.Y. Dec. 30, 2015); *see also Huntington Nat'l Bank v. Bristow U.S. LLC*, No. 17 Civ. 8595, 2019 WL 1004218, at *6 (S.D.N.Y. Mar. 1, 2019); *Ashwood Capital, Inc. v. OTG Mgmt., Inc.*, 99 A.D.3d 1, 9 (1st Dep't 2012).

- **Partial summary judgment is not premature**. "The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment." *Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002).

In short, the absence of ambiguity in the Tolling Agreement necessarily refutes every other subsidiary argument advanced by Sotheby's.

## CONCLUSION

The Tolling Agreement is unambiguous. As a matter of law, Sotheby's breached the Tolling Agreement by filing the Swiss proceeding before the Agreement was terminated. Sotheby's attempts to distract from the Agreement's plain language and undisputed facts all fail.

Sotheby's argument about the Third Claim (for declaratory judgment for Sotheby's breach of the Tolling Agreement) is just another attempt to distract. Sotheby's Br. 16-17. The Court has discretion to allow this claim and it was not dismissed on the motion to dismiss. *Lehigh Portland Cement Co. v. New York State Dep't of Envtl. Conservation*, 87 N.Y.2d 136, 140–41 (1995). Should the Court prefer it, however, Plaintiffs will consent to dismissing this

claim. But dismissal of this claim is irrelevant to granting summary judgment on the Fourth Claim for Sotheby's liability for breach of contract.

For the reasons given here and in our main brief, the motion for partial summary judgment should be granted.

Dated: New York, New York
October 25, 2019

                EMERY CELLI BRINCKERHOFF
                   & ABADY LLP

By: _____
     Daniel J. Kornstein
     O. Andrew F. Wilson
     Zoe Salzman
     Douglas E. Lieb
     Scout Katovich
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiffs*

9