# Arnold & Porter

**Marcus A. Asner**
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

November 14, 2019

<u>**VIA ECF**</u>

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Accent Delight International Ltd. et al. v. Sotheby's et al.*, 18-cv-9011

Dear Judge Furman:

Defendants Sotheby's and Sotheby's, Inc. (collectively, "Sotheby's"), by and through their undersigned counsel, respectfully request that the Court issue the proposed Letters of Request (attached hereto as Exhibits A through D) pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781. The proposed Letters of Request seek the assistance of the judicial authorities of:

1. <u>England</u> in obtaining testimony and documents from Tetiana Bersheda and James Gallon. Ms. Bersheda is or was a global business and legal advisor to Plaintiffs and Dmitry Rybolovlev, Plaintiffs' principal, and served as a liaison on behalf of Mr. Rybolovlev in his dealings with Yves Bouvier and other third parties. Mr. Gallon provided Plaintiffs with privileged documents belonging to Sotheby's related to the subject matter of this litigation;

2. <u>Singapore</u> in obtaining testimony and documents from Mr. Bouvier, who is alleged to have committed the underlying fraud and breach of fiduciary duty that form the basis of Plaintiffs' aiding-and-abetting claims against Sotheby's; and

3. <u>Switzerland</u> in obtaining testimony and documents from Jean-Marc Peretti. According to Plaintiffs, Mr. Peretti served as Mr. Bouvier's "associate" and was involved in discussions regarding the art masterworks at issue in this action.

This is an action for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and breach of contract. Plaintiffs allege that Plaintiffs and Mr. Bouvier agreed, at a time and in a manner unspecified by Plaintiffs, that Mr. Bouvier would act as

# Arnold&Porter

The Honorable Jesse M. Furman
November 14, 2019
Page 2

their agent to acquire art masterworks on their behalf.  Mr. Bouvier allegedly purchased 38 art masterworks from sellers, resold the works to Plaintiffs at markups, and pocketed the difference for himself.  Plaintiffs assert that Sotheby's aided and abetted Mr. Bouvier's alleged fraud and breach of fiduciary duty with respect to 14 of the art masterworks, 12 of which Mr. Bouvier acquired from third parties in transactions facilitated by Sotheby's entities before he sold them to Plaintiffs.  Plaintiffs also allege that Sotheby's breached the parties' Tolling Agreement, entered into in December 2016, by filing a declaratory judgment action in Switzerland allegedly without providing notice as required under the agreement.

The bases for the proposed Letters of Request are set forth in detail in Exhibits A-D.  In brief, the bases are as follows:

Yves Bouvier.  Mr. Bouvier is the central figure in Plaintiffs' allegations against Sotheby's.  Plaintiffs allege that Sotheby's aided and abetted an alleged fraud and breach of fiduciary duty committed by Mr. Bouvier.  Sotheby's alleged liability hinges on, among other things, (1) whether Mr. Bouvier actually committed fraud and breach of fiduciary duty under the applicable law(s), and (2) whether Sotheby's had the requisite mental state regarding Mr. Bouvier's purported fraud and breach of fiduciary duty.  Accordingly, Mr. Bouvier is a critical fact witness on the core issues in this case, including as to the nature of his relationship with Plaintiffs; the valuations that Plaintiffs obtained or attempted to obtain concerning the artworks at issue; Plaintiffs' attempts to obtain loans or other financing from financial institutions using the artworks at issue as collateral; and whether Mr. Bouvier ever told Sotheby's what he intended to do, or what he did do, with any artworks after he purchased them in transactions facilitated by Sotheby's.

Jean-Marc Peretti.  Plaintiffs contend that Mr. Peretti served as Mr. Bouvier's "associate."  According to Plaintiffs, Mr. Peretti has knowledge and information concerning the nature of the relationship between Plaintiffs and Mr. Bouvier, discussions regarding the art masterworks at issue, valuations that Plaintiffs obtained or attempted to obtain concerning the artworks at issue, and Plaintiffs' alleged reliance on appraisals of the artworks.

Tetiana Bersheda.  At all relevant times, Ms. Bersheda served as a global business and legal advisor to Plaintiffs and Mr. Rybolovlev, Plaintiffs' principal.  More specifically, Ms. Bersheda served as a liaison on behalf of Mr. Rybolovlev in his dealings with Mr. Bouvier.  In that capacity, Ms. Bersheda communicated directly with Mr. Bouvier (and representatives of Mr. Bouvier) on Plaintiffs' and Mr. Rybolovlev's behalf regarding the art masterworks at issue in this action, including regarding requests for

# Arnold&Porter

The Honorable Jesse M. Furman
November 14, 2019
Page 3

valuations of some of those works. According to Plaintiffs, Ms. Bersheda also has
knowledge and information concerning Plaintiffs' alleged suspicion and discovery that
Mr. Bouvier had defrauded them. Further, Sotheby's recently learned that since April
2016 Plaintiffs have been in possession of two privileged documents belonging to
Sotheby's. Plaintiffs' acquisition and use of Sotheby's privileged documents is relevant
to Sotheby's defenses in this action and more generally to the integrity of the
proceedings. Plaintiffs have represented that Ms. Bersheda has knowledge and
information regarding Plaintiffs' initial receipt, transmittal, review, discussion, and/or
other use of Sotheby's privileged materials.

James Gallon. Mr. Gallon is, according to Plaintiffs, the source who provided
them with Sotheby's privileged documents. Plaintiffs claim that the privileged Sotheby's
documents came into the possession of Mr. Gallon—whom Plaintiffs claim is an
unrelated third party—in London on or about April 5, 2016, and that Mr. Gallon
subsequently traveled to Monaco and gave the documents to Jonty Buirski, a social
acquaintance from Monaco whom Mr. Gallon knew to be associated with Mr.
Rybolovlev. According to Plaintiffs, Mr. Gallon has knowledge and information
regarding Plaintiffs' initial receipt, transmittal, review, discussion, and/or other use of
Sotheby's privileged documents.

All four of these witnesses are believed to reside outside the United States.
Neither Mr. Bouvier nor Mr. Peretti is affiliated with Plaintiffs, and Plaintiffs have
represented that Ms. Bersheda and Mr. Gallon are not within their control. Thus, Mr.
Bouvier, Mr. Peretti, Ms. Bersheda, and Mr. Gallon are beyond the subpoena power of
the Court.

"Article 1 of the Hague Evidence Convention provides that a judicial authority in
one contracting state may forward a letter of request to the competent authority in another
contracting state for the purpose of obtaining evidence." *Skyline Steel, L.L.C. v. PilePro,
L.L.C.*, No. 13-CV-8171 (JMF), 2015 WL 13832108, at *1 (S.D.N.Y. Jan. 28, 2015)
(internal quotation marks omitted) (citing 23 U.S.T. 2555; *Société Nationale Industrielle
Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 535 (1987)). As the
United States, the United Kingdom, Switzerland, and Singapore all are signatories to the
Hague Convention, letters of request are the means by which this Court can formally
request that a court in those countries "lend its judicial assistance in obtaining evidence or
performing some other judicial act." *Blagman v. Apple, Inc.*, No. 12 CIV. 5453 ALC
JCF, 2014 WL 1285496, at *3 (S.D.N.Y. Mar. 31, 2014); *see also, e.g.*, *Villella v. Chem.
& Mining Co. of Chile Inc.*, No. 15 CIV. 2106 (ER), 2018 WL 2958361, at *2 (S.D.N.Y.
June 13, 2018) ("Application for a letter of request to take testimony pursuant to
the Hague Convention is an appropriate mechanism for obtaining discovery of a non-

# Arnold&Porter

The Honorable Jesse M. Furman
November 14, 2019
Page 4

party witness in a foreign country." (citation omitted)).  Pursuant to the Hague
Convention, a letter of request must provide the contracting state with certain information
regarding the lawsuit and the information sought, including "the evidence to be obtained
or other judicial act to be performed."  23 U.S.T. 2555, art. 3(d).

The proposed Letters of Request seek testimony and documents from Mr.
Bouvier, Mr. Peretti, Ms. Bersheda, and Mr. Gallon in connection with their direct
involvement in and knowledge of issues that are central to this case.  The evidence sought
is relevant to the resolution of this action and is narrowly tailored to the personal
knowledge of Mr. Bouvier, Mr. Peretti, Ms. Bersheda, and Mr. Gallon regarding the
events and allegations described above.  Sotheby's anticipates that the testimony and
documents sought from Mr. Bouvier, Mr. Peretti, Ms. Bersheda, and Mr. Gallon will be
material to its defenses to Plaintiffs' claims in this action.

For the foregoing reasons, and those set forth in the attached Letters of Request,
Sotheby's respectfully requests that the Court grant this application and approve and sign
the attached Letters of Request.  Sotheby's further respectfully requests that, following
the Court's approval of the Letters of Request, the Clerk of the Court authenticate the
Court's signature under the seal of the Court (where indicated) and then return the Letters
of Request to counsel for Sotheby's, accompanied by an authorization for counsel to
transfer the Letters of Request to the appropriate judicial authorities.  Counsel will then
promptly cause the Letters of Request to be transmitted to the appropriate judicial
authorities, in conformity with Article 2 of the Hague Convention.  In relation to the
Letter of Request seeking the assistance of Switzerland, counsel will cause it to be
translated into French before being transmitted to the appropriate judicial authorities, in
conformity with Article 4 of the Hague Convention.

We thank the Court for its consideration of our request.

Respectfully submitted,


/s/ Marcus A. Asner
Marcus A. Asner


Attachments

cc:     All counsel of record (via ECF)