# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACCENT DELIGHT INTERNATIONAL LTD.
and XITRANS FINANCE LTD.,

                    Plaintiffs,

         -against-

SOTHEBY'S and SOTHEBY'S, INC.,

                    Defendants.

18 Civ. 9011 (JMF)

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO SOTHEBY'S FIRST SET OF INTERROGATORIES

Plaintiffs Accent Delight International Ltd. and Xitrans Finance Ltd. ("Plaintiffs"), by and through their attorneys Emery Celli Brinckerhoff & Abady LLP, respond to the First Set of Interrogatories (the "Requests") served by Defendants Sotheby's and Sotheby's Inc. (Defendants) as follows:

## PRELIMINARY STATEMENT

Although Plaintiffs are making a diligent and good faith effort to gather the information with which to respond to Defendants' Interrogatories, because discovery in this matter is ongoing, Plaintiffs responses may be incomplete. Accordingly, all of the following responses are given without prejudice to and with express reservation of Plaintiffs' right to supplement or modify their responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such information at trial or otherwise.

In response to each Interrogatory, Plaintiffs will set forth and explain their objections, if any, to that Interrogatory, and then set forth the information that is provided in response to the

Interrogatory. Plaintiffs are willing to discuss an appropriate resolution of any issues regarding any given objection to a specific Interrogatory.

## DEFINITIONS AND INSTRUCTIONS

1. Plaintiffs object to Defendants' Definitions and Instructions on the grounds that they are overbroad, unduly burdensome and purport to require Plaintiffs to perform tasks beyond their obligations under the Federal Rules of Civil Procedure ("Federal Rules") or the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"). Plaintiffs will respond pursuant to their obligations under the Federal Rules and the Local Rules.

2. Plaintiffs object to Defendants' Definitions and Instructions to the extent that they do not limit the Interrogatories to only information that is material to this action. By responding to each Interrogatory, Plaintiffs do not concede the materiality or relevance of the subject to which they refer. Plaintiffs' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the breadth, burdensomeness, competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

3. Defendants' Definitions and Instructions do not exclude privileged or otherwise protective communications for the documents and/or information sought. Plaintiffs object to each Interrogatory to the extent that it calls for the production of information which is privileged, whether by the attorney-client privilege, the work product doctrine or otherwise. Such material is not properly discoverable under Rule 26, 33, and 34 of the Federal Rules. Plaintiffs' privileged communications and work product will not be included in their discovery responses.

4.      Plaintiffs object to each of Defendants' Interrogatories to the extent that they seek documents or information concerning contacts between attorney and client during the pendency of this or any other litigation, particularly in in light of Instruction No. 6 that purports to impose an obligation to continually update the responses to the Interrogatories "between the time that the responses are served and the time of trial." Plaintiffs object to this instruction because any such request for confidential information between attorney and client regarding the Interrogatories seeks information protected by privilege. Plaintiffs construe such communications and information to be beyond the scope of each Interrogatory. In addition, inadvertent production information which is privileged, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery, or its subject matter, or the information contained therein, or of Plaintiffs' right to object to the use of any such information during any proceeding in this litigation or otherwise.

5.      Plaintiffs object to the definition of the term "You" and "Your," on the grounds that the definition is overbroad and ambiguous and seeks information that is privileged.

6.      Plaintiffs object to the definitions of the terms "Bouvier," "Sotheby's," and "Beneficial Owner," on the grounds that these definitions are overbroad and ambiguous.

## INTERROGATORIES

1.      Identify all of Your Beneficial Owners and all of Your principals, owners, directors, beneficiaries, subsidiaries, affiliates, parts, divisions, employees, agents, and consultants, and the relative ranks thereof.

> **Response**: In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request on the basis that it is overbroad and not proportional to the needs of this case and it seeks information that is not relevant to any party's claims or defenses. Plaintiffs designate their response to this Interrogatory as CONFIDENTIAL MATERIAL, pursuant to the Protective Order. Subject to the foregoing objections and construing the request to pertain only to Plaintiffs Accent

3

Delight Intl. Ltd. and Xitrans Finance Ltd., ███████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████

2.      Identify all Persons with knowledge or information concerning, or with whom

You have discussed, the allegations in the Complaint and/or the Amended Complaint.

**Response**: In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request on the basis that it is overbroad and not proportional to the needs of this case and that it seeks information protected by the attorney work product and attorney client privileges.

Subject to the foregoing objections and construing the request to pertain only to Plaintiffs Accent Delight Intl. Ltd. and Xitrans Finance Ltd., Plaintiffs understand the following persons have knowledge or information concerning the Complaint and/or the Amended Complaint: Dmitriy Rybolovlev, Mikhail Sazonov, Yuri Bogdanov, Sandy Heller, Stephen Cohen, Tetiana Bersheda, Sergey Chernitsyn, Yves Bouvier, Tania Rappo, Jean-Marc Peretti, Linda Seleshi, Franco Momente, Ramon Casais, Alain Chiaro, Alain Perret, Yves Meyer, Nadia Maradei, Samuel Valette, other Sotheby's employees, and the original sellers of the Works.

Secondly, in addition to their attorneys, Plaintiffs have discussed the allegations in the Complaint and/or the Amended Complaint with the following persons: Dmitriy Rybolovlev, Mikhail Sazonov, and Yuri Bogdanov.

3.      Identify all Persons with knowledge or information concerning any transaction

involving one or more of the Works, and for each such Person identify the Work about which

such Person has knowledge or information.

**Response**: In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request on the basis that it is overbroad and not proportional to the needs of this case and that it seeks information protected by the attorney work product and attorney client privileges.

Subject to the foregoing objections and construing the request to pertain only to Plaintiffs Accent Delight Intl. Ltd. and Xitrans Finance Ltd., Plaintiffs understand the following persons have knowledge or information concerning transactions concerning the Works: Dmitriy Rybolovlev, Mikhail Sazonov, Yuri Bogdanov, Bolton Trustees Ltd, Yves Bouvier, Tania Rappo, Jean-Marc Peretti, Linda Seleshi, Franco Momente, Ramon Casais, Alain Chiaro, Alain Perret, Yves Meyer, Nadia Maradei, Samuel Valette, Andreas Röthely, Didier Kolly, Delphine Zarb, Sandy Heller, Steven Cohen, and the sellers of the Works. Plaintiffs will supplement this response with more information

4

correlating persons with knowledge with the specific Works about which Plaintiffs understand they have knowledge.

4.        Identify all Persons who communicated with Bouvier on Your behalf or at Your direction concerning one or more of the Works, and for each such Person identify the Work about which such Person communicated.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request to the extent that it seeks information protected by the attorney work product and attorney client privileges. Subject to these objections, Dmitriy Rybolovlev, Mikhail Sazonov, Yuri Bogdanov, and Tetiana Bersheda communicated on Plaintiffs' behalf concerning the Works.

5.        Identify all Persons with knowledge or information concerning the alleged agency or fiduciary relationship between You and Bouvier, described in the Amended Complaint at, inter alia, Paragraphs 2, 14, 16, 19, and 214.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request to the extent that it seeks information protected by the attorney work product and attorney client privileges. Subject to these objections, Dimitry Rybolovlev, Elena Rybolovlev, Mikhail Sazonov, Yuri Bogdanov, Yves Bouvier, Linda Seleshi, Franco Momente, Ramon Casais, Alain Chiaro, Alain Perret, Yves Meyer, Nadia Maradei, Tania Rappo, Jean-Marc Peretti, and Samuel Valette all have knowledge or information concerning the fiduciary relationship between Yves Bouvier and the Plaintiffs.

6.        Identify all Persons with knowledge or information concerning the alleged fraud committed by Bouvier against You, as described in the Amended Complaint.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request to the extent that it seeks information protected by the attorney work product and attorney client privileges. Subject to these objections, Dmitriy Rybolovlev, Mikhail Sazonov, Yuri Bogdanov, Yves Bouvier, Tania Rappo, Jean-Marc Peretti, Samuel Valette and other Sotheby's employees have knowledge or information concerning the fraud committed by Bouvier.

7.        Identify all Financial Institutions and Persons associated with them, whether in Singapore or anywhere else, with which or whom You communicated, transacted, or attempted to communicate or transact, concerning one or more of the Works, including in connection with

5

any attempt to use one or more of the Works either as collateral or in any other way in order to

obtain, among other things, credit, loans, or financing, and all Person(s) with knowledge or

information about any such communications, transactions, or attempted transactions.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request on the grounds that it is overbroad and not proportional to the needs of this case. Plaintiffs designate the following response as CONFIDENTIAL MATERIAL, subject to the Protective Order. Subject to these objections, Plaintiffs identify the following Financial Institutions and Associated Persons:



| **Financial Institution** | **Associated Persons** |
| --- | --- |

8.      Identify all Persons with knowledge of any valuation that You obtained or

attempted to obtain from Bouvier and/or Sotheby's, or through Bouvier and/or Sotheby's,

concerning any of the Works, and for each such Person identify the valuation about which such

Person has knowledge.

> **Response**:  Subject to the specific objections to Defendants' Definitions and Instructions, Plaintiffs identify the following Persons with knowledge of any valuation that Plaintiffs obtained or attempted to obtain from Bouvier and/or Sotheby's, or through Bouvier and/or Sotheby's, concerning any of the Works: Yuri Bogdanov, Yves Bouvier, Jean-Marc Peretti, Samuel Valette, other Sotheby's officials, Tetiana Bersheda and the Persons identified in response to Interrogatory No. 7, above.

9.      Identify all Persons with knowledge or information concerning Your alleged

reliance on the "appraisals, transaction histories, and other documents Sotheby's created for the[]

[Works]," as described in the Amended Complaint at Paragraph 38.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs identify Dmitry Rybolovlev, Mikhail Sazonov, Yuri Bogdanov, Yves Bouvier, Samuel Valette and other Sotheby's officers, Tania Rappo, and Jean-Marc Peretti.

10.     Identify all Persons with knowledge or information concerning Your alleged suspicion and discovery that Bouvier had defrauded You, as described in the Amended Complaint at Paragraphs 179 through 181.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs identify Dmitriy Rybolovlev, Mikhail Sazonov, Yuri Bogdanov, and Tetiana Bersheda.

11.     Identify all Persons with knowledge or information concerning Your acquisition and/or purchase of an oceanfront estate located at 501 County Road in Palm Beach, Florida from Trump properties, LLC.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this request on the grounds that it is overbroad, not proportional to the needs of this case, and seeks information is not relevant to any party's claims or defenses.

12.     Identify all Persons with knowledge or information concerning Your initial receipt, and Your transmittal, review, discussion, and/or other use, of the Privileged Documents.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this Interrogatory on the grounds that it seeks information protected by the attorney client and work product privileges, and information that is not relevant to any party's claims or defenses. Subject to these objections, Plaintiffs identify the following: James Gallon, Jonty Buirsky, Tetiana Bersheda, Brian Cattell, Simona Fedele, Sergey Chernitsyn, and Eric Bechenit.

13.     Identify all Persons You retained, directed, hired, or paid to investigate Bouvier, Tania Rappo, Jean-Marc Peretti, Sotheby's, or Arnold & Porter, or who otherwise did so or offered to do so on Your behalf.

> **Response**:  In addition to reasserting their specific objections to Defendants' Definitions and Instructions, Plaintiffs object to this Interrogatory on the grounds that it seeks information protected by the attorney work product and attorney client privileges.

Dated: New York, New York
        October 7, 2019

EMERY CELLI BRINCKERHOFF
  & ABADY LLP


By:        /s       

        Daniel J. Kornstein
        O. Andrew F. Wilson
        Zoe Salzman
        Douglas E. Lieb
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiffs*