UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
ACCENT DELIGHT INTERNATIONAL LTD., et al.,              :
                                                        :
                            Plaintiffs,                 :
                                                        :         18-CV-9011 (JMF)
            -v-                                         :
                                                        :              ORDER
SOTHEBY'S, et al.,                                      :
                                                        :
                            Defendants.                 :
                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Each side has filed a letter motion seeking a discovery conference. *See* ECF Nos. 125 & 127. Upon review of the parties' letter motions and letters in opposition, *see* ECF Nos. 128 and 133, the Court concludes that there is no need for a conference. Instead, the Court rules as follows.

**Identities of Sellers of Works.** Substantially for the reasons set forth in Plaintiffs' letter motion, Sotheby's shall disclose the identities of the sellers of the artworks sold to Bouvier through Sotheby's. That information shall be disclosed in the first instance on an Attorney's Eyes Only basis, subject to challenge by Plaintiffs later in the case as appropriate.

**Communications with Bouvier Through Counsel.** The Court is inclined to agree with Sotheby's that, to the extent that communications between counsel and Bouvier are relevant, they are likely protected by the common-interest privilege. In either case, the Court finds that requiring Sotheby's to produce or log the communications at issue would not be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiffs' request for relief is denied.

**Communications with the Government.**  Sotheby's shall produce its communications with the Government relating to the Bouvier fraud, whether those communications were through counsel or otherwise.

**Insurance, Resales, and Collateral Transactions Involving the Works.**  The Court agrees with Plaintiffs that Sotheby's requests are overbroad and that a "more tailored course" is appropriate.  ECF No. 133, at 1.  Accordingly, Plaintiffs shall disclose **both** (1) their proposed chart, *see id.* at 2; and (2) any responsive documents that concern the value of the Works.

**Request Concerning the Relocation of the Art and the Palm Beach Property.**  The Court concludes that, to the extent the requested discovery is relevant, disclosure would not be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  It suffices for Sotheby's to "probe" Plaintiffs' motivations and how they bear on their alleged reliance on representations attributed to Sotheby's in depositions of Plaintiffs.

For the foregoing reasons, the parties' requests for discovery conferences are denied, and their requests for discovery-related relief are granted in part and denied in part.  The Clerk of Court is directed to terminate ECF Nos. 125 and 127.

SO ORDERED.

Dated: January 2, 2020
      New York, New York

                                  JESSE M. FURMAN
                             United States District Judge