UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCENT DELIGHT INTERNATIONAL LTD. and XITRANS FINANCE LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SOTHEBY'S and SOTHEBY'S, INC., <br><br> Defendants. | No. 1:18-cv-09011-JMF-RWL |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL MATTERS TO OBTAIN EVIDENCE FROM JAMES GALLON**

In conformity with Articles 1 and 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), the United States District Court for the Southern District of New York respectfully requests international judicial assistance to obtain evidence from James Gallon ("Mr. Gallon") for use in the above-captioned civil proceeding currently pending before this Court (the "U.S. Action" or "Action"). The evidence is sought by Defendants in the Action, Sotheby's and Sotheby's, Inc. (together, "Sotheby's"). As set forth below, Mr. Gallon is uniquely positioned to provide evidence relevant to this Action.

The assistance requested is for the appropriate judicial authority of the United Kingdom to compel the appearance of Mr. Gallon to produce documents and give oral testimony relevant to the claims and defenses in the Action. The evidence is intended for use at trial.

1. **Sender/Requesting Judicial Authority:**

   The Honorable Jesse M. Furman
   United States District Court for the Southern District of New York
   40 Centre Street, Room 2202
   New York, New York 10007
   United States of America

2. **Central Authority of the Requested State:**

   The Senior Master
   Foreign Process Section
   Room E16
   Queen's Bench Division
   Royal Courts of Justice
   Strand
   London WC2A 2LL,
   England, United Kingdom

3. **Persons to Whom the Executed Request Is to be Returned:**

   Marcus A. Asner
   Arnold & Porter Kaye Scholer LLP
   250 West 55th Street
   New York, New York 10019
   United States of America
   Email: Marcus.Asner@arnoldporter.com
   Tel: +1 212 836 7222
   Fax: +1 212 836 8689

4. **Names and Addresses of the Parties and Their Representatives:**

   a. **Plaintiffs:**

   Accent Delight International Ltd.
   Jipfa Building, 3rd Floor
   142 Main Street
   Road Town, Tortola
   British Virgin Islands

   Xitrans Finance Ltd.
   Akara Building
   24 De Castro Street
   Wickhams Cay 1
   Road Town
   Tortola

British Virgin Islands

<u>Counsel for Plaintiffs:</u>
Daniel Kornstein
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
Email: dkornstein@ecbalaw.com
Tel: +1 212 763 5000

**b. Defendants:**

Sotheby's
1334 York Avenue
New York, New York 10021
United States of America

Sotheby's, Inc.
1334 York Avenue
New York, New York 10021
United States of America

<u>Counsel for Defendants:</u>
Marcus A. Asner
Sara L. Shudofsky
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019
Email: Marcus.Asner@arnoldporter.com
Email: Sara.Shudofsky@arnoldporter.com
Tel: +1 212 836 7222

Jane Wessel
Arnold & Porter Kaye Scholer (UK) LLP
Tower 42
25 Old Broad Street
London EC2N 1HQ
United Kingdom
Email: Jane.Wessel@arnoldporter.com
Tel: +44 (0)20 7786 6260

**5. Nature of the Proceedings and Summary of the Facts:**

The U.S. Action is a civil lawsuit in which Plaintiffs allege that Sotheby's aided and abetted an alleged fraud and breach of fiduciary duty committed by Yves Bouvier ("Mr. Bouvier"), and

breached its contractual obligations to Plaintiffs. Plaintiffs' principal is Dmitry Rybolovlev ("Mr. Rybolovlev"). Plaintiffs are companies incorporated in the British Virgin Islands; they are owned by trusts settled by and for the benefit of members of the family of Mr. Rybolovlev. Plaintiffs allege that Plaintiffs and Mr. Bouvier agreed (at a time and in a manner unspecified by Plaintiffs) that Mr. Bouvier would act as their agent to acquire art masterworks on their behalf. Mr. Bouvier allegedly purchased 38 art masterworks from sellers, resold the works to Plaintiffs at markups, and pocketed the difference for himself. Plaintiffs assert that Sotheby's aided and abetted Mr. Bouvier's alleged fraud and breach of fiduciary duty with respect to 14 of the art masterworks, 12 of which Mr. Bouvier acquired from third parties in private sales facilitated by Sotheby's entities before he sold them to Plaintiffs. Plaintiffs also allege that Sotheby's breached a Tolling Agreement with Plaintiffs. A copy of the Amended Complaint and Sotheby's Answer in the U.S. Action are attached hereto as Exhibits 1 and 2.

Sotheby's recently learned that, since April 2016, and unbeknownst to Sotheby's at the time, Plaintiffs have possessed and made use of Sotheby's attorney work product and attorney-client communications (the "Privileged Materials" or "Materials"). *See* Sotheby's Letter-Motion for Conference Regarding Need for Discovery, Dkt. 75 (Aug. 26, 2019), attached hereto as Exhibit 4 ("Sotheby's Letter-Motion"). The Privileged Materials consist of two documents. The first document is an outline that Sotheby's counsel, Arnold & Porter, created for an interview it conducted with Samuel Valette, an employee of Sotheby's UK who served as the primary contact between Sotheby's UK and Mr. Bouvier. The second document summarizes information gathered concerning the artworks at issue in the U.S. Action. On October 21, 2016, a representative of Plaintiffs, Simona Fedele ("Ms. Fedele"), sent copies of the Privileged Materials to Brian Cattell and Sergey Chernitsyn, as well as to Plaintiffs' representative, Tetiana Bersheda ("Ms. Bersheda").

*See id.* at Ex. A. In the October 21, 2016 cover email from Ms. Fedele to Ms. Bersheda and others, Ms. Fedele refers to proceedings (the "1782 proceedings") in this Court in which Plaintiffs sought documents from Sotheby's for use in foreign litigation against Mr. Bouvier concerning the same transactions at issue in the U.S. Action. *See id.*

In a filing in this Action, Plaintiffs represented that they obtained copies of the Privileged Materials from Mr. Gallon, who purportedly received the Materials by mistake in April 2016 during his stay at the Westbury Hotel in London and thereafter traveled to Monaco and gave them to an employee of one of Mr. Rybolovlev's entities. *See* Plaintiffs' Letter to Court Regarding Sotheby's Letter-Motion, Dkt. 76 (Aug. 27, 2019), attached hereto as Exhibit 5 ("Plaintiffs' Letter to Court"). In the course of discovery in the U.S. Action, Plaintiffs have identified Mr. Gallon as a person with "knowledge or information concerning [Plaintiffs'] initial receipt, and [Plaintiffs'] transmittal, review, discussion, and/or use, of the Privileged [Materials]." Plaintiffs' Responses and Objections to Sotheby's First Set of Interrogatories at 7, attached hereto as Exhibit 3 ("Plaintiffs' Responses to Interrogatories").[1] Mr. Gallon is therefore uniquely situated to provide information regarding whether Plaintiffs obtained the Privileged Materials unlawfully and whether they have used or are using the Privileged Materials in connection with the U.S. Action.

**6. Evidence to be Obtained and Purpose:**

    **a. Evidence to be Obtained:**

Sotheby's seeks oral testimony and documents from Mr. Gallon. Specifically, Mr. Gallon, who obtained and turned over to Plaintiffs privileged information belonging to Sotheby's, is in

---

[1] Pursuant to the Protective Order in the U.S. Action, Plaintiffs have designated as "CONFIDENTIAL MATERIAL" certain portions of Plaintiffs' Responses to Interrogatories. Those portions have been redacted from Exhibit 3 and are not being relied upon in connection with this Letter of Request.

5

unique possession of evidence relevant to Plaintiffs' allegations and Sotheby's defenses thereto. In addition, Sotheby's seeks evidence in order to determine whether Plaintiffs' acquisition of the Privileged Materials, or their use of the Privileged Materials, has undermined the integrity of the U.S. Action or other proceedings before this Court. Appendix A sets forth the topics of oral testimony sought from Mr. Gallon.

### b. The Evidence Is Sought for Use at Trial:

This Court understands that the powers of the English High Court of Justice to assist this Court's efforts to obtain evidence in the United Kingdom are listed in Section 2 of the Evidence (Proceedings in Other Jurisdictions) Act 1975, and that such assistance may not be provided when the evidence is sought only to be used for pre-trial purposes. This Court finds that the evidence requested is not being sought for mere pre-trial discovery, but rather is being sought to be used as proof in the actual trial in these proceedings.

### c. Purpose of the Evidence Sought:

Mr. Gallon is an important fact witness in the U.S. Action, as Plaintiffs have represented to this Court that Mr. Gallon provided them with the Privileged Materials. *See* Plaintiffs' Letter to Court [Exhibit 5]. Mr. Gallon is in unique possession of evidence that bears on Plaintiffs' claims and Sotheby's defenses.

Plaintiffs claim in their Amended Complaint that Sotheby's breached a Tolling Agreement with Plaintiffs, entered into in December 2016, when Sotheby's filed a declaratory judgment action in Switzerland in 2017. *See* Am. Compl. ¶¶ 219-235 [Exhibit 1]. Sotheby's entered into that agreement at Plaintiffs' request, but Plaintiffs did not tell Sotheby's that they had acquired Sotheby's Privileged Materials months before approaching Sotheby's. As the individual who purportedly received Sotheby's Privileged Materials and provided them to Plaintiffs, Mr. Gallon

is uniquely situated to provide information as to how he and Plaintiffs obtained the Privileged Materials and what they did with those materials, including with respect to the allegations in the Amended Complaint. Any such evidence would also go more fundamentally to the integrity of the U.S. Action.

While Sotheby's also intends to depose Ms. Bersheda and others, Mr. Gallon's testimony is unique in that he is allegedly the original source who obtained the Privileged Materials and provided the Privileged Materials to Plaintiffs. His testimony will provide direct evidence as to the circumstances under which he and Plaintiffs came to be in possession of the Privileged Materials, including as to whether Plaintiffs obtained the Privileged Materials unlawfully or have used or are using the Privileged Materials in connection with the U.S. Action.

**7. Identity and Address of the Person to be Examined:**

James Gallon

Hertfordshire
HP3 0LP
United Kingdom

**8. Questions to be put to the Person to be Examined or Statement of the Subject Matter About Which They are to be Examined:**

It is requested that Mr. Gallon be questioned by lawyers for Sotheby's with respect to the topics set forth in Appendix A.

**9. Documents and Other Property to be Inspected:**

This Court requests that Mr. Gallon produce the following documents (including electronic documents) which are in his possession, custody, or power:

a. The communications, including the emails and their attachments, between Mr. Gallon and (i) Mr. Rybolovlev (Plaintiffs' principal), or (ii) other representatives of Plaintiffs or persons working with or on behalf of Mr. Rybolovlev and Plaintiffs, including but not limited to Jonty Buirski and Tetiana Bersheda, regarding the Privileged Materials. *See* Sotheby's Letter-Motion to Court [Exhibit 4]; Plaintiffs' Letter to Court [Exhibit 5]; Plaintiffs' Responses to Interrogatories at 7 [Exhibit 3].

b. The documents and communications regarding meetings between Mr. Gallon and Mr. Rybolovlev (Plaintiffs' principal) or any other representatives of Plaintiffs, including but not limited to Jonty Buirski and Tetiana Bersheda, regarding the Privileged Materials. *See* Sotheby's Letter-Motion to Court [Exhibit 4]; Plaintiffs' Letter to Court [Exhibit 5]; Plaintiffs' Responses to Interrogatories at 7 [Exhibit 3].

**10. Any Requirement That the Evidence be Given on Oath or Affirmation and Any Special Form to be Used:**

This Court respectfully requests that Mr. Gallon testify under oath or affirmation, that the witness be duly sworn in accordance with the applicable procedures of England, that the testimony be transcribed by a qualified court reporter to be selected by the legal representative of Sotheby's, and that a videographic record be taken of the deposition.

**11. Special Methods or Procedure to be Followed:**

The following is respectfully requested:

a. That Sotheby's representatives be permitted to attend the deposition and be appointed by the English Court to conduct the deposition (*i.e.*, examine the witness on the topics listed in Appendix A) while an English barrister is present in a supervisory role;

b. That the other parties to the litigation be permitted to attend the deposition and examine the witness on the topics listed in Appendix A;

c. That Mr. Gallon be permitted to be represented by his own counsel at his own expense at the deposition should he wish to do so and that he not be required to give evidence that is privileged against disclosure under the laws of either the United States or England;

d. That the deposition be taken under the Federal Rules of Civil Procedure of the United States of America ("FRCP"), except to the extent such procedure is incompatible with the law of England;

e. That the testimony be recorded verbatim by stenographic and videographic means in English, that a stenographer and videographer licensed in the United Kingdom be permitted to attend the deposition in order to record the testimony, and that the parties' representatives be provided with a copy of the transcript and recording;

f. That there be excluded from the deposition, if permitted under the law of England, all persons other than the attorney conducting the examination of Mr. Gallon, the attorneys for the parties, the English barrister (referred to in (a) above), the stenographer and videographer, and other officials of the court of England normally present during such proceedings;

g. That the examination be conducted orally;

h. That the deposition be allowed to continue until completed, except that the deposition shall not exceed a total of seven hours over one day;

i. That Mr. Gallon be permitted to produce the documents and deposition testimony to the parties to the litigation and certify to the court that he has done so, in place of filing at court;

j. That Sotheby's be permitted to produce the documents and deposition testimony to the parties to the litigation; and

k. That the documents of which production is sought be produced by Mr. Gallon at least forty-five days prior to the date of Mr. Gallon's deposition, and that copies be provided to:

Counsel for Defendants:
Marcus A. Asner
Sara L. Shudofsky
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019
Email: Marcus.Asner@arnoldporter.com
Email: Sara.Shudofsky@arnoldporter.com
Tel: +1 212 836 7222

Jane Wessel
Arnold & Porter Kaye Scholer (UK) LLP
Tower 42
25 Old Broad Street
London EC2N 1HQ
United Kingdom
Email: Jane.Wessel@arnoldporter.com
Tel: +44 (0)20 7786 6260

Counsel for Plaintiffs:
Daniel Kornstein
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
Email: dkornstein@ecbalaw.com
Tel: +1 212 763 5000

**12. Request for Notification of the Time and Place of Execution of the Request and Identity and Address of any Person to be Notified:**

It is requested that the deposition be taken as soon as can practicably be arranged. It is requested that the deposition be conducted at the London office of Arnold & Porter, or at a location mutually agreed upon by the parties and the witness, and that the witness and the counsel listed below be notified of the date, time, and place of the deposition as soon as convenient. If possible, it is requested that notice be furnished to the witness and counsel at least thirty days prior to the deposition.

>Counsel for Defendants:
>Marcus A. Asner
>Sara L. Shudofsky
>Arnold & Porter Kaye Scholer LLP
>250 West 55th Street
>New York, New York 10019
>Email: Marcus.Asner@arnoldporter.com
>Email: Sara.Shudofsky@arnoldporter.com
>Tel: +1 212 836 7222
>
>Jane Wessel
>Arnold & Porter Kaye Scholer (UK) LLP
>Tower 42
>25 Old Broad Street
>London EC2N 1HQ
>United Kingdom
>Email: Jane.Wessel@arnoldporter.com
>Tel: +44 (0)20 7786 6260
>
>Counsel for Plaintiffs:
>Daniel Kornstein
>Emery Celli Brinckerhoff & Abady LLP
>600 Fifth Avenue, 10th Floor
>New York, New York 10020
>Email: dkornstein@ecbalaw.com
>Tel: +1 212 763 5000

**13. Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request:**

No attendance of United States judicial personnel is requested.

**14. Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the United States:**

The witness may refuse to give evidence only insofar as he has a privilege or duty to refuse to give evidence under the laws of the United States or the laws of England.

The parties to the U.S. Action have agreed, and this Court has ordered, that any confidential material produced or disclosed by the parties or any third parties will be kept confidential, according to the Local Rules of the Court and/or any protective order entered in the case.

**15. Fees and Costs:**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention shall be borne by Sotheby's.

**16. Specification of the Date by which the Requesting Authority Requires Receipt of the Response to the Letter of Request:**

The Requesting Authority requests that the deposition take place as soon as practicable after the Requested State receives this Letter of Request, and that the requested documents be produced at least forty-five days prior to the date of the deposition. Expedient treatment of this Letter of Request will allow the parties and the witness to arrange a mutually agreeable date for testimony and avoid disruption to the witness's business or personal plans.

**17. Signature and Seal of the Requesting Authority:**

This Court expresses its appreciation for the assistance and courtesy of the courts of the United Kingdom in this matter, and states that it shall be ready and willing to assist the courts of the United Kingdom in a similar manner when required.

Dated: January 3, 2020
New York, New York

Respectfully Submitted,

By: /s/ Jesse M. Furman
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
United States District Court for the
Southern District of New York

**SEAL OF THE COURT**

# Appendix A
# Topics for Oral Testimony

I. **Background Information**

   A. **Description:** General background information.

   B. **Topics:**

      1. Name.

      2. Residence(s).

      3. Education.

      4. Professional background and experience.

      5. Employment.

II. **Relationship to Plaintiffs, Mr. Rybolovlev, and Other Persons Affiliated with Plaintiffs**

   A. **Description:** Plaintiffs represent that Mr. Gallon, purportedly an unrelated third party, received Sotheby's Privileged Materials by mistake on April 5-6, 2016 during his stay at the Westbury Hotel in London, whereupon Mr. Gallon—after noticing that the documents concerned Mr. Rybolovlev—transported the Privileged Materials to Monaco and gave them to an employee of a Rybolovlev entity named Jonty Buirski. *See* Plaintiffs' Letter to Court [Exhibit 5]. Plaintiffs have represented to Sotheby's that Mr. Gallon has knowledge and information concerning Plaintiffs' receipt, transmittal, review, and/or use of Sotheby's Privileged Materials. *See* Plaintiffs' Responses to Interrogatories at 7 [Exhibit 3]. The following topics are designed to elicit information regarding Mr. Gallon's acquisition, use, and transmittal of the Privileged Materials.

   B. **Topics:**

      1. Circumstances under which the witness obtained the Privileged Materials.

      2. Review and use of the Privileged Materials.

      3. Failure to return the Privileged Materials to the Westbury Hotel or the person to whom the Privileged Materials were addressed.

      4. Transportation of the Privileged Materials to Monaco.

      5. Transmittal of the Privileged Materials to Jonty Buirski, including any remuneration or consideration received.

      6. Relationship with Jonty Buirski.

7. Relationships with Mr. Rybolovlev, Plaintiffs, representatives of Mr. Rybolovlev or Plaintiffs, and any other entities owned or controlled by Mr. Rybolovlev.

8. Communications regarding the Privileged Materials.