UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

ACCENT DELIGHT INTERNATIONAL
LTD. and XITRANS FINANCE LTD.,

                      Plaintiffs,

-against-

SOTHEBY'S and SOTHEBY'S, INC.,

                      Defendants.

18-CV-9011 (JMF)

[PROPOSED] AMENDED PROTECTIVE ORDER

JESSE M. FURMAN, United States District Judge:

**WHEREAS**, on March 25, 2016, in *In re Accent Delight Int'l Ltd.*, 16-MC-125 (JMF), plaintiffs in this present action, 18-CV-9011 (JMF) ("Plaintiffs"), filed an application for an order under 28 U.S.C. § 1782 (the "First Petition") to serve subpoenas to obtain documents (the "First Subpoenas"), for use in legal proceedings in France, Monaco, and Singapore;

**WHEREAS**, the Court granted the First Petition, and documents produced in response to and in satisfaction of the First Petition have been deemed produced in this action pursuant to the Court's Order dated October 23, 2018 [Dkt. #22, No. 18-CV-9011];

**WHEREAS**, on November 1, 2016, the Court entered a Protective Order (16-MC-125, ECF. No. 84, the "First Section 1782 Protective Order") which, among other things, governed the disclosure and use of materials produced in connection with the First Petition, which materials are referred to herein as the "Previously Produced Section 1782 Material";

**WHEREAS**, on February 13, 2018, Plaintiffs filed a second application for an order under 28 U.S.C. § 1782 in *In re Application of Accent Delight International Ltd.*, No. 18-MC-50 (the "Second Petition") seeking discovery from Sotheby's, Inc. for use in foreign criminal proceedings in Monaco (Dossier No. n° JI n° Cab1-2015/04, PG n° 2015/000039 (Principality of

1

Monaco)) and Switzerland (Ref. No. P/15776/2017 YBE (Public Prosecutor's Office, Canton of Geneva, Switzerland)) (collectively, the "Foreign Criminal Proceedings");

**WHEREAS**, the Second Petition was originally assigned docket number 18-MC-50 but was later consolidated with 16-MC-125;

**WHEREAS**, on June 11, 2018, the Court granted in part the Second Petition, *see* Dkt. #163, No. 16-MC-125;

**WHEREAS**, the Court's decision in connection with the Second Petition was affirmed on appeal;

**WHEREAS**, on June 19, 2018, the Court entered a Protective Order (16-MC-125, Dkt. #169, the "Second Section 1782 Protective Order"), which, among other things, governed the disclosure and use of any materials to be produced in response to the Second Petition;

**WHEREAS**, on October 2, 2018, Plaintiffs filed the present action (the "Action");

**WHEREAS**, on November 6, 2018, the Court entered an initial Protective Order governing the Action (18-CV-9011 (JMF), Dkt. #26) (the "Initial Protective Order");

**WHEREAS**, on January 2, 2020, the Court ordered that "Sotheby's shall disclose the identities of the sellers of the artworks sold to Bouvier through Sotheby's," and that such information "shall be disclosed in the first instance on an Attorney's Eyes Only basis, subject to challenge by Plaintiffs later in the case as appropriate." (18-CV-9011 (JMF), Dkt. #134);

**WHEREAS**, on February 28, 2020, upon agreement of the parties, the Court ordered that "[a]ll documents produced by Defendants in this action," and "[a]ll deposition testimony by employees of Defendants or their affiliated entities in this action," shall be "deemed produced in response to the Second Petition" (18-CV-9011 (JMF), Dkt. #144);

**WHEREAS**, on February 28, 2020, upon agreement of the parties, the Court ordered that the document production by Defendants in this action and the deposition testimony by employees of Defendants or their affiliated entities in this action (collectively, the "Second Section 1782 Responsive Materials") "shall constitute a complete response by Sotheby's, Inc. to the Second Petition and to any subpoenas or deposition notices served by Plaintiffs in connection therewith" (18-CV-9011 (JMF), Dkt. #144);

**WHEREAS**, the Previously Produced Section 1782 Material and other materials that may be produced in the Action may reflect information that a party or third party asserts is confidential or highly confidential, and therefore requires special protection from public disclosure;

**WHEREAS**, good cause exists for the entry of an amended protective order pursuant to Federal Rule of Civil Procedure 26(c);

**WHEREAS**, the term "person," as used in this Protective Order, shall apply to both natural persons and entities;

**NOW, THEREFORE**, it is hereby ORDERED THAT,

**1. PURPOSES AND LIMITATIONS**

1.1. This Protective Order is intended to cover documents, testimony, and information produced, given, or disclosed by Plaintiffs and Defendants, their officers, directors, corporate parents, subsidiaries, and affiliates (each respectively a "Party," and collectively the "Parties"), as well as by third parties, in the Action.

1.2. This Protective Order does not confer blanket confidentiality or attorneys' eyes only protections on all documents, testimony, and information that are produced, given, or disclosed in the Action, and the confidentiality and attorneys' eyes only

protections it affords extends only to the documents, testimony, or information that are designated as confidential or attorneys' eyes only in accordance with the provisions herein.

**2. DESIGNATING CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

2.1. Any Party may designate as confidential or attorneys' eyes only any "Discovery Material" produced in this case. Additionally, any third party may designate as confidential or attorneys' eyes only any "Discovery Material" that the third party produces in this case. Such "Discovery Material" consists of documents or information produced or disclosed in this case (among other things, testimony, transcripts, or tangible things) including, without limitation, the Previously Produced Section 1782 Material, regardless of the medium or manner in which it is generated, stored, or maintained.

2.2. Discovery Material that may be designated as "Confidential Material" includes any document or information that reflects or contains: (i) information that must be maintained in confidence pursuant to a confidentiality agreement, contractual provision, or court order; or (ii) trade secrets, proprietary business information, competitively sensitive information, or other similar information the public disclosure of which would, in the good faith judgment of the person designating the material as confidential, be detrimental to the conduct of that person's business or the business of any of that person's customers or clients; or (iii) private personal information pursuant to Federal Rule of Civil Procedure 5.2(a), the data privacy laws or regulations of the European Union, or any other applicable data privacy law or regulation. Discovery Material may be designated as Confidential Material by affixing to each page or electronic file to which the designation applies the legend "CONFIDENTIAL," "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER," or other similar designation.

2.3. Confidential Material may be disclosed only to the following individuals under the following conditions: (i) Parties, counsel for the Parties, and employees of counsel for the Parties; (ii) individual employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary for use in the Action; (iii) this Court, and mediators, experts, consultants, or arbitrators appointed by the Court in connection with the Action; (iv) court reporters and recorders engaged for depositions, investigations, trial, and appellate or other matters as part of the Action; (v) those persons specifically engaged in connection with the Action for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (vi) consultants, advisors or experts retained by the Parties in connection with the Action, but only after the proposed expert or consultant has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (vii) witnesses at depositions and/or trial, if it appears that the witness or deponent authored or received a copy of the Confidential Material, was involved in the subject matter described therein, or is otherwise associated with the person who produced the information, document, or thing, or if the producing person consents to such disclosure, except such witnesses shall not retain a copy of documents containing Confidential Material, except in connection with review of any transcript associated with the Action; and (viii) other persons only by written consent of the Parties and any designating person, or upon order of the Court, and on such conditions as may be agreed to or ordered.

2.4. Discovery Material that may be designated as "Attorneys' Eyes Only Material" includes any document or information that reflects or contains: (i) information subject to the Court's Order dated January 2, 2020 (18-CV-9011 (JMF), Dkt. #134); and (ii)

highly confidential trade secrets, proprietary business information, competitively sensitive information, or other similar information the disclosure of which to persons other than those identified in paragraph 2.5 would, in the good faith judgment of the person designating the material as Attorneys' Eyes Only, be detrimental to the conduct of that person's business or the business of any of that person's customers or clients.  Discovery Material may be designated as Attorneys' Eyes Only Material by affixing to each page or electronic file to which the designation applies the legend "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY MATERIAL SUBJECT TO PROTECTIVE ORDER," or other similar designation.

   2.5. Attorneys' Eyes Only Material may be disclosed only to the following individuals under the following conditions: (i) counsel for the Parties to whom it is reasonably necessary to disclose such material; (ii) this Court, and mediators, experts, consultants, or arbitrators appointed by the Court in connection with the Action; (iii) court reporters and recorders engaged for depositions, investigations, trial, and appellate or other matters as part of the Action; (iv) those persons specifically engaged in connection with the Action for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (v) consultants, advisors or experts retained by the Parties in connection with the Action, but only after the proposed expert or consultant has executed an Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; (vi) witnesses at depositions and/or trial, if it appears that the witness or deponent authored or received a copy of the Attorneys' Eyes Only Material, or if the producing person consents to such disclosure, except such witnesses shall not retain a copy of documents containing Attorneys' Eyes Only

Material, except in connection with review of any transcript associated with the Action; and (vii) other persons only by written consent of the Parties and any designating person, or upon order of the Court, and on such conditions as may be agreed to or ordered.

2.6. Persons who have already executed an agreement to abide by the First Protective Order in 16-MC-125 or the Initial Protective Order, and have received the Previously Produced Section 1782 Material pursuant thereto, shall be deemed to have executed the Agreement to Abide by Protective Order annexed hereto as Exhibit A.

2.7. <u>Inadvertent Production or Failure to Designate</u>.  An inadvertent failure to designate qualified information or items as Confidential Material or Attorneys' Eyes Only Material does not, standing alone, waive the designating person's right to secure protection under this Protective Order for such material.  In the event that a designating person inadvertently fails to assign the proper designation to any document or thing qualifying for designation as Confidential Material or Attorneys' Eyes Only Material, the designating person shall identify such document or thing promptly after its designation error is discovered and shall provide a copy of such document or thing with the proper designation to counsel for the Receiving Party(ies), upon receipt of which the Receiving Party(ies) shall promptly return or destroy all copies of the document or thing in its previously undesignated or mis-designated form.  Upon written request by the designating person, the Receiving Party(ies) will provide written verification of compliance with this provision.

2.8. Regardless of whether Discovery Material is designated as Confidential Material or Attorneys' Eyes Only Material, a Party producing Discovery Material may redact portions of documents or testimony comprising personal information from Discovery Material or Attorneys' Eyes Only Material located outside the United States to the extent

required to comply with the data privacy laws or regulations of the European Union or any other applicable data privacy law or regulation.

3. **CHALLENGING CONFIDENTIALITY AND ATTORNEYS' EYES ONLY DESIGNATIONS**

3.1. The provisions of Section 3 of this Protective Order for challenging confidentiality and attorneys' eyes only designations shall apply to confidentiality designations under paragraph 2.2, attorneys' eyes only designations under paragraph 2.4, and redactions of personal information under paragraph 2.8.

3.2. <u>Timing of Challenges</u>. Any challenge to a designating person's confidentiality or attorneys' eyes only designation shall be made as promptly as the circumstances permit. A Party that unnecessarily delays making a challenge may be found to have waived its right to challenge a confidentiality or attorneys' eyes only designation.

3.3. <u>Meet and Confer</u>. A Party wishing to challenge a designating person's confidentiality or attorneys' eyes only designation shall begin the process by conferring directly with counsel for the designating person. The challenging Party must explain why it believes the confidentiality or attorneys' eyes only designation is improper. Absent emergency circumstances, the designating person shall have fourteen (14) days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging Party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating person.

3.4. <u>Judicial Intervention</u>. If a challenge to a particular designation cannot be resolved informally, the designating person may file and serve a motion in this Court that identifies the designated material and sets forth in detail the basis for the designation. Each

such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality or attorneys' eyes only designation. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the designating person's designation. A party filing such a motion shall seek to file it under seal or with redactions narrowly tailored to address the material in question, in accordance with the procedures set forth in this Court's Individual Rules and Practices for Civil Cases. The Court will determine whether the motion papers can remain sealed or redacted on a document-by-document basis in light of the presumption in favor of public access to judicial documents.

**4. USE OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

4.1. Access to Confidential Material shall be permitted only to persons having access thereto under the terms of this Protective Order.

4.2. Subject to paragraphs 4.3 and 5.1, all Confidential Material and Attorneys' Eyes Only Material shall be used by the Receiving Party(ies) solely for purposes of the prosecution or defense of this Action, and any appeals thereto, and for no other purpose, and shall not be disclosed by the Receiving Party(ies) to anyone other than those set forth in paragraphs 2.3 or 2.5, respectively, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.

4.3. Notwithstanding the foregoing, nothing in this Protective Order shall impair the rights of any Party to use the Previously Produced Section 1782 Material in a manner consistent with the First Section 1782 Protective Order. No Party's rights to use the

Previously Produced Section 1782 Material shall be impaired by the fact that the material is also produced, or deemed produced, in this Action.

4.4. Notwithstanding the foregoing, nothing in this Protective Order shall impair the rights of any Party to use the Second Section 1782 Responsive Materials in a manner consistent with the Second Section 1782 Protective Order, provided, however, that any Attorneys' Eyes Only Material designated in this action shall also be treated as Attorneys' Eyes Only in connection with the Foreign Criminal Proceedings.

4.5. Nothing in this Protective Order shall prevent a Party from using, subject to the limitations set forth in paragraphs 4.2 and 5.1, any Confidential Material or Attorneys' Eyes Only Material in a deposition, hearing, trial, proceeding, investigation, or appeal in connection with the Action. To the extent permissible under applicable law, any Party may request that those portions of the Action, or access to the transcripts of the Action, in which Confidential Material or Attorneys' Eyes Only Material is to be disclosed, be restricted to court personnel and the Receiving Party(ies). Nothing in this Protective Order shall be construed to waive a Party's right to oppose any such request to restrict disclosure in, or public access to, the Action.

4.6. <u>Use in Depositions</u>. With respect to any depositions that involve a disclosure of Confidential Material or Attorneys' Eyes Only Material of a Party to this Action, the following procedures shall apply: such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated as Confidential Material or Attorneys' Eyes Only Material, which period may be extended by agreement of the Parties. Without agreement of the Parties, no such deposition transcript shall be disclosed to any individual other than the

Parties and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than the Parties during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential Material or Attorneys' Eyes Only Material, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with paragraphs 2.3 and 2.5.  A deponent, other than a current employee of the designating person, must be shown a copy of this Order and sign a non-disclosure agreement in the form attached hereto as Exhibit A before being shown or examined concerning any Confidential Material or Attorneys' Eyes Only Material.  If the deponent does not sign the Agreement to Abide by Protective Order in the form attached hereto as Exhibit A, the parties will work cooperatively to resolve the issue and, as necessary, seek a prompt hearing before this Court.

**5. OTHER PERMISSIBLE DISCLOSURES OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

5.1.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if: (i) each designating person consents to such disclosure; (ii) this Court, upon notice to each designating person, allows such disclosure; or (iii) if a Receiving Party becomes obligated to disclose the information in response to a lawful subpoena, court order, or other legal process, provided that the Receiving Party gives written notice and a copy of the subpoena, order, or process to counsel for the designating person within three (3) business days of receiving such subpoena, request, or process.  The Receiving Party shall not produce the subpoenaed information sooner than fourteen (14) days after providing written notice to each designating person, unless the lawful subpoena, court order, or other

legal process pursuant to which the Receiving Party is responding requires production in fewer than fourteen (14) days.

  5.2. Upon a Receiving Party's receipt of a lawful subpoena, court order, or other legal process requiring the disclosure of Confidential Material or Attorneys' Eyes Only Material, the Receiving Party must immediately inform in writing the non-party who caused the subpoena, document request, or order to issue that some or all the material covered by the subpoena, document request, or order is the subject of this Protective Order. The Receiving Party must deliver a copy of this Protective Order promptly to the non-party that caused the subpoena, document request, or order to issue.

  5.3. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating person(s) an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

## 6. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  6.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material or Attorneys' Eyes Only Material to any person other than those persons listed in accordance with paragraphs 2.3 or 2.5, or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (i) notify in writing the designating person of the unauthorized disclosures and identify to the designating person the person to whom the unauthorized disclosure has been made; (ii) use its best efforts to return all copies of the Confidential Material or Attorneys' Eyes Only Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (iv) request such person or persons to execute the

Agreement to Abide by Protective Order that is attached hereto as Exhibit A.

**7. SCOPE**

7.1. The protections conferred by this Protective Order cover not only Confidential Material and Attorneys' Eyes Only Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Confidential Material or Attorneys' Eyes Only Material.

**8. DURATION**

8.1. Following the conclusion or termination of the Action, the confidentiality obligations imposed by this Protective Order with respect to Confidential Material and Attorneys' Eyes Only Material shall remain in effect until each Party agrees otherwise, in writing, or an order of a court otherwise directs.

8.2. No Confidential Material or Attorneys' Eyes Only Material shall be permanently retained or stored at the offices or facilities of the Receiving Party after the conclusion of the Action. In the event that any of the Receiving Parties ceases to engage in the Action, access by such person to the Confidential Material or Attorneys' Eyes Only Material shall be terminated, and within sixty (60) days, each Receiving Party must return all Confidential Material and Attorneys' Eyes Only Material to the designating Party. As used in this subdivision, "all Confidential Material and Attorneys' Eyes Only Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Material or Attorneys' Eyes Only Material. Upon return, the Receiving Party must submit a written certification affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of

reproducing or capturing any of the Confidential Material or Attorneys' Eyes Only Material. Additionally, all other provisions of this Protective Order shall otherwise remain in full force and effect as to that Receiving Party. Nothing herein shall prevent or in any way limit the dissemination, use, or disclosure of any documents or information that is in the public domain, obtained through means other than disclosure in the Action, or otherwise known by any of the Parties.

8.3. This Court will retain jurisdiction to enforce this Protective Order and resolve any disputes arising hereunder.

## 9. FINAL DISPOSITION

9.1. Unless otherwise ordered or agreed in writing by the designating Party(ies), within sixty (60) days after the final termination of the Action, each Receiving Party must return all Confidential Material and Attorneys' Eyes Only Material. As used in this subdivision, "all Confidential Material and Attorneys' Eyes Only Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Material or Attorneys' Eyes Only Material. Upon return, the Receiving Party must submit a written certification affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Material or Attorneys' Eyes Only Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, discovery materials, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Material or Attorneys' Eyes Only Material. Any such archival copies that contain or constitute Confidential Material or Attorneys' Eyes Only Material remain subject to this

Protective Order. No Party may use Confidential Material or Attorneys' Eyes Only Material subject to this Protective Order for any other lawsuits or other proceedings, absent agreement of the parties or leave of court.

SO ORDERED:

_____
JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2020

This protective order binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, nothing in this protective order shall be construed to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

ACCENT DELIGHT INTERNATIONAL LTD. and
XITRANS FINANCE LTD.,

                       Plaintiffs,

      -against-

SOTHEBY'S and SOTHEBY'S, INC.,

                       Defendants.

18-CV- 9011 (JMF)

PROTECTIVE ORDER

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My address is _____
_____.

2. My present employer is _____,
and the address of my present employment is _____
_____.

3. My present occupation or job description is _____
_____
_____.

4. I hereby acknowledge that I have read the Protective Order dated February \_\_, 2020 entered between the parties to the above-captioned action (the "Protective Order"), and that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5. I hereby acknowledge that, pursuant to the Protective Order, I may receive or have already received information designated as Confidential Material or Attorneys' Eyes Only Material under the terms of the Protective Order, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Protective Order. I agree not to reveal any Confidential Information or Attorneys' Eyes Only Material or any notes containing Confidential Material or Attorneys' Eyes Only Material to anyone not authorized to receive such information pursuant to the terms of the Protective Order, and I agree not to use, directly or indirectly, or allow the use of any Confidential Material or Attorneys' Eyes

Only Material, for any purpose other than directly associated with my duties in the Action (as defined in the Protective Order).

6. I understand that I am required to retain all copies of the materials that I receive or have received which have been designated as containing or reflecting Confidential Material or Attorneys' Eyes Only Material in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order.  I understand that all copies of any such materials are to remain in my custody until the conclusion of the Action and my duties associated therewith, whereupon the copies are to be returned to the Party(ies).  Such return or destruction shall not relieve me from the obligations imposed upon me by the Protective Order.

7. I further agree to notify any support staff or personnel (such as paralegals, administrative assistants, secretaries, and clerical or administrative staff) who are necessary to assist me of the terms of the Protective Order and of their obligation not to reveal any Confidential Material or Attorneys' Eyes Only Material to anyone not authorized to receive such information pursuant to the terms of the Protective Order.

8. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Southern District of New York in any proceeding arising from my performance under, compliance with, or violation of the Protective Order.  **I further recognize that, if I violate the Protective Order in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.**

Signature: _____
Name:     _____
Date:     _____