| | EMERY CELLI BRINCKERHOFF & ABADY LLP | |
|---|---|---|
| RICHARD D. EMERY | | DIANE L. HOUK |
| ANDREW G. CELLI, JR. | ATTORNEYS AT LAW | |
| MATTHEW D. BRINCKERHOFF | 600 FIFTH AVENUE AT ROCKEFELLER CENTER | EMMA L. FREEMAN |
| JONATHAN S. ABADY | 10TH FLOOR | DAVID BERMAN |
| EARL S. WARD | NEW YORK, NEW YORK 10020 | HARVEY PRAGER |
| ILANN M. MAAZEL | | SCOUT KATOVICH |
| HAL R. LIEBERMAN | | NICK BOURLAND |
| DANIEL J. KORNSTEIN | TEL: (212) 763-5000 | ANDREW K. JONDAHL |
| O. ANDREW F. WILSON | FAX: (212) 763-5001 | ANANDA BURRA |
| ELIZABETH S. SAYLOR | www.ecbalaw.com | MAX SELVER |
| KATHERINE ROSENFELD | | |
| DEBRA L. GREENBERGER | | |
| ZOE SALZMAN | | |
| SAM SHAPIRO | | |

May 21, 2020

***By ECF***

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Accent Delight Int'l Ltd. et al. v. Sotheby's et al.*, No. 18-CV-9011

Dear Judge Furman:

      Pursuant to the Court's July 31, 2019 Civil Case Management Plan and Scheduling Order (ECF No. 74) ("Plan"), and the Court's Order of May 18, 2020 (ECF No. 168), we write to provide the parties' joint status report in advance of the conference currently scheduled for May 27, 2020.

      Given the discovery dispute detailed below, the parties request a telephonic conference at the Court's earliest convenience. The parties are available: Tuesday, May 26 at 4:00 pm or later; Wednesday, May 27 from 10:30 to 4:00 pm; and Thursday, May 28 from 2:00 to 4:00 pm.

***Statement of Existing Deadlines, Due Dates, And Cut-Off Dates***

      All fact discovery shall be completed no later than November 30, 2020 (16 months following the July 31, 2019 initial pretrial conference), subject to extension to account for the time necessary to reasonably complete discovery pursuant to the Hague Convention or other similar mechanisms for obtaining discovery abroad, as such timing is not within the control of the parties. *See* Plan at 7. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than January 29, 2021 (60 days after the fact discovery deadline). *See id.* at 2. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery. *See id.* at 3. Unless otherwise ordered by the Court, requests to admit shall be served by no later than 30 days before the close of discovery. *See id.* All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery. *See id.* at 4. Unless otherwise

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

ordered by the Court, within 30 days of the close of al discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). *See id.* Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed. *See id.*

### *Description of Outstanding Motions*

On September 20, 2019, Plaintiffs filed a motion for partial summary judgment on the issue of liability on Plaintiffs' third and fourth claims for breach of contract. *See* ECF Nos. 80-83. That motion is fully briefed. *See* ECF Nos. 87-88, 96.

### *Status of Discovery and Additional Discovery to Complete*

### (1) Dispute About ESI Search Terms

Since our last report to the Court on March 20, 2020 (ECF No. 151), the parties have met and conferred about multiple ESI search terms which one side or the other contended yielded a high volume of likely false hits. The parties have reached agreement to eliminate or modify the majority of these terms. The only remaining dispute (which Plaintiffs characterize below) concerns the following search terms:

**(a) Plaintiffs' Position:** Defendants want Plaintiffs to search the terms "Christie's" or "Christie!" and "Heller." Even using restricted date ranges, there are 6,820 hits associated with the search terms "Christie's" or "Christie!" and 3,403 hits associated with the term "Heller." Defendants argue that these terms may yield relevant documents because the Heller Group and Christie's may have provided valuations and other services to Plaintiffs in connection with artworks.

This appears to be yet another attempt by Defendants to circumvent the limits the Court has already placed on their ability to obtain discovery into subsequent transactions involving the artworks. *See* Jan. 2, 2020 Order (ECF No. 134) at 2 (ruling a "'more tailored course' is appropriate" and requiring Plaintiffs to produce only "their proposed chart" and "responsive documents that concern the value of the Works."). This case is about whether Sotheby's aided and abetted Yves Bouvier's fraud on Plaintiffs; what Plaintiffs did with the artworks after they discovered the fraud is likely not relevant, or only tangentially so. As the Court already ruled, it is therefore disproportionate to the needs of the case to require voluminous and burdensome discovery into post-fraud transactions.

The review associated with these terms is also disproportionate to the needs of the case because the terms yield a high number of false positives. The term "Christie's" appears frequently in news and advertising emails about the art world. Plaintiffs have worked with the Heller Group in multiple unrelated art transactions and the term "heller" appears in the email address of all its employees. These terms are not reasonably calculated to yield responsive documents not already covered by the more specific search terms Plaintiffs have already agreed to run, which include all of the names of the artworks and artists at issue in this case, as well as derivations. Plaintiffs will produce communications with Christie's or the Heller Group which are responsive and identified

using the more specific terms Plaintiffs have agreed to run. Responsive communications with Christie's and the Heller Group concerning any of the artworks at issue in this case are most likely to be located using the names of the artworks and artists.

In addition, Plaintiffs agreed to cut terms with lower hit counts from Defendants' ESI terms on the basis of Defendants' "burden" objections, even though those terms were far more relevant to the artworks at issue in this case (e.g. "Giacometti" (1,215 hits); "Matisse" (1,014 hits); "Magritte" (1,991 hits)).

Finally, while the parties were able to reduce hit counts for other terms with a restricted date range or limited custodians, these two terms continue to yield high volumes of false hits even with such restrictions.

    **(b) Sotheby's Position:** Sotheby's strongly disagrees with Plaintiffs' characterizations of its positions, but views the parties' joint status letter as an inappropriate vehicle to address this dispute. Sotheby's respectfully requests that the Court allow Sotheby's an opportunity to respond to Plaintiffs' arguments in full by letter-motion practice pursuant to Rule 2(C) of the Court's Individual Rules and Practices. Sotheby's response will lay out its arguments in the necessary detail, including as to the relevance of Plaintiffs' communications with Christie's and Sandford Heller regarding valuations of the artworks at issue in this case, especially given Plaintiffs' express reliance on those communications and valuations in attempting to prove that Bouvier defrauded them.

**(2) Procedure for Review of the "Privileged Documents"**

    The parties have also met and conferred about Plaintiffs' production pertaining to Sotheby's "Privileged Documents." Pursuant to the Court's Order of April 14, 2020 (ECF No. 162), Plaintiffs have agreed to search for documents concerning: (i) Plaintiffs' receipt of the Privileged Material; (ii) the relationship, if any, with Mr. Gallon; and (iii) Plaintiffs' use, if any, of the allegedly privileged documents. Plaintiffs will produce and/or log, consistent with Federal Rule of Civil Procedure 26(b)(5)(A), any documents concerning those topics that are responsive to Sotheby's RFPs 116-120 and 122-127. To do so, Plaintiffs agreed to apply the agreed-upon ESI search terms to the agreed-upon custodians and to search for other known and unknown responsive documents with reasonable diligence. Plaintiffs reserve the right to object to the production of documents or a privilege log that is not proportionate to the needs of this case, and the parties will bring any related disputes to the Court.

    The parties have agreed that two ECBA lawyers who are walled off from Plaintiffs' litigation team will be the "taint team" designated to review these documents and create any applicable privilege log. The litigation team will not review the Privileged Documents or discuss the substance of those documents with the taint team. The litigation team will be permitted to coordinate with the taint team to the extent necessary to brief them on the ongoing litigation and discuss matters such as the format and preparation of the privilege log after the taint team has completed its review. Following completion of its review, the taint team will meet and confer with Sotheby's concerning the format and scope of information to be provided in any privilege log. Plaintiffs reserve the right to take the position not to log communications exchanged

Emery Celli Brinckerhoff & Abady LLP
Page 4

between their attorneys responsive to these requests, and the parties will bring any related disputes to the Court.

**(3) Mutual Initial Production Deadlines**

The parties have agreed to make mutual initial productions of agreed-upon categories of documents on May 29 and June 12, and then complete production on a rolling basis.

*List of Prior Settlement Discussions*

No settlement discussions have occurred.

*Statement of Whether the Court Could Facilitate Settlement*

As stated in our prior status report (ECF No. 141), the parties do not believe that a settlement conference before a Magistrate Judge, participation in the Court's Mediation Program, and/or retention of a privately retained mediator would be productive.

*Anticipated Length of Trial and Whether Case is to Be Tried to a Jury*

Plaintiffs' best estimate of the length of trial is 2-3 weeks. Sotheby's best estimate of the length of trial is 6 weeks. This case is to be tried to a jury.

*Anticipated Motions for Summary Judgment*

The parties anticipate filing motions for summary judgment.

Respectfully submitted,

/s/

Daniel J. Kornstein

c.   All counsel of record (by ECF)