# Arnold & Porter

Marcus. A. Asner
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

July 1, 2020

**VIA ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Accent Delight Int'l Ltd. et al. v. Sotheby's*, 18 Civ. 9011

Dear Judge Furman:

      We write on behalf of Sotheby's and Sotheby's, Inc. ("Sotheby's"), pursuant to Local Rule 37.2 and Rule 2(C) of the Court's Individual Rules and Practices, to request a conference concerning a discovery dispute between the parties. Specifically, Plaintiffs have issued third-party subpoenas to the three sellers of one of the art works at issue in this case (the "DaVinci Subpoenas"), seeking discovery that has little, if any, relevance and that is contrary to public policy. In a meet and confer on June 26, 2020, Plaintiffs refused to withdraw the portions of the subpoenas at issue. Sotheby's seeks to quash those portions for the reasons discussed below.

## I.    Background

      Plaintiffs' Amended Complaint alleges that, on May 2, 2013, "Bouvier paid $83 million to buy [DaVinci's *Salvator Mundi*] from Sotheby's," which was acting on behalf of the DaVinci Sellers. Am. Compl. ¶ 174. Plaintiffs claim that they paid Bouvier "$127 million" for the piece, based on "Bouvier's representation that this was the true purchase price." *Id.* ¶ 175. In January 2015, Bouvier requested a valuation of the piece from Sotheby's, which Sotheby's thereafter provided, valuing the work at €100 million, *id.* ¶ 184, which was the equivalent of approximately $113 million at the time of the valuation. The sale of the *Salvator Mundi*, among many others, was the subject of multiple foreign proceedings Plaintiffs have initiated against Bouvier. The DaVinci Sellers have already provided significant discovery for use in those proceedings, pursuant to Plaintiffs' Section 1782 petition. By court order, that discovery may be used in this action. Dkt. 31. Sotheby's also will be providing broad additional discovery pertaining to the *Salvator Mundi* sale—using search terms, custodians, and an ESI discovery cutoff date of March 25, 2016 agreed upon by the parties. Sotheby's does not dispute that Plaintiffs are entitled to discovery on the underlying facts which plainly are at issue in this litigation.

      The disputed portions of the Rule 45 subpoenas, however, are *not* focused on the underlying facts, but instead focus on a dispute that arose between the DaVinci Sellers and Sotheby's a few years later. After learning that Plaintiffs had paid Bouvier $127 million for the

Hon. Jesse M. Furman
July 1, 2020
Page 2

*Salvator Mundi*, the DaVinci Sellers raised a claim that they should have made substantially more than $83 million from their sale to Bouvier. Thereafter, on November 21, 2016, Sotheby's filed a declaratory judgment action against the DaVinci Sellers, seeking a declaration that—regardless of whether Bouvier had engaged in fraud in connection with the sale of the *Salvator Mundi* to Plaintiffs—Sotheby's had no liability to Plaintiffs under any legal theory, including a theory that it had breached any of its obligations to the DaVinci Sellers. All filings surrounding that lawsuit are publicly available. *Sotheby's. Inc. v. R.W. Chandler, LLC et al.*, 16 Civ. 09043 (S.D.N.Y. Nov. 21, 2016) (complaint attached as Exhibit A). The parties resolved the suit several months later, in an out-court, confidential settlement. That agreement contains stringent confidentiality obligations for both parties, which apply to the agreement itself as well as any discussions surrounding the agreement.

On May 11, 2020, Plaintiffs issued third-party subpoenas to the DaVinci Sellers, each of which includes three document requests. Sotheby's has no objection to Request 3 of each subpoena (except to the extent it covers information sought in Requests 1 and 2). Request 1, however, seeks discovery concerning "legal claims" between the DaVinci Sellers and Sotheby's "relating to or arising out of the sale of Leonardo DaVinci's *Salvator Mundi*." Request 2 seeks discovery concerning any settlement of such legal claims. Requests 1 and 2 should be quashed because they seek discovery that: (1) is irrelevant, or at most minimally relevant, to the issues in this case; (2) impinges on Sotheby's right to keep confidential its strategic and business decision to resolve the dispute with the DaVinci Sellers; and (3) is contrary to public policy.

## II.   Requests 1 and 2 of the DaVinci Subpoenas Should be Quashed

Although the scope of discovery is broad and liberally construed, it is not unlimited. Parties are not entitled to obtain discovery into a "matter that is [not] relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b) & 45(d)(3)(A)(iii)-(iv), (B)(i); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1125-26 (2d Cir. 1975) (affirming decision to quash subpoena issued to expert witness for all records related to any litigation-related work by expert for six-year period, in part because material had "no relevance to the main issues in the case"); *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (quashing third-party subpoena as "fishing expedition" where plaintiffs presented no "legitimate need" or "good faith basis" to extend discovery to banking records, other than the "hope to find large bank deposits…which may in turn be found to be some sort of bribe or gratuity designed to turn [third party] against plaintiff").

Quashing Requests 1 and 2 of the DaVinci Subpoenas is especially warranted here, where Plaintiffs will be receiving full discovery into the underlying facts relevant to the 2013 *Salvator Mundi* sale. As noted, they will receive voluminous discovery from Sotheby's on the 2013 sale, as well as the 2015 valuation provided by Sotheby's to Bouvier in connection with that work, based on the parties' extensive discovery negotiations. This discovery will include communications between Sotheby's and the DaVinci sellers, communications between Sotheby's and Bouvier, and internal Sotheby's communications regarding the work. The separate question of why and how Sotheby's and the DaVinci Sellers decided to resolve their dispute out of court in 2016 has no relevance to any party's claim or defense here, which involve Plaintiffs' allegations against Bouvier and Sotheby's concerning events that happened almost three years

earlier. Settlements are motivated by "myriad reasons," *Raja v. Burns*, No. 19 Civ. 01328 (AMD), 2020 WL 568236, at *9 (E.D.N.Y. Feb. 5, 2020), rendering such settlements of limited or questionable probative value. *See, e.g., Gen. Elec. Co. v. DR Sys., Inc.,* No. 06 Civ. 5581 (LDW)(ARL), 2007 WL 1791677, at *1-2 (E.D.N.Y. June 20, 2007) ("Even applying the more liberal standard of Rule 26 . . . the court finds that disclosure [of settlement documents] is not warranted [despite]… Plaintiff['s] assert[ion] that the settlement documents at issue are relevant to the issue of appropriate royalty payments and witness state-of-mind.") (collecting cases) (quoting *Rude v. Westcott*, 130 U.S. 152, 164 (1889) (declining to accept sum paid in settlement as standard to measure the value of a patent because "[t]he avoidance of the risk and expense of litigation will always be a potential motive for a settlement.")); *ABF Capital Mgmt. v. Askin Capital*, No. 95 Civ. 8905 (RWS), 2000 WL 191698, at *2 (S.D.N.Y. Feb. 10, 2000) (denying motion to compel disclosure of settlement agreement, noting that "even if the Settlement Agreement contained admissions, which it [did] not, [FRE 408] would prevent the introduction at trial of settlement-related materials to prove or disprove liability").

Particularly in light of the extensive discovery they have received and will be receiving regarding the 2013 *Salvator Mundi* transaction, Plaintiffs have failed to articulate a "legitimate need" or "good faith basis" for attempting to delve into the 2016 legal dispute between Sotheby's and the DaVinci Sellers. Tellingly, Plaintiffs themselves opposed discovery into transactions that took place years after the sales at the heart of this case. *See, e.g.,* Dkt. 170 at 2 ("This case is about whether Sotheby's aided and abetted Yves Bouvier's fraud on Plaintiffs; what Plaintiffs did with the artworks after they discovered the fraud is likely not relevant, or only tangentially so.").

Requests 1 and 2 also contravene the strong public policy encouraging parties to settle their disputes out of court. The Requests seek information about a settlement that the parties intended to be kept confidential. Here, where Plaintiffs have no valid interest in the discovery they are seeking, the "strong public interest in encouraging settlements and in promoting the efficient resolution of conflicts" works to "outweigh[] any general public interest in providing litigants broad discovery." *See Hasbrouk v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 456-61 (N.D.N.Y. 1999) (collecting cases) (denying discovery into plaintiffs' prior harassment lawsuit, in part because "being forced to litigate an already-settled lawsuit would be annoying, embarrassing and burdensome" and information could be obtained through other means); *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (settlement agreement not discoverable in light of "strong public policy of favoring settlements [and] insulating the bargaining table from unnecessary intrusions"). Indeed, some courts apply a heightened Rule 26 standard for such discovery, requiring a "'particularized showing'" that prior settlement-related documents should be discoverable. *E.g., King Cty., Wash. v. IKB Deutsche Industriebank AG*, No. 09 Civ. 8387 (SAS), 2002 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Bottaro*, 96 F.R.D. at 160).

These policy considerations are squarely implicated here, and outweigh Plaintiffs broad requests into a dispute between Sotheby's and the DaVinci Sellers that—for the reasons discussed above—is not relevant to the claims or defenses at issue, and not proportionate to the needs of this case.

Hon. Jesse M. Furman
July 1, 2020
Page 4

\* \* \*

For the reasons set forth above, Sotheby's respectfully requests a conference to address the DaVinci Subpoenas. We thank the Court for its consideration of this request.

Respectfully,

/s/ Marcus A. Asner

Marcus A. Asner

cc: All counsel of record (via ECF)
Thomas C. Danziger, Esq. (Counsel for DaVinci Sellers) (*via email*)