UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
        :
ACCENT DELIGHT INTERNATIONAL LTD. and  :
XITRANS FINANCE LTD.,                         :
        :
        Plaintiffs,        :        18-CV-9011 (JMF)
        :
    -v-        :        MEMORANDUM OPINION
        :        AND ORDER
SOTHEBY'S and SOTHEBY'S INC.,        :
        :
        Defendants.        :
        :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This lawsuit — between Plaintiffs Accent Delight International Ltd. and Xitrans Finance Ltd. and Defendants Sotheby's and Sotheby's, Inc. (together, "Sotheby's") — is one small piece of a larger dispute, being litigated in jurisdictions all over the world, relating to an alleged scheme by Yves Bouvier, an art dealer who is not a party to the case, to defraud Plaintiffs of approximately one billion dollars in connection with the purchase of a world-class art collection. The primary claim in the case is that Sotheby's aided and abetted Bouvier's alleged fraud, but Plaintiffs also allege that Sotheby's breached a tolling agreement (the "Tolling Agreement") not to file any lawsuit against them without fourteen days' notice. In an oral opinion, the Court granted summary judgment to Plaintiffs as to liability on their contract claim, holding that Sotheby's had breached the Tolling Agreement by filing a lawsuit against Plaintiffs in Switzerland on November 17, 2017. *See* ECF No. 177 ("May 28, 2020 Tr."), at 22; ECF No. 215-2 ("Sotheby's 56.1 Resp."), ¶ 6. Now pending are cross-motions for summary judgment with respect to damages. ECF Nos. 203, 215. Plaintiffs contend that they are entitled to damages in excess of $1.5 million, reimbursement of the fees they accrued in preparation for a

lawsuit that, but for Sotheby's breach, they allegedly would have filed against Sotheby's in the United Kingdom.  Sotheby's contends that Plaintiffs are entitled only to nominal damages.  For the reasons that follow, the Court agrees with Sotheby's and, thus, grants Sotheby's motion and denies Plaintiffs'.

## BACKGROUND

The facts relevant to the instant motions are, for the most part, undisputed.[1]  They come from the pleadings and the admissible materials submitted by the parties in connection with their motions.  To the extent facts are disputed, they are described in the light most favorable to the relevant non-moving party.  *See, e.g.*, *Simon v. City of New York*, 893 F.3d 83, 91 (2d Cir. 2018).

In brief, Plaintiffs (and their principal, a Russian billionaire named Dmitry Rybolovlev) hired Bouvier in or about 2003 to assist them in purchasing a world-class art collection.  *See* ECF No. 66 ("Am. Compl."), ¶¶ 13-15.  Plaintiffs allege that, over the next twelve years, Bouvier defrauded them by simultaneously holding himself out as their agent while, improperly and secretly, buying the art himself and then selling it to Plaintiffs at a higher price.  *See id.* ¶¶ 16-19.  Plaintiffs allege that Sotheby's "assisted" Bouvier in this fraud and that, when they began to develop suspicions, Sotheby's "helped" Bouvier in his efforts to "falsely suggest[] the artworks were worth what Plaintiffs paid for them."  *Id.* ¶ 210; *see also id.* ¶ 216.

---

[1]   In this case and a parallel case involving Plaintiffs' requests for discovery pursuant to 28 U.S.C. § 1782, the Court and the Second Circuit have issued more than half a dozen prior opinions.  *See, e.g.*, *Accent Delight Int'l Ltd. v. Sotheby's*, No. 18-CV-9011 (JMF), 2020 WL 7230728 (S.D.N.Y. Dec. 8, 2020) (ECF No. 205); *Accent Delight Int'l Ltd. v. Sotheby's*, 394 F. Supp. 3d 399 (S.D.N.Y. 2019) (ECF No. 64); *see also In re Accent Delight Int'l Ltd.*, Nos. 16-MC-125 (JMF) & 18-MC-50 (JMF), 2018 WL 2849724 (S.D.N.Y. June 11, 2018), *aff'd*, 791 F. App'x 247 (2d Cir. 2019) (summary order); *In re Accent Delight Int'l Ltd.*, No. 16-MC-125 (JMF), 2017 WL 6568059 (S.D.N.Y. Dec. 22, 2017); *In re Accent Delight Int'l Ltd.*, No. 16-MC-125 (JMF), 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016), *aff'd*, 869 F.3d 121 (2d Cir. 2017), *and aff'd*, 696 F. App'x 537 (2d Cir. 2017) (summary order).  Familiarity with these opinions, the procedural history, and the overall context is assumed.

On December 16, 2016, after Plaintiffs discovered Bouvier's alleged fraud, Plaintiffs and Sotheby's entered into the Tolling Agreement, pursuant to which each party agreed that it would "provide at least 14 days' written notice ('Notice of Suit') . . . prior to filing or commencing any litigation or other legal proceeding against any other [p]arty" based on claims or defenses "arising out of the direct or indirect involvement of Sotheby's with Yves Bouvier."  ECF No. 42-5 ("Tolling Agreement"), ¶ 3; *see also id.* at 1.[2]  The Agreement provided that it would terminate after one year — *i.e.*, on December 16, 2017 — or fourteen days after any party served either a Notice of Suit or a notice of termination.  Tolling Agreement ¶ 4.

In September 2017, Plaintiffs retained Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") "in relation to" litigation they "contemplated" filing in the United Kingdom against Sotheby's, Bouvier, and others.  Sotheby's 56.1 Resp. ¶¶ 2-3.  Between October and December 2017, Skadden billed Plaintiffs $1,577,377.58 ($1,577,264.48 in legal fees plus $113.10 in bank wire transfer fees), which Plaintiffs promptly paid.  Sotheby's 56.1 Resp. ¶¶ 9-12.[3]  Meanwhile, on October 27, 2017, Plaintiffs asked this Court for permission to use documents previously obtained pursuant to Section 1792 "in new foreign proceedings soon to be commenced in the United Kingdom against Sotheby's UK, one of its employees, and Yves Bouvier."  Letter, *In re*

---

[2]   The parties dispute whether Defendant "Sotheby's" was a party to the Tolling Agreement.  *Compare* Sotheby's 56.1 Resp. ¶ 1 ("Defendant Sotheby's was not a signatory to the Tolling Agreement."), *with* ECF No. 223 ("Pls.' Reply Br."), at 5 n. 1 ("'Sotheby's' was in fact a signatory to the Agreement.").  "Sotheby's" is indeed named as a party to the Agreement and is defined to include, among others, "its New York subsidiary, Sotheby's, Inc." and "its English subsidiary, Sotheby's."  Tolling Agreement 1.  In any event, the dispute is immaterial because Defendant "Sotheby's, Inc." was plainly a party to the Agreement, Tolling Agreement 1, and because Defendants did not and do not seek to avoid liability on the ground that "Sotheby's" was not a party to the Agreement.  Thus, they have abandoned any such argument.  *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 192 n.15 (S.D.N.Y. 2020).

[3]   Sotheby's disputes whether all of the fees Plaintiffs paid to Skadden were related to the United Kingdom litigation.  *See, e.g.*, *id.* ¶¶ 3-4, 12-13.

*Accent Delight Int'l Ltd.*, No. 16-MC-125 (JMF) (S.D.N.Y. Oct. 27, 2017), ECF No. 101.  The Court granted their request on December 22, 2017.  *See In re Accent Delight*, 2017 WL 6568059, at *2; *see also* ECF No. 224 ("Pls.' 56.1 Resp."), ¶ 13.

But Plaintiffs never filed suit in the United Kingdom.  Instead, on November 17, 2017, Sotheby's, Inc. (along with various other Sotheby's entities) filed suit against Plaintiffs and others in Geneva, Switzerland.  Sotheby's 56.1 Resp. ¶ 6; May 28, 2020 Tr. 17-18.  Under the Lugano Convention — a treaty enacted between, *inter alia*, the European Community and Switzerland — the filing of that suit precluded Plaintiffs from filing their contemplated suit in the United Kingdom.  Sotheby's 56.1 Resp. ¶¶ 7-8; ECF No. 222-6, arts. 27-30.

This suit followed.  In response to Plaintiffs' contention that Sotheby's breached the Tolling Agreement by filing suit in Switzerland without providing the requisite fourteen-day notice, Sotheby's took the position that Plaintiffs' October 27, 2017 letter to this Court constituted sufficient notice.  *See, e.g.*, ECF No. 87, at 9.  On May 28, 2020, the Court rejected this argument and held that, by filing the Swiss action, Sotheby's had breached the Tolling Agreement.  ECF No. 174; May 28, 2020 Tr. 22.  On that basis, the Court granted summary judgment to Plaintiffs only as to liability on their breach-of-contract claim.[4]

## LEGAL STANDARDS

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir.

---

[4] Plaintiffs' Complaint also seeks an injunction and declaratory relief in connection with their contract claim, Am. Compl. ¶¶ 219-29, 232-35, but the Court previously dismissed those requests, *see Accent Delight*, 394 F. Supp. 3d at 415; ECF No. 174; May 28, 2020 Tr. 22.  Accordingly, only their request for damages remains.

2012) (per curiam). A dispute over an issue of material fact qualifies as genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found*., 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23); *accord PepsiCo, Inc. v. Coca-Cola Co*., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

Where both sides move for summary judgment, as here, "neither side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993). "[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id*. (internal quotation marks omitted). To defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted).

**DISCUSSION**

Under New York law (which applies here), Sotheby's "is liable for all direct and proximate damages which result from" its breach of the Tolling Agreement. *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 (2d Cir. 2007); *see Kenford Co. v. Cnty. of Erie*, 73 N.Y.2d 312, 319 (1989) ("[T]he nonbreaching party may recover general damages which are the natural and probable consequence of the breach."). More specifically, Plaintiffs are "entitled to be placed in the position [they] would have occupied had the [Tolling Agreement] been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007). Significantly, however, "[t]he damages . . . must be not merely speculative, possible, and imaginary, but they must be reasonably certain and such only as actually follow or may follow from the breach of the contract." *Tractebel Energy Mktg.*, 487 F.3d at 110 (internal quotation marks and emphasis omitted). Where the amount of damages is uncertain, it is the "wrongdoer" who bears "the burden of uncertainty." *Contemp. Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir. 1977). But this rule applies only "when it is certain that damages have been caused by [the] breach" in the first place. *Tractebel Energy Mktg.*, 487 F.3d at 110 (internal quotation marks omitted).

Applying these standards here, the Court is compelled to conclude that Plaintiffs' claimed damages are "merely speculative, possible, and imaginary" and, thus, unrecoverable. *Tractebel Energy Mktg.*, 487 F.3d at 110 (internal quotation marks and emphasis omitted). Plaintiffs contend that, "[w]ere it not for Sotheby's breach" by filing the Swiss action without providing the requisite notice, "Plaintiffs would have sued Sotheby's in the UK." ECF No. 203-1 ("Pls.' Br."), at 3. On that basis, they seek to recover the fees they paid to Skadden — for legal work which Plaintiffs contend was entirely "wasted" because of Sotheby's breach, ECF No. 223

("Pls.' Reply"), at 16 (capitalization omitted) — as the "natural and probable consequence of" Sotheby's breach, *id.* at 4.  But this theory of damages suffers from a critical flaw: Plaintiffs have not — and indeed, cannot — show that, had Sotheby's provided the requisite fourteen days' notice, they would have succeeded in filing their United Kingdom lawsuit before Sotheby's filed its suit in Switzerland.  Put simply, to accept Plaintiffs' theory of damages would require the Court to speculate on which side would have won that hypothetical race to the courthouse, which New York law does not permit the Court to do.  *Cf. In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 473 (S.D.N.Y. 2013) (concluding that the plaintiff failed to state a claim for the defendant's alleged breach of an agreement to provide pre-suit notice because the plaintiff could not plausibly allege that the defendant would not have brought the suit had it complied with the notice requirement), *adhered to on denial of reconsideration*, No. 13-CV-1419 (PKC), 2013 WL 6182949 (S.D.N.Y. Nov. 18, 2013), *aff'd*, 788 F.3d 98 (2d Cir. 2015).

Plaintiffs fare no better in arguing that they are entitled to the fees they paid Skadden based on a reliance theory of damages.[5]  To be sure, although "not the normal measure of damages," *McKinley Allsopp, Inc. v. Jetborne Int'l, Inc.*, No. 89-CV-1489 (PNL), 1990 WL 138959, at *8 (S.D.N.Y. Sept. 19, 1990) (Leval, J.), "a plaintiff may recover his expenses of preparation and of part performance, as well as other foreseeable expenses incurred in reliance

---

[5] Plaintiffs argue in their opening brief that they seek damages "based on their reliance interest."  Pls.' Br. 3; *see also* Pls.' Reply 6 ("Plaintiffs relied on Sotheby's adhering to the Tolling Agreement and expended significant costs; they are entitled to recover damages based on their reliance interest." (cleaned up)).  Confusingly, however, they insist in their reply brief that any "damages are to be awarded to put the injured party in as good a position as it would have been in had the contract been performed, not the position it would have been in had no contract existed," Pls.' Reply 11 (cleaned up).  It is axiomatic that reliance damages — unlike expectation damages — seek to put a non-breaching party "in as good a position as [it] would have been had the contract never been made."  *Summit Props. Int'l, LLC v. Ladies Pro. Golf Ass'n*, No. 07-CV-10407 (LBS), 2010 WL 4983179, at *5 (S.D.N.Y. Dec. 6, 2010) (quoting Restatement (Second) of Contracts § 344(b) (1981)).

upon the contract," *Bausch & Lomb Inc. v. Bressler*, 977 F.2d 720, 729 (2d Cir. 1992) (internal quotation marks omitted).  "Reliance damages are intended to place plaintiffs in the same position as they were prior to the execution of the contract."  *Abraham v. Leigh*, 471 F. Supp. 3d 540, 565 (S.D.N.Y. 2020) (cleaned up), *reconsideration denied*, No. 17-CV-5429 (KPF), 2020 WL 5095655 (S.D.N.Y. Aug. 28, 2020).  Critically, however, reliance damages are recoverable only when "they are proximate in effect, and are not speculative or uncertain in character and were fairly within the contemplation of the parties when the [contract] was made, or might have been foreseen as a consequence of a breach of its covenants."  *St. Lawrence Factory Stores v. Ogdensburg Bridge & Port Auth.*, 994 N.Y.S.2d 704, 706 (3d Dep't 2014) (quoting *Friedland v. Myers*, 139 N.Y. 432, 436 (1893)).

Measured against these standards, Plaintiffs' request fails as a matter of law.  Plaintiffs' argument that they "incurred fees and costs in preparing to file a complaint in the UK *in reliance on* the Tolling Agreement," Pls.' Reply 2 (emphasis added), is unconvincing.  As discussed above, the Tolling Agreement provided no guarantee that any party would be able to file suit in its preferred jurisdiction first.  Thus, when Plaintiffs engaged Skadden to prepare a contemplated United Kingdom lawsuit, they made a gamble: that they would be able to file their suit before Sotheby's filed suit in another jurisdiction.  In light of that, no reasonable jury could conclude that Plaintiffs "incurred the [fees] in reliance upon [their] contract with" Sotheby's.  *Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 646 F. App'x 25, 29 (2d Cir. 2016) (summary order).  Put differently, any reliance Plaintiffs claim they had on the Tolling Agreement was unreasonable and not "fairly within the contemplation of the parties when the [contract] was made."  *St. Lawrence Factory Stores*, 994 N.Y.S.2d at 706 (internal quotation marks omitted).

In short, the Court concludes that no reasonable jury could award Plaintiffs damages for the fees they paid to Skadden.  Where, as here, a party has shown a breach of contract, but cannot prove related loss, New York law provides that nominal damages may be awarded.  *See, e.g.*, *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 139 n.8 (2d Cir. 2014); *see also Accent Delight*, 394 F. Supp. 3d at 415 ("[N]ominal damages are always available in breach of contract actions under New York law, so even if the proposed damages are too speculative to support their claims, Plaintiffs would have plausible claims for nominal damages." (cleaned up)).  Sotheby's does not dispute that Plaintiffs are entitled to nominal damages here.  *See* ECF No. 234, at 4, 6.  Accordingly, the Court awards each Plaintiff nominal damages of $1.00.  *See, e.g.*, *City of New York v. Tavern on the Green Int'l LLC*, No. 17-CV-1376 (RJS), 2021 WL 1316956, at *3 (S.D.N.Y. Apr. 7, 2021) (Sullivan, J.).[6]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment, ECF No. 203, is DENIED, and Sotheby's cross-motion for summary judgment, ECF No. 215, is GRANTED.

One housekeeping matter remains: The parties filed letter-motions to seal or redact portions of their motion papers.  ECF Nos. 206, 213, 219, 230.  The Court granted the letter-motions temporarily, pending its decision on the underlying motions.  ECF Nos. 216, 225, 235; *see also* ECF No. 210.  It is well established that filings "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted).  Significantly, assessment of whether the presumption in favor of public access is overcome must be made on a document-by-

---

[6] The Court need not and does not reach the parties' remaining arguments.

9

document basis. *See, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). And the mere fact that information is sealed or redacted by agreement of the parties is not a sufficient basis to overcome the presumption. *See, e.g.*, *Boyce v. Weber*, No. 19-CV-3825 (JMF), 2020 WL 5209526, at *3 (S.D.N.Y. Sept. 1, 2020). Accordingly, n**o later than two weeks from the date of this Memorandum Opinion and Order**, any party that believes any materials currently filed under seal or in redacted form should remain filed under seal or in redacted form is ORDERED to show cause in writing, on a document-by-document basis, why doing so would be consistent with the presumption in favor of public access, including but not limited to showing that any proposed redactions are narrowly tailored to whatever reasons would justify sealing. If, by the deadline, no party contends that a particular document should remain under seal or in redacted form, then the parties shall promptly file that document publicly on ECF. Each party shall ensure that all sealing and redaction requests are made in accordance with Rule 7 of the Court's current Individual Rules and Practices in Civil Cases (and the District's ECF Rules and Instructions, the relevant provisions of which were amended in 2020).

       The Clerk of Court is directed to terminate ECF No. 203.

       SO ORDERED.

Dated: June 14, 2021
      New York, New York

                                         JESSE M. FURMAN
                                     United States District Judge