

Marcus A. Asner
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

June 24, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: *Accent Delight Int'l Ltd. et al. v. Sotheby's*, 18 Civ. 9011

Dear Judge Furman:

We write respectfully pursuant to the Court's Order dated June 10, 2021 to provide a status update concerning the parties' and Yves Bouvier's meet and confer efforts with respect to Sotheby's proposed amended Letter of Request to obtain discovery from Mr. Bouvier in Switzerland. *See* ECF Nos. 291, 305. Pursuant to the Court's Order, *see* ECF No. 305, Sotheby's proposes that Plaintiffs be granted until June 28, 2021 to set forth their positions on the remaining disputes, and that Sotheby's and Mr. Bouvier be granted until June 30 to respond to Plaintiffs' letter. Plaintiffs consent to this proposed schedule.

Three disputed issues remain between Sotheby's and Plaintiffs. We set forth below Sotheby's position on each of these issues, and we attach, as Exhibit A, Sotheby's proposed amended Letter of Request incorporating Sotheby's proposed language with respect to each of the issues. For the Court's convenience, we have identified in red lettering the portions of the Letter of Request that are in dispute.

1. **Procedural History (pp. 2–3, 10):** Plaintiffs object to the use of the term "habitual abode" in the Letter of Request, on grounds that it would imply that Your Honor has made a legal conclusion under Swiss law. That objection is meritless. The language proposed by Sotheby's, which quotes Mr. Bouvier's May 27, 2021 letter at length, makes clear that it is Mr. Bouvier who has provided the relevant factual update along with his legal position regarding his physical location in Switzerland, as well as his consent to give testimony in Switzerland. Because Sotheby's aim is for the Swiss Court to conclude that Mr. Bouvier *does* have a habitual abode in Switzerland, and for the Swiss Court to grant the Letter of Request on the basis of that conclusion along with Mr. Bouvier's consent to give testimony, we think it appropriate to incorporate the full quoted language from Mr. Bouvier's May 27 letter into the amended Letter of Request.

Plaintiffs also want the Letter of Request to state that Mr. Bouvier has not requested an exemption from the Swiss Court under Article 271. Sotheby's opposes that language, which has no apparent purpose other than to undermine the renewed Letter of Request and reduce the chances that it will be granted.

Finally, Plaintiffs want the Letter of Request to provide more of the specifics contained in the lease referenced in Mr. Bouvier's May 27 letter. There is no need to do so, because Sotheby's will attach a copy of the complete, unredacted lease as an exhibit to the Letter of Request, so the Swiss Court will have complete information regarding its contents. We leave to Mr. Bouvier's counsel to explain why Mr. Bouvier does not want to provide an unredacted copy of his lease to Plaintiffs, but understand that Mr. Bouvier has security concerns regarding provision of his home address to Plaintiffs.

2.  **Requests for Documents (p. 20):** Notwithstanding the Court's direction that the parties should not "include [requests for documents] [that the parties are] not likely to get and/or [that are] likely to spawn lengthy litigation," *see* Tr. 23:7–8, Plaintiffs are unwilling to withdraw a single one of the original requests for documents that Mr. Bouvier has made clear he will challenge in Switzerland, in advance of a deposition there. While Sotheby's would have preferred, in a perfect world, to obtain all of the documents from Mr. Bouvier contained in its original Letter of Request (some of which Plaintiffs have and Sotheby's does not), and has vigorously pursued that course for more than a year, we do not want the perfect to be the enemy of the good. To avoid protracted litigation in Switzerland, and achieve the primary goal of obtaining Mr. Bouvier's testimony as quickly as possible, Sotheby's respectfully requests that the Court approve the limited document requests contained in Exhibit A and not permit Plaintiffs to derail or delay Sotheby's efforts to obtain Mr. Bouvier's testimony.

Relatedly, in a decision we received just today, the Swiss Court has granted Your Honor's request that the Swiss Court ask the Geneva Public Prosecutor's Office to produce copies of the documents referenced in the letter of request that the Public Prosecutor seized from Mr. Peretti in connection with the mutual assistance request received from Monaco authorities following Plaintiffs' initiation of criminal proceedings in Monaco in 2015 (proceedings that have since been shut down in light of the Monaco Court of Appeals' decision in December 2019). Accordingly, Sotheby's and Plaintiffs can expect to receive the requested communications involving Mr. Peretti in connection with Mr. Peretti's deposition, rendering this aspect of the instant dispute of even lesser consequence.

3.  **Exhibits to Mr. Bouvier's Deposition (pp. 8–9, 15, 79, 84):** Notwithstanding the Court's direction that the new questions to be posed to Mr. Bouvier cover only information and documents obtained by Plaintiffs since the filing of Sotheby's initial letter of request (*see* Tr. 22:22–24 ("no new questions should be added unless they are plausibly based on new developments or new evidence that has emerged since the last request")), Plaintiffs insist on including questions based on emails or other documents that they themselves produced to Sotheby's (and that have been in Plaintiffs' possession since they themselves sent or received the emails or other documents). Eleven documents fall into this category. Two of them were quoted or cited in the First Amended Complaint filed on June 25, 2019 (*see* First Am. Compl., ¶ 124 (quoting Exhibit 33A); *id.* ¶ 163 (citing Exhibit 42A)), while two others appear on the same email chains as documents cited in the First Amended Complaint (*see id.* ¶ 95 (citing emails in Exhibit 29A); *id.* ¶ 137 (describing emails in Exhibit 35A)). Regardless, Plaintiffs have been litigating against Mr. Bouvier since February 2015; they cannot claim to have only recently discovered documents concerning their dispute with him that they themselves sent or received.

  Although none of Plaintiffs' additional exhibits and questions should be added to Sotheby's Letter of Request (and therefore none are included in Exhibit A), in the event the Court rules that the exhibits should be included, and in the interests of saving time and ensuring fairness, Sotheby's respectfully requests that the Court include the questions pertaining to those exhibits that are contained in Exhibit B (which are identified in red print). The questions have now been posed in a neutral manner, consistent with the rest of the questioning contained in the Letter of Request. Exhibit B is otherwise identical to Exhibit A.

*  *  *

  Finally, we bring one additional item to the Court's attention. Mr. Bouvier requested that the parties include language providing that he "shall not be required to give evidence that is privileged against disclosure, or may not be lawfully disclosed, under the laws of either the United States, Singapore, Monaco, France, or Switzerland." Plaintiffs want to add the language "insofar as such invocation of privilege is permitted under Swiss law and procedure." Sotheby's has included Plaintiffs' requested language in Exhibit A (*see* ¶¶ 11d & 14), but takes no position on this disagreement between Plaintiffs and Mr. Bouvier.

  We thank the Court for its consideration of this letter.

Respectfully,

*/s/ Marcus A. Asner*

Marcus A. Asner

cc:  All counsel of record (via ECF)

> The parties' proposal is ADOPTED. Plaintiffs shall file a letter addressing the remaining disputes, not to exceed four pages, by **June 28, 2021**. Defendants and Mr. Bouvier shall file any responses, not to exceed three pages, by **June 30, 2021**. The motion to seal filed at ECF No. 307 is GRANTED temporarily. The Court will decide whether to keep the materials under seal when deciding the dispute concerning the Letter of Request.
>
> The Clerk of Court is directed to terminate ECF Nos. 307, 308, and 309. SO ORDERED.
>
> June 25, 2021