UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                         :
ACCENT DELIGHT INTERNATIONAL LTD., et al.,   :
                         :
            Plaintiffs,   :
                         :         18-CV-9011 (JMF)
      -v-   :
                         :         ORDER
SOTHEBY'S, et al.,   :
                         :
           Defendants.   :
                         :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court has received the attached correspondence, but because it is in French and is unaccompanied by an English translation, will take no further action in response to it. If any party believes that further action is required, it shall file a letter seeking such relief no later than **July 21, 2021**. Any such letter shall be accompanied by a certified English translation of the attached.

       SO ORDERED.

Dated: July 14, 2021
       New York, New York
                                              _____
                                                    JESSE M. FURMAN
                                                United States District Judge



République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

Genève, le 23 juin 2021

CR/14/2020 2 COO XCR

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
CH - 1211 GENEVE 3

R P371 54808 0 CH
LAPOSTE
Please scan - Signature required
Veuillez scanner - Remise contre signature

A-PRIORITY
Avis de réception

UNITED STATES DISTRICT
COURT FOR THE SOUTHEM
DISTRICT NY
Honorable Jesse M. Furman
40 Centre Street, Room 2202
10007 New York NY
ÉTATS-UNIS

Réf : **CR/14/2020** 2 COO XCR
à rappeler lors de toute communication

Nous vous remettons ci-joint l'ordonnance dans la cause mentionnée sous rubrique.


République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil



Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 GENEVE 3

Réf : **CR/14/2020 - XCR - 2**
à rappeler lors de toute communication

## ORDONNANCE DU 2 3 JUIN 2021

Rendue dans le cadre de l'entraide judiciaire internationale CR/14/2020 - 2

requise par la "**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT NY**"

Vu la procédure, de nature commerciale, opposant ACCENT DELIGHT INTERNATIONAL LTD et XITRANS FINANCE LTD, parties demanderesses, à SOTHEBY'S et SOTHEBY'S, INC., parties défenderesses, par-devant la UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT NY (no. 1:18-CV09011-JMF-RWL).

Vu la demande d'entraide judiciaire formée par la Cour précitée le 3 janvier 2020 auprès du Tribunal de première instance.

Attendu que cette demande vise d'une part à ce que le Tribunal de première instance interpelle Monsieur Jean-Marc PERETTI, Chemin du Milieu 31 B, 1245 Collonge-Bellerive, afin qu'il fournisse des documents en sa possession relatifs aux faits soumis à ladite Cour, et d'autre part à ce que ce dernier soit auditionné en qualité de témoin au sujet de ces mêmes faits, au plus tôt 45 jours après avoir fourni les documents sollicités.

Vu l'ordonnance d'exécution rendue le 5 juin 2020.

Qu'aux termes de cette ordonnance, le Tribunal a notamment ordonné à Jean-Marc PERETTI de produire les documents suivants:

a) Les documents et communications afférents aux réunions auxquelles M. PERETTI a assisté avec M. RYBOLOVLEV (représentant des parties demanderesses) ou tout autre représentant des parties demanderesses, incluant entre autres Mickhail SAZANOV, Tetiana BERSHEDA et Yuri BOGDANOV.

b) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Pablo PICASSO "*L'Homme assis au Verre*", vers mars ou avril 2011.

c) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Aristide MAILLOL *"La Méditerranée"*, en ou vers avril 2011;

d) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Auguste RODIN "Le Baiser", vers avril 2011.

e) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Henri MATISSE *"Nu au Châle Vert"*, en ou vers juin 2011, ou en ou vers octobre 2014.

f) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Auguste RODIN *"L'Eternel Printemps"*, en ou vers juin et juillet 2011.

g) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Alberto GIACOMETTI *"Femme de Venise IX"*, en ou vers septembre et octobre 2011.

h) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de René MAGRITTE *"Le Domaine d'Arnheim"*, entre août et décembre 2011.

i) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Amedeo MODIGLIANI *"Nu Couché au Coussin Bleu"*, en ou vers décembre 2011, et entre octobre 2014 et janvier 2015.

j) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Auguste RODIN *"Eve"*, en ou vers janvier et mars 2011, et entre mars et décembre 2014.

k) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres

représentants des demanderesses concernant l'œuvre de Gustave KLIMT *"Wasserschlangen II"*, en ou vers août et septembre 2012, de juillet à septembre 2013, et vers octobre 2014.

l) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Amadeo MODIGLIANI *"Tête"*, en ou vers décembre 2011, juin à septembre 2012, décembre 2012, entre septembre et décembre 2014.

m) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Henri TOULOUSE-LAUTREC *"Au Lit: Le Baiser"*, en ou vers octobre 2012 jusqu'à février 2013, et de décembre 2014 à mars 2015,

n) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Leonardo DA VINCI *"Christ as Salvator Mundi"*, en ou vers mars à mai 2013, et de mars 2014 à janvier 2015.

o) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Paul GAUGUIN *"Otahi (Alone)"* en ou vers octobre 2014 à février 2015.

p) Les communications entre M. BOUVIER et M. PERETTI entre novembre et décembre 2014, dans lesquelles, conformément aux allégations des parties demanderesses, M. BOUVIER aurait écrit dans un texte adressé à M. PERETTI: *"Je suis dans l'embarras. Il n'a pas d'argent et veut vendre tous les PICASSOs et les RODINs aux enchères publiques"*.

q) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant leurs démarches pour obtenir des prêts auprès d'institutions financières à Singapour et ailleurs, utilisant au titre de garantie une ou plusieurs œuvres d'art, y compris l'utilisation réelle ou la tentative d'utilisation des évaluations de SOTHEBY'S dans le cadre de ces démarches.

Que cette ordonnance n'a pas été contestée.

Vu les ordonnances des 13 août 2020 et 29 septembre 2020, prolongeant le délai initialement imparti à Jean-Marc PERETTI pour la production des pièces sollicitées au 30 novembre 2020.

Vu les déterminations adressées les 30 novembre 2020 et 14 décembre 2020 par le conseil de Jean-Marc PERETTI, aux termes desquels il fait valoir en substance que, s'agissant des pièces

dont la production est requise, son mandant ne peut donner suite à l'injonction du Tribunal, au motif qu'il n'est pas ou plus en possession de ces documents.

Qu'il soutient en effet que les documents concernés par l'ordonnance d'exécution du 5 juin 2020 auraient été saisis par le Ministère public genevois dans le cadre d'une précédente commission rogatoire (pénale) décernée par les autorités monégasques, faisant suite à une plainte pénale déposée en 2015 par les sociétés ACCENT DELIGHT INTERNATIONAL LTD et XITRANS FINANCE LTD (dossier JI n° CABI/15/04-dossier PG n° 2015/0039).

Vu l'ordonnance rendue par le Tribunal de première instance céans le 25 janvier 2021, invitant l'autorité requérante à lui indiquer la suite qu'elle entendait donner à la présente procédure.

Vu l'ordonnance de clarification rendue par l'autorité requérante du 3 mars 2021, selon laquelle celle persiste dans sa requête d'entraide, suggérant que les documents dont la production par Jean-Marc PERETTI a été ordonnée le 5 juin 2020 soient requis auprès du Ministère public genevois.

Considérant que, vu les affirmations de Jean-Marc PERETTI sur le fait que les documents précités auraient été saisis dans le cadre d'une procédure d'entraide pénale, l'apport de la procédure pénale sera ordonné s'agissant des documents listés dans la décision du Tribunal de première instance du 5 juin 2020, et dans la mesure du possible.

\* \* \*

**Par ces motifs,**

<u>**LE TRIBUNAL**</u> **:**

- Invite le Ministère public à faire parvenir au Tribunal de première instance, dans la mesure du possible, les documents suivants, lesquels auraient été saisis dans le cadre d'une commission rogatoire (pénale) décernée par les autorités monégasques, faisant suite à une plainte pénale déposée en 2015 par les sociétés ACCENT DELIGHT INTERNATIONAL LTD et XITRANS FINANCE LTD (dossier JI n° CABI/15/04-dossier PG n° 2015/0039):

    a) Les documents et communications afférents aux réunions auxquelles M. PERETTI a assisté avec M. RYBOLOVLEV (représentant des parties demanderesses) ou tout autre représentant des parties demanderesses, incluant entre autres Mickhail SAZANOV, Tetiana BERSHEDA et Yuri BOGDANOV.

    b) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Pablo PICASSO *"L'Homme assis au Verre"*, vers mars ou avril 2011.

    c) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Aristide MAILLOL *"La Méditerranée"*, en ou vers avril 2011;

d) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Auguste RODIN "Le Baiser", vers avril 2011.

e) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Henri MATISSE "*Nu au Châle Vert*", en ou vers juin 2011, ou en ou vers octobre 2014.

f) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Auguste RODIN "*L'Eternel Printemps*", en ou vers juin et juillet 2011.

g) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Alberto GIACOMETTI "*Femme de Venise IX*", en ou vers septembre et octobre 2011.

h) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de René MAGRITTE "*Le Domaine d'Arnheim*", entre août et décembre 2011.

i) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Amedeo MODIGLIANI *"Nu Couché au Coussin Bleu"*, en ou vers décembre 2011, et entre octobre 2014 et janvier 2015.

j) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Auguste RODIN "*Eve*", en ou vers janvier et mars 2011, et entre mars et décembre 2014.

k) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Gustave KLIMT "*Wasserschlangen II*", en ou vers août et septembre 2012, de juillet à septembre 2013, et vers octobre 2014.

l) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M.

RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre d'Amadeo MODIGLIANI "*Tête*", en ou vers décembre 2011, juin à septembre 2012, décembre 2012, entre septembre et décembre 2014.

m) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Henri TOULOUSE-LAUTREC "*Au Lit: Le Baiser*", en ou vers octobre 2012 jusqu'à février 2013, et de décembre 2014 à mars 2015.

n) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Leonardo DA VINCI "*Christ as Salvator Mundi*", en ou vers mars à mai 2013, et de mars 2014 à janvier 2015.

o) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant l'œuvre de Paul GAUGUIN "*Otahi (Alone)*" en ou vers octobre 2014 à février 2015.

p) Les communications entre M. BOUVIER et M. PERETTI entre novembre et décembre 2014, dans lesquelles, conformément aux allégations des parties demanderesses, M. BOUVIER aurait écrit dans un texte adressé à M. PERETTI: "*Je suis dans l'embarras. Il n'a pas d'argent et veut vendre tous les PICASSOs et les RODINs aux enchères publiques*".

q) Les communications incluant les courriels et leurs pièces jointes, entre M. PERETTI et (i) M. BOUVIER (et les personnes travaillant pour ou au nom de M. BOUVIER), (ii) M. RYBOLOVLEV (représentant des parties demanderesses) ou (iii) les autres représentants des demanderesses concernant leurs démarches pour obtenir des prêts auprès d'institutions financières à Singapour et ailleurs, utilisant au titre de garantie une ou plusieurs œuvres d'art, y compris l'utilisation réelle ou la tentative d'utilisation des évaluations de SOTHEBY'S dans le cadre de ces démarches.

- Réserve la suite de la procédure à réception de ces documents.

Joëlle COTTIER
Juge

La présente ordonnance est communiquée au Ministère public par le greffe le  2 3 JUIN 2021

Copie en est transmise à l'autorité requérante, à Me Didier BOTTGE, ainsi qu'à Me Sandrine GIROUD, Me Aurélie CONRAD HARI et Me Saverio LEMBO