```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ACCENT DELIGHT INTERNATIONAL LTD. et al.,                              :
                                                                       :
                           Plaintiffs,                                 :
                                                                       :     18-CV-9011 (JMF)
              -v-                                                      :
                                                                       :     MEMORANDUM OPINION
SOTHEBY'S et al.,                                                      :          AND ORDER
                                                                       :
                           Defendants.                                 :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Defendants filed a letter motion objecting to instructions that Plaintiffs' counsel has given to witnesses during two recent depositions not to answer certain questions on the basis of Monégasque law, that is, law of the state of Monaco. ECF No. 328 ("Defs.' Letter"), at 1. First, during the deposition of Olga Khorobrykh, Plaintiffs' counsel instructed Ms. Khorobrykh not to answer questions about her interview by Monégasque police in connection with an ongoing investigation of Dmitry Rybolovlev. *Id.*; *see also* ECF No. 329, at 2 ("The Monaco Rybolovlev Investigation is an ongoing criminal investigation."). Second, during the deposition of Yuri Bogdanov, Plaintiffs' counsel instructed Mr. Bogdanov not to answer questions about his statements to Monégasque police in connection with a "now closed" investigation of Yves Bouvier. Defs.' Letter 1. Having reviewed the submissions of the parties and Yves Bouvier (an interested third party), *see* ECF Nos. 328-29, 334-36, the Court concludes that there is no need for a conference as the Court can resolve the parties dispute on the papers.

"The Federal Rules provide for the taking of discovery, including by oral deposition, 'regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case.'" *Ardolf v. Weber*, No. 18-CV-12112 (GBD) (SN), 2020 WL 2512041, at *1 (S.D.N.Y. May 15, 2020) (quoting Fed. R. Civ. P. 26(b)(1)). Where, as here, a party invokes foreign law to prevent the discovery of relevant information, "the party relying on foreign law bears the burden of demonstrating that such law actually bars the production or testimony at issue. In order to meet that burden, the party resisting discovery must provide the Court with information of sufficient particularity and specificity to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law." *Alfadda v. Fenn*, 149 F.R.D. 28, 34 (S.D.N.Y. 1993) (citations omitted). If "a foreign law is found to conflict with domestic law, courts perform a comity analysis to determine the weight to be given to the foreign jurisdiction's law." *Laydon v. Mizuho Bank, Ltd.*, 183 F. Supp. 3d 409, 413 (S.D.N.Y. 2016) (internal quotation marks omitted).

Here, Plaintiffs — the parties invoking Monégasque law — fail to meet their burden to provide "information of sufficient particularity and specificity" to justify their objections. *Alfadda*, 149 F.R.D. at 34. With respect to the Rybolovlev investigation, Plaintiffs cite only Article 31 of the Monaco Code of Criminal Procedure, which provides that "the proceedings during the investigation and investigation are secret." Conspicuously, however, the Code also acknowledges that there may be "[e]xcept[ions] in cases where the law provides otherwise." ECF No. 329, at 2. Moreover, Plaintiffs fail to explain what "secre[cy]" entails under Monégasque law, and whether such secrecy applies to witness testimony regarding the content of a prior law enforcement interview during an investigation. *Cf.* Fed. R. Crim. P. 6(e)(2) (providing that grand jury proceedings are secret, but excluding witnesses). In short, Plaintiffs fall far short of providing enough information "to allow the Court to determine whether the

discovery sought" concerning the Rybolovlev investigation "is indeed prohibited" by Article 31 or any other provision of Monégasque law. *Alfadda*, 149 F.R.D. at 34.

Plaintiffs fare no better with respect to their explanations concerning the Bouvier investigation. They do not even try to invoke Article 31, which would appear to apply only to a pending investigation. Instead, Plaintiffs and Bouvier rest on a December 12, 2019 decision of the Monaco Court of Appeal, which ruled that certain documents would be "[c]ancel[led]" and that the "the cancelled documents [were] to be removed from the case file and filed by the general registry," while "prohibit[ing] anyone to use in any manner the documents thus declared null and void." ECF No. 139-1, at 45-46; *see* ECF Nos. 329, 335-36. Whatever that language may mean, it applies only to *documents*; at issue here, however, is *testimony* — namely, Mr. Bogdanov's responses to "questions about [his] statements to Monaco police." Defs. Letter 1. Thus, the Monégasque court's restrictions on "cancelled documents" are irrelevant. At a minimum, Plaintiffs — who carry the burden of demonstrating that Monégasque law does in fact restrict the discovery Defendants seeks — fail to explain how the court decision, or any other provision of Monégasque law, prevents Mr. Bogdanov from answering Defendants' questions concerning the Bouvier investigation.

In short, Plaintiffs' instructions to the two witnesses are overruled.

SO ORDERED.

Dated: August 13, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge