UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                                                      :

ACCENT DELIGHT INTERNATIONAL LTD. et al.,    :

                                    Plaintiffs,                    :
                                                                                :      18-CV-9011 (JMF)
                -v-                                  :
                                                                               :         ORDER
SOTHEBY'S et al.,                                            :

                                  Defendants.                :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The Court has received the attached correspondence, but because it is in French and is unaccompanied by an English translation, will take no further action in response to it. If any party believes that further action is required, it shall file a letter seeking such relief no later than **October 21, 2021**. Any such letter shall be accompanied by a certified English translation of the attached.

      SO ORDERED.

Dated: October 14, 2021
       New York, New York

                                                  JESSE M. FURMAN
                                               United States District Judge


République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

Genève, le 5 octobre 2021

CR/14/2020 2 COO XCR

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
CH - 1211 GENEVE 3

R ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
R P371 56495 8 CH
LAPOSTE
Please scan - Signature required
Veuillez scanner - Remise contre signature

A-PRIORITY
Avis de réception

UNITED STATES DISTRICT
COURT FOR THE SOUTHEM
DISTRICT NY
Honorable Jesse M. Furman
40 Centre Street, Room 2202
10007 New York NY
ÉTATS-UNIS

Réf : **CR/14/2020** 2 COO XCR
à rappeler lors de toute communication

Votre référence : 18-CV-9011(JMF)

Nous vous remettons ci-joint l'ordonnance dans la cause mentionnée sous rubrique.

République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 GENEVE 3

Réf : **CR/14/2020 - XCR - 2**
à rappeler lors de toute communication

# ORDONNANCE DU
## - 5 OCT. 2021

Rendue dans le cadre de l'entraide judiciaire internationale CR/14/2020 - 2

requise par la "**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT NY**"

Vu la procédure, de nature commerciale, opposant ACCENT DELIGHT INTERNATIONAL LTD et XITRANS FINANCE LTD, parties demanderesses, à SOTHEBY'S et SOTHEBY'S, INC., parties défenderesses, par-devant la UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT NY (no. 1:18-CV09011-JMF-RWL).

Vu la demande d'entraide judiciaire formée par la Cour précitée le 3 janvier 2020 auprès du Tribunal de première instance.

Attendu que cette demande vise notamment à ce que Monsieur Jean-Marc PERETTI, Chemin du Milieu 31 B, 1245 Collonge-Bellerive, soit auditionné en qualité de témoin, selon la liste de questions de 105 pages remise au Tribunal de première instance.

Vu l'ordonnance d'exécution rendue le 5 juin 2020, non contestée.

Vu les ordonnances du Tribunal des 13 août 2020, 29 septembre 2020, 25 janvier 2021 et 23 juin 2021.

Vu la communication adressée le 19 juillet 2021 au Tribunal par le Ministère public genevois, et ses annexes.

Vu les ordonnances de clarification de la UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT NY du 3 mars 2021 et, en dernier lieu, du 2 septembre 2021.

Considérant que l'entraide requise est régie par la Convention de La Haye du 18 mars 1970 sur l'obtention des preuves à l'étranger en matière civile et commerciale (CLaH70), à laquelle la Suisse et les Etats-Unis ont adhéré.

Qu'en matière civile ou commerciale, l'autorité judicaire d'un Etat contractant peut, conformément aux dispositions de sa législation, demander par commission rogatoire à

l'autorité compétente d'un autre Etat contractant de faire tout acte d'instruction, ainsi que d'autres actes judiciaires (art. 1, al. 1 CLaH70).

Que partant, le Tribunal américain est légitimé à requérir les renseignements sollicités qui entrent dans le cadre des actes d'instruction prévus à l'article 1er CLaH 70, et ont été requis dans les formes prescrites aux articles 3s CLaH 70.

Considérant que l'autorité requérante est, si elle le demande, informée da la date et du lieu où il sera procédé à la mesure sollicitée, afin que les parties intéressées et, cas échéant, leurs représentants puissent y assister (art. 7 ClaH 70).

Que l'autorité judiciaire qui procède à l'exécution d'une commission rogatoire applique les lois de son pays en ce qui concerne les formes à suivre (article 9 al. 1 CLaH 70).

Que toutefois, en application de l'article 9 al. 2 CLaH 70, il est déféré à la demande de l'autorité requérante tendant à ce qu'il soit procédé suivant une forme spéciale, à moins que celle-ci ne soit incompatible avec la loi de l'Etat requis ou que son application ne soit pas possible, soit en raison des usages judiciaires de l'Etat requis, soit de difficultés pratiques.

Considérant par ailleurs qu'en Suisse, l'article 160 al. 1 du Code de procédure civile (CPC) dispose que les parties et les tiers à une procédure sont tenus de collaborer à l'administration des preuves, notamment de produire les documents requis.

Que l'article 167 CPC prévoit des sanctions en cas de refus injustifié de collaborer d'un tiers.

Que les articles 165 et 166 CPC énumèrent les cas dans lesquels un tiers peut refuser de collaborer.

Qu'en l'espèce, l'audition en qualité de témoin de Monsieur Jean-Marc PERETTI, Chemin du Milieu 31 B, 1245 Collonge-Bellerive, sera ordonnée et fixée au **lundi 17 janvier 2022, 8:30 heures, salle ** B1 **, 4 Place du Bourg-de-Four**, Genève.

Que la Cour requérante sollicite l'audition du témoin PERETTI, en présence des avocats des parties, en application de l'art. 7 ClaH.

Qu'il sera donné suite à la requête à cet égard.

Que l'audition du témoin PERETTI fera l'objet d'un procès-verbal écrit, par application de l'article 176 al. 1 CPC.

Qu'en effet, à teneur de cette disposition, l'essentiel des dépositions est consigné au procès-verbal, qui est lu ou remis pour lecture au témoin et signé par celui-ci.

Que, si les conseils des parties le souhaitent, elles sont libres de faire venir, à leur frais, un sténographe professionnel pour prendre note du témoignage.

Qu'il est toutefois précisé qu'à teneur du Code de procédure civile suisse, seul le procès-verbal écrit dicté par le juge fait foi, et non pas d'autres éventuels supports d'enregistrement, oraux ou

visuels (cf WILLISEGGER, BSK ZPO, 3ème éd., Bâle 2017, n. 36 ad art. 235 CPC;TAPPY, CR CPC, 2ème éd., Bâle 2019, n. 20 ad art. 235 CPC)

Qu'en revanche, et comme cela ressortait *expressis verbis* de l'ordonnance d'exécution du 5 juin 2020, entrée en force, le Tribunal n'entend pas procéder à un enregistrement vidéo de l'audition du témoin, étant rappelé que, aux termes de l'article 176 al. 2 CPC, de telles mesures sont possibles, mais non obligatoires pour le juge; que les parties peuvent ainsi suggérer un tel enregistrement, mais jamais l'imposer (TAPPY, op. cit., n. 19 ad art. 235 CPC)

Qu'enfin, le témoin PERETTI sera entendu aux conditions de l'article 171 CPC.

Qu'à teneur de l'article 171 al. 1 CPC, le témoin est préalablement exhorté à répondre conformément à la vérité, après avoir été rendu attentif aux conséquences pénales d'un faux témoignage (art. 307 Code pénal suisse [CP], dont la teneur est la suivante: "Celui qui, étant témoin, expert, traducteur ou interprète en justice, aura fait une déposition fausse sur les faits de la cause, fourni un constat ou un rapport faux, ou fait une traduction fausse sera puni d'une peine privative de liberté de cinq ans au plus ou d'une peine pécuniaire. Si le déclarant a prêté serment ou s'il a promis solennellement de dire la vérité, la peine la peine sera une peine privative de liberté de six mois à cinq ans. La peine sera une peine pécuniaire si la fausse déclaration a trait à des faits qui ne peuvent exercer aucune influence sur la décision du juge).

Qu'il ne sera pas entendu "sous serment", l'assermentation n'étant pas tolérée par la Constitution suisse et, partant, considérée comme anticonstitutionnelle ("*Das Verlangen eines Eides ist verfassungswidrig*") (cf. art. 15 al. 4 Cst; GUYAN, BSK ZPO, 3ème éd., Bâle 2017, n. 2 ad art. 171 CPC et références; SCHWEIZER, CR CPC, 2ème éd., Bâle 2019, n. 3 ad art. 171 CPC).

* * *

4

**Par ces motifs,**

**LE TRIBUNAL :**

- Ordonne l'audition en qualité de témoin de Monsieur Jean-Marc PERETTI, Chemin du Milieu 31 B, 1245 Collonge-Bellerive.

- Dit que son audition aura lieu le **lundi 17 janvier 2022**, **8:30 heures, salle ** B1 **, 4 Place du Bourg-de-Four**, Genève, la présente ordonnance valant convocation.

- Autorise expressément les conseils des parties à assister à ladite audience.

- Autorise expressément les conseils des parties à faire venir, à leurs frais, un sténographe professionnel.

- Précise que le témoin Jean-Marc PERETTI sera entendu selon les formes prévues à l'article 171 al. 1 CPC.

- Se réfère pour le surplus aux termes de l'ordonnance d'exécution du 5 juin 2020.

pour communication conforme
Zineb EZZAKI SOLARO
Greffière

Joëlle COTTIER
Juge

La présente ordonnance est communiquée à l'autorité requérante, à Me Didier BOTTGE, ainsi qu'à Me Sandrine GIROUD, Me Aurélie CONRAD HARI et Me Saverio LEMBO

**Extraits du Code de procédure civile**

### Art. 160 - Obligation de collaborer

1. Les parties et les tiers sont tenus de collaborer à l'administration des preuves. Ils ont en particulier l'obligation :

    a. de faire une déposition conforme à la vérité en qualité de partie ou de témoin;

    b. de produire les titres requis, à l'exception des documents concernant des contacts entre une partie ou un tiers et un avocat autorisé à les représenter à titre professionnel ou un conseil en brevets au sens de l'art. 2 de la loi du 20 mars 2009 sur les conseils en brevets;

    c. de tolérer un examen de leur personne ou une inspection de leurs biens par un expert.

2. Le Tribunal statue librement sur le devoir de collaborer des mineurs. Il tient compte du bien de l'enfant.

3. Les tiers qui ont l'obligation de collaborer ont droit à une indemnité équitable

### Art. 165 - Droit de refus absolu

1. Ont le droit de refuser de collaborer :

    a. le conjoint d'une partie, son ex-conjoint ou la personne qui mène de fait une vie de couple avec elle;

    b. la personne qui a des enfants communs avec une partie;

    c. les parents et alliés en ligne directe d'une partie et, jusqu'au troisième degré, ses parents et alliés en ligne collatérale;

    d. les parents nourriciers, les enfants recueillis et les enfants élevés comme frères et sœurs d'une partie;

    e. la personne désignée comme tuteur, conseil légal ou curateur d'une partie.

2. Le partenariat enregistré est assimilé au mariage.

3. Les demi-frères et demi-sœurs sont assimilés aux frères et sœurs.

### Art. 166 - Droit de refus restreint

1. Tout tiers peut refuser de collaborer :

    a. à l'établissement de faits qui risquerait de l'exposer ou d'exposer un de ses proches au sens de l'article 165 à une poursuite pénale ou d'engager sa responsabilité civile ou celle de ses proches;

    b. dans la mesure où, de ce fait, la révélation d'un secret serait punissable en vertu de l'article 321 CP; les réviseurs sont exceptés; à l'exception des avocats et des ecclésiastiques, le tiers soumis à une obligation de dénoncer ou délié de l'obligation de garder le secret a le devoir de collaborer, à moins qu'il ne rende vraisemblable que l'intérêt à garder le secret l'emporte sur l'intérêt à la manifestation de la vérité;

    c. à l'établissement de faits qui lui ont été confiés en sa qualité officielle de fonctionnaire au sens de l'article 110 ch. 4 CP ou de membre d'une autorité, ou dont il a eu connaissance dans l'exercice de ses fonctions; il doit collaborer s'il est soumis à une obligation de dénoncer ou si l'autorité dont il relève l'y a habilité;

    d. lorsqu'il serait amené en tant qu'ombudsman ou de médiateur à révéler des faits dont il a eu connaissance dans l'exercice de ses fonctions;

    e. lorsqu'il serait amené, en tant que collaborateur ou auxiliaire participant à la publication d'informations dans la partie rédactionnelle d'un média à caractère périodique à révéler l'identité de l'auteur ou le contenu et les sources de ses informations.

2. Les titulaires d'autres droits de garder le secret qui sont protégés par la loi peuvent refuser de collaborer s'ils rendent vraisemblable que l'intérêt à garder le secret l'emporte sur l'intérêt à la manifestation de la vérité.

3. Les dispositions spéciales du droit des assurances sociales concernant la communication de données sont réservées.

### Art. 167 - Refus injustifié

1. Lorsqu'un tiers refuse de manière injustifiée de collaborer, le tribunal peut :

    a. lui infliger une amende d'ordre de CHF 1000.- au plus;

    b. le menacer de prendre les sanctions prévues à l'article 292 CP;

    c. ordonner la mise en œuvre de la force publique;

    d. mettre les frais causés par le refus de collaborer à la charge du tiers.

2. En cas de défaut, le tiers encourt les mêmes conséquences que s'il avait refusé de collaborer sans motif valable.

3. Le tiers peut interjeter un recours contre la décision du tribunal.



République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

Genève, date du timbre postal

CR/50/2021 19 THO XCR

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
CH - 1211 GENEVE 3

R P371 56499 2 CH
LAPOSTE
Please scan - Signature required
Veuillez scanner - Remise contre signature

A-PRIORITY
Avis de réception

UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT NY
Honorable Jesse M. Furman
40 Centre Street, Room 2202
10007 New York NY
ÉTATS-UNIS

Réf : **CR/50/2021** 19 THO XCR
à rappeler lors de toute communication

Nous vous remettons ci-joint l'ordonnance dans la cause mentionnée sous rubrique.



République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 GENEVE 3

Réf : **CR/50/2021 - XCR - 19**

à rappeler lors de toute communication

## ORDONNANCE DU   -5 OCT 2021

Rendue dans le cadre de l'entraide judiciaire internationale requise par la "UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT NY"

Vu la procédure opposant ACCENT DELIGHT INTERNATIONAL LTD et XITRANS FINANCE LTD, parties demanderesses, à SOTHEBY'S et SOTHEBY'S, INC., parties défenderesses, par-devant le UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT NY.

Vu la demande d'entraide judiciaire formée par la Cour précitée le 9 août 2021.

Vu l'ordonnance rendue par le Tribunal de première instance de Genève le 30 août 2021, en exécution de ladite demande, impartissant à Yves Charles Edgar BOUVIER un délai au 30 septembre 2021 pour produire des documents.

Vu le courrier des conseils d'Yves Charles Edgar BOUVIER du 28 septembre 2021, sollicitant une prolongation du délai au 1er novembre 2021.

**Par ces motifs,**
<u>LE TRIBUNAL</u> :

1) Prolonge au 1er novembre 2021 le délai pour la production, par Yves Charles Edgar BOUVIER, des documents visés dans l'ordonnance du 30 août 2021.

Sophie THORENS-ALADJEM

Juge

La présente ordonnance est communiquée pour notification à Yves Charles Edgar BOUVIER par le greffe le  - 6 OCT 2021

Copie en est transmise à l'autorité requérante, ainsi qu'à Mes Daniel KORNSTEIN, Sandrine GIROUD, Marcus A. ASNER et Saverio LEMBO.

Tribunal de première instance

9.      **Les Documents et les Autres Biens à Inspecter :**

Cette Cour demande que M. Bouvier produise les documents suivants (y compris des uments électroniques) qui sont en sa possession, sous sa garde ou au pouvoir.

   A.   Les Communications (y compris les Pièces Jointes) avec des personnes affiliées à Bouvier

      i.   Les communications (y compris les pièces jointes) entre Bouvier et Tania Rappo ("Mme Rappo") concernant Les Plaignants, y compris l'introduction présumée par Mme Rappo de Plaignants à Bouvier. *Voir* la Plainte Modifiée ¶¶ 13-14.

      ii.  Les communications (y compris les Pièces Jointes) entre Bouvier et Jean-Marc Peretti ("M. Peretti") concernant les Œuvres ou les Plaignants, y compris mais sans s'y limiter, au texte message prétendument envoyé de M. Bouvier à M. Peretti en ou vers novembre ou décembre 2014 au cours desquels M. Bouvier a écrit: "Je suis dans la merde. Il n'a pas d'argent et veut mettre tous les Picasso et Rodin en vente publique. . . . Nous en parlerons demain." *Voir* la Plainte Modifiée ¶ 180. La plainte pénale d'Accent Delight et Xitrans (y compris les pièces jointes) en CH.

   B.   La Relation d'Affaires entre Bouvier et les Plaignants

      i.   Les documents et communications (y compris les pièces jointes) concernant les réunions avec les Plaignants, y compris mais sans s'y limiter, à une prétendue réunion à Paris en ou vers le 10 avril 2011 et une réunion présumée à New York au 15 Central Park West vers ou en Mars 2013, autres que les communications entre Bouvier et les Plaignants ou entre Bouvier et Sotheby's. *Voir* la Plainte Modifiée ¶¶ 168, 170-172, 188.

   C.   Les Documents Relatifs à la Confrontation et aux Réclamations des Plaignants contre Bouvier

21

# MONFRINI BITTON KLEIN

AVOCATS AU BARREAU DE GENÈVE

ENRICO MONFRINI
Conseil

PASCAL ERARD

YVES KLEIN
D.E.S. droit international

DAVID BITTON

JAMES BOUZAGLO

EDOUARD KAIFLIN

NATALIA HIDALGO

EVIN DURMAZ

ALESSIA COLUCCI

JUSTYNA RAJPOLD
Avocate stagiaire

ELISA BRANCA
Avocate stagiaire

**Par porteur**
Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 Genève 3

A l'attention de :
Madame Sophie THORENS-ALADJEM
Présidente

Genève, le 28 septembre 2021
yklein@mbk.law
dbitton@mbk.law

**Concerne :**   CR/50/2021 19 THO XCR – M. Yves Charles Edgar BOUVIER

Madame la Présidente,

Donnant suite à votre ordonnance du 30 août 2021 dans le cadre de la procédure d'entraide mentionnée en marge, nous vous confirmons notre constitution pour M. Yves BOUVIER et son élection de domicile en l'Etude.

**Pièce n° 1 :**   Procuration

Nous venons avec ces lignes solliciter une **prolongation au 1er novembre 2021** du délai fixé au 30 septembre 2021 pour produire les documents visés, ce pour les motifs suivants.

En premier lieu, notre client entend exercer son droit de refuser de collaborer au sens de l'article 166 al. 1 ch. a CPC à l'égard des documents mentionnés sous lettres A, B et C i. et iv. de l'annexe jointe à votre ordonnance du 30 août 2021.

Comme vous le savez sans doute, une procédure pénale P/15776/2017 était diligentée par le Ministère public de Genève contre notre client à la suite de plaintes déposées à son encontre, notamment par ACCENT DELIGHT INTERNATIONAL LTD et XITRANS FINANCE LTD, des chefs d'escroquerie (art. 146 CP), gestion déloyale (art. 158 CP) et blanchiment d'argent (art. 305$^{bis}$ CP).

Enfin, il semble que la liste des documents requis qui a été transmise en annexe à votre ordonnance du 30 août 2021 ait été tronquée.

**Pièce n° 5 :** Annexe à l'ordonnance du 30 août 2021

Bien que notre client ait eu accès à une version anglaise de la demande d'entraide américaine, nous vous serions reconnaissants de bien vouloir nous fournir une version complète de l'annexe à votre ordonnance du 30 août 2021.

Dans l'espoir que vous accorderez à la présente la suite qu'elle comporte, nous vous prions de recevoir, Madame la Présidente, l'assurance de notre haute considération.

Yves KLEIN                    David BITTON

Annexes :   selon bordereau

Cc :        Me Sandrine GIROUD
            Me Saverio LEMBO