## Dontzin Nagy & Fleissig LLP

980 Madison Avenue
New York, N.Y. 10075
Telephone (212) 717-2900
Fax (212) 717-8088

Hon. Michael J. Dontzin (1993-2012)
Matthew S. Dontzin
Tibor L. Nagy, Jr.
David A. Fleissig
Tracy O. Appleton
Jason A. Kolbe

Ruben G. Perlmutter
Amina M. Hafez
Susan S. Hu
Asher T. Lowenstein
Heidi R. Schumann
William H. LaGrange
Richard J. Sarcone

January 26, 2022

*Via ECF*

Hon. Jesse M. Furman
United States District Judge
U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Accent Delight Int'l Ltd. et al. v. Sotheby's et al.*, No. 18 Civ. 9011

Dear Judge Furman:

    We represent non-party Sanford Heller. We are writing pursuant to your Individual Rule 7.C.i with regard to Sotheby's motion to seal at ECF 369.[1] Sotheby's has sought to seal, among other things, portions of the September 14, 2021 deposition transcript of Mr. Heller, which we designated as confidential under the Protective Order in this action. (*See* Dkt. 369, 370 Ex. G.) The transcript includes confidential and non-public information relating to Mr. Heller's professional dealings with counterparties and clients, including third-party contact details on page 181 of the transcript. Mr. Heller respectfully submits that Sotheby's motion should be granted to the extent it covers Mr. Heller's deposition transcript.

    The Second Circuit has instructed that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) (internal ellipsis omitted). As the Court recently reiterated, these privacy interests are "[f]oremost among the competing concerns that a court weighing disclosure must consider" and "establish a venerable common law exception to the presumption of access." *Mirlis*, 952 F.3d at 61. (internal quotation marks omitted). Sealing Mr. Heller's deposition transcript will protect these important privacy interests. *See, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (agreeing that

---

[1] We note that, contrary to Individual Rule 7.C.i, Sotheby's has not notified Mr. Heller that he was required to file, within three days, a letter explaining the need to seal the document.

**Dontzin Nagy & Fleissig LLP**

Hon. Jesse M. Furman
January 26, 2022
Page 2 of 2

"generally, customer names, account numbers, and pricing information . . . overcome[] the presumption of public disclosure").

  Accordingly, we respectfully request that the Court grant Sotheby's motion to the extent it seeks to seal portions of Mr. Heller's deposition transcript. At the very least, Sotheby's motion should be granted with respect to the third-party contact details on page 181 of the transcript.

            Respectfully submitted,

            David A. Fleissig