# Arnold & Porter

Sara L. Shudofsky
+1 212.836.7922 Direct
Sara.Shudofsky@arnoldporter.com

January 31, 2022

**VIA ECF**

> The Court hereby GRANTS Sotheby's motion as modified in this letter. The Court will evaluate whether the remaining documents should be maintained under seal or in redacted form when deciding the underlying motions. No later than February 11, 2022, Sotheby's shall refile the relevant documents to conform to this endorsement. (In doing so, it shall also redact the address and phone numbers of Mr. Sainty and Mr. Wittman as well.) The Clerk of Court is directed to terminate ECF No. 369.
>
> SO ORDERED.
>
> *[signature]*
>
> February 8, 2022

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:   *Accent Delight International Ltd. et al. v. Sotheby's et al.*, 18-cv-9011

Dear Judge Furman:

We write respectfully, pursuant to the Court's January 27, 2021 order, in response to Plaintiffs' letter dated January 25, 2022 opposing Sotheby's Letter Motion to Seal. *See* ECF Nos. 369, 375, 378.

Sotheby's sought sealing on the basis of designations made by Plaintiffs, Sotheby's, and third parties, consistent with the conservative approach that both Plaintiffs and Sotheby's have taken in connection with filing documents that were previously designated as confidential or Attorneys' Eyes Only. *See, e.g.*, ECF Nos. 30, 56, 204, 244, 262, 289, 293. However, in light of Plaintiffs' letter, Sotheby's respectfully modifies its original request as detailed below.

Sotheby's seeks to maintain in redacted form only those portions of Sotheby's filings that contain highly sensitive client information that Sotheby's is contractually obligated to maintain as confidential. First, Mr. Sainty's expert report named a specific Sotheby's client, whose identity was also discussed at Mr. Sainty's deposition. *See* ECF No. 371-3 at 12; ECF No. 371-10 at 354–55. Second, the deposition included a discussion containing sensitive information about another Sotheby's client that could lead to the revelation of the client's identity. ECF No. 371-10 at 213–14. The identity of a particular Sotheby's client is irrelevant to Mr. Sainty's opinion, as well as to the claims and defenses in this case, as Mr. Sainty may render his opinion based on the type and reputation of the client without revealing his or her identity. The portions of Mr. Sainty's report and deposition that name or substantively describe these Sotheby's clients should be redacted in the public filing.[1] *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.

---

[1] Mr. Sainty's deposition transcript was filed without redacting the references to Sotheby's clients, *see* ECF No. 371-10, which was inadvertent. Sotheby's respectfully requests that the Court allow the transcript to be refiled with the proper redactions. With

**Arnold & Porter**

The Honorable Jesse M. Furman
January 31, 2022
Page 2

Supp. 3d 152, 156 (S.D.N.Y. 2015) (maintaining under seal "customer names, account numbers, and pricing information"); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing "exhibits contain[ing] specific, non-public financial statements, sales information and customer lists" because "[t]he disclosure of this information could advantage Movants' competitors and harm their businesses"). The fact that Mr. Sainty's report and deposition are judicial documents does not outweigh the sensitive and confidential nature of this information. *See Dodona I, LLC*, 119 F. Supp. 3d at 156 (maintaining redactions in summary judgment motions); *Lexington Furniture Indus., Inc.*, 2021 WL 1143694, at *2 (sealing exhibits attached to summary judgment motions). Nor is information identifying a particular client likely to be relevant to the Court's decision.

Sotheby's does not oppose Mr. Heller's request to maintain in redacted form the portions of the transcript of Mr. Heller's deposition that Sotheby's redacted. *See* ECF No. 376. Counsel for Acquavella has informed us that Acquavella takes no position on the continued sealing of the documents filed at ECF Nos. 370-6, 370-7, 370-8, and 372-6. Sotheby's does not oppose the public filing of these documents. We expect that counsel for Mr. Bouvier will submit a letter to the Court if he takes a different position. Sotheby's does not otherwise oppose the unsealing of its filings in connection with Sotheby's expert exclusion motions. *See* ECF Nos. 370, 372.

We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Sara L. Shudofsky*
Sara L. Shudofsky

cc:   All counsel of record (via ECF)

---

respect to Plaintiffs' reference to the home address (of Mr. Sainty) and two mobile phone numbers (of Mr. Wittman and one of Mr. Sainty's professional references) contained in the Sainty and Wittman reports, *see* ECF No. 378 at 2 (citing ECF Nos. 371-3 at 31, 33, and 373-3 at 28), Plaintiffs took a contrary position when they informed Sotheby's prior to filing that the reports could be filed without sealing or redaction. However, Sotheby's takes no position as to whether that information should be redacted now.