```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ACCENT DELIGHT INTERNATIONAL LTD. et al,                                :
                                                                        :
                              Plaintiffs,                               :
                                                                        :    18-CV-9011 (JMF)
              -v-                                                       :
                                                                        :    MEMORANDUM OPINION
SOTHEBY'S et al.,                                                       :         AND ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Before the Court are two motions to seal certain submissions related to the pending motions to exclude expert testimony. *See* ECF Nos. 398, 402. For the reasons that follow, Plaintiffs' first motion is GRANTED in part and DENIED in part, and Plaintiffs' second motion is DENIED in full.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Brown v. Maxwell*, 929 F.3d 41, 47-52 (2d Cir. 2019). This right arises from "the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*"). In light of the presumption in favor of public access, the Second Circuit has established a three-part test for determining whether documents may be placed under seal. First, "a court must . . . conclude that the documents at issue are indeed 'judicial documents' . . . and that therefore a common law presumption of access attaches." *Lugosch*, 435 F.3d at 119. Second, the court "must determine the weight of that presumption," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted). "Finally, . . . the court must balance competing considerations against" the presumption of access, including "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). The party seeking to maintain information filed under seal bears "the burden . . . to demonstrate that the interests favoring non-access outweigh those favoring access." *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995) ("*Amodeo I*").[1]

The filings in question are judicial documents to which a common law presumption of

---

[1] The First Amendment to the United States Constitution also "protect[s] the public's right to have access to judicial documents." *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014).

access attaches. *See, e.g.*, *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019) ("[F]ilings relating to *Daubert* motions [are] judicial documents for purposes of the *Lugosch* analysis." (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 512 (S.D.N.Y. 2015)). But Sotheby's, the party seeking to maintain the at-issue files under seal (with the exception of one filing discussed below), has not timely filed a letter justifying its request. Indeed, as Plaintiffs correctly note, *see* ECF No. 398, per Section 7(c)(i) of the Court's Individual Rules and Practices in Civil Cases, the deadline for Sotheby's to file such a letter was three days after the filing of each of Plaintiffs' motions to seal. The Court therefore finds that Sotheby's has failed to meet its "burden . . . to demonstrate that the interests favoring non-access outweigh those favoring access," *Amodeo I*, 44 F.3d at 148, for the documents that Sotheby's seeks to file under seal or in redacted form.

As for the six pages of Exhibit F to the February 18, 2022 Declaration of Daniel J. Kornstein ("February 18th Kornstein Declaration") that Yves Bouvier, a non-party, seeks to have redacted, *see* ECF No. 404; *see also* ECF Nos. 397-6 and -7, the Court finds that Bouvier's third-party privacy interests outweigh the presumption of access. As noted by Bouvier, the valuation of the piece of artwork contained in those pages is likely to bear little relevance (if any) to the Court's adjudication of the related *Daubert* motion. *See id.* And Bouvier has a strong interest in maintaining that valuation, which is not currently publicly available, as confidential "so that the information in [it] is not used to Bouvier's competitive disadvantage" should he seek to resell the work. *Id.* at 2; *see, e.g.*, *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("[C]ourts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also, e.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (noting that "[t]he need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute" an interest outweighing the presumption of public access); *Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021) (same); *see also Amodeo II*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.").

Accordingly, Plaintiffs' first motion to seal (ECF No. 398) is GRANTED in part and DENIED in part. Specifically, the Court will permit Plaintiff to maintain in redacted form pages 37 to 42 of Exhibit F to the February 18th Kornstein Declaration. Plaintiffs' second motion to seal (ECF No. 402) is DENIED. **No later than March 7, 2022**, Plaintiffs shall, in accordance with Paragraph 7 the Court's Individual Rules and Practices in Civil Cases, publicly file a copy of Exhibit F to the February 18th Kornstein Declaration with proposed redactions consistent with this Memorandum Opinion and Order. The Clerk of Court is directed to adjust the status of ECF Nos. 399, 400, 400-1 through 400-5, 400-7 through 400-9, 403, 403-1, and 403-2 to "public view" and to terminate ECF Nos. 398 and 402.

SO ORDERED.

Dated: March 3, 2022
      New York, New York
                                            JESSE M. FURMAN
                                           United States District Judge