# Arnold&Porter

Marcus A. Asner
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

March 4, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: *Accent Delight International Ltd. et al. v. Sotheby's et al.*, 18-cv-9011

Dear Judge Furman:

We write respectfully to request reconsideration of Your Honor's March 3, 2022 order denying Plaintiffs' February 18 and 22 letter motions to seal. *See* ECF No. 406.

Plaintiffs' February 22 request to seal filings in connection with their opposition to Sotheby's motions to exclude, filed at ECF No. 402, sought to redact references to a specific Sotheby's client. The Court previously granted Sotheby's request to redact references to the same client contained in Sotheby's motions to exclude. *See* ECF No. 387. We understood that additional justification for redacting that same information was unnecessary, consistent with the parties' practice of citing to the Court's prior grant of approval when filing redacted information that the Court had already granted permission to redact. Sotheby's respectfully requests that the Court permit Sotheby's to redact the information contained in Plaintiffs' opposition for the same reasons set forth in Sotheby's initial request and the Court's order granting permission to seal that very same information. *See* ECF Nos. 381, 387.

Sotheby's also respectfully requests that the Court reconsider its Order with respect to Plaintiffs' February 18 motion to seal, filed at ECF No. 398. We incorrectly anticipated that the Court would set a briefing schedule to the extent that Plaintiffs' sealing request would be decided before (or alongside) the Court's decision on the merits of the underlying motion, as has happened in the past. *See* ECF No. 369. We request the Court's consideration of Sotheby's request to seal the categories of information set out below.

First, Sotheby's seeks to maintain in redacted form Exhibit A to the Kornstein Declaration (ECF No. 400-1), as the redactions reflect information concerning a private transaction with a Gurr Johns client and information concerning the breakdown of the company's income, the disclosure of which could cause competitive harm to Gurr Johns.

# Arnold&Porter

The Honorable Jesse M. Furman
March 4, 2022
Page 2

Sealing is appropriate here, because Gurr Johns is a third party whose business and transactions bear no relevance to the parties' disputes or to Plaintiffs' motion. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Haley v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 17-CV-855 (JPO) (RWL), 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) (granting sealing of information "reflecting a company's revenues").

Second, Sotheby's seeks to maintain under seal Exhibit H to the Kornstein Declaration and in redacted form a single quotation to Exhibit H in the Memorandum of Law in Support of Plaintiffs' motion to exclude. *See* ECF No. 399, at 20; ECF No. 400-8. Exhibit H, a copy of Sotheby's Criteria for Major Valuations, is an internal and confidential policy document of Sotheby's that provides a roadmap to the proprietary steps by which Sotheby's UK issues formal valuations—a key business function of Sotheby's. Moreover, Exhibit H is not a judicial document. Mr. Smith does not opine on Sotheby's valuations policy or whether Sotheby's complied with it. Plaintiffs' motion, which challenges Mr. Smith's analysis under USPAP principles, makes no argument concerning the reliability of Mr. Smith's opinion based on the interpretation of that policy. Rather, Plaintiffs attached Sotheby's policy only for the proposition that it conforms to USPAP's requirement of considering only auction sales data in a valuation. *See* ECF No. 399, at 20. It therefore does not "have [any] tendency to influence [the Court's] ruling" and is not "relevant to the performance of the judicial function." *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Finally, Sotheby's seeks to maintain in redacted form Exhibits F and G to the Kornstein Declaration. *See* ECF Nos. 400-6, -7. The redacted portions of those documents provide information on private offers Sotheby's received from its clients concerning the identified artworks; such market pricing information concerning privately expressed offers for artworks is proprietary to Sotheby's and competitively sensitive. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (noting that "[t]he need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute" an interest outweighing the presumption of public access); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (maintaining under seal "pricing information"); *Lexington Furniture Indus., Inc. v. Lexington Co.*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing "sales information" because "[t]he disclosure of this information could advantage Movants' competitors and harm their businesses"). Moreover, while Plaintiffs argue that the consideration of private offers in valuing artworks is improper, their arguments have nothing to do with amounts at which those offers were made. The

# Arnold&Porter

The Honorable Jesse M. Furman
March 4, 2022
Page 3

amount of money Sotheby's private clients were willing to pay for the identified artworks is not relevant to Plaintiffs' motion.

We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Marcus A. Asner*

Marcus A. Asner

cc:    All counsel of record (via ECF)

Counsel for Sotheby's are reminded of their obligations under Section 7(C)(i) of the Court's Individual Rules and Practices in Civil Cases.  Per that Section, "[w]hen a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it *must file, within three days, a letter explaining the need to seal or redact the document*,"  Individual Rules and Practices in Civil Cases § 7(C)(i) (emphasis added).  Plaintiffs explicitly noted the three-day deadline in their February 18, 2022 letter-motion.  *See* ECF No. 398.  Sotheby's did not comply with that requirement.  Nevertheless, Sotheby's application is hereby GRANTED temporarily and the Court's March 3, 2022 Order is VACATED.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.

The Clerk of Court is directed to reset the status of ECF Nos. 399, 400, 400-1 through 400-5, 400-7 through 400-9, 403, 403-1, and 403-2 to restrict access to only Court users and the parties and to terminate ECF No. 407.

SO ORDERED.

March 3, 2022