# McKool Smith

Daniel W. Levy
Direct Dial: (212) 402-9412
E-mail: dlevy@mckoolsmith.com

One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

March 27, 2022

By ECF
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York  10007

Re:  Accent Delight International Ltd., et al. v. Sotheby's, et al.
18 Civ. 9011 (JMF)

Dear Judge Furman:

This firm represents Non-Party Yves Bouvier.

Consistent with Section 7 of your Honor's Individual Rules and Practices in Civil Cases, we write on behalf of Bouvier to explain the need to redact Exhibit 26 to the Declaration of Daniel J. Kornstein (ECF No. 417-26).[1]

Bouvier submits that, for substantially the reasons set out in his letter, dated February 23, 2022 (ECF No. 404) and the reasons set out in the Court's Order, dated March 3, 2022 (ECF No. 406 at 2), this document should remain redacted as proposed.

Bouvier also respectfully requests that the Court order that a related document that Plaintiffs filed in unredacted form, Exhibit 25 to the Kornstein Declaration (ECF No. 417-25), be removed from the publicly available docket and re-filed by Plaintiffs in redacted form.

Consistent with Section 7.C.iii of your Honor's Individual Rules and Practices and although Bouvier is not a party to the case before the Court: (1) a copy of the document with proposed redactions is attached as Exhibit A to this letter; and (2) a copy of the document with proposed redactions highlighted has been filed under seal.

Both Exhibits 25 and 26 concerns the terms of Bouvier's sale at a Sotheby's auction of the sculpture *Tête* by Modigliani.

---

[1] In their letter-motion seeking the Court's permission to file various documents in redacted form, Plaintiffs erroneously refer to the document to be sealed as ECF No. 417-29.  See ECF No. 420 at 1.  The proper document is ECF No. 417-26.

**McKool Smith**
**A Professional Corporation • Attorneys**

Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington, DC

4895-5974-8631

The Honorable Jesse M. Furman
March 27, 2022
Page 2

With respect to the terms of the sale, Plaintiffs have alleged in their Second Amended Complaint only that the work was sold at auction in New York for a hammer price of "$63 million (a total purchase price of $70.725 million with commissions and fees)." ECF No. 285 at ¶ 151.

The only references to the terms of the sale of this Modigliani sculpture in Plaintiffs' summary judgment briefing are the fact of the sale by Bouvier at auction, the date of the sale, and the $63 hammer price. *See* ECF No. 414 at 9 (Plaintiffs' brief); ECF No. 415 at ¶ 60 (Rule 56.1 statement); ECF No. 416 at ¶ 102 (Sazonov declaration).

Because this information has already been made public, Bouvier does not propose that this information be redacted from Exhibits 25 or 26 (ECF Nos. 417-25 and 417-26).

However, Exhibit 26 also discusses two other works that Bouvier sold at the same auction. Neither Bouvier nor any company through which he did business bought these works from, or sold these works to, Accent Delight or Xitrans. Accent Delight and Xitrans do not mention these others works anywhere in their Second Amended Complaint or their summary judgment motion. The parties did not seek information about these works in their Hague Convention request (ECF No. 326 at 11-19). And none of the parties sought to question Bouvier about these works during his 2-day deposition in Switzerland (ECF No. 326 at 27-153). Bouvier's ownership and sale of these two other works is not publicly known. The information about these other works has no bearing on Plaintiffs' summary judgment motion.

Exhibit 26 contains a residential address of Bouvier and account numbers associated with Bouvier. The document also contains the signature of a Sotheby's employee. All of this information should remain redacted.

Both Exhibits 25 and 26 also contain details of commercial terms that Sotheby's agreed to with Bouvier and, indeed, that Bouvier uniquely negotiated with Sotheby's for the sale of both the Modigliani sculpture and the two other works described in Exhibit 26 (*e.g.*, details about guarantees; allocation of buyer's premium; overage; share of hammer; payment and delivery terms; and consignment, overage, and other fees). All of this commercially sensitive information can be used to Bouvier's competitive disadvantage, if it became publicly known.

The information that Bouvier proposes to redact from Exhibits 25 and 26 has nothing to do with the pending motion. The information proposed to be redacted is neither relevant to the exercise of the judicial function and nor useful in the judicial process. It does not directly affect the Court's resolution of Plaintiffs' motion and it does not have any tendency to do so. As such, no presumption of public access attaches to the information, either under the common law or and the First Amendment. *See generally United States v. Avenatti*, 2021 WL 3168145, at *5-6 (S.D.N.Y. July 27, 2021). Beyond that, Bouvier's privacy interests in commercial matters that are confidential outweigh any presumption of access that might attach to the information proposed to be redacted.

Accordingly, the Court should maintain Exhibit 26 redacted in the manner currently proposed.

The Court should also order that Exhibit 25 be removed from the docket and that Plaintiffs re-file it in redacted form, as proposed in Exhibit A.

The Honorable Jesse M. Furman
March 27, 2022
Page 3

*   *   *

In advance of filing their summary judgment motion, Plaintiffs sought Bouvier's views about Exhibit 26 only.  They did not seek Bouvier's views about Exhibit 25 or any of the 96 other exhibits that they have filed.

Bouvier has responded within the short 3-day timeframe provided for by Section 7.C.iii of the Court's Individual Rules and Practices (the time is stated in *days*, not in *business days* as it is in various other sections of the Court's Individual Rules and Practices).

In doing so, Bouvier has sought relief with respect to Exhibit 25 because of the close relationship to Exhibit 26.  However, there are many other exhibits to Plaintiffs' summary judgment papers and Bouvier is still reviewing them.  If, during Bouvier's review, he identifies further exhibits that he proposes be redacted, he will promptly consult with the parties and, thereafter, communicate with the Court, as necessary.

Respectfully submitted,

/s/

Daniel W. Levy

Attach. (Exh. A - proposed redactions to Exhibit 25)

Cc:    All counsel (by ECF; w/attach)

Application GRANTED.  Applying the three-part test for determining whether documents may be placed under seal, in whole or in part, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court concludes that the two documents identified above should be maintained in redacted form.  The Clerk of Court is directed to terminate ECF No. 423 and to restrict access to ECF No. 417-25 to only Court users and the parties.

SO ORDERED.

March 28, 2022

4895-5974-8631