UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCENT DELIGHT INTERNATIONAL LTD. and XITRANS FINANCE LTD., <br><br><br> Plaintiffs, <br><br> -against- <br><br> SOTHEBY'S and SOTHEBY'S, INC., <br><br> Defendants. | Case No. 18-cv-09011 (JMF) |

## DECLARATION OF SAVERIO LEMBO

I, Saverio Lembo, declare as follows:

1. I am an attorney licensed to practice law in Geneva, Switzerland. I am a partner in the law firm of Bär & Karrer.

2. At the request of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), counsel of record for Defendants, I submit this declaration with respect to the application of the piercing of the corporate veil doctrine under Swiss law and one ancillary issue.

**Piercing of the corporate veil doctrine ("*Durchgriff*") in Switzerland**

3. The doctrine of piercing of the corporate veil exists in Switzerland only under exceptional circumstances. *See* Exhibit A (Decision of the Federal Supreme Court, 5A_739/2012, para. 7.2.1; Annick Fournier, L'imputation de la connaissance, 2021, N 1013; David Raedler, Les enquêtes internes dans le contexte suisse et américain – Instruction de l'entreprise ou Cheval de Troie de l'autorité ?, 2018, p. 120; Nicolas Rouiller/Marc Bauen/Robert Bernet/Colette Lassere Rouiller, La société anonyme suisse - Droit commercial |

1

Droit comptable | Responsabilité | Loi sur la fusion | Droit boursier | Droit fiscal, 2ⁿᵈ ed., 2017, N 673).

4.       Indeed, as a principle, under Swiss law, subsidiaries belonging to a group of companies under single economic management may still rely on their legal independence from the dominant (i.e., parent) company, such that the dominant company is normally not liable for the subsidiary's debts and obligations. However, the corporate veil may in rare cases be lifted – and the parent company held liable for the subsidiary's conduct – where recognizing the legal independence of the two entities constitutes an abuse of rights in the case at hand. *See* Exhibit B (Decision of the Federal Supreme Court FSC 144 III 541, para. 8.3.1. *See also* CR CC I-Xoudis, Intro. art. 52-59, N 12; Nicolas Rouiller/Marc Bauen/Robert Bernet/Colette Lassere Rouiller, La société anonyme suisse - Droit commercial | Droit comptable | Responsabilité | Loi sur la fusion | Droit boursier | Droit fiscal, 2ⁿᵈ ed., 2017, N 673; Annick Fournier, L'imputation de la connaissance, 2021, N 1013).

5.       In order for the corporate veil to be lifted, and for a parent company to be held liable for the conduct of its subsidiaries, two conditions both must be fulfilled:

   (i)      First, there must be identity of persons between the subsidiary and parent company to the extent that there is economic domination of the subsidiary by the parent. It is not enough that the parent company wholly owns the subsidiary. Rather, the subsidiary must be a mere instrument in the hands of its parent company, and, economically, be completely one with it. This requires that the subsidiary have no will or economic existence of its own *(e.g.*, running an independent business). *See* Exhibit C (Decision of the Federal Supreme Court FSC 144 III 541, para. 8.3.1; Decision of the Federal Supreme Court,

5A_739/2012, para. 7.2.1; Decision of the Federal Supreme Court, 4A_384/2008, para. 4.1; David Raedler, Les enquêtes internes dans le contexte suisse et américain – Instruction de l'entreprise ou Cheval de Troie de l'autorité ?, 2018, p. 119-120; Annick Fournier, L'imputation de la connaissance, 2021, N 1013); and

(ii)     Second, the entities' independence must also have been invoked in an abusive manner to gain an unjustified advantage. *See* Exhibit D (Decision of the Federal Supreme Court, 4A_384/2008, para. 4.1; Decision of the Federal Supreme Court, 5A_739/2012, para. 7.2.1; Decision of the Federal Supreme Court FSC 132 III 489, para. 3.2). This requires the parent company to have misused the legal separateness of the subsidiary in order to avoid legal or contractual obligations against third-parties that the parent would be liable for (e.g., by contracting through a subsidiary to avoid liability for the parent). *See* Exhibit E (Decision of the Federal Supreme Court 5A_330/2012, para. 3.2 ; David Raedler, Les enquêtes internes dans le contexte suisse et américain – Instruction de l'entreprise ou Cheval de Troie de l'autorité ?, 2018, p. 120). In this respect, the Federal Supreme Court found, in a German-language decision, that for an abuse of right to be established, there must be a mass of different and extraordinary conduct in using the subsidiary that amounts to actual machinations to avoid liability and damages to the damaged party . *See* Exhibit F (Decision of the Federal Supreme Court 5A_330/2012, para. 3.2; Hans Caspar von der Crone, Aktienrecht, 2020, N 2281).[1]

---

[1] It should be noted that the piercing of the corporate veil argument only applies secondarily, *i.e.*, it does not apply when the parent company is already liable on its own merits, e.g. because it breaches the trust of a third party or has been held liable for actions that give rise to an obligation towards a third party. *See* Exhibit G (Annick Fournier, L'imputation de la connaissance, 2021, N 1016).

6.        Should these two conditions be fulfilled, Swiss courts can hold that, in accordance with the economic reality of the case, there is both an identity of persons, and therefore the legal relationship binding one also binds the other; this shall be the case whenever the invocation of the entities' independence constitutes an abuse of law, in particular through the circumvention of the law, a breach of contract or the unlawful infringement of a third party's interests. *See* Exhibit H (Decision of the Federal Supreme Court, 4A_384/2008, para. 4.1; Decision of the Federal Supreme Court, 5A_739/2012, para. 7.2.1; Annick Fournier, L'imputation de la connaissance, 2021, N 1014).

**Related doctrines**

7.        In addition to a liability incurred through the piercing of the corporate veil doctrine, Swiss law may also find liability for a parent company where trust is created in a wronged third party due to a "confusion of spheres" between the parent company and subsidiary with respect to the third party.  This requires the third party to have been unable to understand whether it was dealing with the parent or the subsidiary (or both) and to have been harmed as a result of that confusion.  Such a situation occurs when two legally independent companies were indistinguishable to the wronged party, and the appearance of unity was created by external signs (*e.g.*, identical or very similar corporate names, the sharing of registered offices, and representation by the same representatives).  *See* Exhibit I (Decision of the Federal Supreme Court FSC 137 III 550, para. 2.3.2; David Raedler, Les enquêtes internes dans le contexte suisse et américain – Instruction de l'entreprise ou Cheval de Troie de l'autorité ?, 2018, p. 120); *see* Exhibit J (Nicolas Rouiller/Marc Bauen/Robert Bernet/Colette Lassere Rouiller, La société anonyme suisse - Droit commercial | Droit comptable | Responsabilité | Loi sur la fusion | Droit

4

boursier | Droit fiscal, 2nd ed., 2017, N 674; Annick Fournier, L'imputation de la connaissance, 2021, N 1022).

8.      Similarly, Swiss law may also base liability for a parent company on the trust (reassurance) created by a parent or group of companies for the obligations of the subsidiary. In this sense, when the parent company has earned the trust of a contracting party by implying that it was acting alongside or in place of its subsidiary and/or that it would see to the proper and faithful performance of a contract, the parent company will be made to answer for those reassurances if it later deceives the trust it has itself created in the contracting party.  In concrete terms, the parent in those cases will assume the obligations of its subsidiary in that it shall compensate the damage arising from the subsidiary's failure to comply with its obligations. However, the mere fact that a third party has entered into a contract with a company which is a part of a corporate group is not in itself sufficient to base a liability for trust created by the corporate group. *See* Exhibit K (David Raedler, Les enquêtes internes dans le contexte Suisse et américain – Instruction de l'entreprise ou Cheval de Troie de l'autorité ?, 2018, p. 120-121; Nicolas Rouiller/Marc Bauen/Robert Bernet/Colette Lassere Rouiller, La société anonyme suisse - Droit commercial | Droit comptable | Responsabilité | Loi sur la fusion | Droit boursier | Droit fiscal, 2nd ed., 2017, N 674).

**Ancillary matters**

9.      By virtue of my legal practice in Switzerland, I have personal knowledge that the law firm of Lenz & Staehelin is one of the largest commercial law firms in Switzerland.

I hereby declare that, to the best of my knowledge, the foregoing is true and correct.  Executed at

<u>London, England</u> on the 28th day of April 2022.

_____
Saverio Lembo
