# Arnold & Porter

**Marcus A. Asner**
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

May 31, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Accent Delight International Ltd. et al. v. Sotheby's et al.*, 18 Civ. 9011

Dear Judge Furman:

      We write respectfully on behalf of Defendants Sotheby's and Sotheby's, Inc. (collectively, "Sotheby's"), pursuant to Section 7(c)(iii) of Your Honor's Individual Rules and Practices in Civil Cases, in response to Plaintiffs' letter motions dated May 26, 2022 and May 31, 2022.  *See* ECF Nos. 469, 473.  Plaintiffs' letter motions request permission (1) to file redacted versions of, or to file under seal, certain exhibits that Plaintiffs filed in support of their memorandum of law in opposition to Sotheby's motion for summary judgment and in further support of Plaintiffs' partial motion for summary judgment, and (2) to file redacted versions of Plaintiffs' memorandum of law and their Rule 56.1 Response and Counterstatement, both of which quote directly from, or describe substantively the information in, the redacted or sealed exhibits.  As explained below, Sotheby's respectfully requests redactions and sealing of four categories of information reflected in Plaintiffs' filings.  Plaintiffs object to the redaction of information concerning a Sotheby's employee's incentive compensation in Plaintiffs' memorandum of law, but otherwise do not object to Sotheby's requests.  *See* ECF Nos. 469, 473.

      The first category of information at issue identifies Sotheby's clients and artworks in those clients' collections, which Sotheby's considers confidential and proprietary information.  The Court previously granted Sotheby's requests to file under seal information identifying Sotheby's clients.  *See* ECF Nos. 387, 428, 450.  The identities of Sotheby's clients and the contents of their collections are highly sensitive information that Sotheby's is contractually obligated to maintain in confidence and which, if filed without redaction, could cause competitive harm to Sotheby's.  *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (maintaining under seal "customer names, account numbers, and pricing information"); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing "exhibits contain[ing] specific, non-public financial statements, sales information and customer lists" because "[t]he disclosure of this information could advantage Movants' competitors and harm their businesses").  Regardless of whether the exhibits cited in Plaintiffs' motion are judicial documents, the sensitive and confidential nature of

**Arnold & Porter**

The Honorable Jesse M. Furman
May 31, 2022
Page 2

this information warrants its protection. *See Lexington Furniture Indus. Inc.*, 2021 WL 1143694, at *2 (sealing exhibits attached to summary judgment motions). Moreover, none of these individuals' identities or the artworks in their collections are relevant to Plaintiffs' or Sotheby's motions.

The second category contains information on unrelated private offers and transactions that are between Sotheby's and other clients or that are between Sotheby's and Bouvier about artworks not at issue in this case. The Court previously granted Sotheby's request to file under seal similar information on private offers that Sotheby's received from its clients. *See* ECF No. 408. The Court also previously granted Yves Bouvier's request to redact information on transactions not relevant to Plaintiffs' claims. *See* ECF No. 425. Market pricing information concerning privately expressed offers for artworks is proprietary and competitively sensitive. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (noting that "[t]he need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute" an interest outweighing the presumption of public access); *Dodona I, LLC*, 119 F. Supp. 3d at 156 (maintaining under seal "pricing information"); *Lexington Furniture Indus., Inc.*, 2021 WL 1143694, at *2 (sealing "sales information" because "[t]he disclosure of this information could advantage Movants' competitors and harm their businesses"). Such information has no bearing on Plaintiffs' and Sotheby's motions.

The third category contains Sotheby's internal and confidential policy documents, which Sotheby's requests be maintained under seal. Sotheby's does not seek redactions of the selected quotations of those documents presented in Plaintiffs' memorandum of law and their Rule 56.1 Response and Counterstatement. Sotheby's confidential internal policy documents contain proprietary and commercially sensitive information central to Sotheby's business. The portions of those policies that are not quoted by Plaintiffs and thus not relevant to Plaintiffs' or Sotheby's motions do not "have [any] tendency to influence [the Court's] ruling" and are not "relevant to the performance of the judicial function." *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). The Court previously granted Sotheby's request to file under seal one of the internal policies attached as an exhibit here. *See* ECF No. 408.

The fourth category contains Sotheby's employees' compensation information, which is highly sensitive personal information and also competitively sensitive information. Plaintiffs have not challenged the redaction or filing under seal of information concerning the compensation of Sotheby's employees found in Plaintiffs' Rule 56.1 Response and Counterstatement or in the exhibits on which Plaintiffs rely as evidence of that compensation, but do challenge the redaction of the amount of incentive

**Arnold & Porter**

The Honorable Jesse M. Furman
May 31, 2022
Page 3

compensation that Samuel Valette received in 2011 from Plaintiffs' memorandum of law.[1]  *See* ECF Nos. 469, 473.  Plaintiffs are mistaken both on the facts and the law.  The amount of Valette's incentive compensation does not reflect only "the compensation [Mr. Valette] earned . . . for selling artwork[s] to Bouvier," *see id.* at 2, but instead what he earned in incentive compensation in 2011 for work in connection with Bouvier-related transactions *and* certain other, unrelated transactions.  While Plaintiffs' memorandum of law is a judicial document, the presumption of public access to the dollar amount of the total incentive compensation Mr. Valette received in 2011 "deserves limited weight," both because the amount includes personal and private information concerning his compensation (including for some transactions not related to this lawsuit) and because Plaintiffs' contention about Mr. Valette's motivation in relation to Bouvier does not hinge on the dollar amount of Valette's annual incentive compensation.  *See Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020) (redacting references to "amounts/numbers" in judicial documents that "appear to have little or no bearing on the merits of [plaintiff's] case"); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (redacting compensation and bonus amounts in judicial documents because "the presumption of public access is outweighed by [the company's] business secrecy interest as well as by the personal privacy interests of the relevant employees in the compensation and bonuses received by individual [company] employees"); *BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc.*, 2017 WL 11568796, at *3 (S.D.N.Y. May 2, 2017) (redacting "bonus information" in judicial documents that implicates the "privacy interest these non-parties have in sensitive personal information" because "this interest outweighs the public's interest in disclosure"); *Dodona I, LLC*, 119 F. Supp. 3d at 156 (allowing "limited redactions" of compensation information in summary judgment papers).  The cases Plaintiffs cite are inapposite, given that the compensation information in both cases directly affected the amount of damages the plaintiffs in those cases were seeking.  *See RDI Corp. v. Charter Commc'ns, Inc.*, 2022 WL 604723, at *2 (S.D.N.Y. Mar. 1, 2022) (finding compensation information "certainly [would] be relevant at the upcoming trial on [plaintiff's] damages); *Whittaker v. MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (finding that bonus information "go[es] directly to the [c]ourt's adjudication of the petition" and "relate[s] to claims [p]etitioner [brought] concerning the arbitration awards" which petitioner sought to vacate or modify).

---

[1] The compensation-related information found in Plaintiffs' brief, the redaction of which Plaintiffs oppose, cites to and is based on the same compensation-related information found in Plaintiffs' Rule 56.1 Response and Counterstatement and in an exhibit to the Declaration of Daniel J. Kornstein, the redaction and/or sealing of which Plaintiffs chose not to oppose.

# Arnold & Porter

The Honorable Jesse M. Furman
May 31, 2022
Page 4

       We thank the Court for its consideration of this letter.

                          Respectfully,

                          */s/Marcus A. Asner*
                          Marcus A. Asner

cc:    All counsel of record (via ECF)

Plaintiffs' motions to seal, ECF Nos. 469, 473, made at the request of Sotheby's and Sanford Heller, are granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF Nos. 469 and 473.

                          SO ORDERED.

                          June 1, 2022