# Arnold & Porter

Marcus A. Asner
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

June 16, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Accent Delight International Ltd. et al. v. Sotheby's et al.*, 18 Civ. 9011

Dear Judge Furman:

      We write respectfully on behalf of Defendants Sotheby's and Sotheby's, Inc. (collectively, "Sotheby's") pursuant to Section 7(C)(iii) of Your Honor's Individual Rules and Practices in Civil Cases and paragraph 4.5 of the February 28, 2020 Amended Protective Order (the "Protective Order"), *see* ECF No. 145 ¶ 4.5, to request permission to file redacted copies of (1) Exhibits 2, 3, 4, 6, and 8 to the June 16, 2022 Declaration of Marcus A. Asner; (2) Sotheby's Reply Memorandum in Support of Sotheby's Motion for Summary Judgment; (3) Sotheby's Responses to Plaintiffs' Supplemental Statements of Material Facts.  Sotheby's will file under seal an unredacted version of each document contemporaneously with the filing of this letter.

      Further, Sotheby's requests permission to file slip sheets in lieu of Exhibits 9 and 10 to the June 16, 2022 Declaration of Marcus A. Asner.  Sotheby's will file under seal each exhibit contemporaneously with the filing of this letter.

      Exhibits 9 and 10 to the June 16, 2022 Declaration of Marcus A. Asner that are filed under seal are two documents designated Confidential by non-party Sanford Heller pursuant to paragraphs 2.2 of the Protective Order.  The materials redacted from Sotheby's Reply Memorandum in Support of Sotheby's Motion for Summary Judgment and Sotheby's Responses to Plaintiffs' Supplemental Statements of Material Facts contain quotes from those exhibits.

      The redactions to Sotheby's Responses to Plaintiffs' Supplemental Statement of Material Facts also contain Sotheby's employees' compensation information, which is highly sensitive personal information and also competitively sensitive information.  The same information was redacted in Plaintiffs' Supplemental Statement of Material Facts, the redaction of which was granted by the Court.  *See* ECF No. 476.  Sotheby's seeks the same redactions as they concern personal and private information.  *See Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, No. 20-CV-3098 (RPK) (RER), 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020) (redacting references to "amounts/numbers" in judicial

**Arnold & Porter**

The Honorable Jesse M. Furman
June 16, 2022
Page 2

documents that "appear to have little or no bearing on the merits of [plaintiff's] case"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (redacting compensation and bonus amounts in judicial documents because "the presumption of public access is outweighed by [the company's] business secrecy interest as well as by the personal privacy interests of the relevant employees in the compensation and bonuses received by individual [company] employees"); *BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc.*, No. 17-CV-1287 (RJS), 2017 WL 11568796, at *3 (S.D.N.Y. May 2, 2017) (redacting "bonus information" in judicial documents that implicates the "privacy interest these non-parties have in sensitive personal information" because "this interest outweighs the public's interest in disclosure"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing "limited redactions" of compensation information in summary judgment papers).

The redactions to Sotheby's Reply Memorandum in Support of Sotheby's Motion for Summary Judgment also contain a quotation from one of Sotheby's internal policies, which was filed under seal as an exhibit to the May 26, 2022 Declaration of Daniel J. Kornstein. *See* ECF No. 471-7. The Court granted Sotheby's request to file the policy under seal because it contains proprietary and commercially sensitive information central to Sotheby's business. *See* ECF No. 476. The redaction quotation contain commercially sensitive information about Sotheby's commission that "might harm [Sotheby's] competitive standing in the market," if the information is made public. *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-CV-11003 (LTS), 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022); *id.* at *3 (granting sealing "because both competitors and potential suppliers could utilize this information to better compete with [plaintiff] in the market or to better negotiate with [plaintiff] as a supplier"); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-CV-4500 (GHW), 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.").

The redactions to Exhibits 2, 3, 4, 6, and 8 of the June 16, 2022 Declaration of Marcus A. Asner are comprised of the names of Sotheby's clients and the artworks in those clients' collection, which Sotheby's considers confidential and proprietary information. The Court previously granted Sotheby's requests to file under seal the names of its clients in connection with Plaintiffs' Motion for Partial Summary Judgment and Sotheby's Motion for Summary Judgment. *See* ECF Nos. 428, 450, 476. The identities of Sotheby's clients and the contents of their collections are highly sensitive information that Sotheby's is contractually obligated to maintain in confidence and which, if filed without redaction, could cause competitive harm to Sotheby's. *See*

# Arnold & Porter

The Honorable Jesse M. Furman
June 16, 2022
Page 3

*Dodona I, LLC*, 119 F. Supp. 3d at 156 (maintaining under seal "customer names, account numbers, and pricing information"); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing "exhibits contain[ing] specific, non-public financial statements, sales information and customer lists" because "[t]he disclosure of this information could advantage Movants' competitors and harm their businesses"). Whether or not the exhibits are judicial documents, the sensitive and confidential nature of this information warrants its protection. *See Dodona I, LLC*, 119 F. Supp. 3d at 156 (maintaining redactions in summary judgment motions); *Lexington Furniture Indus., Inc.*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (sealing exhibits attached to summary judgment motions). Moreover, none of these individuals' identities is relevant to Plaintiffs' or Sotheby's motions.

We thank the Court for its consideration of this letter.

Respectfully,

*/s/Marcus A. Asner*
Marcus A. Asner

cc:   All counsel of record (via ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 478.

SO ORDERED.

June 17, 2022