## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCENT DELIGHT INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> *-against-* <br><br> SOTHEBY'S and SOTHEBY'S INC., <br><br> Defendants. | Case No. 18-cv-9011(JMF) |

## JOINT PROPOSED VERDICT FORMS

The parties, by and through their undersigned counsel, submit the enclosed proposed verdict forms pursuant to the Court's Individual Rule 6(D). Given the significant differences between the verdict questions proposed by each party, each party has submitted its own proposed verdict form. After setting forth Plaintiff's and then Defendants' proposed verdict forms, each side states its position. The parties reserve the right to modify the proposed verdict form at the conclusion of trial, if warranted.

Dated: August 31, 2023
      New York, New York

| | |
|---|---|
| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| By: */s/ Daniel J. Kornstein* | By: */s/ Marcus A. Asner* |
| Daniel J. Kornstein<br>600 Fifth Avenue, 10th Floor<br>New York, NY 10020<br>(212) 763-5000<br>*Attorney for Plaintiff* | Marcus A. Asner<br>Sara L. Shudofsky<br>Benjamin C. Wolverton<br>Yiqing Shi<br>Sahrula Kubie<br>250 W. 55th Street<br>New York, NY 10019-9710<br>(212) 836-8000<br>*Attorneys for Defendants Sotheby's and Sotheby's, Inc.* |

**PLAINTIFF'S PROPOSED VERDICT FORM**

**VERDICT FORM**

**Questions on Magritte's *The Domain of Arnheim***

***Answer Question 1.***

**Question 1**

Did Sotheby's aid and abet fraud in the plaintiff's purchase of Magritte's *The Domain of Arnheim*?

Yes: _____    No: _____

***If you answer "Yes" to Question 1, go to Question 2. Otherwise, go to Question 4.***

**Question 2**

What amount of compensatory damages do you award to the plaintiff for the purchase of Magritte's *The Domain of Arnheim*?

$ _____

***If your answer to Question 2 is more than $1.00, go to Question 3. Otherwise, go to Question 4.***

**Question 3**

What amount of punitive damages do you award to the plaintiff for the purchase of Magritte's *The Domain of Arnheim*?

$ _____

**GO TO THE NEXT PAGE.**

**<u>Questions About Klimt's *Water Serpents II*</u>**

***Answer Question 4.***

**<u>Question 4:</u>**

Did Sotheby's aid and abet fraud in the plaintiff's purchase of Klimt's *Water Serpents II*?

Yes: _____        No: _____

***If you answer "Yes" to Question 4, go to Question 5. Otherwise, go to Question 7.***

**<u>Question 5</u>**

What amount of compensatory damages do you award to the plaintiff for the purchase of Klimt's *Water Serpents II*?

$ _____

***If your answer to Question 5 is more than $1.00, go to Question 6. Otherwise, go to Question 7.***

**<u>Question 6</u>**

What amount of punitive damages do you award to the plaintiff for the purchase of Klimt's *Water Serpents II*?

$ _____


**<u>GO TO THE NEXT PAGE.</u>**

## Questions About the Purchase of Modigliani's *Head*

***Answer Question 7.***

### Question 7

Did Sotheby's aid and abet fraud in the plaintiff's purchase of Modigliani's *Head*?

Yes: _____     No: _____

***If you answer "Yes" to Question 7, go to Question 8. Otherwise, go to Question 10.***

### Question 8
What amount of compensatory damages do you award to the plaintiff for the purchase of Modigliani's *Head*?

$ _____

***If your answer to Question 8 is more than $1.00, go to Question 9. Otherwise, go to Question 10.***

### Question 9
What amount of punitive damages do you award to the plaintiff for the purchase of Modigliani's *Head*?

$ _____


## GO TO THE NEXT PAGE.

## <u>Questions About Da Vinci's *Salvator Mundi*</u>

***Answer Question 10.***

## <u>Question 10:</u>

Did Sotheby's aid and abet fraud in the plaintiff's purchase of Da Vinci's *Salvator Mundi*?

Yes: _____        No: _____

***If you answered Question 10 "Yes," go to Question 11.***

## <u>Question 11</u>
What amount of compensatory damages do you award to the plaintiff in connection for Sotheby's aiding and abetting fraud in the purchase of Da Vinci's *Salvator Mundi*?

$ _____

***If your answer to Question 11 is more than $1.00, go to Question 12. Otherwise, go to Question 13.***

## <u>Question 12</u>
What amount of punitive damages do you award to the plaintiff in connection for Sotheby's aiding and abetting fraud in the purchase of Da Vinci's *Salvator Mundi*?

$ _____

## <u>GO TO THE NEXT PAGE.</u>

***Answer Question 13.***

**Question 13:**

Did Sotheby's aid and abet breach of fiduciary duty in the plaintiff's purchase of Da Vinci's *Salvator Mundi*?

Yes: _____    No: _____

***If you answered Question 13 "Yes," go to Question 14.***

***If you answered Question 13 "No," go to Question 16.***

**Question 14**
What amount of compensatory damages do you award to the plaintiff in connection for Sotheby's aiding and abetting breach of fiduciary duty in the purchase of Da Vinci's *Salvator Mundi*?

$ _____

***If your answer to Question 14 is more than $1.00, go to Question 15. Otherwise, go to Question 16.***

**Question 15**
What amount of punitive damages do you award to the plaintiff in connection for Sotheby's aiding and abetting breach of fiduciary duty in the purchase of Da Vinci's *Salvator Mundi*?

$ _____

**GO TO THE NEXT PAGE.**

**Questions About the Auction of Modigliani's *Head***

***Answer Question 16.***

**Question 16:**

Did Sotheby's aid and abet fraud in the auction of Modigliani's *Head*?

Yes: _____    No: _____

***If you answer "Yes" to Question 16, go to Question 17. Otherwise, stop here.***

**Question 17**

What amount of compensatory damages do you award to the plaintiff for the auction of Modigliani's *Head*?

$ _____

***If your answer to Question 17 is more than $1.00, go to Question 18. Otherwise, stop here.***

**Question 18**

What amount of punitive damages do you award to the plaintiff for the auction of Modigliani's *Head*?

$ _____

**STOP HERE.**

**Please sign and date the verdict form and inform the Marshal that the jury has reached a verdict.**

Date: _____    _____
                                              Signature of Foreperson

## DEFENDANTS' PROPOSED VERDICT FORM

## VERDICT FORM

### Questions About Plaintiff's Purchase of Magritte's *Domaine d'Arnheim*

*Answer Question 1.*

### Question 1

Has Plaintiff proven, by clear and convincing evidence, that Plaintiff was defrauded by Bouvier in connection with Plaintiff's purchase of Magritte's *Domaine d'Arnheim*?

Yes: _____    No: _____

*If you answer "Yes" to Question 1, go to Question 2. Otherwise, go to Question 7.*

### Question 2

Has Plaintiff proven, by preponderance of evidence, that the employees of Defendants' subsidiaries acted on behalf of (1) Sotheby's and/or (2) Sotheby's, Inc. in connection with Magritte's *Domaine d'Arnheim*?

For Sotheby's
Yes: _____    No: _____

For Sotheby's, Inc.
Yes: _____    No: _____

*If you answer "Yes" to Question 2 with respect to a Defendant, go to Question 3 for that Defendant. Otherwise, go to Question 7.*

### Question 3

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. had actual knowledge of Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of Magritte's *Domaine d'Arnheim*?

For Sotheby's
Yes: _____    No: _____

For Sotheby's, Inc.
Yes: _____    No: _____

*If you answer "Yes" to Question 3 with respect to a Defendant, go to Question 4 for that Defendant.  Otherwise, go to Question 7.*

**Question 4**

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. substantially assisted in Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of Magritte's *Domaine d'Arnheim*?

For Sotheby's
Yes: _____    No: _____

For Sotheby's, Inc.
Yes: _____    No: _____

*If you answer "Yes" to Question 4 with respect to at least one Defendant, go to Question 5. Otherwise, go to Question 7.*

**Question 5**

What amount of compensatory damages, if any, is Plaintiff entitled to recover for the purchase of Magritte's *Domaine d'Arnheim*?

$ _____

*If your answer to Question 5 is more than $1.00, go to Question 6. Otherwise, go to Question 7.*

**Question 6**

What amount of punitive damages, if any, is Plaintiff entitled to recover for the purchase of Magritte's *Domaine d'Arnheim*?

$ _____

**GO TO THE NEXT PAGE.**

## Questions About Plaintiff's Purchase of Klimt's *Wasserschlangen II*

*Answer Question 7.*

## Question 7

Has Plaintiff proven, by clear and convincing evidence, that Plaintiff was defrauded by Bouvier in connection with Plaintiff's purchase of Klimt's *Wasserschlangen II*?

Yes: _____     No: _____

*If you answer "Yes" to Question 7, go to Question 8. Otherwise, go to Question 12.*

## Question 8

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. had actual knowledge of Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of Klimt's *Wasserschlangen II*?

For Sotheby's
Yes: _____     No: _____

For Sotheby's, Inc.
Yes: _____     No: _____

*If you answer "Yes" to Question 8 with respect to a Defendant, go to Question 9 for that Defendant. Otherwise, go to Question 12.*

## Question 9

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. substantially assisted in Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of Klimt's *Wasserschlangen II*?

For Sotheby's
Yes: _____     No: _____

For Sotheby's, Inc.
Yes: _____     No: _____

*If you answer "Yes" to Question 9 with respect to at least one Defendant, go to Question 10. Otherwise, go to Question 12.*

## Question 10

What amount of compensatory damages, if any, is Plaintiff entitled to recover for the purchase of

Klimt's *Wasserschlangen II*?

$ _____

***If your answer to Question 10 is more than $1.00, go to Question 11. Otherwise, go to Question 12.***

## Question 11

What amount of punitive damages, if any, is Plaintiff entitled to recover for the purchase of Klimt's *Wasserschlangen II*?

$ _____


## GO TO THE NEXT PAGE.

**<u>Questions About Plaintiff's Purchase of Modigliani's *Tête*</u>**

***Answer Question 12.***

**<u>Question 12</u>**

Has Plaintiff proven, by clear and convincing evidence, that Plaintiff was defrauded by Bouvier in connection with Plaintiff's purchase of Modigliani's *Tête*?

Yes: _____    No: _____

***If you answer "Yes" to Question 12, go to Question 13. Otherwise, go to Question 18.***

**<u>Question 13</u>**

Has Plaintiff proven, by preponderance of evidence, that the employees of Defendants' subsidiaries acted on behalf of (1) Sotheby's and/or (2) Sotheby's, Inc. in connection with Modigliani's *Tête*?

<u>For Sotheby's</u>
Yes: _____    No: _____

<u>For Sotheby's, Inc.</u>
Yes: _____    No: _____

***If you answer "Yes" to Question 13 with respect to a Defendant, go to Question 14 for that Defendant.  Otherwise, go to Question 18.***

**<u>Question 14</u>**

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. had actual knowledge of Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of Modigliani's *Tête*?

<u>For Sotheby's</u>
Yes: _____    No: _____

<u>For Sotheby's, Inc.</u>
Yes: _____    No: _____

***If you answer "Yes" to Question 14 with respect to a Defendant, go to Question 15 for that Defendant.  Otherwise, go to Question 18.***

**<u>Question 15</u>**

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. substantially assisted in Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of Modigliani's *Tête*?

For Sotheby's
Yes: _____     No: _____

For Sotheby's, Inc.
Yes: _____     No: _____

***If you answer "Yes" to Question 15 with respect to at least one Defendant, go to Question 16. Otherwise, go to Question 18.***

## Question 16

What amount of compensatory damages, if any, is Plaintiff entitled to recover for the purchase of Modigliani's *Tête*?

$ _____

***If your answer to Question 16 is more than $1.00, go to Question 17. Otherwise, go to Question 18.***

## Question 17

What amount of punitive damages, if any, is Plaintiff entitled to recover for the purchase of Modigliani's *Tête*?

$ _____

## GO TO THE NEXT PAGE.

14

**Questions About Plaintiff's Purchase of Da Vinci's *Salvator Mundi***

**Aiding and Abetting Fraud**

***Answer Question 18.***

**<u>Question 18</u>**

Has Plaintiff proven, by clear and convincing evidence, that Plaintiff was defrauded by Bouvier in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

Yes: _____     No: _____

***If you answer "Yes" to Question 18, go to Question 19. Otherwise, go to Question 23.***

**<u>Question 19</u>**

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. had actual knowledge of Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of da Vinci's *Salvator Mundi*?

<u>For Sotheby's</u>
Yes: _____     No: _____

<u>For Sotheby's, Inc.</u>
Yes: _____     No: _____

***If you answer "Yes" to Question 19 with respect to a Defendant, go to Question 20 for that Defendant. Otherwise, go to Question 23.***

**<u>Question 20</u>**

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. substantially assisted Bouvier's fraud against Plaintiff in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

<u>For Sotheby's</u>
Yes: _____     No: _____

<u>For Sotheby's, Inc.</u>
Yes: _____     No: _____

***If you answer "Yes" to Question 20 with respect to at least one Defendant, go to Question 21. Otherwise, go to Question 23.***

**<u>Question 21</u>**

What amount of compensatory damages, if any, is Plaintiff entitled to recover for its claim of aiding and abetting fraud in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

$ _____

**_If your answer to Question 21 is more than $1.00, go to Question 22. Otherwise, go to Question 23._**

**<u>Question 22</u>**

What amount of punitive damages, if any, is Plaintiff entitled to recover for its claim of aiding and abetting fraud in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

$ _____

**<u>GO TO NEXT PAGE.</u>**

<u>**Questions About Plaintiff's Purchase of Da Vinci's *Salvator Mundi***</u>

**Aiding and Abetting Breach of Fiduciary Duty**

***Answer Question 23.***

<u>**Question 23**</u>

Has Plaintiff proven, by a preponderance of the evidence, that an affirmative misrepresentation or act of concealment by Defendants prevented Plaintiff from filing its claim for aiding and abetting breach of fiduciary duty in connection with its purchase of Da Vinci's *Salvator Mundi* against Defendants by May 3, 2016?

Yes: _____     No: _____

***If you answer "Yes" to Question 23, go to Question 24. Otherwise, go to Question 28.***

<u>**Question 24**</u>

Has Plaintiff proven, by a preponderance of the evidence, that Bouvier breached his fiduciary duty to Plaintiff in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

Yes: _____     No: _____

***If you answer "Yes" to Question 24, go to Question 25. Otherwise, go to Question 28.***

<u>**Question 25**</u>

Has Plaintiff proven, by a preponderance of the evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. knowingly induced or participated in Bouvier's breach of fiduciary duty against Plaintiff in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

<u>For Sotheby's</u>
Yes: _____     No: _____

<u>For Sotheby's, Inc.</u>
Yes: _____     No: _____

***If you answer "Yes" to Question 24 with respect to at least one Defendant, go to Question 26. Otherwise, go to Question 28.***

<u>**Question 26**</u>

What amount of compensatory damages, if any, is Plaintiff entitled to recover for its claim of aiding and abetting breach of fiduciary duty in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

$ _____

***If your answer to Question 26 is more than $1.00, go to Question 27. Otherwise, go to Question 28.***

## Question 27

What amount of punitive damages, if any, is Plaintiff entitled to recover for its claim of aiding and abetting breach of fiduciary in connection with Plaintiff's purchase of Da Vinci's *Salvator Mundi*?

$ _____


## GO TO THE NEXT PAGE.

## Questions About Plaintiff's Trading in and Bouvier's Auction of Modigliani's *Tête*

***Answer Question 28.***

## Question 28

Has Plaintiff proven, by clear and convincing evidence, that Plaintiff was defrauded by Bouvier in connection with Plaintiff's trading in of Modigliani's *Tête* and Bouvier's subsequent auction of Modigliani's *Tête*?

Yes: _____     No: _____

***If you answer "Yes" to Question 28, go to Question 29. Otherwise, you need not complete any further questions on this section of the verdict sheet.***

## Question 29

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. had actual knowledge of Bouvier's fraud against Plaintiff in connection with Plaintiff's trading in of Modigliani's *Tête* and Bouvier's subsequent auction of Modigliani's *Tête*?

For Sotheby's
Yes: _____     No: _____

For Sotheby's, Inc.
Yes: _____     No: _____

***If you answer "Yes" to Question 29 with respect to a Defendant, go to Question 30 for that Defendant. Otherwise, you need not complete any further questions on this section of the verdict sheet.***

## Question 30

Has Plaintiff proven, by clear and convincing evidence, that (1) Sotheby's and/or (2) Sotheby's, Inc. substantially assisted in Bouvier's fraud against Plaintiff in connection with Plaintiff's trading in of Modigliani's *Tête* and Bouvier's subsequent auction of Modigliani's *Tête*?

For Sotheby's
Yes: _____     No: _____

For Sotheby's, Inc.
Yes: _____     No: _____

***If you answer "Yes" to Question 30 with respect to at least one Defendant, go to Question 31. Otherwise, you need not complete any further questions on this section of the verdict sheet.***

19

**<u>Question 31</u>**

What amount of compensatory damages, if any, is Plaintiff entitled to recover in connection with Plaintiff's trading in of Modigliani's *Tête* and Bouvier's subsequent auction of Modigliani's *Tête*?

$ _____

***If your answer to Question 31 is more than $1.00, go to Question 32. Otherwise, you need not complete any further questions on this section of the verdict sheet.***

**<u>Question 32</u>**

What amount of punitive damages, if any, is Plaintiff entitled to recover in connection with Plaintiff's trading in of Modigliani's *Tête* and Bouvier's subsequent auction of Modigliani's *Tête*?

$ _____

**<u>STOP HERE.</u>**

**Plaintiff's Statement in Support of Its Proposed Verdict Form:**

The Court should adopt Plaintiff's Proposed Verdict Form and reject Defendants' Proposed Verdict Form for the following reasons:

First, Plaintiff's verdict form is clear, concise, and easy for the jury to follow. Defendants' verdict form uses questions that are overly complicated and risk confusing the jury and leading to an inconsistent verdict.

Second, Defendants are wrong that the verdict form must contain reference to the burden and standard of proof. So long as the jury charge properly instructs the jury on the appropriate burden and standard of proof, the verdict form need not include this information. *See Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 21-2600-CV, 2023 WL 2487331, at *1 (2d Cir. Mar. 14, 2023); *United States v. Weissman*, No. 01 CR 529 (BSJ), 2004 WL 1534158, at *2 (S.D.N.Y. July 8, 2004). There is a presumption that juries follow instructions that they are given. *See LNC Invs., Inc. v. Nat'l Westminster Bank*, 308 F.3d 169, 177 n.10 (2d Cir.2002), *cert. denied,* 538 U.S. 1033 (2003).

Third, the verdict form need not contain a question regarding each element of the relevant claim. The purpose of the verdict form is to simply determine what the jury's verdict is on each claim. "The purpose of the verdict form is not to restate all of the elements" of each claim. *See Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, 2015 WL 2330066, at *1, *4 (S.D.N.Y. May 14, 2015). The jury charge will instruct the jury on the elements of equitable estoppel, the principles of corporate liability, and the other relevant legal issues in this action. With that jury charge and the evidence in the case, the jury will be equipped to determine each claim. *See id.*; *Zaratzian v. Abadir*, No. 10 CV 9049 VB, 2015 WL 5474246, at *2 (S.D.N.Y. July 8, 2015), *aff'd,* 694 F. App'x 822, 824 (2d Cir. 2017) (verdict question, when read in conjunction with the thorough, accurate jury instructions, implicitly required the jury to determine both whether plaintiff had carried her burden and whether defendant had carried his); *Stepski v. M/V NORASIA ALYA*, No. 7:06-CV-01694, 2010 WL 6501652, at *3 (S.D.N.Y. May 7, 2010) (jury instructions and verdict form "together adequately framed the issues the jury needed to resolve").

Fourth, questions asking about the liability of "Sotheby's and/or Sotheby's, Inc." are confusing to the jury. Neither side has argued, and the evidence does not suggest, that there is any difference between the liability of each Defendant. Moreover, a compound question such as this is inappropriate because it will cause the jury's answers to this question to be ambiguous.

**Defendants' Objections to Plaintiff's Proposed Verdict Form:**

Defendants object to Plaintiff's Proposed Verdict Form and respectfully request that the Court adopt Defendants' Proposed Verdict Form for the following reasons:

First, Plaintiff's Proposed Verdict Form asks the jury to reach its determination of Defendants' liability on each claim by responding to a single question, instead of first asking the jury to determine whether Plaintiff has proven that Bouvier committed the alleged underlying tort against Plaintiff and then, second, asking the jury to determine whether Plaintiff has proven Defendants' liability for aiding and abetting that misconduct. To establish liability on each of its

claims of aiding and abetting fraud (and on its claim of aiding and abetting a breach of fiduciary duty regarding the *Salvator Mundi*), Plaintiff must first establish that Bouvier committed a fraud (or breach of fiduciary duty) with respect to each transaction. Fraud and breach of fiduciary duty each require proof of a set of elements that are distinct from the elements required to prove aiding and abetting. Plaintiff's Proposed Verdict Form would short-circuit the jury's analysis of the predicate first step. The jury should be guided to determine the two steps one step at a time.

Second, Plaintiff's Proposed Verdict Form does not ask the jury to make findings as to whether Defendants had actual knowledge of a fraud and whether Defendants substantially assisted in the fraud, each of which is a separate element of Plaintiff's claim. Defendants contest both of these elements, and it is Plaintiff's burden to establish them by clear and convincing evidence. Weighing whether Plaintiff has met that burden will likely require the jury to assess voluminous evidence proffered by the parties. The jury's accurate application of the relevant law to that evidence will be better served by a verdict form that asks the jury to reach a finding as to each of the contested elements for each transaction.

Third, Plaintiff's Proposed Verdict Form does not incorporate the applicable standard of proof for the claim at issue. Plaintiff's claims will require the jury to apply different standards of proof to different issues in the case. Defendants' Proposed Verdict Form would, for example, ask the jury: "Has Plaintiff proven, by a preponderance of the evidence, that an affirmative misrepresentation or act of concealment by Defendants prevented Plaintiff from filing its claim for aiding and abetting breach of fiduciary duty in connection with its purchase of Da Vinci's *Salvator Mundi* against Defendants by May 3, 2016?"; and "Has Plaintiff proven, by clear and convincing evidence, that Plaintiff was defrauded by Bouvier in connection with Plaintiff's purchase of Klimt's *Wasserschlangen II*?" The jury's accurate application of the applicable standard of proof will be better served by incorporating the applicable standard into the jury verdict form questions.

Fourth, with respect to Plaintiff's claim for aiding and abetting breach of fiduciary duty, Plaintiff's Proposed Verdict Form fails to request that the jury reach a determination on the threshold issue of whether equitable estoppel makes Plaintiff's claim timely. Plaintiff's claim for aiding and abetting breach of fiduciary duty is timely only if Plaintiff first establishes, by a preponderance of the evidence, that an affirmative misrepresentation or act of concealment by Defendants prevented Plaintiff from filing its claim for aiding and abetting breach of fiduciary duty in connection with its purchase of Da Vinci's *Salvator Mundi* against Defendants by May 3, 2016. If Plaintiff fails to establish that equitable estoppel should apply, the jury must not consider Plaintiff's claim for aiding and abetting breach of fiduciary duty at all. Defendants' Proposed Verdict Form makes that clear at the outset of the questions posed to the jury on that claim.

Fifth, in asking the jury what amount of compensatory damages and punitive damages should be awarded to Plaintiff after a finding of liability, Plaintiff's Proposed Verdict Form fails to include the language "if any," misleadingly suggesting to the jury that it <u>must</u> make an award of damages. Plaintiff bears the burden of proving whether damages should be awarded and at what amount, and the jury should not be confused into thinking that it must make such awards after a finding of liability.

Sixth, Plaintiff's Proposed Jury Form omits Defendants' defense that they cannot be held liable for the actions of their subsidiaries and those subsidiaries' employees with respect to Plaintiff's purchase of Magritte's *Domaine d'Arnheim* or Plaintiff's purchase of Modigliani's *Tête*. Defendants' defenses on these transactions are distinct from their defenses on other transactions and will require the jury to apply the applicable corporate agency principles. The jury's accurate application of those principles will be best served by including a question in the jury verdict form on Defendants' defense specific to those two transactions.

Seventh, Plaintiff's Proposed Verdict Form incorrectly assumes that a verdict against one Defendant must necessarily require the jury to reach the same verdict with respect to the other Defendant. That is not the case. To hold a particular Defendant liable, Plaintiff bears the burden of proving that such Defendant is liable for its actions or those of its agents, and the jury should decide whether it has done so based on the proof elicited at trial. The jury should not be led to assume that a finding of liability as to one Defendant necessarily requires a finding of liability as to the other Defendant.