# Arnold & Porter

Benjamin Wolverton
+1 212.836.7971 Direct
Benjamin.Wolverton@arnoldporter.com

October 5, 2023

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    *Accent Delight International Ltd. v. Sotheby's et al.*, 18 Civ. 9011

Dear Judge Furman:

      We write respectfully on behalf of Defendants Sotheby's and Sotheby's, Inc. (collectively, "Defendants") pursuant to Section 7(C)(iii) of Your Honor's Individual Rules and Practices in Civil Cases and paragraph 4.5 of the February 28, 2020 Amended Protective Order (the "Protective Order"), *see* ECF No. 145 ¶ 4.5, to request permission to file a redacted copy of Defendants' October 5, 2023 Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motions *In Limine*. Defendants will file under seal an unredacted version of the document contemporaneously with the filing of this letter.

      The redacted portions of Defendants' filing quote from or summarize documents that Plaintiff contends are confidential and that it has requested Defendants file in redacted form. Pursuant to Section 7(C)(i) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff must file, within three business days, a letter explaining the need to redact Defendants' filing.

      With the exception of references to DX-106, 192, 199, 200, and 250, Defendants respectfully submit that none of the redacted portions of Defendants' filing should be maintained under seal. Plaintiff's motions *in limine* and Defendants' response thereto are judicial documents to which the public presumptively has access. *See Valassis Comm's, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *2 (S.D.N.Y. May 5, 2020) (finding that motions *in limine* and documents attached thereto "are judicial documents and therefore enjoy at least some presumption of public access"); *United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993, at *1 (S.D.N.Y. Apr. 14, 2016) ("[T]he Motion in Limine and the corresponding briefs and transcript are judicial documents to which a First Amendment and common law right of access attach[.]").

      The summaries of DX-114, DX-115, and DX-130 in Defendants' filing, and other details regarding Mr. Rybolovlev's background that Plaintiff has requested we redact, provide no more information than is already publicly available on Mr. Rybolovlev's

# Arnold & Porter

The Honorable Jesse M. Furman
October 5, 2023
Page 2

Wikipedia page (as well as multiple other news sites).  *See* Wikipedia, the Free Encyclopedia, Dmitry Rybolovlev, https://en.wikipedia.org/wiki/Dmitry_Rybolovlev (last visited Oct. 5, 2023).  Such details, and details concerning Mr. Rybolovlev's other now well-publicized art transactions, should not be shielded from public view.  No countervailing consideration outweighs the strong presumption of public access that attaches to these documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

We thank the Court for its consideration of this letter.

Respectfully,

*/s/ Benjamin C. Wolverton*
Benjamin C. Wolverton

cc:     All counsel of record (via ECF)

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 559.

SO ORDERED.

October 6, 2023