# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

November 13, 2023

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
U.S. Courthouse, 40 Foley Square
New York, New York 10007

   Re: *Accent Delight Int'l Ltd. v. Sotheby's et al.*, No. 18 Civ. 9011

Dear Judge Furman:

  Accent Delight International Ltd. ("Accent") opposes Sotheby's request to delay the testimony of Samuel Valette until Sotheby's presents its case. *See* Dkt. 569.

  As plaintiff, Accent bears the burden of proof and, under standard principles of trial practice, has the prerogative to call defense or hostile witnesses in its case-in-chief. *See, e.g.*, *Marcelino v. 374 Food, Inc.*, No. 16-cv-6287, 2018 WL 1517205, at *7 n.12 (S.D.N.Y. Mar. 27, 2018) (plaintiff "could have called any of the defense witnesses in his case in chief"); *Brigida v. Komorsky*, No. 02-cv-1069, 2003 WL 21035934, at *2 (S.D.N.Y. May 6, 2003) (plaintiff could examine defendant as "a hostile witness as part of plaintiff's case in chief"). Sotheby's letter is devoid of case law suggesting otherwise. That is because courts in this district routinely reject both scenarios proposed by Sotheby's.

  *First*, Sotheby's cannot insist that a witness they produce to testify live at trial must wait until Sotheby's case to do so. The "purpose" of Sotheby's motion is to prevent Accent "from making [its] case as effectively as possible," and nothing but impermissible "gamesmanship." *Buchwald v. Renco Grp., Inc.*, No. 13-cv-7948, 2014 WL 4207113, at *1 (S.D.N.Y. Aug. 25, 2014). "To prevent unfairness and avoid wasting time," the defendant "may not limit a witness that the [defendant] intends to call at trial from testifying only during its own case in chief" and "must either permit [the plaintiff] to directly examine the witness, so that both parties may elicit the witness's live testimony during their cases in chief, or rely itself on the witness's deposition testimony, so that neither party may elicit the witness's live testimony during its case in chief." *Id.* (citing cases); *Maran Coal Corp. v. Societe Generate de Surveillance S.A.*, No. 92-cv-8728,

1996 WL 11230 (S.D.N.Y. Jan. 10, 1996) (rejecting defendant's attempt "to hold back [critical witnesses'] live testimony, from which the jury will be able to evaluate their demeanor and better assess their credibility, until its own case" as "gamesmanship").

*Second*, Sotheby's cannot insist on examining Mr. Valette first during Accent's case-in-chief. In *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293 (S.D.N.Y. 2009), the court rejected defendants' motion to "modify the traditional order of proof and allow [defendants] to conduct a direct examination of the [defense witnesses] before [plaintiff] examines them in its case-in-chief." *Id.* at 297. The court found no legal authority for such a request and held that modifying the "standard order of proof would exacerbate jury confusion and prejudice [plaintiff's] priority at trial as the party bearing the burden of proof. These concerns outweigh any inconvenience to witnesses who would need to travel to testify for [plaintiff's] case-in-chief and remain for the [defendants] case-in-chief if the [defendants] sought to re-call the witnesses." *Id.* The same is true here.

Sotheby's arguments reflect circumstances typical for many trial witnesses in this district and are insufficient to depart from the rule allowing plaintiffs to determine the order of their proof. Sotheby's claim to a "strong" interest in Mr. Valette's testimony does not alter the traditional rules of trial practice; Mr. Valette is a key witness and Accent has an equally "strong" interest in his testimony. Dkt. 569 at 1. As for unnecessary "complications" for Mr. Valette, *id.*, he will have the burden of traveling regardless of when he testifies and testifying in Accent's case actually makes it easier to schedule his presence in advance, as Sotheby's cannot know when it will begin to put on the defense case. Many other witnesses in this and other cases also have to travel to testify. We have told opposing counsel that we intend to work closely with them so that Mr. Valette, and all other witnesses, have sufficient notice to arrange their schedules to testify at trial. To that end, we proposed to opposing counsel that the parties jointly request the Court's guidance on trial length and time limits, to provide Mr. Valette and other witnesses with additional information on the dates they should expect to testify, and the Court has now scheduled a conference in response to this request. Dkt. 572.

Sotheby's request to upend the order of proof should be entirely rejected.

Respectfully,

Daniel J. Kornstein
*Attorney for Plaintiff*