UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ACCENT DELIGHT INTERNATIONAL LTD., :
:
                        Plaintiff, :                18-CV-9011 (JMF)
:
      -v- :
: MEMORANDUM OPINION
SOTHEBY'S et al., :                AND ORDER
:
                        Defendants. :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In this long-running case, familiarity with which is presumed, Plaintiff Accent Delight International Ltd. ("Accent Delight") sues Sotheby's and Sotheby's, Inc. (together, "Sotheby's"). Accent Delight alleges that the auction house aided and abetted Yves Bouvier — an art broker who assisted Accent Delight and its principal, Dmitry Rybolovlev, in acquiring a world-class art collection — in committing fraud and breaching his fiduciary duties. Trial on Accent Delight's remaining claims — namely, (1) aiding-and-abetting fraud claims with respect to four artworks (by René Magritte, Gustav Klimt, Amedeo Modigliani, and Leonardo da Vinci); and (2) an aiding-and-abetting breach of fiduciary duty claim with respect to the da Vinci artwork — is scheduled to begin on January 8, 2024. In advance of trial, each party filed multiple motions *in limine*. *See* ECF Nos. 549, 552. The Court rules on the motions as follows:

- **Accent Delight's Motion *in Limine* #1:** The motion is denied, substantially for the reasons set forth in Defendants' memorandum of law. *See* ECF No. 562 ("Defs.' Opp'n"), at 1-4. In brief, although the Court previously noted in ruling on the parties' cross-motions for summary judgment that Defendants did not dispute certain elements of Accent Delight's fraud and breach of fiduciary duty claims, and instructed the parties to confer and discuss whether it would be appropriate to treat those elements as "established" under Rule 56(g) of the Federal Rules of Civil Procedure, *see* ECF No. 510 ("SJ Op."), at 58 n.18, 59 n.19, the Advisory Committee notes to Rule 56(g) confirm that

a party may dispute a matter at trial even if it did not dispute it for purposes of summary judgment.  Because the Court did not affirmatively deem the elements at issue to be "established" in its earlier Opinion, and Defendants do not stipulate to such treatment, the proper course is to leave the elements for the jury to decide.

- **Accent Delight's Motion *in Limine* #2:** The motion is denied as moot given Defendants' representations.  *See* Defs.' Opp'n 4.

- **Accent Delight's Motion *in Limine* #3:** The motion is granted in part and denied in part.  Substantially for the reasons set forth in Defendants' memorandum, *see* Defs.' Opp'n 4-9, the Court will not limit Levine's testimony to "events in April-June 2013 and . . . what was said during her meetings with Bouvier and Peretti in that time" as Plaintiff requests, ECF No. 550 ("Pl.'s Mem."), at 10, but her testimony is subject to the following limitations:

    - Levine shall not testify about any privileged matters or any matters Defendants prevented her from discussing in her deposition.  Defendants represent that they do not intend for Levine to testify on any topics that "implicate communications that Defendants withheld on grounds of privilege," Defs.' Opp'n 9, and the Court will hold them to that representation.

    - Levine's testimony as to matters beyond those that occurred in the window of April-June 2013 shall be limited to (1) testimony directly probative of Defendants' argument opposing Accent Delight's assertion of equitable estoppel, which Defendants show good cause for admitting, Defs.' Opp'n 4-5; and (2) testimony about "Sotheby's policies, practices, and efforts to comply with all applicable laws," Pl.'s Mem. 10; Defs.' Opp'n 7, consistent with the above limitations regarding privileged matters and matters Levine was prevented from discussing in her deposition.

- **Accent Delight's Motion *in Limine* #4:** The motion is denied as moot given Defendants' representations.  *See* Defs.' Opp'n 9.  To be clear, the Court assumes that defense counsel's representations also mean that they will not engage in any "improper bolstering," Pl.'s Mem. 4, including by arguing or showing that Defendants or their personnel "were exonerated by Sotheby's internal investigation" or by referring "to the federal investigation which did not result in charges against Bouvier," ECF No. 566 ("Pl.'s Reply"), at 4.

- **Accent Delight's Motions *in Limine* #5 and #6:** The motions are denied.  As to the testimony of Daisy Edelson and Simon Shaw, the Court finds that Defendants have adequately shown cause for their delay, *see* Defs.' Opp'n 10, the importance of the testimony, *see id.* at 11-12, and that Accent Delight will not be unduly prejudiced given its longstanding knowledge of Edelson and Shaw, the narrowness of their proposed testimony, and its ability to depose them before trial, *see id.* at 12-13; *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).  Any such depositions shall be taken by **December 15, 2023**, and shall not exceed three hours each.  As to Michael Macaulay, the Court rejects Defendants' contention that Macaulay is merely an impeachment witness,

*see* Defs.' Opp'n 16-17, as he is plainly a rebuttal witness for the reasons explained by Accent Delight, *see* Pl.'s Reply 5. But because his testimony would be extremely narrow and Accent Delight does not assert any prejudice from the late disclosure of his testimony, the Court will allow him to testify. *See* Fed. R. Civ. P. 37(c)(1). Finally, the *Empire* emails and attachments present a closer call, as Defendants do not provide a valid reason for failing to disclose them earlier, *see* Defs.' Opp'n 13-15, and Accent Delight plausibly asserts prejudice, *see* Pl.'s Mem. 12-13. That said, because Defendants have shown the importance of presenting the challenged evidence to the jury, *see* Defs.' Opp'n 13-14, and Accent Delight does not specify why admission of the exhibits would require "voluminous additional discovery of thousands of documents concerning non-Work transactions and additional depositions to put DX-593-97 into context," *see* Pl.'s Mem. 13, the Court holds that the evidence may be admitted.

- **Accent Delight's Motion *in Limine* #7:** The motion is granted in part and denied in part as follows.

    o **Rybolovlev's Source of Wealth and Estate Planning:** The motion is denied without prejudice to specific objections at trial. The Court agrees with Defendants that evidence and argument regarding Rybolovlev's wealth and sophistication are fair game, but Defendants will not be permitted to "arouse prejudice" against Accent Delight based on Rybolovlev's wealth. *United States v. Stahl*, 616 F.2d 30, 32 (2d Cir. 1980).

    o **Rybolovlev's Past Life in Russia:** The motion appears to be moot based on Defendants' willingness to redact the documents at issue. *See* Defs.' Opp'n 22. To the extent that that does not resolve the issue, the parties shall promptly confer, *see id.* (noting that Defendants had "offered to consider redactions . . . to minimize any unfair prejudice"), and seek appropriate relief as to any remaining disputes.

    o **Sotheby's Should Be Barred from Using Slurs:** The motion is denied as moot with respect to the terms "oligarch" and "mother Russia." The motion is denied as to the term "shell company," which Defendants may use in a non-pejorative manner assuming that the necessary factual predicates are established.

    o **Rybolovlev's Divorce:** The motion is granted, substantially for the reasons set forth in Accent Delight's memoranda, *see* Pl.'s Mem. 20-22; Pl.'s Reply 8, but it is denied as to DX-560, which may be admitted to show that Sotheby's received a communication "cautioning that certain artworks Rybolovlev previously purchased could not be transacted under a Geneva court order," as Defendants persuasively argue that it provides context for PX-162, *see* Def's Opp'n 22-23. If feasible, references to Rybolovlev's divorce and/or ex-wife should be redacted from the exhibit.

- **Accent Delight's Motion *in Limine* #8:** The motion is granted in part and denied in part as follows.

- o **Monaco Proceedings:** The motion is granted, substantially for the reasons set forth in Accent Delight's memoranda and the Court's previous Order. *See* Pl's Mem. 23; ECF No. 357. Defendants still have not shown that "the evidence at issue" is sufficiently "critical to this litigation" so as to "outweigh the comity owed to the Monaco Court of Appeals." ECF No. 357.

- o **Evidence About Arrests:** The motion is denied as moot based on the parties' representations. *See* Defs.' Opp'n 26-27; Pl.'s Reply 10.

- o **Rothko's *No. 6*:** The motion is denied, substantially for the reasons set forth in Defendants' memorandum. *See* Defs.' Opp'n 28-29. Contrary to Accent Delight's assertion, it is not "clear" from the Court's summary judgment ruling that evidence pertaining to ownership of the Rothko is wholly irrelevant to the question of damages. *See* SJ Op. 56; *see also* Defs.' Opp'n 28-29.

- **Accent Delight's Motion *in Limine* #9:** The Court reserves judgment on the motion.

- **Defendants' Motion *in Limine* #1:** The motion is granted in part and denied in part as follows.

  - o **Documents and Testimony Related to Transactions at Issue in Dismissed Claims:** The motion is granted, substantially for the reasons stated by Defendants in their memoranda of law, *see* ECF No. 553 ("Defs.' Mem."), at 1-4; ECF No. 568 ("Defs.' Reply"), at 1-3, except insofar as Accent Delight's evidence is relevant to the questions of "what Defendants understood about Bouvier's art market activities, including as to confidentiality, or his relationship to Rybolovlev," Defs.' Mem. 2; *see* ECF No. 557 ("Pl.'s Opp'n"), at 4; Defs.' Reply 2 n.1. Defendants provide examples of exhibits that they concede fall within these parameters — namely, PX-131, PX-135, PX-322, and PX-366, *see* Defs.' Mem. 2, as well as PX-128, PX-129, and PX-235, *see* Defs.' Reply 2 n.1 — and do not object to these exhibits, provided that they are not introduced to "show wrongdoing in connection with either of the dismissed-claim transactions discussed in those documents," *id*. These documents may therefore be introduced, subject to that proviso. To the extent that Accent Delight believes other exhibits are probative of "what Defendants understood about Bouvier's art market activities, including as to confidentiality, or his relationship to Rybolovlev," it shall identify them and confer with Defendants in an effort to reach agreement and, barring such agreement, seek appropriate relief. Defs.' Mem. 2.

  - o **Defendants' Common Interest Agreement with Bouvier:** The motion is granted substantially for the reasons stated by Defendants in their memoranda of law. *See* Defs.' Mem. 4-7; Defs.' Reply 3-4. In brief, Accent Delight fails to show that the agreement or testimony about the agreement is probative of bias and introducing such evidence to suggest illicit coordination between Sotheby's and Bouvier would be improper. *See* Defs.' Mem. 5-6. Any probative value would be substantially outweighed by the dangers of confusion, wasting time, and unfair

4

prejudice — specifically, by suggesting to the jury that entering into such an agreement is a sign of Sotheby's complicity in Bouvier's alleged fraud.

- o **Bouvier's Invocation of His Right Not to Answer:** The motion is denied as moot with respect to the question regarding the common interest agreement given the Court's ruling above. With respect to the question regarding Bouvier's due diligence practices, the Court agrees that there is no basis to draw an adverse inference against Defendants, as Accent Delight fails to show that the interest alignment and control factors of the relevant inquiry are satisfied. *See* Pl.'s Opp'n 10; *see also LiButti v. United States*, 107 F.3d 110, 123-24 (2d Cir. 1997). The Court reserves judgment on whether the testimony is admissible and whether any inference can be drawn against Bouvier pending discussion of those points with the parties at the November 28, 2023 pretrial conference.

- o **The Privilege Log Entry:** The Court is inclined to grant the motion, substantially for the reasons stated in Defendants' memoranda of law. *See* Defs.' Mem. 12-13; Defs.' Reply 6-7. That said, to confirm that the privilege log entry was in fact the result of attorney error, Defendants shall, no later than **noon** on **November 27, 2023**, file the original and corrected logs and the document at issue for the Court to review *in camera*. The Court reserves judgment on the motion pending that review.

- o **Defendants' Compliance with Their Own Policies:** The motion is denied as the policies are indisputably relevant to agency and, in at least some instances (e.g., compliance with the "Know Your Client" and Anti-Money Laundering policies), may be probative of Defendants' knowledge and intent. *See* Pl.'s Opp'n 12-13. Further, the Court finds that the probative value of such evidence, within limits, is not outweighed, let alone substantially outweighed, by the dangers of jury confusion and distraction. *See* Defs.' Mem. 14-15.[1]

- o **The Dispute Between Sotheby's, Inc. and the *Salvator Mundi* Owners:** The motion is granted in part and denied in part. First, the motion is granted with respect to the mediation statement, substantially for the reasons set forth in Defendants' memoranda of law. *See* Defs.' Mem. 17; Defs.' Reply 8-9. By contrast, the motion is denied with respect to Sotheby's declaratory judgment complaint, which is admissible as the statement of a party opponent pursuant to Rule 801(d)(2) of the Federal Rules of Evidence and contains evidence relevant to Sotheby's "knowledge of Bouvier's relationship with Rybolovlev." Pl.'s Opp'n 14. (The parties should confer with respect to whether redaction of all but the relevant paragraphs would be appropriate.) Defendants' contrary arguments go to weight rather than admissibility.

---

[1] In their reply memorandum of law, Defendants state that if Accent Delight is permitted to introduce the Sotheby's policies, the Court should deny the motion to preclude Jane Levine from testifying about the policies. Defs.' Reply 8. As set forth above, the Court did deny that portion of Accent Delight's motion.

- o **The Wildenstein and Acquavella Documents and Testimony:** The Court reserves judgment on the motion pending a discussion with the parties at the November 28, 2023 pretrial conference.

- o **Evidence Regarding Bouvier's Arrest or Other Criminal Proceedings:** The motion is denied as moot based on the parties' representations. *See* Pl.'s Opp'n 1; Defs.' Reply 10.

- **Defendants' Motion *in Limine* #2:** The motion is granted. Substantially for the reasons set forth in Defendants' memoranda of law, the Court will limit Sanford Heller's testimony to the topic of "meeting Dimitry Rybolovlev and revealing Bouvier's fraud to him." Defs.' Mem. 25; Defs.' Reply 10-11. Heller may offer a lay opinion if the requirements of Rule 701 of the Federal Rules of Evidence are met, *see, e.g.*, *In re General Motors LLC Ignition Switch Litig.*, 14-MD-2543, 14-MC-2543 (JMF), 2016 WL 4410008, at *2 (S.D.N.Y. Aug. 18, 2016), but he may not offer opinions with respect to "the high-end art market and practices and policies of auction houses generally" or "the indicia of an agency relationship in the art market" in the abstract, Defs.' Mem. 25, which are plainly matters appropriate for expert testimony. The Court can and will police the line between permitted lay opinion and impermissible expert opinion through rulings on specific objections at trial.

- **Defendants' Motion *in Limine* #3:** The Court reserves judgment on the motion.

- **Defendants' Motion *in Limine* #4:** The Court reserves judgment on the motion pending review of the parties' designations and counter-designations. The Court will discuss the procedures for, and timing of, that review at the November 28, 2023 pretrial conference.

- **Defendants' Motion *in Limine* #5:** The Court reserves judgment on the motion pending a discussion with the parties at the November 28, 2023 pretrial conference. As a preliminary matter, however, the Court shares the following tentative views. First, to the extent that the particular names and details at issue are not relevant to issues that the jury will be asked to decide, the Court would be inclined to redact them from the exhibits used at trial altogether (and to preclude reference to them by counsel and witnesses). To the extent that the particular names and details are relevant and therefore need to be presented to the jury, however, the Court is inclined to deny the motion on the ground that the public has a right to access the documents that are admitted at trial.

The Clerk of Court is directed to terminate ECF Nos. 549 and 552.

SO ORDERED.

Dated: November 21, 2023
New York, New York

JESSE M. FURMAN
United States District Judge