UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ACCENT DELIGHT INTERNATIONAL LTD., :
:
                Plaintiff, :
: 18-CV-9011 (JMF)
    -v- :
: ORDER
SOTHEBY'S et al., :
:
                Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      At the conference held on the record yesterday, defense counsel sought clarification of the Court's ruling with respect to Defendants' motion to exclude evidence of the four insurance valuations prepared by Sotheby's UK for Yves Bouvier in October 2014 (as well as an updated valuation prepared in February 2015). *See* ECF No. 553 ("Defs.' Mem."), at 3-4. Having reviewed the relevant materials, the Court confirms that the motion was indeed granted, substantially for the reasons stated by Defendants in their memoranda of law. *See* ECF No. 577, at 4; *see also* Defs.' Mem. 3-4; ECF No. 568 ("Defs.' Reply"), at 1. As Defendants noted, the Court previously rejected Accent Delight's argument that the valuations are probative of Defendants' knowledge of Mr. Bouvier's alleged fraud as there is "no evidence that Sotheby's knew the insurance valuations . . . would ultimately be provided to" Accent Delight and "little evidence that Sotheby's intentionally manipulated the valuations." ECF No. 510, at 31; *see also id.* at 49 n.13.

      In addition, as discussed on the record at the conference held yesterday:

- **Defendants' Motion *in Limine* #1 — Bouvier's Invocation of His Right Not to Answer:** The motion is denied with respect to the question about due diligence (except insofar as Accent Delight sought an adverse inference against *Defendants*). The parties shall meet and confer and propose an appropriate limiting instruction by the deadline set forth below.

- **Defendants' Motion *in Limine* #1 — The Privilege Log Entry:** Upon review of the documents *in camera*, the motion is granted.

- **Defendants' Motion *in Limine* #1 — The Wildenstein and Acquavella Documents and Testimony:** The motion is denied. The parties shall meet and confer and propose an appropriate limiting instruction by the deadline set forth below.

- **Defendants' Motion *in Limine* #4:** The motion is denied as moot in light of the procedure for resolving any remaining disagreements set forth below.

- **Defendants' Motion *in Limine* #5:** The motion is denied as moot based on the parties' representations on the record during the conference. However, the parties shall meet and confer to ensure that there is agreement on all necessary points.

- **Defendants' Motion *in Limine* # 3/Accent Delight's Motion *in Limine* # 9:** The Court addressed the parties' arguments concerning damages and evidence thereof on the record. The parties shall meet and confer in light of the Court's observations and rulings. If there are any remaining disagreements, Defendants shall file a supplemental brief addressing the remaining disputes no later than **December 12, 2023**, and Accent Delight shall file any opposition thereto no later than **December 19, 2023**. No reply will be accepted absent prior leave of the Court.

- Defendants shall produce the Jane Levine documents that were provided by Accent Delight (or its agent) by **December 5, 2023**. Accent Delight's request for an additional deposition of Ms. Levine is denied.

- No later than **December 15, 2023**, the parties shall:

    - File revised exhibit lists, identifying any objections as to which the parties request an advance ruling;

    - File any objection to the Court's time limit allocations (30 hours for Accent Delight and 40 hours for Defendants); and

    - File a joint letter confirming that the parties have discussed the prospect of continuing settlement discussions and addressing whether there is anything the Court can do to facilitate settlement.

- No later than **January 2, 2024**, the parties shall file agreed-upon proposed limiting instructions (with respect to the issues flagged above and any others the parties anticipate) or competing versions with a redline showing the differences.

- No later than **noon** on **January 3, 2024**, the parties shall e-mail to the Court a comprehensive list (in Microsoft Word format) of (1) anyone (counsel, anyone assisting counsel, etc.) who will be in the courtroom during trial; and (2) the names of any people, entities, or places likely to be mentioned during trial.

- No later than **5:00 p.m.** on **January 3, 2024**, the parties shall exchange any demonstrative exhibits to be used during openings.

- The parties shall revise their deposition designations and counter-designations in light of the Court's rulings and commentary. Unless and until the Court orders otherwise, **no later than 96 hours before any deposition testimony will be played or**

**presented at trial**, the parties shall submit any objections to the designations and counter-designations for the Court's resolution in the following format:

- o   In a chart listing each designation or counter-designation to which there is an objection, the basis for the objection, and a brief response thereto;

- o   along with transcript with designations, counter-designations, and objections highlighted in different colors.

For an example of a similar filing, the parties should review ECF No. 2428 in the *General Motors Ignition Switch MDL*, 14-MD-2543.

- The final pretrial conference is hereby ADJOURNED to **January 4, 2024**, at **11:15 a.m.**

SO ORDERED.

Dated: November 29, 2023  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge