UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ACCENT DELIGHT INTERNATIONAL LTD.,                                      :
                                                                        :
                              Plaintiff,                                :
                                                                        :         18-CV-9011 (JMF)
              -v-                                                       :
                                                                        :         MEMORANDUM OPINION
SOTHEBY'S et al.,                                                       :         AND ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

The Court issues this Memorandum Opinion and Order to resolve several outstanding issues that are now fully submitted: Defendants' motion to preclude Accent Delight's purportedly new damages theory as to the *Tête* auction, ECF Nos. 591, 595, 605; lingering disputes as to the admissibility of resale price evidence and other resale-related evidence, ECF Nos. 584, 594, 606; and Accent Delight's motion to preclude certain testimony of Defendants' expert witness, Harry Smith, ECF Nos. 602, 607; *see also* ECF Nos. 595, 606. The Court rules on these matters as follows:

- **Accent Delight's *Tête* Auction Damages Theory:** Defendants' motion to preclude Accent Delight's purportedly new damages theory as to the *Tête* auction, ECF No. 591, is DENIED. To be sure, "[w]hen a party . . . fails to raise a new theory of damages until after the close of discovery, the prejudice that results to the adversary can be sufficient to preclude that theory from presentation at trial." *Summit Props. Int'l, LLC v. Ladies Pro. Golf Ass'n*, 7-CV-10407 (LBS), 2010 WL 4983179, at *3 (S.D.N.Y. Dec. 6, 2010). Moreover, it is a close call whether Accent Delight's revised theory is best characterized as a new theory of damages that could and should have been included in its disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, *see, e.g.*, *King v. Wang*, 14-CV-7694 (LJL), 2021 WL 5299917, at *2-4 (S.D.N.Y. Nov. 15, 2021) (precluding a late-added alternative theory of damages where earlier "[a] dramatically different damages theory was pursued" and "having to defend against the [new] damages theory . . . would risk significant prejudice to Defendants"), or as an appropriate — and indeed necessary — corrective disclosure pursuant to Rule 26, *see Agence France Presse v. Morel*, 293 F.R.D. 682, 684-85 (S.D.N.Y. 2013) (noting that Rule 26 imposes a duty on parties "that

extends to supplementing and amending [their damages] computation if it changes materially").

Regardless, preclusion is not warranted because Accent Delight has provided sufficient justification for its amendment — namely, new stipulations of fact and the Court's recent rulings on the parties' motions *in limine*, *see* ECF No. 595, at 1-2 — and, more importantly, because Defendants are not prejudiced by permitting Accent Delight to proceed. Defendants correctly note that Accent Delight, in its motions *in limine*, sought to exclude evidence regarding ownership of the Rothko, *see* ECF No. 591, at 3, based on its then-understanding of the appropriate measure of damages for the *Tête* auction. But the Court *denied* Accent Delight's motion, finding that, "[c]ontrary to Accent Delight's assertion, it is not 'clear' from the Court's summary judgment ruling that evidence pertaining to ownership of the Rothko is wholly irrelevant to the question of damages." ECF No. 577, at 4. And more to the point, Accent Delight's "new" theory of damages regarding the *Tête* auction parallels the theory of damages that *Defendants themselves* have been urging is the appropriate measure. *See, e.g.*, ECF 568, at 13 ("Although the Court found that a jury could decide that the auction proximately caused Plaintiff's injuries because Bouvier kept the proceeds, that does not decide *what amount* of damages would compensate Plaintiff. Plaintiff still must prove the consideration paid (*i.e.*, the value of the *Tête*, which Plaintiff traded in) and the amount it received (*i.e.*, the value of its interest in the Rothko)."); ECF No. 553, at 31; ECF No. 561, at 27-28. Because Accent Delight now presses the very same theory of damages that Defendants have been arguing for, and because that theory results in a *reduction* to Defendants' potential exposure, Defendants cannot claim prejudice that "warrants the 'drastic remedy' of preclusion." *King*, 2021 WL 5299917, at *2; *see also* ECF No. 595, at 1-4. Accordingly, Accent Delight may proceed with the theory of damages regarding the *Tête* auction set forth in the latest proposed joint pretrial order, *see* ECF No. 592.

Defendants' alternative request for leave "to move for summary judgment on the new claim," ECF No. 591, at 6 n.3, is also DENIED. Their motion for summary judgment with respect to the *Tête* auction was previously denied. *See* ECF No. 510 ("SJ and *Daubert* Op."), at 46-48. The only basis for their request to seek summary judgment again is "that there is no evidence supporting the elements of either actual knowledge or substantial assistance with respect to the new claim," ECF No. 591, at 6 n.3, but (1) Accent Delight has set forth a revised *calculation for damages* on an existing claim, not a new claim; and (2) Defendants fail to explain how the revised calculation in any way affects the record with respect to the elements of actual knowledge or substantial assistance. Permitting a renewed motion would run afoul of the well-established principle "that 'it is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion.'" *Purchase Partners, LLC v. Carver Fed. Savings Bank*, 9-CV-9687 (JMF), 2013 WL 1499417, at *7 (S.D.N.Y. Apr. 10, 2013) (quoting *Campers' World Int'l, Inc v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004)).

Finally, as both Defendants and Accent Delight recognize, the question of whether any jury award should be offset by the value of the settlement recently obtained by Accent Delight is not yet ripe for determination. *See* ECF No. 591, at 7; ECF No. 595, at 4. Accordingly, the Court does not address it here.

- **Admissibility of Resale Evidence:** The parties raise two issues, addressing first the more substantial issue of the admissibility of evidence of resale prices in aid of damages calculations and turning later to address non-price resale evidence to be offered for various non-damages purposes. *See* ECF Nos. 585, 594, 606.[1] The Court addresses each issue in turn.

    With respect to evidence of resale prices, the Court finds that Defendants have failed to present adequate "foundation or evidence . . . indicating whether or how those prices relate to or are reflective of the value at the relevant time — namely, the time of Plaintiff's purchase." ECF No. 581 ("Nov. 28, 2023 Conf. Tr."), at 28:6-12. Defendants' attempts to argue otherwise by piecing together snippets of Smith's report and testimony are unavailing. Put simply, Smith's reports do not address the values of the works at the time of their purchases, but rather focus on the reasonableness of the 2015 insurance valuation of the *Salvator Mundi* and the Valette emails regarding the *Tête*. *See* ECF No. 397-2 ("Smith Rep."); ECF No. 397-10 ("Smith Rebuttal Rep."). Nothing in his proffered testimony goes to showing whether market conditions remained consistent across the relevant stretches of time or how the resale prices should be used in calculating actual value at the time of the purchases. To allow him to testify now about these matters would violate Rule 26(a)(2) of the Federal Rules of Civil Procedure as well as Rules 403 and 702 of the Federal Rules of Evidence.

    Indeed, the circumstances here are akin to those presented in *King v. Wang*, No. 14-CV-7694 (LJL), 2021 WL 5237195 (S.D.N.Y. Nov. 9, 2021), in which Judge Liman excluded the plaintiffs' proposed expert testimony because the expert had failed to provide analysis as to how appraisals in 2004, 2010, and 2013 related to actual value or artworks in 2019. *See id.* at *15-18. As the Court noted at the pretrial conference on November 28, 2023, in the absence of such evidence, under Rule 403 of the Federal Rules of Evidence, the risk of unfair prejudice and confusion would "substantially outweigh the probative value since it is highly likely that the jury would be misled as to the weight of that evidence, that they would not understand the import of that evidence, and . . . would have no way of evaluating what significance it has or how to draw a relationship between the value at time two [and] what that means with respect to time one." Nov. 28, 2023 Conf. Tr. 28:19-29:2. Accordingly, Defendants may not offer evidence of the resale prices of the *Salvator Mundi* and the *Tête* for the purpose of demonstrating actual value at the time of the alleged fraudulent sales. However,

---

[1] Accent Delight also raises new arguments in its briefing on resale evidence with respect to the scope of Smith's testimony at trial, which are also the subject of Defendants' limited-scope reply. *See* ECF No. 594, at 14-15; ECF No. 606. These matters are the subject of Accent Delight's separate motion, ECF No. 602, and accordingly are discussed below in the context of the Court's ruling on that motion.

substantially for the reasons stated in Defendants' reply, ECF No. 606, at 3, the *Tête* auction price may be admitted for purposes of calculating damages with respect to Accent's *Tête* auction claim, namely to determine the value of the work at the time Accent traded it in to acquire the Rothko a mere two months prior.

By contrast, the Court holds that the non-price resale evidence is admissible, substantially for the reasons set forth in Defendants' brief. *See* ECF No. 585, at 10-15. But all price information regarding not-at-issue works must be redacted from these exhibits.[2]

- **Harry Smith Testimony on Factual Issues:** Accent Delight's motion to preclude certain testimony by Smith or, in the alternative, to permit certain testimony by its expert, Guy Stair Sainty, *see* ECF No. 602; *see also* ECF No. 594, at 14-15, is DENIED. At bottom, it amounts to a procedurally and substantively flawed request for reconsideration of the Court's *Daubert* Opinion. *See* SJ & *Daubert* Op. 62-74; *see also* ECF No. 607. It also appears to be based on a misinterpretation of that ruling. As Defendants themselves note, Defendants "did not move to preclude Sainty's opinions regarding the reasonableness of the estimates Valette provided," and "the Court did not preclude him from offering his opinion" on that front. ECF No. 606, at 3.[3] The Court merely held that Sainty could not "tread on the role of the jury by offering his own conclusions about the facts of this case," "usurp the role of counsel by giving a factual recitation of the evidence or making arguments about what inferences to draw from the evidence," or "testify about the credibility or state of mind of the parties or others." SJ & *Daubert* Op. 69. Accent Delight did not move to preclude Smith's testimony on those bases, but it goes without saying that those limits apply equally to him. *See id.* at 69 ("[T]he Court will not permit either expert (*or any other, for that matter*) to tread on the role of the jury . . . or to usurp the role of counsel . . . ." (emphasis added)).

The Clerk of Court is directed to terminate ECF Nos. 591 and 602.

SO ORDERED.

Dated: January 2, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] With respect to the exhibits that Defendants assert they "do not plan to proffer" provided that the 2014 and 2015 valuations relating to dismissed-claim transactions remain excluded, ECF No. 585, at 14, the Court defers judgment pending resolution of Accent Delight's request to admit such valuation evidence, *see* ECF No. 589, at 2-3.

[3] That said, just as Smith cannot offer opinions beyond the scope of those contained in his expert reports, the Court agrees with Defendants that Sainty may not offer rebuttal testimony regarding the value of the Klimt. *See* ECF No. 607, at 3 n.1.

4