```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ACCENT DELIGHT INTERNATIONAL LTD.,                                      :
                                                                        :
                                Plaintiff,                              :
                                                                        :    18-CV-9011 (JMF)
                -v-                                                     :
                                                                        :    MEMORANDUM OPINION
SOTHEBY'S et al.,                                                       :           AND ORDER
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Accent Delight's request to admit certain documents relating to transactions no longer at issue in this case, purportedly to show agency or Defendants' knowledge thereof, ECF No. 589, at 2-3, is DENIED, substantially for the reasons set forth in Defendants' response, *see* ECF No. 601, at 1-3.  Simply put, none of the proffered exhibits fall within the category of evidence concerning dismissed claims that the Court previously held may be admitted, namely evidence that is "relevant to the questions of 'what Defendants understood about Bouvier's art market activities, including as to confidentiality, or his relationship to Rybolovlev,'" and is "not introduced to 'show wrongdoing in connection with . . . the dismissed-claim transactions.'"  ECF No. 577, at 4.  To the extent that the proffered exhibits have any probative value with respect to such matters, it is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and waste of time.  *See* Fed. R. Evid. 403.

Accent Delight's request to admit evidence relating to the 2014 and 2015 valuations that the Court has already excluded is also DENIED, again substantially for the reasons set forth in

Defendants' briefing. *See* ECF No. 601, at 3-5; *see also* ECF No. 577, at 4; ECF No. 580, at 1.[1] The only basis Accent Delight provides as potential grounds for reconsideration of the Court's prior decisions on this front is its argument that recently produced documents reflecting an email exchange between Bersheda and Levine "fundamentally alter the analysis" because they reveal that, "[b]y March 9, 2015, . . . Sotheby's knew that Bouvier had given those valuations to Accent [Delight]." ECF No. 589, at 5. But these documents "were sent or received by Plaintiff's own lawyer," ECF No. 601, at 3, and thus do not qualify as newly discovered evidence.[2] In any event, the documents do not provide cause for reconsideration, particularly because they do not even purport to undermine the Court's earlier finding — in support of excluding the at-issue valuations — that there is "little evidence that Sotheby's intentionally manipulated the valuations" at issue. ECF No. 580, at 1 (quoting ECF No. 510 ("SJ and *Daubert* Op."), at 31). Absent such evidence, "Sotheby's actions in providing valuations to its client do not support equitable estoppel." SJ and *Daubert* Op. 31.

On top of that, Levine's alleged non-response does not qualify as the sort of "specific, affirmative misrepresentation" required to show equitable estoppel in the absence of a fiduciary duty. *See Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 444-47 (S.D.N.Y. 2014) (rejecting equitable estoppel as a matter of law even where the plaintiffs reported abuse to the defendants and

---

[1] In its Order dated January 2, 2024, the Court deferred judgment on the admissibility of certain exhibits that Defendants indicated they did "not plan to proffer" unless evidence of the 2014 and 2015 valuations was deemed admissible. *See* ECF No. 613, at 4 n.2; *see also* ECF No. 584, at 14. Because the Court rejects Accent Delight's request to reconsider its decision as to these valuations, it need not and does not consider the admissibility of those exhibits.

[2] Accent Delight contends that it "did not have the notice necessary to re-review the thousands of Bersheda emails withheld categorically as privileged to find these." ECF No. 612, at 3. As Defendants correctly point out, however, prior productions and filings plainly referred to communications between Bersheda and Levine in 2015, even if they did not specifically reference these documents. ECF No. 601, at 3.

were allegedly "'informed or led to believe' that their 'complaint[s] w[ere] baseless'"); *Gleason v. Spota*, 599 N.Y.S.2d 297, 299 (2d Dep't 1993) ("Where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship . . . ."). The rationale underpinning equitable estoppel is that "[a] defendant/wrongdoer cannot take affirmative steps to prevent a plaintiff from bringing a claim and then assert the statute of limitations as a defense." *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006). Failing to respond to an email request does not qualify as such an "affirmative" step. *City of Almaty v. Sater*, 503 F. Supp. 3d 51 (S.D.N.Y. 2020), the principal case cited by Accent Delight, does not suggest, let alone hold, otherwise. The court there merely held that the plaintiffs' allegations were "enough at the pleading stage to plausibly support the application of equitable estoppel." *Id.* at 67. Notably, the allegations included "three broad categories of deceptive conduct": an "overarching strategy to obscure the source of the funds [at issue] and specific fraudulent misrepresentations designed to evade detection by the [plaintiffs'] investigators"; a settlement agreement that the defendant had entered into, "which kept from public view his role in the transaction and receipt of stolen funds"; and the defendant's "active[] conceal[ment]" from the plaintiffs' investigators of "his role in the money-laundering activities and that he had received stolen funds." *Id.* In other words, the plaintiffs explicitly alleged that the defendants had taken "affirmative steps" to conceal their wrongdoing.

Accordingly, Accent Delight's renewed equitable estoppel arguments are unavailing, and its request to revive its breach of fiduciary duty claim with respect to the Klimt, *see* ECF No. 589, at 5; ECF No. 612, at 3, is also DENIED.

SO ORDERED.

Dated: January 3, 2024
New York, New York

JESSE M. FURMAN
United States District Judge