# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

January 5, 2024

*Via ECF*

Hon. Jesse M. Furman
United States District Judge
U.S. Courthouse, 40 Foley Square
New York, NY 10007

   Re: *Accent Delight Int'l Ltd, v. Sotheby's et al.*, No. 18-cv-9011

Dear Judge Furman:

  Further to the Court's decision at the Final Pretrial Conference, Accent Delight proposes the following statements for presentation to the jury during Accent Delight's opening statement:

(1) For its claim of aiding and abetting fraud for each of the five transactions at issue, Accent Delight must show that Sotheby's had actual knowledge of Bouvier's alleged fraud in connection with that transaction, meaning that Sotheby's actually knew that Bouvier was committing a fraud.
 a. Actual knowledge can be established with circumstantial evidence.

(2) For its claim of aiding and abetting fraud for each of the five transactions at issue, Accent Delight must show that Sotheby's substantially assisted Bouvier's fraud.
 a. Substantial assistance exists where the defendant affirmatively assists or helps conceal the fraud, and those actions caused Accent Delight to suffer harm.

(3) For its claim of aiding and abetting fraud for each of the five transactions at issue, Accent Delight must show that Bouvier committed fraud, including that it relied on a false statement made by Bouvier in connection with that transaction. Accent Delight must also show that its reliance on Bouvier's false statement was reasonable.

(4) Accent Delight and Sotheby's have agreed or stipulated that Bouvier made false statements of fact to Accent Delight about negotiations that never occurred.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

(5) For its aiding and abetting fraud claim, Accent Delight must establish that it was harmed and suffered a monetary loss, which is the difference between the value of what it gave up and the value of what it received. The best evidence of the value of the artwork Accent Delight purchased is the amount that Bouvier paid to the sellers of those works.

(6) For its claim of aiding and abetting breach of fiduciary duty in connection with the Da Vinci, Accent Delight must show that a fiduciary relationship existed been Accent Delight and Bouvier and that Bouvier breached his fiduciary duty.

(7) For its claim of aiding and abetting breach of fiduciary duty in connection with the Da Vinci, Accent Delight must show that Sotheby's knowingly induced or participated in Bouvier's alleged breach of fiduciary duty.
   a. A fiduciary relationship exists between two people or entities when one of them is under a duty to act for or to give advice for the benefit of the other upon matters within the scope of that relationship. An agent is one kind of fiduciary that owes a duty to his principal.

(8) For its claim of aiding and abetting breach of fiduciary duty in connection with the Da Vinci, Accent Delight was required to file this claim by May 3, 2016. Accent Delight is excused from doing so if it can establish that Sotheby's conduct prevented Accent Delight from filing this claim on time. Accent Delight must show that: first, an affirmative misrepresentation by Sotheby's, which Accent Delight relied upon, prevented it from filing the claim on time; and second, that Accent Delight was diligent in seeking the facts underlying its claim.

(9) Any resales by Accent Delight of the artworks are not relevant to the calculation of damages.

Respectfully,

*/s/ Daniel J. Kornstein*
Daniel J. Kornstein

cc:   All Counsel of Record

4881-8715-0489, v. 4