# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

| | | |
|---|---|---|
| JONATHAN S. ABADY<br>MATTHEW D. BRINCKERHOFF<br>ANDREW G. CELLI, JR.<br>RICHARD D. EMERY<br>DEBRA L. GREENBERGER<br>DIANE L. HOUK<br>DANIEL J. KORNSTEIN<br>JULIA P. KUAN<br>HAL R. LIEBERMAN<br>ILANN M. MAAZEL<br>KATHERINE ROSENFELD<br>ZOE SALZMAN<br>SAM SHAPIRO<br>EARL S. WARD<br>O. ANDREW F. WILSON | ATTORNEYS AT LAW<br>600 FIFTH AVENUE AT ROCKEFELLER CENTER<br>10TH FLOOR<br>NEW YORK, NEW YORK 10020<br><br>TEL: (212) 763-5000<br>FAX: (212) 763-5001<br>www.ecbawm.com | MONDAIRE JONES<br>VASUDHA TALLA<br><br>ERIC ABRAMS<br>DAVID BERMAN<br>NICK BOURLAND<br>DANIEL M. EISENBERG<br>ARIADNE M. ELLSWORTH<br>SARA LUZ ESTELA<br>LAURA S. KOKOTAILO<br>SONYA LEVITOVA<br>SARAH MAC DOUGALL<br>SANA MAYAT<br>HARVEY PRAGER<br>VIVAKE PRASAD<br>MAX SELVER<br>EMILY K. WANGER |

January 7, 2024

*Via ECF*

Hon. Jesse M. Furman
United States District Judge
U.S. Courthouse, 40 Foley Square
New York, NY 10007

      Re:    *Accent Delight Int'l Ltd, v. Sotheby's et al.*, No. 18-cv-9011

Dear Judge Furman:

      We write on behalf of Accent Delight in response to Sotheby's January 6 letter regarding the legal framework that the parties may describe in their opening statements. The parties now agree on Plaintiff's Proposed Statements 4, 5, and 8. But Sotheby's opposition to portions of Proposed Statements 1, 2, 7, and 9 are improper. The disputed portions are necessary and should be permitted.

      Having sought and won the unusual opportunity to present its own perspective on contested legal principles to the jury in its opening, Sotheby's should be foreclosed from preventing Accent Delight from presenting concise additional statements of black letter law that are critical to understanding those same principles. The Court should reject Sotheby's attempt to set the terms of this trial by coloring the jury's view of the evidence with an unduly limited presentation of the relevant law during opening statements.

      Contrary to Sotheby's arguments, all of its statements of the law invade the province of the Court, because any statements of law do. Nor can Sotheby's draw a line between legal rules it claims are necessary for the jury to "understand the evidence" and those that are not. An incomplete statement of the law is far worse than saying nothing at all: it leaves the jury to fill in the gaps with incorrect assumptions and expectations about what evidence Accent Delight must present to succeed on its claims. To have a jury begin trial and receive evidence with these misapprehensions would be deeply prejudicial to Accent.

      Each of the four disputed statements should be permitted. The disputed phrases are

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

necessary to balance the impression left from Sotheby's formulations of the same issues.

**Plaintiff's Statement (1)**

Disputed Portion: "Actual knowledge can be established with circumstantial evidence."

Plaintiff's Response: If the jury is told (as Sotheby's desires) that Accent Delight must prove "actual knowledge," and then is told by Sotheby's in its opening statement that none of the evidence they will hear shows "actual knowledge," the jury will infer that actual knowledge must be shown through direct evidence. That is not the law. If Sotheby's can present the standard of "actual knowledge," then the jury should also be told that such knowledge can be shown through circumstantial evidence. *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 346 F. Supp. 3d 473, 487 (S.D.N.Y. 2018) ("[C]ircumstantial evidence can be sufficient to support a finding of actual knowledge"). Otherwise, the jury will begin trial with the misguided assumption and expectation that Accent Delight will and must show direct evidence that Sotheby's knowledge. The jury will hear, but disregard, the powerful circumstantial evidence of actual knowledge, assuming incorrectly that such evidence is insufficient to show actual knowledge. The jury cannot be left with an incomplete understanding of the law, which it fills in with its own misunderstandings or assumptions.

**Plaintiff's Statement (2)**

Disputed Portion: Substantial assistance exists where the defendant affirmatively assists or helps conceal the fraud, and those actions caused Accent Delight to suffer harm.

Plaintiff's Response: If, as Sotheby's proposes, the jury is to be instructed on "substantial assistance," it should be instructed that substantial assistance includes not only "affirmative assistance" but also where the defendant "helps conceal"—a form of assistance that the jury might not otherwise assume would suffice. *Nathel v. Siegal*, 592 F. Supp. 2d 452, 468-69 (S.D.N.Y. 2008) ("substantial assistance occurs 'when a defendant affirmatively assists, or helps conceal, or fails to act when required to do so, thereby enabling the fraud . . . to occur.'"). Given the evidence in this case, it is critical that the jury understand that "concealment" is a form of substantial assistance.

**Plaintiff's Statement (7)**

Disputed Statement: "A fiduciary relationship exists between two people or entities when one of them is under a duty to act for or to give advice for the benefit of the other upon matters within the scope of that relationship. An agent is one kind of fiduciary that owes a duty to his principal."

Plaintiff's Response: If Sotheby's is permitted to instruct the jury that Accent Delight must prove a breach of fiduciary duty, without also explaining what a fiduciary or a fiduciary duty is, it will be more harmful than helpful for the jury to understand the evidence. Jurors may be unfamiliar with the concept of a fiduciary, or what a fiduciary duty consists of. Without some information about what a fiduciary must do, or how a fiduciary is usually known (e.g., as an

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

agent), the jury may make incorrect assumptions about what obligations a fiduciary does or does not owe his principal. The jury will then take in the evidence using those incorrect assumptions, which will prejudice Accent Delight. Therefore, Accent Delight has offered two simple sentences to provide a term that the jury has likely heard before ("agent") and a description of the basic duty of a fiduciary: "A fiduciary relationship exists between two people or entities when one of them is under a duty to act for or to give advice for the benefit of the other upon matters within the scope of that relationship." *Roni LLC v. Arfa*, 18 N.Y.3d 846, 848 (2011).

**Plaintiff's Statement 9**

Disputed Statement: "Any resales by Accent Delight of the artworks are not relevant to the calculation of damages."

Plaintiff's Response: It is particularly important that the jury understand the relevance of the Da Vinci's 2017 resale price. Sotheby's clearly intends to present the jury with that resale price during its opening statement. The Court has already ruled that the resale price may be considered only for one limited issue: whether Sotheby's January 2015 valuation was reasonable. Dkt. 620. But without an appropriate limiting instruction, the jury will use that price for whatever purposes it believes to be relevant, including whether Accent Delight suffered damages. For that reason, the Court should permit Accent Delight to tell the jury "Any resales by Accent Delight of the artworks are not relevant to the calculation of damages."

\* \* \* \* \*

If Sotheby's is permitted to present its framing of the legal principles governing this trial in its opening, then Accent should be permitted the curative right to submit the four additional statements submitted here to balance the jury's views of those same principles.

    Respectfully,

    */s/ Daniel J. Kornstein*
    Daniel J. Kornstein

cc:    All Counsel of Record