# Arnold & Porter

Marcus A. Asner
+1 212.836.7222 Direct
Marcus.Asner@arnoldporter.com

January 8, 2024

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:   *Accent Delight International Ltd. v. Sotheby's et al.*, 18 Civ. 9011

Dear Judge Furman:

We write respectfully on behalf of Defendants in response to Plaintiff's letter dated January 7, 2024 seeking to preclude (1) Defendants from introducing into evidence the identity of the seller of Da Vinci's *Salvator Mundi* in 2017, and (2) any evidence of the resale price except through the testimony of Harry Smith.  *See* ECF No. 632.

Defendants do not intend to elicit testimony regarding the 2017 auction price from any witness other than Smith, and so do not oppose Plaintiff's request (2) above. However, Plaintiff's request to preclude introduction of the fact that Accent Delight and Dmitry Rybolovlev sold the Da Vinci in 2017 should be denied for the reasons set out below.

Plaintiff once again seeks to revisit one of the Court's prior rulings on the eve of trial.  Plaintiff previously challenged Defendants' ability to introduce evidence showing that Plaintiff/Rybolovlev was the consignor of the Da Vinci at its auction in 2017 as part of Plaintiff's motion to exclude non-price resale evidence.  *See* ECF No. 594 (P's Supp. Mem.), at 16 (arguing that introduction of the Da Vinci and Magritte auction catalogues would "stir jury speculation about the results of those auctions and what Accent may have achieved as a result—conjecture about profits and losses from resales of the works that is entirely irrelevant to the issues and damages the jury will be asked to consider"); *id.* at 18 (arguing that "statements about the counterparty for the Da Vinci auction have no relevance to any issue in the case, and Sotheby's has failed to explain why it should be relevant.").  The Court rejected that challenge.  *See* ECF No. 613, at 4 ("[T]he Court holds that the non-price resale evidence is admissible, substantially for the reasons set forth in Defendants' brief.").  The Court should do the same with Plaintiff's latest rehashing of its arguments.

As explained in Defendants' opposition to Plaintiff's first attempt to preclude evidence showing that Plaintiff/Rybolovlev consigned the Da Vinci at its 2017 sale, the fact that it was Plaintiff/Rybolovlev who consigned the artwork is in fact highly probative evidence that rebuts several of Plaintiff's allegations.  Plaintiff's fraud claim related to

**Arnold & Porter**

The Honorable Jesse M. Furman
January 8, 2024
Page 2

the November 2014 auction of Modigliani's *Tête* rests on the allegation that Defendants intentionally prepared the auction catalogue for that sale "to trick Plaintiff into not realizing it was Bouvier who had consigned the piece, and that it did so by 'omitting' Bouvier's name from the provenance of the artwork and from the property designation." ECF No. 585, at 12; *see also* ECF No. 510, at 47–48 (finding that, construed in the light most favorable to Plaintiff, Valette's correspondence regarding the preparation of the *Tête* auction catalogue materials "supports the inference that Valette knew Bouvier was not disclosing all relevant information to Plaintiffs in connection with the November 2014 auction of the Modigliani, including the fact that he had previously purchased the sculpture."), *id.* at 55–56 (ruling that a reasonable jury could find that "Sotheby's prepared the auction materials" pertaining to the *Tête* that "intentionally omitted mention of Blancaflor"). That Plaintiff itself followed the same practices as Defendants in marketing the Da Vinci in 2017 is powerful evidence showing that "Plaintiff well understood, and had its own reasons for embracing, the industry norm of auction houses that the seller is *not named in catalogues*," and undermines Plaintiff's claim that Defendants acted with fraudulent intent in preparing the November 2014 *Tête* auction catalogue. *See* ECF No. 585, at 12–13. Plaintiff does not even address the clear relevance of this fact (or Defendants arguments in successfully seeking to admit the Da Vinci auction catalogue) in its recent motion to preclude. *See* ECF No. 632.

Moreover, and as the Court has also already ruled (in allowing Defendants to proffer DX-176), evidence showing that Rybolovlev himself was in fact the consignor of the Da Vinci at the 2017 auction for that work is relevant to rebutting Plaintiff's repeated assertion that Rybolovlev was merely a "representative" of Plaintiff and not, as Defendants contend, the real owner of the artworks. *See* ECF No. 585, at 15; ECF No. 613, at 4. Plaintiff's (*i.e.*, Rybolovlev's) decisions to acquire the artworks at issue in this case and its (*i.e.*, Rybolovlev's) relationship to Bouvier will be key issues at trial, and the jury should learn that it was Rybolovlev who in fact truly owned the artworks (through trusts he created) and was Plaintiff's controlling decisionmaker. Evidence showing that Rybolovlev personally consigned the Da Vinci at the 2017 auction is the only direct evidence in the record showing Rybolovlev's personal ownership of any artwork at issue, and is necessary to rebut Rybolovlev's claim that he was merely a servant of Accent Delight who was delegated authority to act on Plaintiff's behalf. *See* ECF No. 418, 1 ("Plaintiffs gave me powers of attorney to act on their behalf to buy and sell artwork[.]"). Plaintiff's objections to Defendants' opening statement demonstrative alone make clear that Plaintiff plans to continue disclaiming that Rybolovlev is the true party-in-interest in this litigation. *See* Jan. 4 Hr'g Tr. 35:20–25 ("They have used Mr. Rybolovlev's name, instead of plaintiff Accent [Delight]'s name in some of their demonstratives in a way we think is not an accurate reflection of the evidentiary record, and also confusing to the jury, because you're going to instruct them that the plaintiff is Accent Delight."). That is

# Arnold & Porter

The Honorable Jesse M. Furman
January 8, 2024
Page 3

Plaintiff's choice to make, but they cannot prevent Defendants from offering relevant evidence to the contrary.

  Plaintiff's request to reconsider the Court's January 2 Order should be denied, and Defendants should be allowed to cross-examine Plaintiff regarding evidence showing that Rybolovlev consigned the Da Vinci at auction in 2017 and did so following the same art market practices that Plaintiff claims were suspect when followed by Defendants. Evidence regarding the price at which Plaintiff resold the Da Vinci in 2017 will be admitted pursuant to a limiting instruction that the price cannot be considered for any reason other than assessing the reasonableness of Sotheby's UK's 2015 insurance valuation, which will guard Plaintiff from any prejudice resulting from the jury learning that Plaintiff/Rybolovlev was the consignor of that artwork.

  We thank the Court for its consideration of this letter.

               Respectfully,

               /s/ Marcus A. Asner
               Marcus A. Asner

cc:  All Counsel of Record