# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

January 17, 2024

*Via ECF*

Hon. Jesse M. Furman
United States District Judge
U.S. Courthouse, 40 Foley Square
New York, NY 10007

      Re:    *Accent Delight Int'l Ltd, v. Sotheby's et al.*, No. 18-cv-9011

Dear Judge Furman:

Accent Delight writes to (i) preclude Sotheby's from eliciting testimony from Sanford Heller about insurance policies for Rothko's *No. 6* (DX-188 and DX-246), and (ii) preclude his lay-estimates of several of the works (DX-257 and DX-258), or if admitted, require the exhibits to be completed. These documents contain later-in-time valuations that are irrelevant, unduly prejudicial, and unsupported by expert testimony explaining how they "relate to or are reflective of the value at the relevant time," 11/28/2021 Tr. at 28:10-16; *see also id.* at 28:20-29:2.

### i. Insurance Policies: DX-188 and DX-246

Neither the insurance policies Accent Delight obtained for the Rothko for various periods between February 24, 2015 and February 23, 2021 (DX-188), nor Mikhail Sazonov's email requests for coverage (DX-246) should be admitted. Both are unnecessary to determine ownership of the Rothko because Accent Delight has stipulated it became the owner on September 8, 2014. *See* PX-472 (stipulation #11). They do not show the value of the Rothko when Accent Delight traded in the *Tête* in September 2014 because, as both parties' experts have noted, insurance values are higher than fair market value. Dkt. 397-3 ("Smith Rep.") at ¶ 36; Sainty Dep. Tr. at 349:22-350:4. There is no expert or lay witness who has analyzed the insurance coverage of the Rothko and can explain if or how that insurance value relates to the work's actual value. There is no foundation to suggest that insurance coverage from as late as February 2021 relates to the work's actual value six years earlier in September 2014. Finally, these documents have no bearing on the Da Vinci valuation. *Cf.* Dkt. 585 at 14. Accent alleges Sotheby's January 2015 Da Vinci valuation was inflated, at Bouvier's request, to match what

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

Accent Delight paid for the work and thereby hid both Bouvier's and Sotheby's wrongful conduct. But there is no foundation for Sotheby's argument—that somehow Accent's insurance coverage was also unreasonably excessive—and there are too many differences between the Da Vinci valuation and the Rothko insurance policies to make a relevant connection.

### ii. Lay Estimates: DX-257 and DX-258

Sanford Heller's January 2015 emails stating what he believed to be the "market [value] then" of various Accent and Xitrans works (DX-257 and DX-258) should not be admitted. Sotheby's has redacted all of Heller's estimated values except for the Rothko, but Heller gave estimates for other, relevant works. DX-257 (Da Vinci: $80 million in May 2013, Magritte: $12.5 million in December 2011; Klimt: $135 million in October 2012; and Modigliani: $50 million in January 2013). These exhibits are of questionable relevance and likely to confuse the jury, as they were made months after Accent purchased the Rothko and without explanation of how and why Heller arrived at those figures.

Should the Court admit these exhibits, they should be presented to the jury without selective redaction. Sotheby's redactions of the other relevant works should be removed under the rule of completeness. Fed. R. Evid. 106; *United States v. Htut*, No. 22-CR-671 (NSR), 2023 WL 4399049, at *8 (S.D.N.Y. July 7, 2023) (requiring admission of excised portions of defendant's FBI interview). Sotheby's cannot "cherry pick the statements it wants to admit on the issue of [damages] and create a skewed picture of the facts." *United States v. Gotti*, 457 F. Supp. 2d 395, 399 (S.D.N.Y. 2006) (rejecting selective admission of recordings). Since Sotheby's will argue Heller's estimate of the Rothko represents its actual value at the time of the fraudulent transaction, Accent Delight should be permitted to offer Heller's estimates on the other works to place his Rothko estimate in context—Heller was offering estimates before he knew what Bouvier actually paid for these works, and his estimates were both lower and higher than what Bouvier paid. Sotheby's should not be permitted to mislead the jury by suggesting that Accent's art advisor does not support its damages arguments, while in fact, Heller agreed in several instances that what Bouvier paid was the actual value of the work at the time of the fraudulent transactions.

Respectfully,

*/s/ Daniel J. Kornstein*
Daniel J. Kornstein

cc.   All Counsel of Record