UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                                          :

ACCENT DELIGHT INTERNATIONAL LTD.,       :
                                                            :

                             Plaintiff,        :                18-CV-9011 (JMF)
                                                            :

                       -v-                  :                  ORDER
                                                            :

SOTHEBY'S, INC. et al.,                        :
                                                            :

                             Defendant.     :
                                                              :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached to this order are the following:

- **Court Exhibit 1**, which is the *voir dire* questionnaire that was used in the process of jury selection, conducted on the record on January 8, 2024;
- **Court Exhibit 2**, which is a draft pre-summation instruction that was considered at the charge conference held on the record on January 29, 2024; and
- **Court Exhibit 3**, which is the draft jury charge that was considered at the charge conference held on the record on January 29, 2024.

      SO ORDERED.

Dated: January 29, 2024
       New York, New York

                                                JESSE M. FURMAN
                                      United States District Judge

**COURT EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- X
                                             :

ACCENT DELIGHT INTERNATIONAL LTD.,       :
                                             :

                 Plaintiff,              :

                                             :       18-CV-9011 (JMF)

          -v-                    :

SOTHEBY'S et al.,                      :       <u>VOIR DIRE</u>

                                           :

               Defendants.            :

---------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:


## <u>PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON</u>

## <u>THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO</u>

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question.  If your answer to a question is "**no**," you should not do anything.  Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which your answer is "yes."  If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.    <u>General Questions</u>

 1. As I noted, this trial could last up to approximately six weeks.  Do you have any unmovable commitments or extraordinary personal hardships that would interfere with your serving as a juror at a trial that is expected to end by Friday, February 16, 2024?

 2. Do you have any difficulty understanding or reading English?

 3. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

 4. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

 5. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or entity?

 6. Have you, or has any close friend or relative of yours, ever studied or practiced law or worked in any capacity for a law office or a court?

B.    <u>Case-Specific Questions</u>

 7. Do you have any personal knowledge of this case?

 8. Have you heard or read anything about the claims in this case as I have described them?

 9. Have you read or heard anything about Leonardo da Vinci's painting, *Salvator Mundi*?

10.     Have you, or has anyone close to you, ever worked in or received training or education in:

    a.   The art world, including but not limited to buying or selling art, curating art in a museum or exhibit, and art history?

    b.   Obtaining or generating appraisals or valuations for art or other property?

    c.   Buying or selling property (such as real estate, stocks, securities, or art) on behalf of another, as an agent, broker, or fiduciary?

11.     Have you, or has anyone close to you, ever been a collector of art, antiques, or other fine collectibles, such as cars, stamps, coins, books, or wine, for example?

12.     If you, or anyone close to you, has ever purchased or sold a piece of art — whether that is a painting, print, sculpture, photograph, or something similar — is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

13.     If you, or anyone close to you, has ever purchased or sold something at an auction, is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

14.     During this trial, I expect you to hear testimony in Russian and French.  Do you understand Russian or French?  (If so, will you have any difficulty following my instruction that you must accept as accurate the translation that will be provided to you of any testimony given in a foreign language?)

15.     You may hear testimony from expert witnesses.  Have you had any experiences with expert witnesses, or do you have any general feelings about the use of expert witnesses, that would affect your ability to be fair and impartial in this case?

16.     Do you have any reason to think that you could not sit fairly and impartially as a juror in this case?

B.    <u>Knowledge of Parties, Lawyers, and Witnesses</u>

17.    The Plaintiff, Accent Delight International Ltd., is represented by attorneys Daniel J. Kornstein, O. Andrew F. Wilson, Zoe Salzman, Sarah Mac Dougall, and Ariadne Ellsworth of the law firm Emery Celli Brinckerhoff Abady Ward & Maazel.  They will be assisted during trial by Lyra (Lauren) Straley, Toby Shore, Bilya Lokova, Patricia Elena Pick, Yana Agoureev, and Jill Leibold.  Do you know, or have you had any personal or business dealings with, any of these lawyers and support staff or their law firm?

18.    The Defendants, Sotheby's and Sotheby's Inc., are represented by attorneys Marcus A. Asner, Sara L. Shudofsky, Bendamin C. Wolverton, Yiqing Shi, and Sahrula Kubie of the law firm Arnold & Porter LLP; and Neal Katyal, Will Havemann, Kristina Alekseyeva, and Natalie Salmanowitz of the law firm Hogan Lovells LLP.  Karen Young and Aimee Scillieri of Sotheby's will also be present as party representatives.  Defendants' attorneys will be assisted during trial by Dan Bupp, Renata Politanski, Martin Kald, and Mariana Lee.  Do you know, or have you had any personal or business dealings with, any of these lawyers and support staff or their law firms?

19.    Have you, or has your employer or anyone close to you, ever done business with Accent Delight International Ltd., Dmitry Rybolovlev, or any Sotheby's entity?

20.    Do you have any knowledge, opinions, feelings, or impressions about Plaintiff Accent Delight International Ltd., its owner Dmitry Rybolovlev, Yves Bouvier, or the Sotheby's Defendants, that would affect your ability to be a fair and impartial juror in this case?

21.    More generally, do you have any opinions or feelings — positive or negative — about participants in the fine art market that would affect your ability to be a fair and impartial juror in this case?

22.     Some of the individuals and entities involved in this case are citizens of or do business in foreign countries, including Russia, Switzerland, the United Kingdom, France, and Monaco.  Would that affect your ability to be a fair and impartial juror in this case?

23.     Do you know or have you heard of any of the following people or institutions who may testify or whose names may be mentioned during the course of the trial?  (If so, circle the name.)

| | | |
|---|---|---|
| a. Bill Acquavella | z. Sanford Heller | yy. Robert Simon |
| b. Nicholas Acquavella | aa. Philip Hook | zz. Harry Smith |
| c. Warren Adelson | bb. Mari-Claudia Jimenez | a0. Rose Stella |
| d. Nisha Amin | cc. Olga Khorobrykh | a1. Dario Tabladini |
| e. Eric Bechenit | dd. Jane Levine | a2. Tsutomu Takashima |
| f. Alexander Bell | ee. Michael Macaulay | a3. Holli Taylor |
| g. Tetiana Bersheda | ff. Helena Newman | a4. Samuel Valette |
| h. Gregoire Billault | gg. Jonathan Olsoff | a5. Bruno Vinciguerra |
| i. Yuri Bogdanov | hh. Alex Parish | a6. Guy Wildenstein |
| j. Thomas Bompard | ii. Jean-Marc Peretti | a7. Robert Wittman |
| k. Marc Bonnard | jj. Marina Phelan | a8. Henry Wyndham |
| l. Yves Bouvier | kk. Joachim Pissarro | a9. Mitchell Zuckerman |
| m. Thomas Boyd-Bowman | ll. Lionel Pissarro | a10. AC Monaco Football Club |
| n. Brian Cattell | mm. Alexander Platon | a11. Acquavella Galleries |
| o. Sergey Chernitsyn | nn. Richard Purchase | a12. Arrow Fine Art LLC |
| p. Melanie Clore | oo. Tania Rappo | a13. Blancaflor Investments Ltd. |
| q. Steve Cohen | pp. Bill Ruprecht | a14. Eagle Overseas Co. Ltd. |
| r. Daisy Edelson | qq. Dmitry Rybolovlev | a15. Giraud, Pissarro, Ségalot |
| s. Simona Fedele | rr. Ekaterina Rybolovleva | a16. Heller Group |
| t. Larry Gagosian | ss. Elena Rybolovleva | a17. Kinsride Finance Ltd. |
| u. James Gallon | tt. Guy Stair Sainty | a18. MEI Invest Ltd. |
| v. Florent Giacobino | uu. Michael Sazonov | a19. Natural le Coultre |
| w. Franka Haiderer | vv. Antonia Serra | a20. Rigamora Holdings Ltd. |
| x. Seth Harrison | ww. Simon Shaw | a21. Wildenstein & Co. Gallery |
| y. Ashton Hawkins | xx. Lucian Simmons | a22. Xitrans Finance Ltd. |

24.     Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

C.     <u>Experience with, and Opinions of, Lawsuits</u>

25.     If you or any member of your immediate family has ever brought a lawsuit against anyone or been sued, would that experience affect your ability to be fair and impartial in this case?

26.     Do you believe that simply because someone brings a lawsuit that must mean the person deserves to get money?

27.     In general, do you believe there should be "caps" or limits on the amount of money juries can award in lawsuits?

28.     Have you, or has any member of your immediate family, ever appeared as a witness either at a trial or in a grand jury investigation?


D.      Difficulties in Understanding or Serving

29.     Do you have any problem with your hearing or vision, or any physical or medical issues (including any medication you may be taking), that would prevent you from giving your full attention to all of the evidence presented during this trial?

30.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case, and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?

## QUESTIONS FOR INDIVIDUAL JURORS

1.  Please state your name.

2.  In which county or counties have you lived during the past five years?

3.  How old are you?

4.  How far did you go in school?

5.  What do you do?  (If retired or unemployed, describe your last employment).

6.  How long have you been employed in your current position?  (If fewer than five years, where else did you work in the last five years?)

7.  Do you live with anyone and, if so, what do they do?

8.  Do you have grown children?  What do they do?

9.  Where do you typically get your news?  For example, what print newspapers, magazines, television shows, radio shows, podcasts, internet news site(s), or apps do you read, watch, or listen to on a regular basis?

10. Do you belong to or volunteer your time to any associations, organizations, clubs, or unions?

11. What do you like to do in your spare time?

12. Have you ever served as a juror?  If so, when did you serve and was it a civil or criminal case?  Were you the foreperson?  Did you reach a verdict?  (**Do not tell us what the verdict was**.)

**COURT EXHIBIT 2**

## INSTRUCTION BEFORE SUMMATIONS

1    Before we proceed to the parties' summations, I wanted to note a couple things.

2    You have heard evidence concerning the 2014 auction of Amodeo Modigliani's *Tête*.

3 You will not be asked to deliberate with respect to any claim concerning that auction and, thus,

4 should disregard any evidence relating only to the auction.  Nor will you be asked to deliberate

5 with respect to Plaintiff's claim for aiding and abetting breach of fiduciary duty regarding the

6 sale of Leonardo da Vinci's *Salvator Mundi*.  Thus, you should disregard any evidence relating

7 only to that claim; that includes all evidence concerning Sotheby's 2015 insurance valuation of

8 the painting as well as evidence concerning its auction sale price in 2017.  The only claims as to

9 which you will be asked to deliberate are the claims for aiding and abetting fraud with respect to

10 Plaintiff's purchases of René Magritte's *Le Domaine d'Arnheim*, Gustav Klimt's

11 *Wasserschlangen II*, Modigliani's *Tête*, and da Vinci's *Salvator Mundi*.  You should not speculate

12 as to why you are not being asked to deliberate as to the other matters; that is completely

13 irrelevant for your purposes.

**COURT EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                              :

ACCENT DELIGHT INTERNATIONAL LTD.    :

                        Plaintiff,    :

                                                :

             -v-                    :

                                                :         18-CV-9011 (JMF)

SOTHEBY'S, INC. et al.,    :

                                                :

                      Defendants.    :

                                                :
--------------------------------------------------------------------X

# JURY CHARGE

January 30, 2024

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ...................................................................... 3

    Role of the Court and the Jury ........................................................................................... 4

    The Parties ......................................................................................................................... 4

    Persons Not on Trial ......................................................................................................... 4

    Conduct of Counsel .......................................................................................................... 5

    Direct and Circumstantial Evidence ................................................................................. 5

    Limited Purpose Evidence ................................................................................................ 6

    What Is and What Is Not Evidence ................................................................................... 6

    Charts and Summaries ....................................................................................................... 8

    Demonstratives ................................................................................................................. 9

    Depositions ....................................................................................................................... 9

    Official Translations ......................................................................................................... 9

    Credibility of Witnesses .................................................................................................. 10

    Prior Inconsistent Statements ......................................................................................... 11

    Knowledge and Conduct of Corporate Employees ......................................................... 12

    Parent Company Responsibility for Subsidiaries ........................................................... 12

    Expert Witnesses ............................................................................................................. 13

    All Available Evidence Need Not Be Presented .............................................................. 14

    Burden of Proof ............................................................................................................... 15

II. SUBSTANTIVE ISSUES .............................................................................................. 15

    Aiding and Abetting Fraud: Elements .............................................................................. 16

    First Element: Existence of a Fraud ................................................................................. 17

    Second Element: Knowledge of the Fraud ....................................................................... 20

    Third Element: Substantial Assistance in the Fraud ........................................................ 21

    Knowledge ....................................................................................................................... 21

III. DAMAGES ................................................................................................................... 23

    Damages Generally .......................................................................................................... 23

    Compensatory Damages ................................................................................................... 23

    Currency .......................................................................................................................... 25

    Punitive Damages ............................................................................................................ 25

IV. CONCLUDING INSTRUCTIONS ............................................................................... 26

    Selection of Foreperson ................................................................................................... 26

    Sending Notes .................................................................................................................. 27

    Right to See Exhibits and Hear Testimony ...................................................................... 27

    Juror Note-Taking ........................................................................................................... 28

    Duty to Deliberate ........................................................................................................... 28

    Return of the Verdict ....................................................................................................... 29

    Closing Comments .......................................................................................................... 30

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points.  Please limit yourself to following along; that is, as tempting as it may be, do *not* read ahead in the instructions.  If you find it easier to listen and understand while you are following along with me, please do so.  If you would prefer, you can just listen and not follow along.

In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow.  But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the written charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1

2    <u>Role of the Court and the Jury</u>

3           You, the members of the jury, are the sole and exclusive judges of the facts.  You must

4    weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against

5    any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as

6    you determine them.  If either party has stated a legal principle differently from any that I state to

7    you in my instructions, it is my instructions that you must follow.

8

9    <u>The Parties</u>

10          As you know, the Plaintiff in this case is a company called Accent Delight International

11   Ltd., owned by a trust established for a man named Dmitry Rybolovlev and his family, and the

12   two Defendants are Sotheby's and its subsidiary Sotheby's, Inc.  In reaching your verdict, you

13   must remember that all parties stand equal before a jury in the courts of the United States.

14   Neither party is entitled to any greater or lesser consideration by you.  The fact that the parties

15   are entities is irrelevant.  So too, it is also irrelevant that some of the entities in this case are

16   foreign entities and that Mr. Rybolovlev is a foreign national.  All litigants are equal before the

17   law and each party in this case is entitled to the same fair consideration that you would give any

18   other party.

19

20   <u>Persons Not on Trial</u>

21          Some of the people who may have been involved in the events leading to this trial are not

22   on trial.  This does not matter.  There is no requirement that all potential defendants be named in

23   the same proceeding.  You may not draw any inference, favorable or unfavorable, toward either

24   party from the fact that any person was not named as a defendant in this case, and you may not

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   speculate as to the reasons why other people or entities are not on trial before you now.  Those

2   matters are wholly outside your concern and have no bearing on your function as jurors in

3   deciding the case before you.

4

5   Conduct of Counsel

6       The personalities and the conduct of counsel are not in any way at issue.  If you formed

7   opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you

8   approved or disapproved of their behavior, those opinions should not enter into your

9   deliberations.

10      In addition, remember that it is the duty of a lawyer to object when the other side offers

11  testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you

12  should draw no inference from the fact that there was an objection to any testimony or evidence.

13  Nor should you draw any inference from the fact that I sustained or overruled an objection.

14  Simply because I have permitted certain testimony or evidence to be introduced does not mean

15  that I have decided on its importance or significance.  That is for you to decide.

16

17  Direct and Circumstantial Evidence

18      There are two types of evidence that you may properly use in reaching your verdict.  The

19  first type is direct evidence.  Direct evidence of a fact in issue is presented when a witness

20  testifies to that fact based on what he or she personally saw, heard, or otherwise observed

21  through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial

22  evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

23      There is a simple example of circumstantial evidence that is often used in this courthouse.

24  Assume that when you came into the courthouse this morning, the sun was shining and it was a

1  nice day outside.  Also assume that the courtroom shades were drawn and you could not look

2  outside.  Assume further that as you were sitting here, someone walked in with an umbrella that

3  was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that

4  was also dripping wet.

5       Now, because you could not look outside the courtroom and you could not see whether it

6  was raining, you would have no direct evidence of that fact.  But, on the combination of facts

7  that I have asked you to assume, it would be reasonable and logical for you to conclude that it

8  was raining.

9       That is all there is to circumstantial evidence.  You infer on the basis of your reason,

10  experience, and common sense from one established fact the existence or the nonexistence of

11  some other fact.  The matter of drawing inferences from facts in evidence is not a matter of

12  guesswork or speculation.  An inference is a logical, factual conclusion that you might

13  reasonably draw from other facts that have been proved.  It is for you, and you alone, to decide

14  what inferences you will draw.

15       Importantly, circumstantial evidence may be given as much weight as direct evidence.

16  The law makes no distinction between direct and circumstantial evidence.  It asks only that you

17  consider all the evidence presented.

18

19  Limited Purpose Evidence

20       If certain testimony or evidence was admitted or received for a limited purpose, you must

21  follow the limiting instructions I have given.

22

23  What Is and What Is Not Evidence

24       What, then, is the evidence in the case?

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1    The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits

2    received into evidence, and (3) any stipulations made by the parties.  Nothing else is evidence.

3    A stipulation is an agreement between parties as to what certain facts were or what the

4    testimony would be if certain people testified before you.  The stipulations are the same for your

5    purposes as the presentation of live testimony.  You should consider the weight to be given such

6    evidence just as you would any other evidence.

7    As I just said, anything other than the sworn testimony of the witnesses, the exhibits

8    received into evidence, and any stipulations made by the parties is not evidence.  For example,

9    the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence,

10   not the questions.  In addition, exhibits marked for identification but not admitted by me are not

11   evidence; nor are materials brought forth only to refresh a witness's recollection.  Moreover,

12   testimony that has been stricken or excluded by me is not evidence and may not be considered by

13   you in rendering your verdict.

14   Along these lines, you will recall that, among the exhibits received in evidence, some

15   documents are redacted.  "Redacted" means that part of the document was deleted or blacked

16   out.  As I previously told you, you are to concern yourself only with the part of the document

17   that has been admitted into evidence.  You should not consider any possible reason why the other

18   part of it has been deleted or blacked out.

19   Arguments by the lawyers are also not evidence.  What you heard during the opening

20   statements and summations is merely intended to help you understand the evidence and reach

21   your verdict.  If your recollection of the facts differs from the lawyers' statements, you should

22   rely on your recollection.  If a lawyer made a statement during his or her opening or summation

1   and you find that there is no evidence to support the statement, you should disregard the

2   statement.

3         Finally, any statements that I may have made during the trial or during these instructions

4   do not constitute evidence.  At times, I may have admonished a witness or directed a witness to

5   be responsive to questions or to keep his or her voice up.  At times, I may have asked a question

6   myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the

7   presentation of evidence and to bring out something that I thought might be unclear.  You should

8   draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any

9   witness or any party in the case, by reason of any comment, question, or instruction of mine.

10   The rulings I have made during the trial and these instructions are no indication of my views as

11   to what your decision should be.  Nor should you infer that I have any views as to the credibility

12   of any witness, as to the weight of the evidence, or as to how you should decide any issue that is

13   before you.  That is entirely your role.

14

15   Charts and Summaries

16         The exhibits include certain charts and summaries.  As I mentioned to you during trial, I

17   admitted these charts and summaries in place of, or in addition to, the underlying testimony or

18   documents that they purport to represent, in order to save time and avoid unnecessary

19   inconvenience.  They are no better than the testimony or the documents upon which they are

20   based.  Therefore, you are to give no greater consideration to these charts or summaries than you

21   would give to the evidence upon which they are based.  It is for you to decide whether they

22   correctly present the information contained in the testimony and in the exhibits on which they

23   were based.

24

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   <u>Demonstratives</u>

2   During trial, the parties showed you what are called "demonstratives" — illustrations or

3   reproductions of what the parties consider relevant information in this case.  As I previously

4   explained, demonstratives are not evidence.  Instead, they were shown to you in order to make

5   other evidence more meaningful and to aid you in considering the evidence.  They are no better

6   than the evidence upon which they are based.  Therefore, you are to give no greater consideration

7   to these demonstratives than you would give to the evidence upon which they are based.

8   It is for you to decide whether the demonstratives correctly present the information

9   contained in the evidence on which they were based.  You may consider the demonstratives if

10  you find that they are of assistance to you in analyzing and understanding the evidence.

11

12  <u>Depositions</u>

13  Some of the testimony before you is in the form of depositions which have been received

14  in evidence.  As I previously explained, a deposition is simply a procedure where, prior to trial,

15  the attorneys for one side may question a witness or an adversary party under oath before a court

16  stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.

17  You may consider the testimony of a witness given at a deposition according to the same

18  standards you would use to evaluate the testimony of a witness given at trial.

19

20  <u>Official Translations</u>

21  Some of the testimony you have heard is from witnesses testifying in foreign languages

22  — French and Russian — with English translation, either in the form of subtitles or live in-court

23  translation.  Similarly, some of the exhibits that are in evidence before you have been translated

24  to English from other languages; the parties have stipulated, or agreed, that these translations are

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   accurate.  To the extent that any of you have familiarity with the other languages that you have

2   heard or seen in this case, you must nevertheless base your decisions on the English translations.

3   That is because it is important that all jurors consider the same evidence.

4

5   <u>Credibility of Witnesses</u>

6        How do you evaluate the credibility or believability of the witnesses?  The answer is that

7   you use your common sense.  There is no magic formula by which you can evaluate testimony.

8   You may use the same tests here that you use in your everyday life when evaluating statements

9   made by others to you.  You may ask yourselves: Did the witness impress you as open, honest,

10   and candid?  How responsive was the witness to the questions asked on direct examination and

11   on cross-examination?

12        If you find that a witness intentionally told a falsehood, that is always a matter of

13   importance you should weigh carefully.  On the other hand, a witness may be inaccurate,

14   contradictory, or even untruthful in some respects and entirely believable and truthful in other

15   respects.  It is for you to determine whether such inconsistencies are significant or

16   inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept

17   or reject only portions.

18        You are not required to accept testimony even though the testimony is uncontradicted and

19   the witness's testimony is not challenged.  You may reject it because of the witness's bearing or

20   demeanor, because of the inherent improbability of the testimony, or for any other reasons

21   sufficient for you to conclude that the testimony is not worthy of belief.

22        In evaluating the credibility of the witnesses, you should take into account any evidence

23   that a witness may benefit in some way from the outcome of the case.  Such an interest in the

24   outcome creates a motive to testify falsely and may sway a witness to testify in a way that

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   advances his or her own interests.  Therefore, if you find that any witness whose testimony you

2   are considering may have an interest in the outcome of this trial, you should bear that factor in

3   mind when evaluating the credibility of his or her testimony and decide whether to accept it with

4   great care.

5          Keep in mind, though, that it does not automatically follow that testimony given by an

6   interested witness is to be disbelieved.  There are many people who, no matter what their interest

7   in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on

8   your own perceptions and common sense, to what extent, if at all, the witness's interest has

9   affected his or her testimony.

10

11  <u>Prior Inconsistent Statements</u>

12         You have heard evidence that, at some earlier time, a witness may have said something

13  that one or the other party argued was inconsistent with the witness's testimony at trial.

14         Such prior statements are not themselves evidence; instead, they were presented to you

15  for the purpose of helping you decide whether to believe the witness's testimony at trial.  If you

16  find that a witness made an earlier statement that conflicts with the witness's trial testimony, you

17  may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

18         In making this determination, you may consider whether the witness purposely made a

19  false statement or whether it was an innocent mistake; whether the inconsistency concerns an

20  important fact or whether it had to do with a small detail; and whether the witness had an

21  explanation for the inconsistency and, if so, whether that explanation appealed to your common

22  sense.

23         It is exclusively your duty, based upon all the evidence and your own good judgment, to

24  determine whether the prior statement was inconsistent and, if so, how much weight, if any, to

1  give to the inconsistent statement in determining whether to believe all, or part of, the witness's

2  trial testimony.

3

4  <u>Knowledge and Conduct of Corporate Employees</u>

5      A company can act only through its employees.  Consequently, when you are considering

6  the substantive rules of law about which I will instruct you, you should understand that a

7  company is generally responsible for the conduct and knowledge of its employees who are acting

8  in the course of, and within the scope of, their duties as employees for the company.

9      That also means that a company can "know" things only through its employees.  As a

10  general matter, the knowledge of an individual employee is "imputed" or attributed to his or her

11  employer if the employee acquired the knowledge when he or she was acting within the scope of

12  his or her employment and authority.  That is even if the employee did not formally

13  communicate the information to his or her employer.

14      An employee is acting within the scope of his or her employment and authority if (1) he

15  or she is engaged in the transaction of business that has been assigned to him or her by his or her

16  employer or (2) he or she is doing anything that may reasonably be said to have been

17  contemplated as part of his or her employment.  It is not necessary that an act or failure to act

18  was expressly authorized by the employer.

19

20  <u>Parent Company Responsibility for Subsidiaries</u>

21      The Defendants in this case, Sotheby's and Sotheby's, Inc., are "parent" companies for

22  other Sotheby's entities called "subsidiaries"; Sotheby's UK is one such subsidiary of both

23  Defendants.  To the extent that the Plaintiff alleges conduct by a subsidiary of a Defendant, you

24  must decide whether that Defendant is liable for the actions of its subsidiary.

1        As a general rule, a corporate parent is not liable for the actions of a subsidiary.  But a

2  corporate parent can be held liable for the actions of its subsidiary if the subsidiary was acting as

3  its agent.  A subsidiary acts as an agent for a parent company where there is an agreement

4  between the two that the subsidiary will act for the parent, and the parent retains control over the

5  agent.  Critical elements of an agency relationship you should consider include whether the

6  parent had the right to control the subsidiary's actions and whether the subsidiary had power to

7  alter legal relations between the parent and third parties.  The usual markers of a corporate

8  relationship between a parent and a subsidiary — such as the parent's investment in the

9  subsidiary or the parent doing business with the subsidiary — do not, without more, create an

10  agency relationship.  But if you find that a subsidiary was acting as an agent for the Defendants

11  in connection with any claim, you may, assuming you find all other elements of those respective

12  claims satisfied, find the Defendants liable for the acts of their subsidiary.

13

14  <u>Expert Witnesses</u>

15        During the trial, you heard testimony from three expert witnesses: Robert Wittman, Guy

16  Stair Sainty, and Harry Smith.  As I told you, an expert witness is someone who, by education or

17  experience, has acquired learning or experience in a specialized area of knowledge.  Such a

18  witness is permitted to express his opinions on matters about which he has specialized

19  knowledge and training.  A party may present expert testimony to you on the theory that

20  someone who is experienced in the field can assist you in understanding the evidence or in

21  reaching an independent decision on the facts.

22        The opinions stated by each expert were based on particular facts as he himself observed

23  them and testified to them before you, or as he was told by somebody else or as appeared to him

24  from some record or other material.  You may reject an expert witness's opinion if you find,

1   from the evidence in this case, that the underlying facts are different from those that formed the

2   basis of the expert's opinion.  You may also reject an expert's opinion if, after careful

3   consideration of all the evidence in the case, including expert and other testimony, you disagree

4   with that opinion.  In other words, you are not required to accept an expert's opinion to the

5   exclusion of the facts and circumstances disclosed by other evidence.  Such an opinion is subject

6   to the same rules concerning reliability as the testimony of any other witness, and it is allowed

7   only to aid you in reaching a proper conclusion.

8        In weighing an expert's opinion, you may consider the expert's qualifications, education,

9   and reasons for testifying, as well as all of the other considerations that ordinarily apply,

10  including all the other evidence in the case.  You may give expert testimony whatever weight, if

11  any, you find it deserves in light of all the evidence in this case.  You should not, however,

12  accept a witness's testimony merely because he qualifies as an expert.  Nor should you substitute

13  an expert's opinion for your own reason, judgment, and common sense.  The determination of

14  the facts in this case rests solely with you.

15

16  <u>All Available Evidence Need Not Be Presented</u>

17       The law does not require any party to call as witnesses — whether fact or expert

18  witnesses — all persons who may have been present at any time or place involved in the case or

19  who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law

20  require any party to produce or present as exhibits all papers and things mentioned in the

21  evidence in the case.

22       You are not to rest your decision on what some absent witness who was not brought in

23  might or might not have testified to.  Each party had an equal opportunity, or lack of opportunity,

24  to call any of these witnesses.  Therefore, you should not draw any inferences or reach any

1    conclusions as to what an absent witness would have testified to had he or she been called.  The

2    absence of a witness should not affect your judgment in any way.

3

4    <u>Burden of Proof</u>

5         Before I instruct you on the issues you must decide, I want to define for you the relevant

6    burden of proof.  The burden of proof rests at all times with the Plaintiff and, as to the claims

7    with respect to which you will be asked to deliberate, the relevant standard is called clear and

8    convincing evidence.

9         As I told you at the beginning of the trial, proof beyond a reasonable doubt, which is the

10   proper standard of proof in a criminal trial, does not apply to a civil case such as this and you

11   should put it out of your mind.  At the beginning of trial, I told you about another standard that

12   applies in some civil cases, called the preponderance of the evidence.  That standard does not

13   apply to the claims with respect to which you will be asked to deliberate.  Thus, you should put it

14   too out of your mind.  The only burden is clear and convincing evidence.

15        To be clear and convincing, proof has to be so clear as to leave no substantial doubt and

16   sufficiently strong to command the unhesitating assent of every reasonable mind.  It is proof that

17   establishes in your mind not only that the proposition at issue is probable, but also that it is

18   highly probable.  It is enough if the Plaintiff establishes its claim beyond any "substantial doubt";

19   it does not have to dispel every "reasonable doubt."  Further, the standard refers to the quality

20   and persuasiveness of the evidence, not to the number of witnesses or documents.

21

22                              II. SUBSTANTIVE ISSUES

23        That completes your general instructions.  Let me turn, then, to the law that applies to the

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   issues in this case.  As I mentioned before the parties' summations, the claims on which you are

2   to deliberate arise from the Plaintiff's purchases of René Magritte's *Le Domaine d'Arnheim*,

3   Gustav Klimt's *Wasserschlangen II*, Amedeo Modigliani's *Tête*, and Leonardo da Vinci's

4   *Salvator Mundi*.  The Plaintiff claims that Defendants aided and abetted Yves Bouvier in

5   committing fraud with respect to each one of these transactions.  Defendants deny these claims.

6          As I told you, you will not be asked to deliberate on any claim related to the 2014 auction

7   of Modigliani's *Tête* or as to the claim for aiding and abetting a breach of fiduciary duty with

8   respect to the purchase of da Vinci's *Salvator Mundi*.  Thus, you should disregard any evidence

9   relating only to those claims; that includes all evidence concerning Sotheby's 2015 insurance

10  valuation of da Vinci's *Salvator Mundi* as well as evidence concerning its auction sale price in

11  2017.  As I noted earlier, you should not speculate as to why you are not being asked to

12  deliberate about these claims; that is irrelevant for your purposes.

13  **Adapted from *Accent Delight International Ltd. v. Sotheby's*, 2023 WL 2307179, at \*7-10, 25**

14  **(S.D.N.Y. Mar. 1, 2023).**

15

16  Aiding and Abetting Fraud: Elements

17         As I just noted, the Plaintiff claims that Defendants aided and abetted fraud with respect

18  to each of the four transactions with respect to you are to deliberate.  You may find that the

19  Plaintiff has met its burden of proof as to all, some, or none of the transactions; a finding in

20  either side's favor with respect to one transaction does not mean that the same finding is

21  necessarily appropriate with respect to the other transactions.  As a reminder, the Plaintiff's

22  burden of proof with respect to these claims is clear and convincing evidence.

23         In order to prevail on any one of its aiding-and-abetting fraud claims, the Plaintiff has to

24  prove, by clear and convincing evidence, three elements:

16

1        <u>First</u>, that Mr. Bouvier committed a fraud with respect to the transaction at issue;

2        <u>Second</u>, that the Defendants had actual knowledge of the fraud; and

3        <u>Third</u>, that the Defendants provided substantial assistance to the fraud's commission.

4 **Adapted from *Accent Delight International Ltd. v. Sotheby's*, 2023 WL 2307179, at \*18**

5 **(S.D.N.Y. Mar. 1, 2023).**

6

7        <u>First Element: Existence of a Fraud</u>

8        The first element with respect to each of the transactions at issue that the Plaintiff must

9 prove by clear and convincing evidence is the existence of a fraud — namely, that Mr. Bouvier

10 committed a fraud against the Plaintiff.  More specifically, to prove this element, the Plaintiff

11 must establish the following five things by clear and convincing evidence:

12        1.  <u>First</u>, that Mr. Bouvier made a representation of fact;

13        2.  <u>Second</u>, that the representation was false and material;

14        3.  <u>Third</u>, that Mr. Bouvier knew it was false or made the representation recklessly

15             without regard for whether it was true or false;

16        4.  <u>Fourth</u>, that Mr. Bouvier made the representation to induce the Plaintiff to rely

17             upon it;

18        5.  <u>Fifth</u>, that the Plaintiff did justifiably rely upon it; and

19        6.  <u>Sixth</u>, that the Plaintiff sustained damages.

20 Let me explain each of these things to you.

21    **1.  Representation**

22        The first requirement is that Mr. Bouvier made a representation of fact.  A representation

23 is made when, by words or acts, an impression is communicated to the mind of another person.

24 As a general rule, only factual representations are actionable; an opinion or a prediction of

1   something that is hoped or expected to occur in the future will generally not sustain an action for

2   fraud.  But if a statement of opinion, whether of law or fact, is misrepresented as a sincere

3   opinion, and it was not sincerely held when made, it can satisfy this requirement.

4   **2.   Materiality and Falsity**

5   A statement of fact is "material" if a reasonable person would consider it important; that

6   is, here, if a reasonable person would consider it important in making decisions regarding how to

7   proceed with or conduct the transaction in question.  A statement is false if, taken as a whole, it

8   communicates something that is untrue when considered from the viewpoint of an ordinary

9   person.

10   **3.   Knowledge of Falsity or Recklessness**

11   If you find that Mr. Bouvier made a misrepresentation of a material fact related to a

12   particular transaction at issue, you must next decide whether Mr. Bouvier knew that the

13   representation was false or made the representation with reckless disregard as to its truth.

14   Reckless disregard refers to representations made without knowledge of or a genuine

15   belief in their accuracy.  It is necessary to distinguish a representation recklessly made with

16   pretense of knowledge from a statement made with honest and reasonable belief in its truth.

17   There cannot be honest belief in a statement purportedly made from knowledge when the maker

18   knows he has no basis for the pretense.  By contrast, when the maker has a reasonable basis for

19   belief in the truth of the statement, there is no intent to deceive.

20   **4.   Intent to Induce**

21   You must next decide whether the representation was made to induce the Plaintiff to act

22   — for example, to purchase a particular artwork at a particular price.

1    **5.  Justifiable Reliance**

2    If you find that Mr. Bouvier did make a misrepresentation to induce the Plaintiff, you

3    must decide whether the Plaintiff was justified in relying on the representation.  Whether a

4    person to whom a representation is made is justified in relying upon it to take a particular action

5    generally depends upon whether the fact represented is one that a reasonable person would

6    believe and consider important in deciding to take that action.  Whether a person was justified in

7    relying on any representation also depends on whether a reasonable person under the

8    circumstances would take the action act without independent investigation or verification.

9    Reliance is generally not justified if the party claiming reliance had the means available

10   to it of knowing the truth of the subject of the representation, by the exercise of ordinary

11   intelligence, but failed to make use of those means.  But if the representation concerned matters

12   that were peculiarly within the knowledge of the party making the representation, reliance may

13   be justified notwithstanding the recipient's lack of further investigation.  In determining whether

14   facts are peculiarly within a party's knowledge, you must consider both (1) the sophistication of

15   the one receiving the representation and (2) the accessibility of the underlying information.

16   In making the determination as to justifiable reliance, you may consider factors such as

17   the nature and duration of relationships between the parties involved, the content of any

18   agreements between them, the parties' access to relevant information, the concealment of the

19   fraud and any opportunity to detect the fraud, the sophistication and expertise of the parties

20   regarding high-end art transactions, and the complexity and magnitude of the transactions in

21   question.  Nevertheless, even sophisticated plaintiffs are not required to conduct their own audit

22   or subject their counterparties to detailed questioning when they have bargained for

1    representations of truthfulness.  Ultimately, no single one of the factors I just mentioned is

2    dispositive, and all relevant factors must be considered and balanced.

3    **6.  Injury**

4    Finally, if you find that the Plaintiff was justified in relying on a misrepresentation, you

5    must next decide whether it was damaged as a result of the misrepresentation.  If you find that

6    the Plaintiff did not sustain any monetary damages as a result of a misrepresentation, you will

7    find for Defendants on that claim of fraud.  If you find that the Plaintiff did sustain any monetary

8    loss as a result of a fraudulent misrepresentation, you must then decide the actual monetary loss

9    the Plaintiff sustained.  I will give you further instructions on damages shortly.

10    **Adapted from _Koch v. Greenberg_, 07-CV-9600 (JPO); _AIG Global Securities Lending Corp._**

11    **_v. Bank of America Securities LLC_, 01-CV-11448 (JGK); _Federal Housing Finance Agency_**

12    **_v. JPMorgan Chase & Co._, 902 F. Supp. 2d 476, 496 (S.D.N.Y. 2012); _Centro Empresarial_**

13    **_Cempresa S.A. v. America Movil, S.A.B. de C.V._, 17 NY.3d 269, 278-79 (2011).**

14

15    <u>Second Element: Knowledge of the Fraud</u>

16    If you find that the Plaintiff proved by clear and convincing evidence that Mr. Bouvier

17    committed a fraud against the Plaintiff as to a particular transaction, the second element the

18    Plaintiff must prove, again by clear and convincing evidence, is that Defendants had actual

19    knowledge of that fraud.  That requires more than "constructive knowledge," meaning awareness

20    of information that would allow a person exercising reasonable care and diligence to discover the

21    fraud.  Mere suspicion of impropriety alone also does not suffice.  Evidence that a defendant

22    processed atypical transactions, without more, is not sufficient to show actual knowledge.

23    However, circumstantial evidence can be enough to show actual knowledge.  So, for

24    example, allegations or evidence that a defendant actively participated in a fraud, or evidence

that a defendant reviewed documents or otherwise had access to information that would have

revealed or indicated the fraud, may be sufficient to show actual knowledge.  Accordingly, you

do not need to find proof that Defendants explicitly acknowledged a fraud, provided that the

evidence — taken as a whole — leads you to the conclusion that they had actual knowledge of

such fraud.

**Adapted from** ***Accent Delight International Ltd. v. Sotheby's*, 2023 WL 2307179, at \*19-20**

**(S.D.N.Y. Mar. 1, 2023).**


<u>Third Element: Substantial Assistance in the Fraud</u>

If you find that the Plaintiff proved by clear and convincing evidence that Mr. Bouvier

committed a fraud against the Plaintiff as to a particular transaction and that the Defendants had

actual knowledge of that fraud, then you must decide whether the Plaintiff has proved, by clear

and convincing evidence, that the Defendants provided substantial assistance to Mr. Bouvier in

perpetrating the fraud.  To find that this element is satisfied, you must find that the Defendants

affirmatively acted to assist or help conceal a fraud.  You must also find that such act or acts

proximately caused injury to the Plaintiff.  Proximate cause means that the injury was a direct or

reasonably foreseeable result of the act or acts; mere inaction is not enough, but even routine

conduct may be sufficient if it made a substantial contribution to the perpetration of the fraud.

**Adapted from** ***Accent Delight International Ltd. v. Sotheby's*, 2023 WL 2307179, at \*24**

**(S.D.N.Y. Mar. 1, 2023).**


<u>Knowledge</u>

Let me say a few more things about the Plaintiff's burden to prove that an act was done

knowingly or with actual knowledge.

1    The question of whether a person acted with knowingly is a question of fact for you to

2    determine, like any other fact question.  Direct proof of a person's state of mind is often not

3    available.  It would be a rare case where it could be shown that a person wrote or stated that as of

4    a given time in the past he committed an act with a particular state of mind.  Such direct proof is

5    not required.  The ultimate fact of knowledge, though subjective, may be established by

6    circumstantial evidence, based upon a person's outward manifestations, his words, his conduct,

7    his acts and all the surrounding circumstances disclosed by the evidence and the rational or

8    logical inferences that may be drawn from them.  Circumstantial evidence, if believed, is of no

9    less value than direct evidence.  In either case, however, the Plaintiff must prove its claim, as I

10    have explained, by clear and convincing evidence.

11    In determining whether the Defendants had actual knowledge of any fraud, you may

12    consider whether the Defendants deliberately closed their eyes to what would otherwise have

13    been obvious to them.  If you find, by clear and convincing evidence, that the Defendants acted

14    with a conscious purpose to avoid learning the truth, then you may find that they acted with

15    actual knowledge.  Actual knowledge may not be established, however, by demonstrating that

16    the Defendants were merely negligent, foolish, or mistaken.

17    If you find that the Defendants suspected a fraud and realized its probability, but

18    refrained from confirming it in order to be able to later deny knowledge, you may find that the

19    Defendants acted with actual knowledge.  But if you find that the Defendants actually believed

20    that there was no fraud, you may not find that they acted with actual knowledge.

21    It is entirely up to you whether you find that the Defendants deliberately closed their eyes

22    and any inferences to be drawn from the evidence on this issue.  But again, it is the Plaintiff's

23    burden to prove actual knowledge by clear and convincing evidence.

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1  **Adapted from _United States v. Ansah_, 19-CR-752 (JMF); _United States v. Raji_, 19-CR-870**

2  **(JMF); _Convergen Energy LLC v. Brooks_, No. 20-CV-3746 (LJL), 2020 WL 5549039, at \*9**

3  **(S.D.N.Y. Sept. 16, 2020).**

4

5                                  III. DAMAGES

6  Damages Generally

7       If you conclude that the Plaintiff has proved any or all of its claims by clear and

8  convincing evidence, then you must determine the damages, if any, to which it is entitled.  You

9  should not infer that the Plaintiff is entitled to recover damages merely because I am instructing

10  you as to damages.  It is exclusively your function to decide upon liability, and I am instructing

11  you on damages only so that you will have guidance should you decide that they are warranted.

12       The Plaintiff is seeking two categories of damages: "compensatory damages" and

13  "punitive damages."  I will first give you instructions regarding compensatory damages and then

14  turn to punitive damages.

15

16  Compensatory Damages

17       Compensatory damages seek to make a plaintiff whole — that is, to compensate it for the

18  injury suffered as a result of the defendant's unlawful conduct.  Compensatory damages are not

19  intended to punish a defendant and should not provide the plaintiff with more than what is

20  required to make it whole.  Any damages that you award must be fair and reasonable, neither

21  inadequate nor excessive.  You should not award compensatory damages based on speculation,

22  but only for those injuries that the Plaintiff has proved by clear and convincing evidence.

23

1    In awarding compensatory damages, if you do decide to award them, you must be guided

2    by dispassionate common sense.  Computing damages may be difficult, but you must not let that

3    difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require

4    that a plaintiff prove the amount of its losses with mathematical precision, but only with as much

5    definiteness and accuracy as the circumstances permit.  Nonetheless, damages must be

6    established with reasonable certainty.  In all instances, you are to use sound discretion in fixing

7    an award of damages, drawing reasonable inferences where you deem appropriate from the facts

8    and circumstances in evidence.

9    If you find for the Plaintiff on any its aiding-and-abetting fraud claims, the measure of its

10   damages for that claim is its "out of pocket" loss, if any.  "Out of pocket" loss means the

11   difference between the value of the consideration paid by the Plaintiff (that is, the price it paid

12   for the artwork, whether monetary or otherwise) and the fair market value of the consideration

13   received (that is, the fair market value of the artwork at the time the Plaintiff purchased it).  The

14   Plaintiff bears the burden of proving that it suffered "out of pocket" loss with respect to each

15   aiding-and-abetting fraud claim, as well as the values upon which you may base your calculation

16   of the damages to be awarded, if any.  You should not consider any potential lost profits that the

17   Plaintiff may have missed out on because of the fraud or any other measure of damages.

18   A recent or contemporaneous sale price — negotiated at arm's length — is generally the

19   best evidence of fair market value.  At the same time, you may consider evidence tending to

20   show special circumstances that would negate the relevance of a close-in-time arm's-length

21   purchase price or that a purchase was not in fact negotiated at arm's length.  Ultimately, the

22   determination of fair market value falls to you, based on the evidence you have seen and heard.

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   As I instructed you earlier, you may find that the Plaintiff is entitled to damages as to all,

2   some, or none of its claims.  You must separately determine the appropriate amount of damages,

3   if any, with respect to each individual claim for which you find the Defendants liable.

4   **Adapted from *Kumiva Grp., LLC v. Garda USA Inc.*, 146 A.D.3d 504, 506-08 (N.Y. App.**

5   **Div. 2017); *Schonfeld v. Hilliard*, 218 F.3d 164, 178-79 (2d Cir. 2000); *Lama Holding Co. v.***

6   ***Smith Barney*, 88 N.Y.2d 413, 421-22 (1996); *Goldkrantz v. Griffin*, 97-CV-9075 (DLC), 1999**

7   **WL 191540, at *7 (S.D.N.Y. Apr. 6, 1999).**

8

9   Currency

10  For each claim for which you award compensatory damages, you should use the currency

11  in which the relevant transaction took place.  That currency is United States Dollars with respect

12  to all claims except for the claim arising out of the Plaintiff's purchase of Modigliani's *Tête*.  For

13  that claim, and that claim only, any damages you award should be in Euros because that claim is

14  based upon a transaction that was in Euros.

15

16  Punitive Damages

17  If and only if you award compensatory damages for a particular claim, you may — but

18  are not required to — award punitive damages for that claim as well.  You should only award

19  punitive damages if you find that the Defendants' acts were wanton and reckless or malicious.

20  An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of

21  its effect upon the health, safety, and rights of others.  An act is malicious when it is done

22  deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those

23  rights.

1         If you decide punitive damages are warranted, in arriving at your decision as to the

2   amount of punitive damages, you should consider the nature and reprehensibility of what the

3   Defendants did.  That would include the character of the wrongdoing, such as: whether the acts

4   were done with an improper motive or vindictiveness; whether the acts constituted outrageous or

5   oppressive intentional misconduct; how long the conduct went on; the Defendants' awareness of

6   what harm the conduct caused or was likely to cause; any concealment or covering up of the

7   wrongdoing; how often the Defendants had committed similar acts of this type in the past, and

8   the actual and potential harm created by the Defendants' conduct.

9         The amount of punitive damages that you award must be both reasonable and

10   proportionate to the actual and potential harm suffered by the Plaintiff and to the compensatory

11   damages you awarded.  The reprehensibility of the Defendants' conduct is an important factor in

12   deciding the amount of punitive damages to award that would be reasonable and proportionate.

13   You may also consider the Defendants' financial condition and the impact your punitive

14   damages award will have on the Defendants.

15   **Adapted from _DeCastro v. Kavadia_, No. 12-CV-1386 (JMF); _Rinaldi v. SCA La Goutte,_**

16   **_D'Or_, No. 16-CV-1901 (VSB).**

17

18                   IV. CONCLUDING INSTRUCTIONS

19   <u>Selection of Foreperson</u>

20         In a few minutes, you are going to go into the jury room and begin your deliberations.

21   Your first task will be to select a foreperson.  The foreperson has no greater voice or authority

22   than any other juror, but is the person who will communicate with me when questions arise and

1  when you have reached a verdict.  The foreperson is also who will be asked in open court to pass

2  your completed Verdict Form to me.

3

4  Sending Notes

5       You may have questions or comments for me as you deliberate.  If you do, you can

6  communicate with me by sending notes using forms and envelopes that you will be provided for

7  that purpose.  Your notes to me should be signed by the foreperson and should include the date

8  and time they were sent.  They should also be as clear and as precise as possible, as they will

9  become part of the record in this case.  Do not tell me or anyone else how you stand on any issue

10  until after a unanimous verdict is reached.

11

12  Right to See Exhibits and Hear Testimony

13       All of the exhibits will be given to you near the start of deliberations.  Most of it will be

14  provided to you on a laptop that can be connected to a large monitor in the jury room for all to

15  see.  When you retire to deliberate, my staff will provide you with instructions on how to access

16  and display evidence in the jury room.  In addition, you will also be provided with a list of all the

17  exhibits that were received into evidence.

18       If you prefer to view any evidence here in the courtroom or if you want any of the

19  testimony submitted to you or read back to you, you may also request that.  Keep in mind that if

20  you ask for testimony, however, the court reporter must search through his or her notes, the

21  parties must agree on what portions of testimony may be called for, and if they disagree I must

22  resolve those disagreements.  That can be a time-consuming process.  So please try to be as

23  specific as you possibly can in requesting portions of the testimony, if you do.

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1    Again, your requests for testimony — in fact, any communication with the Court —

2  should be made to me in writing, signed by your foreperson with the date and time, and given to

3  one of the Court Security Officers.

4

5  Juror Note-Taking

6    If any one of you took notes during the course of the trial, you should not show your

7  notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you

8  have taken are to be used solely to assist you.  The fact that a particular juror has taken notes

9  entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes

10 are not to substitute for your recollection of the evidence in the case.  If, during your

11 deliberations, you have any doubt as to any of the testimony, you may — as I just told you —

12 request that the official trial transcript that has been made of these proceedings be submitted or

13 read back to you.

14

15 Duty to Deliberate

16    The most important part of this case, members of the jury, is the part that you as jurors

17 are now about to play as you deliberate on the issues of fact.  I know you will try the issues that

18 have been presented to you according to the oath that you have taken as jurors.  In that oath, you

19 promised that you would well and truly try the issues joined in this case and a true verdict render.

20    As you deliberate, please listen to the opinions of your fellow jurors, and ask for an

21 opportunity to express your own views.  Every juror should be heard.  No one juror should hold

22 the center stage in the jury room and no one juror should control or monopolize the deliberations.

23 If, after listening to your fellow jurors and if, after stating your own view, you become convinced

24 that your view is wrong, do not hesitate because of stubbornness or pride to change your view.

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1  On the other hand, do not surrender your honest convictions and beliefs solely because of the

2  opinions of your fellow jurors or because you are outnumbered.

3      Your verdict must be unanimous.  If at any time you are not in agreement, you are

4  instructed that you are not to reveal the standing of the jurors — that is, the split of the vote — to

5  anyone, including me, at any time during your deliberations.

6

7  <u>Return of the Verdict</u>

8      We have prepared a Verdict Form for you to use in recording your decisions, a copy of

9  which is attached to these instructions.  Do not write on your individual copies of the Verdict

10  Form.  My staff will give the official Verdict Form to Juror Number One, who should give it to

11  the foreperson after the foreperson has been selected.

12      As you will see, the Verdict Form is kind of like those old "choose your own adventure"

13  books.  Depending on your answer to a question or questions, you will be directed to either

14  answer another question or to sign the Verdict Form.  You should draw no inference from the

15  questions on the Verdict Form as to what your verdict should be.  The questions are not to be

16  taken as any indication that I have any opinion as to how they should be answered.

17      When you have completed the Verdict Form, please review your answers to ensure that

18  they accurately reflect your unanimous determinations.  If they do, the foreperson should note

19  the date and time and you should all sign the Verdict Form.  The foreperson should then give a

20  note — **not** the Verdict Form itself — to the Court Security Officer outside your door, stating

21  that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the

22  foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

1        I will stress again that **all** of you must be in agreement with the verdict that is announced

2    in court.  Once your verdict is announced in open court and officially recorded, it cannot

3    ordinarily be revoked.

4

5    <u>Closing Comments</u>

6        Finally, I say this, not because I think it is necessary, but because it is the custom in this

7    courthouse to say it: You should treat each other with courtesy and respect during your

8    deliberations.

9        All litigants stand equal in this room.  All litigants stand equal before the bar of justice.

10    All litigants stand equal before you.  Your duty is to decide between these parties fairly and

11    impartially, and to see that justice is done.

12        Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You

13    should be guided solely by the evidence presented during the trial and the law as I gave it to you,

14    without regard to the consequences of your decision.  You have been chosen to try the issues of

15    fact and to reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy

16    or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just

17    verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and

18    impartial decision so that you will arrive at a just verdict.

19        Members of the jury, I ask your patience for a few moments longer.  It is necessary for

20    me to spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you

21    to remain patiently in the jury box, without speaking to each other, and we will return in just a

22    moment to submit the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                          :

ACCENT DELIGHT INTERNATIONAL LTD.,    :

                   Plaintiff,       :        18-CV-9011 (JMF)

                                            :

        -v-                        :

                                            :        <u>VERDICT FORM</u>

SOTHEBY'S, INC. et al.,                 :

                                            :

                   Defendants.     :

                                            :

------------------------------------------------------------------X

**PLEASE CIRCLE YOUR ANSWERS**
***All Answers Must Be Unanimous***

1.    Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of Magritte's *Le Domaine d'Arnheim*?

        YES          NO

2.    Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of Klimt's *Wasserschlangen II*?

        YES          NO

3.    Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of Modigliani's *Tête*?

        YES          NO

4.    Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of da Vinci's *Salvator Mundi*?

        YES          NO

**[*If you answer NO to Questions 1 through 4, skip the remaining questions and proceed directly to sign the Verdict Form.  If you answer YES to <u>any one</u> of the four above questions, proceed to the next set of questions.*]**

[*Answer Question 5 <u>only</u> if you answered YES to Question 1.  If you answered NO to Question 1, turn to the next page.*]

5.  Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of René Magritte's *Le Domaine d'Arnheim*?

    YES          NO

    [*If you answer NO to Question 5, skip the next two questions and turn to the next page. If you answer YES to Question 5, answer Questions 6 and 7.*]

6.  What is the amount of compensatory damages you award the Plaintiff with respect to this claim?

    $_____

7.  What is the amount of punitive damages, if any, you award the Plaintiff with respect to this claim?

    $_____

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Verdict Form

[*Answer Question 8 __only__ if you answered YES to Question 2.  If you answered NO to Question 2, turn to the next page.*]

8.    Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of Gustav Klimt's *Wasserschlangen II*?

       YES            NO

[*If you answer NO to Question 8, skip the next two questions and turn to the next page. If you answer YES to Question 8, answer Questions 9 and 10.*]

9.    What is the amount of compensatory damages you award the Plaintiff with respect to this claim?

       $_____

10.   What is the amount of punitive damages, if any, you award the Plaintiff with respect to this claim?

       $_____

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Verdict Form

**[*Answer Question 11 only if you answered YES to Question 3.  If you answered NO to Question 3, turn to the next page.*]**

11.   Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of Amedeo Modigliani's *Tête*?

        YES _____        NO _____

**[*If you answer NO to Question 11, skip the next two questions and turn to the next page.  If you answer YES to Question 11, answer Questions 12 and 13.*]**

12.   What is the amount of compensatory damages (in Euros) you award the Plaintiff with respect to this claim?

        €_____(Euros)

13.   What is the amount of punitive damages (in U.S. dollars), if any, you award the Plaintiff with respect to this claim?

        $_____(U.S. Dollars)

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Verdict Form

**[*Answer Question 14 only if you answered YES to Question 4.  If you answered NO to Question 4, skip the remaining questions and proceed directly to sign the Verdict Form.*]**

14.   Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of Leonardo da Vinci's *Salvator Mundi*?

              YES              NO

**[*If you answer NO to Question 14, skip the remaining questions and proceed directly to sign the Verdict Form.  If you answer YES to Question 14, answer Questions 15 and 16.*]**

15.   What is the amount of compensatory damages you award the Plaintiff with respect to this claim?

              $_____

16.   What is the amount of punitive damages, if any, you award the Plaintiff with respect to this claim?

              $_____

*Please review your answers to all of the Questions above to ensure that they accurately reflect your unanimous determinations.  When you have done so, sign your names below, fill in the date and time, and inform the Court Security Officer — with a note, __not the Verdict Form itself__ — that you have reached a verdict.*

After completing the form, each juror who agrees with this verdict must sign below:

_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


_____          _____


Date:  _____

Time:  _____