UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                             :

ACCENT DELIGHT INTERNATIONAL LTD.,        :

                      :

                Plaintiff,      :

                      :        18-CV-9011 (JMF)

        -v-               :

SOTHEBY'S et al.,                :      <u>MEMORANDUM OPINION</u>
                      :         <u>AND ORDER</u>

                Defendants.    :

                      :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

This case, familiarity with which is presumed, was tried before a jury beginning on January 8, 2024. On January 26, 2024, the Court granted in part Defendants' motion, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, for judgment as a matter of law. *See* Tr. 2495-96. Specifically, the Court granted judgment in favor of Defendants on Plaintiff's claim for aiding-and-abetting a breach of fiduciary duty with respect to Plaintiff's purchase of Leonardo da Vinci's *Salvator Mundi*. *See id.* At the summary judgment stage, the Court had held that that claim was facially untimely but that there were disputes of material fact with respect to whether Plaintiff could establish that the claim was timely pursuant to the doctrine of equitable estoppel. *See* ECF No. 510 ("SJ Op."), at 31-32. At the conclusion of Plaintiff's case, however, the Court "conclude[d] that the evidence, viewed in the light most favorable to the opposing party, [was] insufficient to permit a reasonable juror to make a [] finding" for Plaintiff on the issue of equitable estoppel. *Okraynets v. Metro. Transp. Auth.*, 555 F. Supp. 2d 420, 444 (S.D.N.Y. 2008). This Memorandum Opinion and Order explains further the Court's ruling.

At the outset, there is no dispute that Plaintiff failed to bring its claim within the three-year statute of limitations that the Court held, on summary judgment, applies to the claim. *See* SJ Op.

28-29.  Plaintiff, however, invoked the doctrine of equitable estoppel to save its claim.  *See id.*

Equitable estoppel is an "extraordinary remedy."  *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429,

442 (S.D.N.Y. 2014), *aff'd*, 579 F. App'x 7 (2d Cir. 2014) (summary order).  Under New York law,

it tolls the statute of limitations "[1] where the defendant conceals from the plaintiff the fact that he

has a cause of action and [2] where the plaintiff is aware of his cause of action, but the defendant

induces him to forego suit until after the period of limitations has expired."  *Koral v. Saunders*, 36

F.4th 400, 409-10 (2d Cir. 2022) (cleaned up).  To invoke equitable estoppel, a plaintiff "must

articulate particular acts by the defendant that prevented the timely filing of an action."  *Wei Su v.*

*Sotheby's, Inc.*, 490 F. Supp. 3d 725, 730 (S.D.N.Y. 2020).  The doctrine (absent a fiduciary

relationship, as is the case between Plaintiff and Defendants here) "requires proof that" (1) "the

defendant made an actual misrepresentation"; (2) "the plaintiff *relied on the misrepresentation*";

and (3) "*the reliance caused plaintiff to delay bringing timely action*."  *Koral*, 36 F.4th at 410

(internal quotation marks omitted) (emphasis added); *see also Koch v. Christie's Int'l PLC*, 699

F.3d 141, 157 (2d Cir. 2012) ("Reasonable diligence is a prerequisite to the applicability of

equitable tolling.").

As the Court explained on the record, *see* Tr. 2495-96, the evidence admitted at trial "is

insufficient to permit a reasonable juror" to find for Plaintiff on the reliance prong of equitable

estoppel.  *Okraynets*, 555 F. Supp. 2d at 444.  At trial, as on summary judgment, Plaintiff alleged

only one "actual misrepresentation" to support its claim of equitable estoppel as to the *Salvator*

*Mundi* transaction: that Sotheby's "worked closely with [Yves] Bouvier" to inflate a 2015

"valuation" of the painting "— over the objection of Sotheby's own Old Master expert — and to

alter its cover letter, including by deleting any reference to Bouvier's earlier purchase of the piece

from the provenance."  SJ Op. 31 (citations omitted).  As Plaintiff's counsel conceded, however, the

revised cover letter cannot support a finding of reliance because there is no evidence that it was ever

provided to Plaintiff.  *See* Tr. 2476-77.  By contrast, Samuel Valette testified that, at Bouvier's request, the valuation was sent to Tetiana Bersheda, counsel to Plaintiff.  *See* Tr. 1053; *see also* Tr. 1059-60; PX 258.  Conspicuously, however, no witness testified at trial that the 2015 valuation "induced" Plaintiff "to refrain from filing a timely action" against Defendants.  *Twersky*, 993 F. Supp. 2d at 442.  Neither Dimitry Rybolovlev (Plaintiff's principal) nor Mikhail Sazonov (his right-hand man and Plaintiff's primary point of contact with Bouvier) testified that they saw the valuation, let alone relied upon it.  Meanwhile, Bersheda did not testify at all.

In the face of this vacuum, Plaintiff's counsel pointed to a stipulation between the parties as evidence that Plaintiff had relied upon the valuation in refraining from filing a timely action against Defendants.  *See* Tr. 2468-69.  The relevant portions of the stipulation provide that, "[o]n January 12, 2015, Plaintiff initiated a foreign legal proceeding against Yves Bouvier raising claims of fraud and breach of fiduciary duty"; and that "[o]n May 4, 2015, a foreign lawyer for Plaintiff, Tetiana Bersheda, introduced into evidence in that foreign legal proceeding a copy of the valuation for Leonardo Da Vinci's *Salvator Mundi* that Samuel Valette had sent directly to Bersheda at Bouvier's request."  PX 472, ¶¶ 5-6.  These facts, however, do not support Plaintiff's reliance argument.  To the contrary, they weaken it, arguably fatally.  That is because the gravamen of Plaintiff's equitable estoppel argument is that the valuation was inflated and, as a result, it prevented Plaintiff from realizing that it had been defrauded by Bouvier's markup.  But the fact that Plaintiff brought fraud and fiduciary duty claims against Bouvier in January of 2015 and used the valuation itself in connection with that suit, *see id.*, makes plain that the valuation did *not* lull Plaintiff into a false belief that it had not been the victim of a fraud or breach of fiduciary duty.  Instead, Plaintiff seemingly viewed the valuation as evidence of those claims.  If anything, the valuation from Sotheby's provided Plaintiff with more evidence of Defendants' involvement in the transaction and, thus, should have heightened Plaintiff's awareness of the fact that it might have a claim against

Defendants.  At a minimum, the valuation is not evidence from which a reasonable juror could conclude that Plaintiff relied on any misrepresentation in believing that it did *not* have a claim against Defendants, which is what it needs to prove in order to establish equitable estoppel.[1]  Thus, the trial record was devoid of *any* evidence to support a finding that Plaintiff relied on an "actual misrepresentation" to delay bringing this lawsuit.

For these reasons, there was "no evidence whatsoever in the record to support the second prong [of equitable estoppel], namely that Accent Delight relied upon the insurance valuation."  Tr. 2495-96.  Plaintiff's equitable estoppel argument thus failed as a matter of law.  It follows that Plaintiff's claim for aiding and abetting a breach of fiduciary duty with respect to the purchase of the *Salvator Mundi* was untimely and, thus, Defendants were entitled to judgment on that claim.[2]  By contrast, the Court reserved judgment on the remainder of Defendants' Rule 50(a) motion, and the surviving claims have now been presented to the jury for deliberation.

SO ORDERED.

Dated: January 30, 2024
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]  For that reason, Plaintiff's argument that use of the valuation in the proceedings against Bouvier does not mean that it knew it had a claim against Defendants, *see* Tr. 2470, misses the point.  To support equitable estoppel, it is not enough for Plaintiff to prove that it did not know it had a claim against Defendants; it has to show that its ignorance was *caused* by an actual misrepresentation by Defendants.  For the reasons discussed above, the fact that Plaintiff used the valuation in the proceedings against Bouvier is no proof at all that the valuation — if indeed it was inflated — induced Plaintiff into believing that it did not have a claim against Defendants.

[2]  The Court is doubtful that the evidence would support a finding that Plaintiff exercised due diligence, *see Koral*, 36 F.4th at 410 (noting that "it is not enough to have been misled," and a plaintiff asserting equitable estoppel also "must demonstrate her diligence in seeking the facts"), substantially for the reasons explained by Defendants' counsel on the record, *see* Tr. 2466-67.  But the Court need not and does not reach that issue because the absence of any evidence to support the reliance prong is enough to defeat Plaintiff's assertion of equitable estoppel and, thus, resolve Plaintiff's breach of fiduciary duty claim.