UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                           :

ACCENT DELIGHT INTERNATIONAL LTD.,    :

                                 :

                       Plaintiff,            :                      18-CV-9011 (JMF)

                                 :

           -v-                       :                         ORDER

                                 :

SOTHEBY'S, INC. et al.,                     :

                                 :

                      Defendant.           :

                                 :

------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Attached to this order is Court Exhibit 4, which is the final jury charge that was read to the jury on the record this morning, January 30, 2024.

       SO ORDERED.

Dated: January 30, 2024
      New York, New York

                                                 JESSE M. FURMAN
                                       United States District Judge

**COURT EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                 :

ACCENT DELIGHT INTERNATIONAL LTD.     :

                                 :

                Plaintiff,          :

                                 :

          -v-                    :

                                 :         18-CV-9011 (JMF)

SOTHEBY'S, INC. et al.,               :

                                 :

                Defendants.      :

                                 :
--------------------------------------------------------------------X

# JURY CHARGE

January 2024

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

# Table of Contents

**I. GENERAL INTRODUCTORY CHARGES** .................................................................. 1

    Role of the Court and the Jury ................................................................. 2

    The Parties ...................................................................................... 2

    Persons Not on Trial .......................................................................... 2

    Conduct of Counsel ........................................................................... 3

    Direct and Circumstantial Evidence ........................................................ 3

    Limited Purpose Evidence .................................................................... 4

    What Is and What Is Not Evidence .......................................................... 4

    Charts and Summaries ........................................................................ 6

    Demonstratives ................................................................................ 7

    Depositions .................................................................................... 7

    Official Translations .......................................................................... 7

    Credibility of Witnesses ...................................................................... 8

    Prior Inconsistent Statements ............................................................... 9

    Knowledge and Conduct of Corporate Employees ....................................... 10

    Parent Company Responsibility for Subsidiaries ......................................... 10

    Expert Witnesses ............................................................................ 11

    All Available Evidence Need Not Be Presented .......................................... 12

    Burden of Proof ............................................................................. 13

**II. SUBSTANTIVE ISSUES** ............................................................................... 14

    Aiding and Abetting Fraud: Elements .................................................... 14

    First Element: Existence of a Fraud ...................................................... 15

    Second Element: Knowledge of the Fraud ............................................... 18

    Third Element: Substantial Assistance in the Fraud .................................... 19

    Knowledge .................................................................................... 19

**III. DAMAGES** ............................................................................................. 20

    Damages Generally .......................................................................... 20

    Compensatory Damages .................................................................... 21

    Currency ...................................................................................... 22

    Punitive Damages ........................................................................... 23

**IV. CONCLUDING INSTRUCTIONS** ................................................................... 24

    Selection of Foreperson ..................................................................... 24

    Sending Notes ................................................................................ 24

    Right to See Exhibits and Hear Testimony .............................................. 24

    Juror Note-Taking ........................................................................... 25

    Duty to Deliberate .......................................................................... 26

    Return of the Verdict ....................................................................... 26

    Closing Comments .......................................................................... 27

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

# I. GENERAL INTRODUCTORY CHARGES

1

2    Members of the jury, you have now heard all of the evidence and the lawyers' closing

3    arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my

4    instructions to you.  It is not my favorite way to communicate — and not the most scintillating

5    thing to listen to — but there is a need for precision, and it is important that I get the words just

6    right, and so that is why I will be reading.

7    I have given you a copy of my instructions to follow along because they cover many

8    points.  Please limit yourself to following along; that is, as tempting as it may be, do *not* read

9    ahead in the instructions.  If you find it easier to listen and understand while you are following

10   along with me, please do so.  If you would prefer, you can just listen and not follow along.

11   In the unlikely event that I deviate from the written instructions, it is my oral instructions

12   that govern and that you must follow.  But you may take your copy of the instructions with you

13   into the jury room so you can consult it if you want to re-read any portion of the written charge

14   to facilitate your deliberations.

15   For now, listen carefully and try to concentrate on the substance of what I'm saying.  You

16   should not single out any instruction as alone stating the law.  Instead, you should consider my

17   instructions as a whole when you retire to deliberate in the jury room.

18   My instructions to you will be in three parts.

19   First, I will give you general instructions — for example, about your role as the jury,

20   what you can and cannot consider in your deliberations, and the burden of proof.

21   Second, I will describe the law that you must apply to the facts as you find them to be

22   established by the evidence.

23   Finally, I will give you some instructions for your deliberations.

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1

2   Role of the Court and the Jury

3          You, the members of the jury, are the sole and exclusive judges of the facts.  You must

4   weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against

5   any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as

6   you determine them.  If either party has stated a legal principle differently from any that I state to

7   you in my instructions, it is my instructions that you must follow.

8

9   The Parties

10         As you know, the Plaintiff in this case is a company called Accent Delight International

11  Ltd., owned by a trust established for a man named Dmitry Rybolovlev and his family, and the

12  two Defendants are Sotheby's and its subsidiary Sotheby's, Inc.  In reaching your verdict, you

13  must remember that all parties stand equal before a jury in the courts of the United States.

14  Neither party is entitled to any greater or lesser consideration by you.  The fact that the parties

15  are entities is irrelevant.  So too, it is also irrelevant that some of the entities in this case are

16  foreign entities and that Mr. Rybolovlev is a foreign national.  All litigants are equal before the

17  law and each party in this case is entitled to the same fair consideration that you would give any

18  other party.

19

20  Persons Not on Trial

21         Some of the people who may have been involved in the events leading to this trial are not

22  on trial.  This does not matter.  There is no requirement that all potential defendants be named in

23  the same proceeding.  You may not draw any inference, favorable or unfavorable, toward either

24  party from the fact that any person was not named as a defendant in this case, and you may not

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1    speculate as to the reasons why other people or entities are not on trial before you now.  Those

2    matters are wholly outside your concern and have no bearing on your function as jurors in

3    deciding the case before you.

4

5    Conduct of Counsel

6           The personalities and the conduct of counsel are not in any way at issue.  If you formed

7    opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you

8    approved or disapproved of their behavior, those opinions should not enter into your

9    deliberations.

10          In addition, remember that it is the duty of a lawyer to object when the other side offers

11   testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you

12   should draw no inference from the fact that there was an objection to any testimony or evidence.

13   Nor should you draw any inference from the fact that I sustained or overruled an objection.

14   Simply because I have permitted certain testimony or evidence to be introduced does not mean

15   that I have decided on its importance or significance.  That is for you to decide.

16

17   Direct and Circumstantial Evidence

18          There are two types of evidence that you may properly use in reaching your verdict.  The

19   first type is direct evidence.  Direct evidence of a fact in issue is presented when a witness

20   testifies to that fact based on what he or she personally saw, heard, or otherwise observed

21   through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial

22   evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

23          There is a simple example of circumstantial evidence that is often used in this courthouse.

24   Assume that when you came into the courthouse this morning, the sun was shining and it was a

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   nice day outside.  Also assume that the courtroom shades were drawn and you could not look

2   outside.  Assume further that as you were sitting here, someone walked in with an umbrella that

3   was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that

4   was also dripping wet.

5          Now, because you could not look outside the courtroom and you could not see whether it

6   was raining, you would have no direct evidence of that fact.  But, on the combination of facts

7   that I have asked you to assume, it would be reasonable and logical for you to conclude that it

8   was raining.

9          That is all there is to circumstantial evidence.  You infer on the basis of your reason,

10  experience, and common sense from one established fact the existence or the nonexistence of

11  some other fact.  The matter of drawing inferences from facts in evidence is not a matter of

12  guesswork or speculation.  An inference is a logical, factual conclusion that you might

13  reasonably draw from other facts that have been proved.  It is for you, and you alone, to decide

14  what inferences you will draw.

15         Importantly, circumstantial evidence may be given as much weight as direct evidence.

16  The law makes no distinction between direct and circumstantial evidence.  It asks only that you

17  consider all the evidence presented.

18

19  <u>Limited Purpose Evidence</u>

20         If certain testimony or evidence was admitted or received for a limited purpose, you must

21  follow the limiting instructions I have given.

22

23  <u>What Is and What Is Not Evidence</u>

24         What, then, is the evidence in the case?

1    The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits

2  received into evidence, and (3) any stipulations made by the parties.  Nothing else is evidence.

3    A stipulation is an agreement between parties as to what certain facts were or what the

4  testimony would be if certain people testified before you.  The stipulations are the same for your

5  purposes as the presentation of live testimony.  You should consider the weight to be given such

6  evidence just as you would any other evidence.

7    As I just said, anything other than the sworn testimony of the witnesses, the exhibits

8  received into evidence, and any stipulations made by the parties is not evidence.  For example,

9  the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence,

10  not the questions.  In addition, exhibits marked for identification but not admitted by me are not

11  evidence; nor are materials brought forth only to refresh a witness's recollection.  Moreover,

12  testimony that has been stricken or excluded by me is not evidence and may not be considered by

13  you in rendering your verdict.

14    Along these lines, you will recall that, among the exhibits received in evidence, some

15  documents are redacted.  "Redacted" means that part of the document was deleted or blacked

16  out.  As I previously told you, you are to concern yourself only with the part of the document

17  that has been admitted into evidence.  You should not consider any possible reason why the other

18  part of it has been deleted or blacked out.

19    Arguments by the lawyers are also not evidence.  What you heard during the opening

20  statements and summations is merely intended to help you understand the evidence and reach

21  your verdict.  If your recollection of the facts differs from the lawyers' statements, you should

22  rely on your recollection.  If a lawyer made a statement during his or her opening or summation

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1  and you find that there is no evidence to support the statement, you should disregard the

2  statement.

3        Finally, any statements that I may have made during the trial or during these instructions

4  do not constitute evidence.  At times, I may have admonished a witness or directed a witness to

5  be responsive to questions or to keep his or her voice up.  At times, I may have asked a question

6  myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the

7  presentation of evidence and to bring out something that I thought might be unclear.  You should

8  draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any

9  witness or any party in the case, by reason of any comment, question, or instruction of mine.

10  The rulings I have made during the trial and these instructions are no indication of my views as

11  to what your decision should be.  Nor should you infer that I have any views as to the credibility

12  of any witness, as to the weight of the evidence, or as to how you should decide any issue that is

13  before you.  That is entirely your role.

14

15  <u>Charts and Summaries</u>

16        The exhibits include certain charts and summaries.  As I mentioned to you during trial, I

17  admitted these charts and summaries in place of, or in addition to, the underlying testimony or

18  documents that they purport to represent, in order to save time and avoid unnecessary

19  inconvenience.  They are no better than the testimony or the documents upon which they are

20  based.  Therefore, you are to give no greater consideration to these charts or summaries than you

21  would give to the evidence upon which they are based.  It is for you to decide whether they

22  correctly present the information contained in the testimony and in the exhibits on which they

23  were based.

24

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   Demonstratives

2         During trial, the parties showed you what are called "demonstratives" — illustrations or

3   reproductions of what the parties consider relevant information in this case.  As I previously

4   explained, demonstratives are not evidence.  Instead, they were shown to you in order to make

5   other evidence more meaningful and to aid you in considering the evidence.  They are no better

6   than the evidence upon which they are based.  Therefore, you are to give no greater consideration

7   to these demonstratives than you would give to the evidence upon which they are based.

8         It is for you to decide whether the demonstratives correctly present the information

9   contained in the evidence on which they were based.  You may consider the demonstratives if

10  you find that they are of assistance to you in analyzing and understanding the evidence.

11

12  Depositions

13        Some of the testimony before you is in the form of depositions which have been received

14  in evidence.  As I previously explained, a deposition is simply a procedure where, prior to trial,

15  the attorneys for one side may question a witness or an adversary party under oath before a court

16  stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.

17  You may consider the testimony of a witness given at a deposition according to the same

18  standards you would use to evaluate the testimony of a witness given at trial.

19

20  Official Translations

21        Some of the testimony you have heard is from witnesses testifying in foreign languages

22  — French and Russian — with English translation, either in the form of subtitles or live in-court

23  translation.  Similarly, some of the exhibits that are in evidence before you have been translated

24  to English from other languages; the parties have stipulated, or agreed, that these translations are

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   accurate.  To the extent that any of you have familiarity with the other languages that you have

2   heard or seen in this case, you must nevertheless base your decisions on the English translations.

3   That is because it is important that all jurors consider the same evidence.

4

5   <u>Credibility of Witnesses</u>

6         How do you evaluate the credibility or believability of the witnesses?  The answer is that

7   you use your common sense.  There is no magic formula by which you can evaluate testimony.

8   You may use the same tests here that you use in your everyday life when evaluating statements

9   made by others to you.  You may ask yourselves: Did the witness impress you as open, honest,

10   and candid?  How responsive was the witness to the questions asked on direct examination and

11   on cross-examination?

12         If you find that a witness intentionally told a falsehood, that is always a matter of

13   importance you should weigh carefully.  On the other hand, a witness may be inaccurate,

14   contradictory, or even untruthful in some respects and entirely believable and truthful in other

15   respects.  It is for you to determine whether such inconsistencies are significant or

16   inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept

17   or reject only portions.

18         You are not required to accept testimony even though the testimony is uncontradicted and

19   the witness's testimony is not challenged.  You may reject it because of the witness's bearing or

20   demeanor, because of the inherent improbability of the testimony, or for any other reasons

21   sufficient for you to conclude that the testimony is not worthy of belief.

22         In evaluating the credibility of the witnesses, you should take into account any evidence

23   that a witness may benefit in some way from the outcome of the case.  Such an interest in the

24   outcome creates a motive to testify falsely and may sway a witness to testify in a way that

8

1    advances his or her own interests.  Therefore, if you find that any witness whose testimony you

2    are considering may have an interest in the outcome of this trial, you should bear that factor in

3    mind when evaluating the credibility of his or her testimony and decide whether to accept it with

4    great care.

5          Keep in mind, though, that it does not automatically follow that testimony given by an

6    interested witness is to be disbelieved.  There are many people who, no matter what their interest

7    in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on

8    your own perceptions and common sense, to what extent, if at all, the witness's interest has

9    affected his or her testimony.

10

11   <u>Prior Inconsistent Statements</u>

12         You have heard evidence that, at some earlier time, a witness may have said something

13   that one or the other party argued was inconsistent with the witness's testimony at trial.

14         Such prior statements are not themselves evidence; instead, they were presented to you

15   for the purpose of helping you decide whether to believe the witness's testimony at trial.  If you

16   find that a witness made an earlier statement that conflicts with the witness's trial testimony, you

17   may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

18         In making this determination, you may consider whether the witness purposely made a

19   false statement or whether it was an innocent mistake; whether the inconsistency concerns an

20   important fact or whether it had to do with a small detail; and whether the witness had an

21   explanation for the inconsistency and, if so, whether that explanation appealed to your common

22   sense.

23         It is exclusively your duty, based upon all the evidence and your own good judgment, to

24   determine whether the prior statement was inconsistent and, if so, how much weight, if any, to

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1  give to the inconsistent statement in determining whether to believe all, or part of, the witness's

2  trial testimony.

3

4  <u>Knowledge and Conduct of Corporate Employees</u>

5      A company can act only through its employees.  Consequently, when you are considering

6  the substantive rules of law about which I will instruct you, you should understand that a

7  company is generally responsible for the conduct and knowledge of its employees who are acting

8  in the course of, and within the scope of, their duties as employees for the company.

9      That also means that a company can "know" things only through its employees.  As a

10  general matter, the knowledge of an individual employee is "imputed" or attributed to his or her

11  employer if the employee acquired the knowledge when he or she was acting within the scope of

12  his or her employment and authority.  That is true even if the employee did not formally

13  communicate the information to his or her employer.

14      An employee is acting within the scope of his or her employment and authority if (1) he

15  or she is engaged in the transaction of business that has been assigned to him or her by his or her

16  employer or (2) he or she is doing anything that may reasonably be said to have been

17  contemplated as part of his or her employment.  It is not necessary that an act or failure to act

18  was expressly authorized by the employer.

19

20  <u>Parent Company Responsibility for Subsidiaries</u>

21      The Defendants in this case, Sotheby's and Sotheby's, Inc., are "parent" companies for

22  other Sotheby's entities called "subsidiaries"; Sotheby's UK is one such subsidiary of both

23  Defendants.  To the extent that the Plaintiff alleges conduct by a subsidiary of a Defendant, you

24  must decide whether that Defendant is liable for the actions of its subsidiary.

1   As a general rule, a corporate parent is not liable for the actions of a subsidiary.  But a

2   corporate parent can be held liable for the actions of its subsidiary if the subsidiary was acting as

3   its agent.  A subsidiary acts as an agent for a parent company where there is an agreement

4   between the two that the subsidiary will act for the parent, and the parent retains control over the

5   agent.  Critical elements of an agency relationship you should consider include whether the

6   parent had the right to control the subsidiary's actions and whether the subsidiary had power to

7   alter legal relations between the parent and third parties, for example by entering into a contract

8   with a third party.  The usual markers of a corporate relationship between a parent and a

9   subsidiary — such as the parent's investment in the subsidiary or the parent doing business with

10  the subsidiary — do not, without more, create an agency relationship.  I instruct you that federal

11  law requires publicly traded companies to report in their 10-K filings to the Securities and

12  Exchange Commission (also known as the SEC) their earnings and the earnings of their

13  subsidiaries on a consolidated basis.  Accordingly, you may not rely on the fact that Sotheby's

14  reported its earnings and the earnings of its subsidiaries in its 10-K filing to the SEC as evidence

15  that its subsidiaries were acting as its agents in this case.

16  In any event, if you find that a subsidiary was acting as an agent for the Defendants in

17  connection with any claim, you may, assuming you find all other elements of those respective

18  claims satisfied, find the Defendants liable for the acts of their subsidiary.

19

20  Expert Witnesses

21  During the trial, you heard testimony from three expert witnesses: Robert Wittman, Guy

22  Stair Sainty, and Harry Smith.  As I told you, an expert witness is someone who, by education or

23  experience, has acquired learning or experience in a specialized area of knowledge.  Such a

24  witness is permitted to express his opinions on matters about which he has specialized

1  knowledge and training.  A party may present expert testimony to you on the theory that

2  someone who is experienced in the field can assist you in understanding the evidence or in

3  reaching an independent decision on the facts.

4        The opinions stated by each expert were based on particular facts as he himself observed

5  them and testified to them before you, or as he was told by somebody else or as appeared to him

6  from some record or other material.  You may reject an expert witness's opinion if you find,

7  from the evidence in this case, that the underlying facts are different from those that formed the

8  basis of the expert's opinion.  You may also reject an expert's opinion if, after careful

9  consideration of all the evidence in the case, including expert and other testimony, you disagree

10  with that opinion.  In other words, you are not required to accept an expert's opinion to the

11  exclusion of the facts and circumstances disclosed by other evidence.  Such an opinion is subject

12  to the same rules concerning reliability as the testimony of any other witness, and it is allowed

13  only to aid you in reaching a proper conclusion.

14        In weighing an expert's opinion, you may consider the expert's qualifications, education,

15  and reasons for testifying, as well as all of the other considerations that ordinarily apply,

16  including all the other evidence in the case.  You may give expert testimony whatever weight, if

17  any, you find it deserves in light of all the evidence in this case.  You should not, however,

18  accept a witness's testimony merely because he qualifies as an expert.  Nor should you substitute

19  an expert's opinion for your own reason, judgment, and common sense.  The determination of

20  the facts in this case rests solely with you.

21

22  <u>All Available Evidence Need Not Be Presented</u>

23        The law does not require any party to call as witnesses — whether fact or expert

24  witnesses — all persons who may have been present at any time or place involved in the case or

1  who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law

2  require any party to produce or present as exhibits all papers and things mentioned in the

3  evidence in the case.

4       You are not to rest your decision on what some absent witness who was not brought in

5  might or might not have testified to.  Each party had an equal opportunity, or lack of opportunity,

6  to call any of these witnesses.  Therefore, you should not draw any inferences or reach any

7  conclusions as to what an absent witness would have testified to had he or she been called.  The

8  absence of a witness should not affect your judgment in any way.

9

10  <u>Burden of Proof</u>

11       Before I instruct you on the issues you must decide, I want to define for you the relevant

12  burden of proof.  The burden of proof rests at all times with the Plaintiff and, as to the claims

13  with respect to which you will be asked to deliberate, the relevant standard is called clear and

14  convincing evidence.

15       As I told you at the beginning of the trial, proof beyond a reasonable doubt, which is the

16  proper standard of proof in a criminal trial, does not apply to a civil case such as this and you

17  should put it out of your mind.  At the beginning of trial, I told you about another standard that

18  applies in some civil cases, called the preponderance of the evidence.  That standard does not

19  apply to the claims with respect to which you will be asked to deliberate.  Thus, you should put it

20  too out of your mind.  The only burden is clear and convincing evidence.

21       Clear and convincing proof leaves no substantial doubt in your mind.  It is proof that

22  establishes in your mind not only that the proposition at issue is probable, but also that it is

23  highly probable.  It is enough if the Plaintiff establishes its claim beyond any "substantial doubt";

24  it does not have to dispel every "reasonable doubt."

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1

2                                    ## II. SUBSTANTIVE ISSUES

3          That completes your general instructions.  Let me turn, then, to the law that applies to the

4    issues in this case.  As I mentioned before the parties' summations, the claims on which you are

5    to deliberate arise from the Plaintiff's purchases of René Magritte's *Le Domaine d'Arnheim*,

6    Gustav Klimt's *Wasserschlangen II*, Amedeo Modigliani's *Tête*, and Leonardo da Vinci's

7    *Salvator Mundi*.  The Plaintiff claims that Defendants aided and abetted Yves Bouvier in

8    committing fraud with respect to each one of these transactions.  Defendants deny these claims.

9          As I told you, you will not be asked to deliberate on any claim related to the 2014 auction

10   of Modigliani's *Tête* or as to the claim for aiding and abetting a breach of fiduciary duty with

11   respect to the purchase of da Vinci's *Salvator Mundi*.  As I noted earlier, you should not

12   speculate as to why you are not being asked to deliberate about these claims; that is irrelevant for

13   your purposes.

14

15   Aiding and Abetting Fraud: Elements

16         As I just noted, the Plaintiff claims that Defendants aided and abetted fraud with respect

17   to each of the four transactions with respect to which you are to deliberate.  You may find that

18   the Plaintiff has met its burden of proof as to all, some, or none of the transactions; a finding in

19   either side's favor with respect to one transaction does not mean that the same finding is

20   necessarily appropriate with respect to the other transactions.

21         In order to prevail on any one of its aiding-and-abetting fraud claims, the Plaintiff has to

22   prove, by clear and convincing evidence, three elements:

23         First, that Mr. Bouvier committed a fraud with respect to the transaction at issue;

14

1        <u>Second</u>, that the Defendants had actual knowledge of the fraud; and

2        <u>Third</u>, that the Defendants provided substantial assistance to the fraud's commission.

3

4        <u>First Element: Existence of a Fraud</u>

5        The first element with respect to each of the transactions at issue that the Plaintiff must

6 prove by clear and convincing evidence is the existence of a fraud — namely, that Mr. Bouvier

7 committed a fraud against the Plaintiff.  More specifically, to prove this element, the Plaintiff

8 must establish the following six things by clear and convincing evidence:

9        1.  <u>First</u>, that Mr. Bouvier made a representation of fact;

10       2.  <u>Second</u>, that the representation was false and material;

11       3.  <u>Third</u>, that Mr. Bouvier knew it was false or made the representation recklessly

12           without regard for whether it was true or false;

13       4.  <u>Fourth</u>, that Mr. Bouvier made the representation to induce the Plaintiff to rely

14           upon it;

15       5.  <u>Fifth</u>, that the Plaintiff did justifiably rely upon it; and

16       6.  <u>Sixth</u>, that the Plaintiff sustained damages.

17 Let me explain each of these things to you.

18    **1.  Representation**

19        The first requirement is that Mr. Bouvier made a representation of fact.  A representation

20 is made when, by words or acts, an impression is communicated to the mind of another person.

21 As a general rule, only factual representations are actionable; an opinion or a prediction of

22 something that is hoped or expected to occur in the future will generally not sustain an action for

23 fraud.  But if a statement of opinion, whether of law or fact, is misrepresented as a sincere

24 opinion, and it was not sincerely held when made, it can satisfy this requirement.

1   **2.  Materiality and Falsity**

2   A statement of fact is "material" if a reasonable person would consider it important; that

3   is, here, if a reasonable person would consider it important in making decisions regarding how to

4   proceed with or conduct the transaction in question.  A statement is false if, taken as a whole, it

5   communicates something that is untrue when considered from the viewpoint of an ordinary

6   person.

7   **3.  Knowledge of Falsity or Recklessness**

8   If you find that Mr. Bouvier made a misrepresentation of a material fact related to a

9   particular transaction at issue, you must next decide whether Mr. Bouvier knew that the

10   representation was false or made the representation with reckless disregard as to its truth.

11   Reckless disregard refers to representations made without knowledge of or a genuine

12   belief in their accuracy.  It is necessary to distinguish a representation recklessly made with

13   pretense of knowledge from a statement made with honest and reasonable belief in its truth.

14   There cannot be honest belief in a statement purportedly made from knowledge when the maker

15   knows he has no basis for the pretense.  By contrast, when the maker has a reasonable basis for

16   belief in the truth of the statement, there is no intent to deceive.

17   **4.  Intent to Induce**

18   You must next decide whether the representation was made to induce the Plaintiff to act

19   — for example, to purchase a particular artwork at a particular price.

20   **5.  Justifiable Reliance**

21   If you find that Mr. Bouvier did make a misrepresentation to induce the Plaintiff, you

22   must decide whether the Plaintiff was justified in relying on the representation.  Whether a

23   person to whom a representation is made is justified in relying upon it to take a particular action

16

1    generally depends upon whether the fact represented is one that a reasonable person would

2    believe and consider important in deciding to take that action.  Whether a person was justified in

3    relying on any representation also depends on whether a reasonable person under the

4    circumstances would rely on the representation without independent investigation or verification.

5          Reliance is generally not justified if the party claiming reliance had the means available

6    to it of knowing the truth of the subject of the representation, by the exercise of ordinary

7    intelligence, but failed to make use of those means.  But if the representation concerned matters

8    that were peculiarly within the knowledge of the party making the representation, reliance may

9    be justified notwithstanding the recipient's lack of further investigation.  In determining whether

10    facts are peculiarly within a party's knowledge, you must consider both (1) the sophistication of

11    the one receiving the representation and (2) the accessibility of the underlying information.

12          In making the determination as to justifiable reliance, you may consider factors such as

13    the nature and duration of relationships between the parties involved; the content of any

14    agreements between them; the parties' access to relevant information; the concealment of the

15    fraud and any opportunity to detect the fraud; the sophistication and expertise of the parties,

16    generally and with respect to high-end art transactions specifically; and the complexity and

17    magnitude of the transactions in question.  Nevertheless, even sophisticated plaintiffs are not

18    required to conduct their own audit or subject their counterparties to detailed questioning when

19    they have bargained for representations of truthfulness.  Ultimately, no single one of the factors I

20    just mentioned is dispositive, and all relevant factors must be considered and balanced.

21    **6.  Injury**

22          Finally, if you find that the Plaintiff was justified in relying on a misrepresentation, you

23    must next decide whether it was damaged as a result of the misrepresentation.  If you find that

1   the Plaintiff did not sustain any monetary damages as a result of a misrepresentation, you will

2   find for Defendants on that claim of fraud.  If you find that the Plaintiff did sustain any monetary

3   loss as a result of a fraudulent misrepresentation, you must then decide the actual monetary loss

4   the Plaintiff sustained.  I will give you further instructions on damages shortly.

5

6   Second Element: Knowledge of the Fraud

7       If you find that the Plaintiff proved by clear and convincing evidence that Mr. Bouvier

8   committed a fraud against the Plaintiff as to a particular transaction, the second element the

9   Plaintiff must prove, again by clear and convincing evidence, is that Defendants had actual

10  knowledge of that fraud.  That requires more than "constructive knowledge," meaning awareness

11  of information that would allow a person exercising reasonable care and diligence to discover the

12  fraud.  Mere suspicion of impropriety alone also does not suffice.  Facts that are consistent with

13  normal, lawful business practices do not show actual knowledge.  Evidence that a defendant

14  processed atypical transactions, without more, is not sufficient to show actual knowledge.

15      However, circumstantial evidence can be enough to show actual knowledge.  So, for

16  example, evidence that a defendant actively participated in a fraud, or evidence that a defendant

17  reviewed documents or otherwise had access to information that would have revealed or

18  indicated the fraud, may be sufficient to show actual knowledge.  Accordingly, you do not need

19  to find proof that Defendants explicitly acknowledged a fraud, provided that the evidence —

20  taken as a whole — leads you to the conclusion that they had actual knowledge of such fraud.

21      The Plaintiff has argued that the 2015 valuation of the *Salvator Mundi* is evidence of the

22  Defendants' knowledge of Mr. Bouvier's alleged fraud in connection with the 2013 sale of that

23  painting.  You may consider that evidence and give it whatever weight you conclude it deserves,

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1  but because the valuation postdates the sale of the painting, you may not rely *solely* on the 2015

2  valuation to find that the Defendants had actual knowledge of the alleged fraud in 2013.

3

4  <u>Third Element: Substantial Assistance in the Fraud</u>

5      If you find that the Plaintiff proved by clear and convincing evidence that Mr. Bouvier

6  committed a fraud against the Plaintiff as to a particular transaction and that the Defendants had

7  actual knowledge of that fraud, then you must decide whether the Plaintiff has proved, by clear

8  and convincing evidence, that the Defendants provided substantial assistance to Mr. Bouvier in

9  perpetrating the fraud.  To find that this element is satisfied, you must find that the Defendants

10  affirmatively acted to assist or help conceal a fraud.  You must also find that such act or acts

11  proximately caused injury to the Plaintiff.  Proximate cause means that the injury was a direct or

12  reasonably foreseeable result of the act or acts; mere inaction is not enough, but even routine

13  conduct may be sufficient if it made a substantial contribution to the perpetration of the fraud.

14

15  <u>Knowledge</u>

16      Let me say a few more things about the Plaintiff's burden to prove that an act was done

17  knowingly or with actual knowledge.

18      The question of whether a person acted with knowledge is a question of fact for you to

19  determine, like any other fact question.  Direct proof of a person's state of mind is often not

20  available.  It would be a rare case where it could be shown that a person wrote or stated that as of

21  a given time in the past he committed an act with a particular state of mind.  Such direct proof is

22  not required.  The ultimate fact of knowledge, though subjective, may be established by

23  circumstantial evidence, based upon a person's outward manifestations, his words, his conduct,

24  his acts and all the surrounding circumstances disclosed by the evidence and the rational or

1  logical inferences that may be drawn from them.  Circumstantial evidence, if believed, is of no

2  less value than direct evidence.  In either case, however, the Plaintiff must prove its claim, as I

3  have explained, by clear and convincing evidence.

4      In determining whether the Defendants had actual knowledge of a fact, you may consider

5  whether the Defendants had knowledge of a high probability of that fact but deliberately closed

6  their eyes to what would otherwise have been obvious to them.  If you find, by clear and

7  convincing evidence, that the Defendants acted with a conscious purpose to avoid learning the

8  truth, then you may find that they acted with actual knowledge.  Actual knowledge may not be

9  established, however, by demonstrating that the Defendants were merely negligent, foolish, or

10  mistaken.

11      If you find that the Defendants suspected a fraud and realized its high probability, but

12  refrained from confirming it in order to be able to later deny knowledge, you may find that the

13  Defendants acted with actual knowledge.  But if you find that the Defendants actually believed

14  that there was no fraud, you may not find that they acted with actual knowledge.

15      It is entirely up to you whether you find that the Defendants deliberately closed their

16  eyes.  But again, it is the Plaintiff's burden to prove actual knowledge by clear and convincing

17  evidence.

18

19                                    III. DAMAGES

20  Damages Generally

21      If you conclude that the Plaintiff has proved any or all of its claims by clear and

22  convincing evidence, then you must determine the damages, if any, to which it is entitled.  You

23  should not infer that the Plaintiff is entitled to recover damages merely because I am instructing

1   you as to damages.  It is exclusively your function to decide upon liability, and I am instructing

2   you on damages only so that you will have guidance should you decide that they are warranted.

3       The Plaintiff is seeking two categories of damages: "compensatory damages" and

4   "punitive damages."  I will first give you instructions regarding compensatory damages and then

5   turn to punitive damages.

6

### Compensatory Damages

8       Compensatory damages seek to make a plaintiff whole — that is, to compensate it for the

9   injury suffered as a result of the defendant's unlawful conduct.  Compensatory damages are not

10   intended to punish a defendant and should not provide the plaintiff with more than what is

11   required to make it whole.  Any damages that you award must be fair and reasonable, neither

12   inadequate nor excessive.  You should not award compensatory damages based on speculation,

13   but only for those injuries that the Plaintiff has proved by clear and convincing evidence.

14       In awarding compensatory damages, if you do decide to award them, you must be guided

15   by dispassionate common sense.  Computing damages may be difficult, but you must not let that

16   difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require

17   that a plaintiff prove the amount of its losses with mathematical precision, but only with as much

18   definiteness and accuracy as the circumstances permit.  Nonetheless, damages must be

19   established with reasonable certainty.  In all instances, you are to use sound discretion in fixing

20   an award of damages, drawing reasonable inferences where you deem appropriate from the facts

21   and circumstances in evidence.

22       If you find for the Plaintiff on any of its aiding-and-abetting fraud claims, the measure of

23   its damages for that claim is its "out of pocket" loss, if any.  "Out of pocket" loss means the

24   difference between the value of the consideration paid by the Plaintiff (that is, the price it paid

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1   for the artwork, whether monetary or otherwise) and the fair market value of the consideration

2   received (that is, the fair market value of the artwork at the time the Plaintiff purchased it).  The

3   Plaintiff bears the burden of proving that it suffered "out of pocket" loss with respect to each

4   aiding-and-abetting fraud claim, as well as the values upon which you may base your calculation

5   of the damages to be awarded, if any.  You should not consider any potential lost profits that the

6   Plaintiff may have missed out on because of the fraud or any other measure of damages.

7          A recent or contemporaneous sale price — negotiated at arm's length — is generally the

8   best evidence of fair market value.  At the same time, you may consider evidence tending to

9   show special circumstances that would negate the relevance of a close-in-time arm's-length

10  purchase price or that a purchase was not in fact negotiated at arm's length.  I remind you that

11  you may not consider evidence regarding the 2017 sale price of da Vinci's *Salvator Mundi* in

12  connection with determining the work's fair market value in 2013.  Accordingly, evidence of that

13  sale price is irrelevant to the issue of damages to be awarded, if any.

14         Ultimately, the determination of fair market value falls to you, based on the evidence you

15  have seen and heard.  As I instructed you earlier, you may find that the Plaintiff is entitled to

16  damages as to all, some, or none of its claims.  You must separately determine the appropriate

17  amount of damages, if any, with respect to each individual claim for which you find the

18  Defendants liable.

19

20  Currency

21         For each claim for which you award compensatory damages, you should use the currency

22  in which the relevant transaction took place.  That currency is United States Dollars with respect

23  to all claims except for the claim arising out of the Plaintiff's purchase of Modigliani's *Tête*.  For

1  that claim, and that claim only, any damages you award should be in Euros because that claim is

2  based upon a transaction that was in Euros.

3

4  <u>Punitive Damages</u>

5      If and only if you award compensatory damages for a particular claim, you may — but

6  are not required to — award punitive damages for that claim as well.  You should only award

7  punitive damages if you find that the Defendants' acts were wanton and reckless or malicious.

8  An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of

9  its effect upon the health, safety, and rights of others.  An act is malicious when it is done

10  deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those

11  rights.

12      If you decide punitive damages are warranted, in arriving at your decision as to the

13  amount of punitive damages, you should consider the nature and reprehensibility of what the

14  Defendants did.  That would include the character of the wrongdoing, such as: whether the acts

15  were done with an improper motive or vindictiveness; whether the acts constituted outrageous or

16  oppressive intentional misconduct; how long the conduct went on; the Defendants' awareness of

17  what harm the conduct caused or was likely to cause; any concealment or covering up of the

18  wrongdoing; how often the Defendants had committed similar acts of this type in the past, and

19  the actual and potential harm created by the Defendants' conduct.

20      The amount of punitive damages that you award must be both reasonable and

21  proportionate to the actual and potential harm suffered by the Plaintiff and to the compensatory

22  damages you awarded.  The reprehensibility of the Defendants' conduct is an important factor in

23  deciding the amount of punitive damages to award that would be reasonable and proportionate.

1   You may also consider the Defendants' financial condition and the impact your punitive

2   damages award will have on the Defendants.

3

4                         # IV. CONCLUDING INSTRUCTIONS

5   <u>Selection of Foreperson</u>

6        In a few minutes, you are going to go into the jury room and begin your deliberations.

7   Your first task will be to select a foreperson.  The foreperson has no greater voice or authority

8   than any other juror, but is the person who will communicate with me when questions arise and

9   when you have reached a verdict.  The foreperson is also who will be asked in open court to pass

10   your completed Verdict Form to me.

11

12   <u>Sending Notes</u>

13        You may have questions or comments for me as you deliberate.  If you do, you can

14   communicate with me by sending notes using forms and envelopes that you will be provided for

15   that purpose.  Your notes to me should be signed by the foreperson and should include the date

16   and time they were sent.  They should also be as clear and as precise as possible, as they will

17   become part of the record in this case.  Do not tell me or anyone else how you stand on any issue

18   until after a unanimous verdict is reached.

19

20   <u>Right to See Exhibits and Hear Testimony</u>

21        All of the exhibits will be given to you near the start of deliberations.  Most of it will be

22   provided to you on a laptop that can be connected to a large monitor in the jury room for all to

23   see.  When you retire to deliberate, my staff will provide you with instructions on how to access

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1 and display evidence in the jury room.  In addition, you will also be provided with a list of all the

2 exhibits that were received into evidence.

3      If you prefer to view any evidence here in the courtroom or if you want any of the

4 testimony submitted to you or read back to you, you may also request that.  Keep in mind that if

5 you ask for testimony, however, the court reporter must search through his or her notes, the

6 parties must agree on what portions of testimony may be called for, and if they disagree I must

7 resolve those disagreements.  That can be a time-consuming process.  So please try to be as

8 specific as you possibly can in requesting portions of the testimony, if you do.

9      Again, your requests for testimony — in fact, any communication with the Court —

10 should be made to me in writing, signed by your foreperson with the date and time, and given to

11 one of the Court Security Officers.

12

13 Juror Note-Taking

14      If any one of you took notes during the course of the trial, you should not show your

15 notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you

16 have taken are to be used solely to assist you.  The fact that a particular juror has taken notes

17 entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes

18 are not to substitute for your recollection of the evidence in the case.  If, during your

19 deliberations, you have any doubt as to any of the testimony, you may — as I just told you —

20 request that the official trial transcript that has been made of these proceedings be submitted or

21 read back to you.

22

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1    Duty to Deliberate

2        The most important part of this case, members of the jury, is the part that you as jurors

3    are now about to play as you deliberate on the issues of fact.  I know you will try the issues that

4    have been presented to you according to the oath that you have taken as jurors.  In that oath, you

5    promised that you would well and truly try the issues joined in this case and a true verdict render.

6        As you deliberate, please listen to the opinions of your fellow jurors, and ask for an

7    opportunity to express your own views.  Every juror should be heard.  No one juror should hold

8    the center stage in the jury room and no one juror should control or monopolize the deliberations.

9    If, after listening to your fellow jurors and if, after stating your own view, you become convinced

10   that your view is wrong, do not hesitate because of stubbornness or pride to change your view.

11   On the other hand, do not surrender your honest convictions and beliefs solely because of the

12   opinions of your fellow jurors or because you are outnumbered.

13       Your verdict must be unanimous.  If at any time you are not in agreement, you are

14   instructed that you are not to reveal the standing of the jurors — that is, the split of the vote — to

15   anyone, including me, at any time during your deliberations.

16

17   Return of the Verdict

18       We have prepared a Verdict Form for you to use in recording your decisions, a copy of

19   which is attached to these instructions.  Do not write on your individual copies of the Verdict

20   Form.  My staff will give the official Verdict Form to Juror Number One, who should give it to

21   the foreperson after the foreperson has been selected.

22       As you will see, the Verdict Form is kind of like those old "choose your own adventure"

23   books.  Depending on your answer to a question or questions, you will be directed to either

24   answer another question or to sign the Verdict Form.  You should draw no inference from the

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1    questions on the Verdict Form as to what your verdict should be.  The questions are not to be

2    taken as any indication that I have any opinion as to how they should be answered.

3            When you have completed the Verdict Form, please review your answers to ensure that

4    they accurately reflect your unanimous determinations.  If they do, the foreperson should note

5    the date and time and you should all sign the Verdict Form.  The foreperson should then give a

6    note — **not** the Verdict Form itself — to the Court Security Officer outside your door, stating

7    that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the

8    foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

9            I will stress again that **all** of you must be in agreement with the verdict that is announced

10   in court.  Once your verdict is announced in open court and officially recorded, it cannot

11   ordinarily be revoked.

12

13   <u>Closing Comments</u>

14           Finally, I say this, not because I think it is necessary, but because it is the custom in this

15   courthouse to say it: You should treat each other with courtesy and respect during your

16   deliberations.

17           All litigants stand equal in this room.  All litigants stand equal before the bar of justice.

18   All litigants stand equal before you.  Your duty is to decide between these parties fairly and

19   impartially, and to see that justice is done.

20           Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You

21   should be guided solely by the evidence presented during the trial and the law as I gave it to you,

22   without regard to the consequences of your decision.  You have been chosen to try the issues of

23   fact and to reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy

24   or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Jury Charge

1    verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and

2    impartial decision so that you will arrive at a just verdict.

3           Members of the jury, I ask your patience for a few moments longer.  It is necessary for

4    me to spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you

5    to remain patiently in the jury box, without speaking to each other, and we will return in just a

6    moment to submit the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                        :

ACCENT DELIGHT INTERNATIONAL LTD.,    :
                                                         :

                          Plaintiff,         :           18-CV-9011 (JMF)
                                                         :

           -v-                                              :
                                                         :          <u>VERDICT FORM</u>

SOTHEBY'S, INC. et al.,                     :
                                                         :

                        Defendants.     :
                                                         :
----------------------------------------------------------------------X

## PLEASE CIRCLE YOUR ANSWERS
### *All Answers Must Be Unanimous*

1.     Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of Magritte's *Le Domaine d'Arnheim*?

                YES          NO

2.     Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of Klimt's *Wasserschlangen II*?

                YES          NO

3.     Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of Modigliani's *Tête*?

                YES          NO

4.     Did the Plaintiff prove, by clear and convincing evidence, that the Defendants aided and abetted fraud with respect to the Plaintiff's purchase of da Vinci's *Salvator Mundi*?

                YES          NO

**[*If you answer NO to Questions 1 through 4, skip the remaining questions and proceed directly to sign the Verdict Form.  If you answer YES to <u>any one</u> of the four above questions, proceed to the next set of questions.*]**

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Verdict Form

**[*Answer Question 5 <u>only</u> if you answered YES to Question 1.  If you answered NO to Question 1, turn to the next page.*]**

5.    Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of Magritte's *Le Domaine d'Arnheim*?

             YES             NO

**[*If you answer NO to Question 5, skip the next two questions and turn to the next page. If you answer YES to Question 5, answer Questions 6 and 7.*]**

6.    What is the amount of compensatory damages you award the Plaintiff with respect to this claim?

             $_____

7.    What is the amount of punitive damages, if any, you award the Plaintiff with respect to this claim?

             $_____

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Verdict Form

[*Answer Question 8 only if you answered YES to Question 2.  If you answered NO to Question 2, turn to the next page.*]

8.    Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of Klimt's *Wasserschlangen II*?

            YES _____        NO _____

    [*If you answer NO to Question 8, skip the next two questions and turn to the next page. If you answer YES to Question 8, answer Questions 9 and 10.*]

9.    What is the amount of compensatory damages you award the Plaintiff with respect to this claim?

            $_____

10.   What is the amount of punitive damages, if any, you award the Plaintiff with respect to this claim?

            $_____

[*Answer Question 11 <u>only</u> if you answered YES to Question 3.  If you answered NO to Question 3, turn to the next page.*]

11.   Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of Modigliani's *Tête*?

       YES            NO

[*If you answer NO to Question 11, skip the next two questions and turn to the next page.  If you answer YES to Question 11, answer Questions 12 and 13.*]

12.   What is the amount of compensatory damages (in Euros) you award the Plaintiff with respect to this claim?

       €_____(Euros)

13.   What is the amount of punitive damages (in U.S. dollars), if any, you award the Plaintiff with respect to this claim?

       $_____(U.S. Dollars)

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Verdict Form

[*Answer Question 14 <u>only</u> if you answered YES to Question 4.  If you answered NO to Question 4, skip the remaining questions and proceed directly to sign the Verdict Form.*]

14.    Did the Plaintiff prove, by clear and convincing evidence, that it is entitled to compensatory damages with respect to its aiding and abetting fraud claim concerning the purchase of da Vinci's *Salvator Mundi*?

              YES              NO

[*If you answer NO to Question 14, skip the remaining questions and proceed directly to sign the Verdict Form.  If you answer YES to Question 14, answer Questions 15 and 16.*]

15.    What is the amount of compensatory damages you award the Plaintiff with respect to this claim?

              $_____

16.    What is the amount of punitive damages, if any, you award the Plaintiff with respect to this claim?

              $_____

Accent Delight International Ltd. v. Sotheby's, Inc. et al.
No. 18-CV-9011 (JMF)
Verdict Form

***Please review your answers to all of the Questions above to ensure that they accurately reflect your unanimous determinations. When you have done so, sign your names below, fill in the date and time, and inform the Court Security Officer — with a note, <u>not the Verdict Form itself</u> — that you have reached a verdict.***

After completing the form, each juror who agrees with this verdict must sign below:

_____    _____
Foreperson


_____    _____


_____    _____


_____    _____


_____    _____


Date:    _____


Time:    _____